RECEIVED

JUL 2 5 2013

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHERYL TAYLOR                           )
      Appellant                       )
           v.                       )       APPEAL NO. 13-5921
                           )
KARLA DAVIS, COMMISSIONER               )
FOR THE TN DEPT OF LABOR AND            )
WORKFORCE DEVELOPMENT, et.al.           )
      Appellee                        )

## MOTION FOR MISCELLANEOUS RELIEF

The Appellant respectfully files this motion to the Court. The Appellant is without counsel. There is a prejudice toward the Appellant for a lack of counsel. The Appellant is unemployed through no fault of the Appellant. The Appellant was approved for Family Medical Leave based on the Family Medical Leave Act (FMLA). The Appellant does not have the mental capacity to litigate an appeal without counsel. The Appellant needs counsel due to medical issues. The Appellant's health is greatly impacted due to the denial of counsel.

The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on December 13, 2011. (Doc. 3.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on January 17, 2012. (Doc. 6.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on February 23, 2012. (Doc. 18.) The Appellant filed a motion for an appointment of

2

counsel through the District Court's Civil Pro Bono Panel on April 6, 2012. (Doc. 22.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on April 10, 2012. (Doc. 23.)  On August 7, 2012, the District Court denied the Appellant's motions for an appointment of counsel through the District Court's Civil Pro Bono Panel. (Doc. 62.)  However, there are approximately seven (7) federal courts in TN which are the U.S. District Court for the Western District of TN located at 167 N. Main St. Room 242, Memphis, TN 38103; U.S. District Court for the Eastern District of TN located at 111 South Highland Avenue, Room 262, Jackson, TN 38301; U.S. District Court for the Eastern District of TN located at 900 Georgia Avenue, Chattanooga, TN 37402; U.S. District Court for the Eastern District of TN located at 220 West Depot Street, Suite 200 Greeneville, TN  37743; U.S. District Court for the Eastern District of TN located at 800 Market Street, Suite 130, Knoxville, TN  37902; U.S. District Court for the Eastern District of TN located at 200 South Jefferson Street, Winchester, TN  37398; U.S. District Court for the Middle District of TN located at 801 Broadway, Nashville, TN 37203. Yet, the District Court did not appoint counsel through any of the seven (7) federal courts in the state of TN.

On February 13, 2013, the Appellant filed a motion for the District Court to release the names of all lawyers on the District Court's Civil Pro Bono Panel.

3

(Doc. 109.) On March 28, 2013, the District Court denied the motion as moot.

(Doc. 118.) LR 83.7 for the District Court references a Civil Pro Bono Panel. (Exh.

1.) **The District Court has an obligation to have a Civil Pro Bono Panel.**

The Appellant was denied counsel by numerous TN lawyers. TN lawyers

advised the Appellant they do not take cases against federal agencies. Federal

employees and former federal employees in TN such as Sherry Shaw, Jeans Sims

and Michael Tate were denied an appointment of counsel when they sought relief

for Title VII of the Civil Rights Act of 1964 before the District Court.

Sherry Shaw was granted informa pauperis for Sherry Shaw v. John E. Potter,

U.S. Postmaster General, 06-cv-2897, Sherry Shaw was granted informa pauperis

for civil action, Sherry Shaw v. John E. Potter, U.S. Postmaster General, 06-cv-

2593, Sherry Shaw was granted informa pauperis for civil action Sherry Shaw v.

John E. Potter, U.S. Postmaster General, 07-cv-2856. The employment of Sherry

Shaw was not terminated and she has a monthly income of $1896.38. The

employment of Jean Sims was not terminated but she was granted informa

pauperis. The employment of Michael Tate was terminated. He was granted

informa pauperis. (Exh. 100, 200, 300, I & X.) The U. S. Attorney's Office for the

Western District of TN represents federal employers and it was instrumental in

having all four (4) civil actions of Sherry Shaw dismissed on summary judgment.

(Exh. 400-1 & 500.)  The four (4) civil actions of Sherry Shaw were based on Title

4

VII of the Civil Rights Act of 1964. The defendants/appellees have interfered with the judicial process and obstructed justice for this civil action.

On July 19, 2012, the Appellant filed a motion to receive a written transcript of the sworn testimony the federal employer provided to Tina Chiozza, Appeals Tribunal Hearing Officer for the TN Dept. of Labor and Workforce Development. (Doc. 42.) The Appellant made a First (1st) Amendment petition for the transcript. Defendant/appellee Davis denied the Appellant's First (1st) Amendment petition for access to the written transcript. The Appellant requested the written transcript to oppose the motion to dismiss. The District Court denied the motion. (Doc. 89.) Plaintiff sent several certified letters to defendant/appellee Karla Davis requesting a written transcript before the motion was filed.

1. On August 10, 2011 certified letter # 7010 3090 0001 2541 9329 was sent to the Commissioner's Designee requesting a written transcript.

2. On August 10, 2011 certified letter # 7010 3090 0001 2541 9299 was sent to the Appeals Tribunal requesting a written transcript.

3. On August 19, 2011 a certified letter # 7011 1150 0001 4716 8867 was sent to the Appeals Tribunal requesting a written transcript to the Appeals Tribunal.

4. On August 31, 2011, a certified letter # 7010 3090 0001 2540 2154 was sent

5

to the Office of Administrative Review for the TN Dept. of Labor and

Workforce Development, for a written transcript

5. On August 31, 2011, a certified letter # 7010 1870 0000 2316 4042 was sent

to the attention of Karla Davis requesting a written transcript.

6. On September 7, 2011, a certified letter # 7010 1870 0000 2316 4905 was

sent to the Commissioner's Designee requesting a written transcript.

7. On December 8, 2011, Plaintiff sent a certified letter # 7010 1870 0000 2287

9138 to the attention of the Legal Department of the Tennessee Department

of Labor and Workforce Development requesting a written transcript.

The Appellant was approved for UCFE. The Appellant received payments.

However, defendant/appellee Davis reversed the decision before there was a

hearing. The defendant/appellee Davis stopped payments before there was a

hearing.

The interest of the Appellant was not protected because she is and continues

without counsel. Due to the interference of all defendants/appellees, the Appellant

was denied due process. Without the assistance of the Court, the Appellant cannot

obtain a written copy of the transcript. Therefore, the Appellant respectfully moves

or seek the Court's permission to enter an order for defendant/appellee Davis to

6

provide a written copy of the transcript. The Appellant seeks a copy of the written

transcript to prepare the brief. The Appellant includes a copy of the certified

receipts which all letters were delivered to defendant/appellee Davis. (Exh. 6 & 7.)

Defendant/appellee Davis has a copy of the written transcript. Defendants/

appellees Solis and Geithner have a copy of the written transcript. The Appellant

does not have equal justice and equal protection based on constitutional laws as the

defendants/appellees.

Respectfully submitted,

_____
Sheryl Taylor
PO Box 89
Memphis, TN 38101

## CERTIFICATE OF CONSULTATION

The Appellant is without counsel. The Clerk of the Court informed the
Appellant, no consultation is required to file a motion before the appellate court.

## CERTIFICATE OF SERVICE

I, Sheryl Taylor, do hereby certify that a copy of the foregoing Appellant's
Motion for Miscellaneous Relief has been mailed, first class, postage prepaid, on
July 25, 2013 to:

Warren A. Jasper                         Harriett Miller Halmon
State of Tennessee                       United States Attorney Office
General Civil Division                   167 North Main, Ste 800
425 5th Avenue North                     Memphis TN  38103
Nashville TN  37243
PO Box 20207
Nashville TN  37202

_____
Sheryl Taylor

EXHIBIT 1

address of any substitute counsel. If the name of substitute counsel is not known, the motion shall set forth the name, address and telephone number of the client, as well as the signature of the client approving the withdrawal or a certificate of service on the client. Ordinarily, withdrawal will not be allowed if withdrawal will delay the trial of the action.

## LR83.6
### CONTACTING JUDGES AND COURT PERSONNEL

(a)    No Ex Parte Communication with Judges.  Except as otherwise ordered, neither counsel nor a party to a pending action shall have contact with a judge about a matter pending before that Judge, unless there is an emergency and with reasonable notice to all counsel and unrepresented parties, orally or in open Court.

(b)    Law Clerks and Other Support Personnel.  Except as may otherwise be directed by the court, neither counsel nor a party to a pending action shall discuss with law clerks or other support personnel the merits or other matters of substance relating to any pending action.

## LR83.7
### CIVIL PRO BONO PANEL FOR PRO SE INDIGENT PARTIES

In order to encourage greater representation of *pro se* indigent parties in civil cases, the court has adopted the "Plan for the Appointment of Counsel for *Pro Se* Indigent Parties in Civil Cases of the United States District Court for the Western District of Tennessee," (the Plan) pursuant to Administrative Order No. 98-17, filed May 28, 1998. This Plan is applicable district-wide, and is in effect to: increase the number of attorneys on the Civil Pro Bono Panel; govern the appointment of counsel from the Panel; allow for reimbursement of expenses from the *Pro Bono* Expense Fund; and, establish guidelines for such reimbursement. A copy of the Plan is available at the Clerk's Office and on the Court's website at: www.tnwd.uscourts.gov.

## LR83.8
### ASSIGNMENT OF CASES

(a)    Initial Assignment of Cases.  Unless otherwise ordered, cases in the Western District shall be assigned according to the following rules:

(1)    Upon the filing of a complaint, the clerk shall assign each civil case, except bankruptcy appeals, cases requesting temporary restraining orders or other preliminary injunctive relief, habeas corpus cases, §2255 and § 2254 cases, *in rem* forfeiture cases, death penalty cases and patent cases to either a district judge or a magistrate judge, as the presiding trial judge, by random selection using a system that insures that assignments are made on a random basis, without consideration of the identity of the judge in making the assignment. For each case assigned to a district judge as presiding judge, a magistrate judge will also be assigned to hear and decide non-dispositive

EXHIBIT 100

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHERRY V. SHAW,                          Ⅹ
                                         Ⅹ
                                         Ⅹ
          Plaintiff,                     Ⅹ
                                         Ⅹ
vs.                                      Ⅹ      No. 07-2856-D/P
                                         Ⅹ
JOHN E. POTTER,                          Ⅹ
                                         Ⅹ
          Defendant.                     Ⅹ
                                         Ⅹ

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On December 31, 2007, Plaintiff Sherry V. Shaw filed

pro se complaint pursuant to Title VII of the Civil Rights Act

1964, 42 U.S.C. § 2000e et seq., along with an application seekir

leave to proceed in forma pauperis. On the basis of the informatic

set forth in Plaintiff's affidavit, the motion for leave to procee

in forma pauperis is GRANTED. The Clerk shall record the defenda

as John E. Potter, in his official capacity as Postmaster Genera

Plaintiff has also filed a motion requesting appointme

of counsel. Two statutes authorize a district court to request

appoint counsel for an indigent Title VII plaintiff. Twenty-eig

U.S.C. § 1915(d) provides that the "court may request an attorr

EXHIBIT 100

to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 173

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT 100

(2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that standard. A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for Defendant or on Defendant if he has no attorney. Plaintiff shall make certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and the local rules of this Court.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with the

---

[2]    The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent. Id.

3

EXHIBIT 100

requirements, or any other order of the Court, may result in this

case being dismissed without further notice.

IT IS SO ORDERED this 14th day of January, 2008.


s/ Bernice B. Donald
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_Sherry V. Shaw_
Plaintiff,

EXHIBIT 100

vs.

No._____

_John E. Potter_
Defendant (s)

AFFIDAVIT
IN SUPPORT OF MOTION UNDER 28 U.S.C. § 1915
FOR APPOINTMENT OF ATTORNEY
AND
AUTHORIZATION TO COMMENCE SUIT
WITHOUT PREPAYMENT OF FILING FEE

(PRINT OR TYPE)
City of _Memphis_ , _Shelby_ County

I, THE UNDERSIGNED, BEING FIRST DULY SWORN, DEPOSE AND SAY THAT
IN SUPPORT OF MY APPLICATION FOR APPOINTMENT OF COUNSEL AND TO
PROCEED IN FORMA PAUPERIS I STATE THAT:

I AM UNABLE TO PAY THE COSTS OF SAID PROCEEDINGS OR TO GIVE
SECURITY THEREFOR;

I BELIEVE I AM ENTITLED TO REDRESS AS SHOWN BY THE ATTACHED
COMPLAINT.

I.    Efforts to Retain Counsel

I further swear and affirm that I have made a reasonable effort to retain an attorney as
indicated by the following list of attorneys who I contacted, but who would not take my
case for the reasons indicated:

| NAME & ADDRESS ATTORNEY CONTACTED | DATE CONTACTED | REASON FOR REFUSING CASE |
|---|---|---|
| Arnold V. Lindseth JR. 100 North Main Bldg. #2323 | 10/09/2007 | Does not handle Postal EEO Cases |
| Tonya Cherise Saafir 100 North Main Bldg. #2601 | 10/09/2007 | Does not handle Postal EEO Cases |
| Felix H. Bean III 100 North Main Bldg. #3201 | 10/16/2007 | Does not handle Postal EEO Cases anymore |

EXHIBIT 100

II    Financial Status

I further swear that the responses that I have made to the questions below relating to my ability to pay the cost of prosecuting this action are true.

1.    MARITAL STATUS:

A.    SINGLE✓ MARRIED SEPARATED DIVORCED ✓. If separated or divorced, are you paying any support or any form of maintenance? YES___ NO ✓

B.    Dependents: WIFE ___ #CHILDREN ___ # OTHERS ___ AND RELATIONSHIP ___

The names and ages of my children living at home are:

Name_____ N/A _____Age____
Name_____Age____
Name_____Age____
Name_____Age____
Name_____Age____

2.    Residence Address–Street: 5000 Lochinvar

City Memphis , State TN Zip Code 38116 Phone # 901-396-9884

3.    A.    If employed at present, complete the following:

Employer United States Postal Service
Employer's
Address 3300 Jet Cove Suite 10
Employer's Phone 901-795-5756 How long employed? 21 years

Income: Monthly $ 1896.38 OR Weekly $ ~
What is the nature of your job? Small Parcel Bundle Sorter (SPBS)
machine operator - Keying mail by zips.

B.    If unemployed at present, complete the following:
I have been unemployed since the ___ day of _____, 20___. The name of my last employer was _____. The address is ____

_____. The phone # is _____. The last salary or wages I received was $ _____ per week.

C.    If spouse employed at present, complete the following:
Employer_____
How long employed? _____ Income: Monthly $ _____ OR Weekly $_____

What is the nature of your job? _____

D.    If on welfare or receiving unemployment benefits, please complete the following:

I have been on welfare or relief since the _____ day of _____, 20___

EXHIBIT 100

I am receiving $ _____ per week ___ month ___ for myself and family of _____.

4. Financial Status:

A. Owner of Real Property: Yes _____ No __✓__
   1) Description _____
   2) Address _____
   3) In whose name _____
   4) Estimated value $ _____ Total amount owed $ _____
   Owed to _____
   Annual income from property: $ _____

B. Other property:
   1) Automobile: Make _ACURA_ Model _TL (HONDA)_ Year _2004_
      In whose name registered? _Sherry V. Shaw_
      Present value $ _20,000.00_ Amount owed $ _19,680.00_

   2) Cash on hand? $ _111.00_ Total Cash in Banks, Credit Unions, or
      Financial institutions: $ _400.00_
      Name of Bank or financial institution:
      _Postal Employees Credit Union_
      _Bank of America_
      _____
      _____
      _____

C. Obligations (per month):
   1) Rent                                          $ _____
   2) Mortgage payment                              $ _700.49_
   3) Total Utility Bill                            $ _178.00/230_
   4) Phone Bill                                    $ _137.00_
   5) Car payments                                  $ _735.97_
   6) Car insurance                                 $ _67.00_
   7) Other insurance                               $ _129.00_
   8) Retail merchants
      Please list:
      _Dillard's_                                   $ _100.00_
      _Macy's_                                      $ _60.00_
      _____            $ _____
   9) Other Creditors
      Please list:
      _Master Cards_                                $ _550.0_
      _Visa_                                        $ _70.0_
      _Master Card Loan_                            $ _250.6_
   10) Alimony, maintenance, or child support under divorce decree or
       separation agreement                         $ _____
   11) Food and groceries                           $ _200.0_
   12) Clothes                                      $ _100.0_

EXHIBIT 100

13) Total amounts owed to doctors, hospitals, or lawyers
Please list:

Felix H. Bean, III                                    Balance
$Unknown

$ —

$ —

TOTAL AMOUNT OF MONTHLY OBLIGATIONS:

D.   Other information related to financial status, including but not limited to stocks,
     bonds, savings bonds, or interests in trusts, whether owned or jointly owned
     Please list:

Thrift Savings Plan Loan                              $257.16
Thrift Savings Retirement Contribution               $374.00
                                                     $ —

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct and submitted to persuade the Court to enter an order under 28 U.S.C. § 1915,
permitting me to file this case without prepayment of the filing fee, and appointing an attorney to
represent me in this case.

Executed this ___27th___ day of ___December___ , 20_07_.

_Sherry V. Shaw_                            _Sherry V. Shaw_
(Plaintiff's Signature)                     (PRINT PLAINTIFF'S NAME)

                                            _5000 Lochinvar - Memphis, TN 381_
                                            (PRINT PLAINTIFF'S ADDRESS)
                                            _(901) 396-9884_
                                            (PRINT PLAINTIFF'S TELEPHONE NUMBER)

EXHIBIT 200

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHERRY SHAW, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 06-2897-B/V |
| | X | |
| JOHN E. POTTER, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Sherry Shaw filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

Plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT 200

the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit

EXHIBIT 200

supporting her motion that she will be unable to obtain counsel on her own. The motion is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant Potter and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 3rd day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

EXHIBIT 300

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHERRY SHAW,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN E. POTTER,<br><br>　　　　Defendant. | X<br>X<br>X<br>X<br>X<br>X　　No. 06-2593-D/An<br>X<br>X<br>X<br>X<br>X |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Sherry Shaw filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

Plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT 300

the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit

EXHIBIT 300

supporting her motion that she will be unable to obtain counsel on her own.  The motion is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant Potter and deliver said process to the marshal for service.  Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2).  All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney.  Plaintiff shall make a certificate of service on every document filed.  Plaintiff shall promptly notify the Clerk of any change of address or whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

**IT IS SO ORDERED** this 8th day of January, 2007.

s/Bernice Bouie Donald
BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EXHIBIT I

MICHAEL TATE,

        Plaintiff,

vs.

JOHN E. POTTER,

        Defendant.

No. 07-2595-JPM/sta

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

---

Plaintiff Michael Tate filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

Plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1),

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT I

"upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent himself. Furthermore, it does not appear from the affidavit

2

EXHIBIT I

supporting his motion that he will be unable to obtain counsel on his own. The motion is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant Potter and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 15th day of November, 2007.

s/ JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EXHIBIT I

Michael Tate
_____
Plaintiff,

vs.

John E. Potter
_____
Defendant (s)

No. _____

RECEIVED

AFFIDAVIT
IN SUPPORT OF MOTION UNDER 28 U.S.C. § 1915
FOR APPOINTMENT OF ATTORNEY
AND
AUTHORIZATION TO COMMENCE SUIT
WITHOUT PREPAYMENT OF FILING FEE

City of Memphis        (PRINT OR TYPE)        Shelby        County

I, THE UNDERSIGNED, BEING FIRST DULY SWORN, DEPOSE AND SAY THAT
IN SUPPORT OF MY APPLICATION FOR APPOINTMENT OF COUNSEL AND TO
PROCEED IN FORMA PAUPERIS I STATE THAT:

I AM UNABLE TO PAY THE COSTS OF SAID PROCEEDINGS OR TO GIVE
SECURITY THEREFOR:

I BELIEVE I AM ENTITLED TO REDRESS AS SHOWN BY THE ATTACHED
COMPLAINT.

I.    Efforts to Retain Counsel

I further swear and affirm that I have made a reasonable effort to retain an attorney as
indicated by the following list of attorneys who I contacted, but who would not take my
case for the reasons indicated:

| NAME & ADDRESS ATTORNEY CONTACTED | DATE CONTACTED | REASON FOR REFUSING CASE |
|---|---|---|
| John Canale 154 S Union Ave | 9-17-2007 | did not take postal cases |
| John R. Johnson 5299 mendanhall Park Place | 9-17-2007 | did not take postal cases |
| Aahon Saharovich 488 South mendenhall | 9-17-2007 | did not take postal cases |

EXHIBIT I

II  Financial Status
I further swear that the responses that I have made to the questions below relating to my ability to pay the cost of prosecuting this action are true.

1.  MARITAL STATUS:
    A.  SINGLE_MARRIED_SEPARATED_DIVORCED✓_ If separated or divorced, are you paying any support or any form of maintenance? YES__ NO___
    B.  Dependents:  WIFE___ #CHILDREN 1___ # OTHERS_____ AND RELATIONSHIP _daughter_____
    The names and ages of my children living at home are:

    Name_____ N/A _____ Age____
    Name_____ Age____
    Name_____ Age____
    Name_____ Age____
    Name_____ Age____

2.  Residence Address–Street: 4958 Appleville
    City Memphis , State TN Zip Code 38109 Phone # (901)795-1133

3.  A.  If employed at present, complete the following:

        Employer_____ N/A _____
        Employer's Address_____
        Employer's Phone _____ How long employed?_____

        Income:  Monthly $ N/A ____ OR Weekly $_____
        What is the nature of your job?_____

    B.  If unemployed at present, complete the following:
        I have been unemployed since the 27th day of June , 20 05 . The name of my last employer was U.S. Postal Service . The address is 3300 Jefcoe Ste Memphis TN 38118 . The phone # is (901) 795-5754 . The last salary or wages I received was $ 1,000.00 per week.

    C.  If spouse employed at present, complete the following:
        Employer_____ N/A _____
        How long employed? _____ Income: Monthly $ _____ OR Weekly $_____
        What is the nature of your job?_____

    D.  If on welfare or receiving unemployment benefits, please complete the following:

        I have been on welfare or relief since the _____ day of _____, 20 ___

I am receiving $ _____ per week __ month __ for myself and family of___

4.    Financial Status:

A.    Owner of Real Property:   Yes _____   No ✓

EXHIBIT I

     1)    Description _____
     2)    Address _____
     3)    In whose name _____
     4)    Estimated value $ _____ Total amount owed $ _____
     Owed to _____
     Annual income from property: $ _____

B.    Other property:

     1)    Automobile: Make **Hyndai** Model **XG350L** Year **2005**
     In whose name registered? **Michael Tate**
     Present value $ **10,077.00** Amount owed $ _____

     2)    Cash on hand? $ _____ Total Cash in Banks, Credit Unions, or
     Financial institutions: $ **170.00**
     Name of Bank or financial institution:
     **Postal Credit Union**

C.    Obligations (per month):

| | | |
|---|---|---|
| 1) | Rent | $ 0.00 |
| 2) | Mortgage payment | $ 0.00 |
| 3) | Total Utility Bill | $ 0.00 |
| 4) | Phone Bill | $ 0.00 |
| 5) | Car payments | $ 00.00 |
| 6) | Car insurance | $ 00.00 |
| 7) | Other insurance | $ 20.00 |
| 8) | Retail merchants | |
| | Please list: | |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| 9) | Other Creditors | |
| | Please list: | |
| | | $ 0.00 |
| | | $ 0.00 |
| | | $ 0.00 |
| 10) | Alimony, maintenance, or child support under divorce decree or separation agreement | $ 22,850.10 Arrearp |
| 11) | Food and groceries | $ 115.00 |
| 12) | Clothes | $ .00 |

13)    Total amounts owed to doctors, hospitals, or lawyers
       Please list:

**EXHIBIT I**

$ 00.00
$ 00.00
$ 00.00

TOTAL AMOUNT OF MONTHLY OBLIGATIONS:

D.    Other information related to financial status, including but not limited to stocks,
      bonds, savings bonds, or interests in trusts, whether owned or jointly owned
      Please list:

$ 00.00
$ 00.00
$ 00.00

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct and submitted to persuade the Court to enter an order under 28 U.S.C. § 1915,
permitting me to file this case without prepayment of the filing fee, and appointing an attorney to
represent me in this case.

Executed this ___17th___ day of ___September___ 20 07 .

___Michael Tate___                    MICHAEL TATE
(Plaintiff's Signature)                (PRINT PLAINTIFF'S NAME)

                                       4958 Appleville St
                                       Memphis TN 38109
                                       (PRINT PLAINTIFF'S ADDRESS)

                                       (900) 785-1733
                                       (PRINT PLAINTIFF'S TELEPHONE NUMBER)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED

2007 SEP 18 PM 4: 10

CLER...
...

EXHIBIT I

Michael Tate
_____
_____
(Name of plaintiff or plaintiffs)

v.

CIVIL ACTION NO._____

John E. Potter
Post Master General
United States Postal Service
(Name of defendant or defendants)

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for
employment discrimination. Jurisdiction is specifically conferred on the Court by
42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, **Michael Tate**
(name of plaintiff)

is a citizen of the United States and resides at **4958 Appleville Street**
(street address)

**Memphis**            **Shelby**            **TN**
(city)                      (country)                (state)

**38109**                              **901 785-1733**
(zip code)                        (telephone number)

EXHIBIT I

3. Defendant **John E. Potter**

(defendant's name)

lives at, or its business is located at **3300 Jet Cove Memphis, TN**

(street address)

**38118**

4. Plaintiff sought employment from the defendant or was employed by the defendant at

**3300 Jet Cove Suite 10**

(street address)

**Memphis**     **Shelby**     **TN**     **38118**

(city)          (country)          (state)          (zip code)

5. Defendant discriminated against plaintiff in the manner indicated in paragraph 9 of this complaint on or about _____

(day)          (month)          (year)

6. Defendant filed charges against the defendant with the Tennessee Fair Employment Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about _____

(day)          (month)          (year)

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about **9th     May     2007**

(day)          (month)          (year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by plaintiff on **19th June 2007**. (Attach a copy of the notice to

(day) (month) (year)

this complaint.)

9. Because of plaintiff's  (1) ___ race, (2) ___ color, (3) ___ sex, (4) ___ religion,

(5) ___ national origin, defendant

(a) ___ failed to employ plaintiff.

(b) ✓ terminated plaintiff's employment.

(c) ___ failed to promote plaintiff.

(d) **failed to allow me a fair trial / due process refused family medical leave coverage and falsified official documents. failed to terminate male/white employee Bryan Sullins when he threatened employees.**

EXHIBIT I

10. The circumstances under which defendant discriminated against plaintiff was follows: *In an effort to justify termination of my employment for extended absences, Acting Supervisor Pamela Young falsified statements to Postal Officials accusing me of threatening her and posing a threat to other employees - all of which is uncorroborated. Management has provided no evidence that I threatened Ms. Young or other employees. There is however, an abundance of evidence that male white employee Jayson Sullins threatened a group of employees and management took no action against him. Management also discriminated against me when it disregarded expert documentation on my medical condition causing my absence from work; disallowed my condition to be protected under the Family Medical Leave Act, denied me due process, and falsified documents to reflect justification of their terminating my employment.*

11. The acts set forth in paragraph 9 of this complaint

    (a) _____ are still being committed by defendant.

    (b) _____ are no longer being committed by defendant.

    (c) _✓_ may still be being committed by defendant.

12. Please attach to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, which are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    (a) _____ Defendant be directed to employ plaintiff, or

    (b) _✓_ Defendant be directed to re-employ plaintiff, or

    (c) _____ Defendant be directed to promote plaintiff, or;

    (d) _✓_ Defendant be directed to *PAY full back pay, overtime made whole, All Applicable compensatory AND punitive damages.*

and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Michael Jota

SIGNATURE OF PLAINTIFF

PRC

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:95-cv-02483-jsg

EXHIBIT X

Sims v. Rubin, et al
Assigned to: Julia S. Gibbons
Demand: $26,000
Cause: 28:1331 Fed. Question: Employment
Discrimination

Date Filed: 06/21/1995
Date Terminated: 03/25/199
Jury Demand: None
Nature of Suit: 442 Civil
Rights: Jobs
Jurisdiction: U.S. Governmer
Defendant

### Plaintiff
**Jean Arnold Sims**

represented by **Jean Arnold Sims**
1615 Pope Street
Memphis, TN 38108
901-323-1509
Fax: prose
PRO SE

V.

### Defendant
**Robert E. Rubin**
*Secretary of Treasury*

represented by **Brian J. Quarles**
U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
901-544-4231
Fax: 544-0854
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTIC*

### Defendant
**National Treasury
Employees Union, Chapter
98**
*Gail McKinney, President*

represented by **Cary P. Sklar**
NATIONAL TREASURY
EMPLOYEES UNION
901 E Street, N.W.

Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory O'Duden**
NATIONAL TREASURY
EMPLOYEES UNION
901 E Street, N.W.
Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

EXHIBIT X

**Steven Flig**
NATIONAL TREASURY
EMPLOYEES UNION
2801 Buford Highway
Suite 430
Atlanta, GA 30329
404-728-1630
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICEL*

**Defendant**

**Gail McKinney**
*President*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/1995 | 1 | COMPLAINT (SSH) (Entered: 06/26/1995) |
| 06/21/1995 | 2 | MOTION by plaintiff Jean Arnold Sims to proceed in forma pauperis (SSH) (Entered: 06/27/1995) |
| 06/21/1995 | 3 | MOTION/REQUEST by plaintiff Jean Arnold Sims for appointment of counsel and waiver of payment of fees (SS (Entered: 06/27/1995) |
| 06/21/1995 | 4 | ORDER by Magistrate Diane K. Vescovo granting motion t proceed in forma pauperis [2-1]. The clerk shall not issue process or serve any papers until ordered by the court. Tl |

CM/ECF - U.S. District Court:tnwd                                    https://ecf.tnwd.uscourts.gov/cgi-bin/DktR

| | | EXHIBIT X |
|---|---|---|
| | | clerk shall immediately forwarded this file to the staff atty and mag. judge for completion of screening... (cc: all counsel) (SSH) (Entered: 06/27/1995) |
| 07/10/1995 | 5 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims; adding Gail McKinney (WBE) (Entered: 07/11/1995) |
| 07/13/1995 | 6 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims (SSH) (Entered: 07/14/1995) |
| 08/01/1995 | 7 | ORDER by Mag Judge Diane K. Vescovo for issuance of service of process for both dfts', to U.S. Marshall for servic by clerk, as directed; (copy handed mag. section) (cc: all counsel) (BAG) Modified on 08/01/1995 (Entered: 08/01/1995) |
| 08/08/1995 | 8 | ORDER by Chief Judge Julia S. Gibbons denying motion for appointment of counsel and waiver of payment of fees [3-1 (cc: all counsel) (EHG) (Entered: 08/08/1995) |
| 08/25/1995 | 9 | LETTER re: issuance of service pursuant to Magistrate's Order under 28 USC 1915(a), requesting copies of compla and summons forms for process of service; submitted by Clerk's Office. (BAG) (Entered: 08/25/1995) |
| 09/14/1995 | 10 | AFFIDAVIT of Jean A. Sims IN SUPPORT OF MOTION UND 28 USC 1915 FOR APPOINTMENT OF ATTORNEY AND AUTHORIZATION TO COMMENCE SUIT WITHOUT PREPAYMENT OF FILING FEE by Jean A. Sims; re [3-1], re [2-1] (BAG) (Entered: 09/18/1995) |
| 09/22/1995 | 11 | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL by Chief Judge Julia S. Gibbons; Court cannot assess merits of pltf's claim at this early point in litigation, renewed motion denied; court w consider renewal of motion closer to time of trial, when merits of claim can be more easily assessed. (cc: all coun (BAG) (Entered: 09/22/1995) |
| 10/31/1995 | | SUMMONS issued as to defendant Robert E. Rubin, defendant Gail McKinney (SSH) (Entered: 11/03/1995) |
| 11/21/1995 | 12 | RETURN OF SERVICE executed upon defendant Robert F Rubin on 11/16/95, via certified mail # Z032053630; (B (Entered: 11/24/1995) |

EXHIBIT X

| 12/07/1995 | 13 | ACCEPTANCE/ACKNOWLEDGEMENT OF SERVICE by defendant Gail McKinney on 11/28/95 (BAG) (Entered: 12/08/1995) |
| 12/08/1995 | 14 | RETURN OF SERVICE executed upon defendant NTEU, Chapter 98 on 12/6/95, via certified mail receipt #Z032 0 629; (BAG) (Entered: 12/08/1995) |
| 12/15/1995 | 15 | MOTION FOR PRO HAC VICE ADMISSION for attorney Ste Flig to appear pro hac vice, for dfts NTEU Chapter 98 (BA (Entered: 12/18/1995) |
| 12/15/1995 | 16 | MOTION FOR PRO HAC VICE by defendant NTEU, Chapte 98 for attorney Cary P. Sklar to appear pro hac vice (BAG (Entered: 12/18/1995) |
| 12/15/1995 | 17 | MOTION FOR PRO HAC VICE ADMISSION by defendant NTEU, Chapter 98 for attorney Gregory O'Duden to appe pro hac vice (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 18 | DEFENDANT NTEU CHAPTER 98'S MOTION TO DISMISS defendant NTEU, Chapter 98 to dismiss pursuant to rule 12(b)(1) and 12(b)(6) of FRCP; (BAG) (Entered: 12/18/19 |
| 12/15/1995 | 19 | BRIEF FILED IN SUPPORT OF DEFENDANT NTEU CHAPT 98'S MOTION TO DISMISS by defendant NTEU, Chapter 9 regarding [18-1] (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 20 | CERTIFICATE OF SERVICE by defendant NTEU, Chapter w/attachments; (BAG) (Entered: 12/18/1995) |
| 12/19/1995 | 21 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE Chief Judge Julia S. Gibbons granting motions for attorn Gregory O'Duden [17-1], Cary P. Sklar [16-1], and Steve Flig to appear pro hac vice, for dfts NTEU Chapter 98 [1 (cc all counsel) (BAG) (Entered: 12/20/1995) |
| 01/10/1996 | 22 | EXHIBITS; submitted by plaintiff Jean Sims; w/attachme (BAG) (Entered: 01/11/1996) |
| 01/25/1996 | 23 | DEFENDANT SECRETARY'S MOTION TO DISMISS by defendant Robert E. Rubin to dismiss for lack of person jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCP; (BAG) (Entered: 01/29/1996) |
| 01/25/1996 | 24 | MEMORANDUM IN SUPPORT OF DEFENDANT SECRET MOTION TO DISMISS by defendant Robert E. Rubin in support of motion to dismiss for lack of personal jurisd |

EXHIBIT X

| | | |
|---|---|---|
| | | to Rule 12(b)(2) and (6) of FRCP; [23-1] (BAG) (Entered: 01/29/1996) |
| 02/02/1996 | 25 | MOTION FOR SUMMARY JUDGMENT by plaintiff Jean Arno Sims for summary judgment (BAG) (Entered: 02/07/1996) |
| 02/02/1996 | 26 | MEMORANDUM OF LAW by plaintiff Jean Arnold Sims in support of motion for summary judgment [25-1]; w/attachments (BAG) (Entered: 02/07/1996) |
| 02/06/1996 | 27 | ORDER TO SHOW CAUSE: by Chief Judge Julia S. Gibbons; Pltf ordered to show cause within 10 days from the date of this order why dft's motion should not be granted. Failure respond may result in the granting of dft's motion for dismissal [18-1]; (cc: all counsel) (BAG) (Entered: 02/07/1996) |
| 02/09/1996 | 28 | CERTIFICATE OF SERVICE by plaintiff Jean Arnold Sims (BAG) (Entered: 02/15/1996) |
| 02/15/1996 | 29 | RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [27-1]; w/attachments (BAG) (Entered: 02/15/1996) |
| 02/21/1996 | 30 | AMENDED MEMORANDUM OF LAW by plaintiff Jean Arn Sims to [26-1] (BAG) (Entered: 02/21/1996) |
| 02/23/1996 | 31 | DEFENDANT NTEU CHAPTER 98's MOTION TO CONTINU PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT by defendant NTEU, Chapter 98 to continue the summary judgment motion of pltf until after ruling on motion to dismiss. (BAG) (Entered: 02/26/1996) |
| 02/29/1996 | 32 | MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims for default judgment against Robert E. Rub (BAG) (Entered: 03/04/1996) |
| 03/05/1996 | 33 | ORDER denying motion for default judgment against Ro E. Rubin [32-1]; Records indicate that a dft filed a motio dismiss 1/25/96, in compliance with FRCP 12. (cc: all counsel) (BAG) Modified on 03/07/1996 (Entered: 03/05/1996) |
| 03/22/1996 | 35 | SETTING LETTER: Scheduling Conference set for 4/24/9 9:00, before Judge Gibbons; (BAG) (Entered: 03/25/199 |
| 03/25/1996 | 34 | ORDER GRANTING DEFENDANT'S NTEU'S MOTION TO DISMISS AND GRANTING DEFENDANT SECRETARY'S |

EXHIBIT X

| | | |
|---|---|---|
| | | MOTION TO DISMISS by Chief Judge Julia S. Gibbons granting motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCP; [23-1], granting motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) o FRCP; [18-1] dismissing case, as pltf engaged in a negotiat grievance procedure, her lawsuit in this court is barred. (c all counsel) (BAG) (Entered: 03/25/1996) |
| 03/27/1996 | 36 | JUDGMENT IN A CIVIL CASE: by Chief Judge Julia S. Gibbon In accordance with the provisions as set forth in the Order Granting Defendant NTEU'S Motion to Dismiss and Grantin Defendant Secretary's Motion to Dismiss entered 3/25/96, this case is hereby DISMISSED. (cc: all counsel) (BAG) (Entered: 03/27/1996) |
| 04/24/1996 | 37 | AMENDED MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims to [32-1] (BAG) (Entered: 04/24/1996) |
| 04/24/1996 | 38 | AMENDED RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [29-1] (BAG) (Entered: 04/24/1996) |
| 04/29/1996 | 39 | ORDER by Chief Judge Julia S. Gibbons finding the amend [38-1] moot., finding the amend [37-1] moot.; It is appare to the court that due to some error, pltf is unaware that t case was dismissed 3/25/96; Clerk ORDERED to serve a co of the 3/5/96 order denying request for default judgment the 3/25/96 order granting motions to dismiss of dfts' an the 3/27/97 order of judgment, on pltf at the address fro which most recent filings were sent: In accordance with previous orders of this court, pltf's instant motions are m and are hereby denied. (cc: all counsel) (BAG) (Entered: 04/29/1996) |

EXHIBIT X

IN THE UNITED STATES DISTRICT COURT ~~FILED~~ BY ~~ERIE~~ D.C.
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

96 MAR 25 AM 7: 07

ROBERT R. DI TROLIO
CLERK U. S. DIST. CT.
W.D. OF TN MEMPHIS

JEAN ARNOLD SIMS,

    Plaintiff,

VS.                                                    No.  95-2483 GA

ROBERT E. RUBIN,
Secretary of the Treasury;
and NTEU CHAPTER 98,

    Defendants.

---

ORDER GRANTING DEFENDANT NTEU'S MOTION TO DISMISS
AND GRANTING DEFENDANT SECRETARY'S MOTION TO DISMISS

---

Before the court are the motions to dismiss of defendants
the National Treasury Employees Union Chapter 98 ("NTEU") and
Robert E. Rubin, United States Secretary of the Treasury
("Secretary").  Plaintiff Jean A. Sims brings this action under
the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.,
and/or the Rehabilitation Act, 29 U.S.C. § 701-796i, against her
employer, the Internal Revenue Service ("IRS"), which is properly
represented in this suit by the named defendant Secretary.
Plaintiff apparently suffers from carpal tunnel syndrome and
alleges that she was wrongfully placed on an involuntary non-paid
furlough and was thus discriminated against on the basis of her
medical condition.  Plaintiff further alleges that her union,
NTEU, failed to properly represent her in a negotiated grievance
process challenging the propriety of the involuntary furlough.
Both defendants move to dismiss, and, for the following reasons,

This document entered on docket sheet in compliance with Rule 58 and/or
7. (a) FRCP on 3/25/96 .

34

EXHIBIT X

the court grants both motions.[1]

In considering a Rule 12(b)(6) motion to dismiss, the court is limited to examining whether plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. <u>Windsor v. The Tennessean</u>, 719 F.2d 155, 158 (6th Cir. 1983), <u>cert. denied</u>, 469 U.S. 826 (1984). "A complaint should not be dismissed unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Craighead v. E.F. Hutton & Co.</u>, 899 F.2d 485, 489 (6th Cir. 1990), <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The court is also required to view the allegations in the light most favorable to the plaintiff. <u>Id.</u>, <u>quoting</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

As alleged by plaintiff, the facts surrounding this dispute are as follows. Plaintiff is employed as a seasonal Tax Examiner by the United States Internal Revenue Service. In early February of 1991, while working in the 100% Review Unit, plaintiff experienced pain in her neck, shoulder, and arm, and missed several days of work. Plaintiff was diagnosed with carpal tunnel syndrome on February 19, 1991, and thereafter complained of difficulties at work and sought to file a Worker's Compensation claim for occupational disease.[2] Plaintiff was on an extended absence until May 10, 1991, at which point she was placed in non-

---

[1] Also pending are plaintiff's motion for summary judgment, and defendant NTEU's motion to continue plaintiff's motion until after disposition of its motion to dismiss. Since this order dismisses plaintiff's case, these pending motions are moot.

[2] This claim was apparently denied by the Department of Labor, Office of Worker's Compensation on February 19, 1992.

2

EXHIBIT X

pay status with other seasonal employees due to lack of work.

When plaintiff was recalled on July 7, 1991, she was assigned to the Analyzation unit, which is the area in which she has regularly worked since 1988. Due to continued pain in her wrist and the effects of pain medication, plaintiff missed several more days of work, and upon her return, plaintiff complained of the pain to her section chief and was given the option of either accepting a downgrade to a clerical position which would not require the painful repetitive hand movements, or of submitting medical documentation outlining the type and amount of work which she would be able to perform without significant pain. Plaintiff refused to accept the downgrade and, effective July 26, 1991, was placed on involuntary furlough, pending the transmittal of the requested medical documentation.

On January 22, 1992, plaintiff filed a grievance with NTEU alleging that she was placed in involuntary furlough status in violation of her employment contract. Plaintiff's grievance was forwarded to the NTEU attorney responsible for representing employees in the Memphis IRS Service Center. Plaintiff apparently initially represented to NTEU that she did not want their representation in any negotiations with the IRS, and later failed to provide NTEU with pertinent medical information which NTEU requested in order to be able to successfully pursue plaintiff's complaint.

On June 8, 1992, plaintiff participated in a grievance meeting, and the IRS offered, as full and final settlement, to recall plaintiff to work effective June 1, 1992 and allow her to work three and one-half months longer than other similarly-ranked

3

EXHIBIT X

seasonal employees. While plaintiff accepted the offer to return to work, she apparently rejected it as a full and final settlement of her grievance, and instead sought to be compensated for loss of pay, the cost of letters, postage, and transportation, damages related to stress, embarrassment, and fear, and punitive damages. Such relief was denied by the IRS as being outside the scope of the relief available in a negotiated grievance procedure. NTEU subsequently informed plaintiff that it would not invoke arbitration procedures on her behalf. Plaintiff apparently resumed her employment with the IRS on January 11, 1993.

On December 8, 1994, plaintiff sought the advice of a federal Equal Employment Opportunity ("EEO") counselor and on January 30, 1995, filed a formal EEO complaint. That complaint was denied by the Department of Treasury's regional EEO office on March 22, 1995 on the grounds that (1) plaintiff's pursuit of the EEO remedy was precluded by her previous participation in a negotiated grievance process; and (2) plaintiff, in any event, had failed to initiate the EEO process timely. Plaintiff did not appeal this decision to the Equal Employment Opportunity Commission ("EEOC"), but rather, on June 21, 1995, filed the instant lawsuit against both the IRS and NTEU, seeking compensation for lost wages and expenses. Both defendants move to dismiss, and the court will consider each motion in turn.

1. **Defendant NTEU's Motion to Dismiss.** Defendant NTEU is a locally chartered chapter of the National Treasury Employees Union, which is a national labor organization exclusively representing employees of the federal government in over a dozen

4

EXHIBIT X

federal agencies, including the IRS. Pursuant to Title VII of the Civil Service Reform Act, 5 U.S.C. § 7101 et seq., the national organization has long been the certified exclusive representative of approximately 100,000 IRS bargaining unit employees. At all times relevant to this action, plaintiff has been a member of a bargaining unit represented by defendant NTEU.

Plaintiff's claim against NTEU here essentially alleges that NTEU negligently misrepresented her in the grievance process contesting the validity of the procedures used to involuntarily furlough her without compensation from July 26, 1991 to January 11, 1993. Plaintiff asserts that NTEU's representatives' actions in instructing her to accept the furlough papers and in failing to assist her in filing a formal grievance "allowed and promoted" the allegedly wrongful actions of the IRS.[3]

Defendant NTEU argues that this claim should be dismissed

------------

[3] In her response to NTEU's motion to dismiss, filed subsequent to this court's issuance of an order to show cause, plaintiff characterizes her complaint against NTEU as follows:

> With the National Treasury Employees Union, specifically Chapter 98 being the designated representative of IRS employees, Jean A. Sims only sought the assistance and advice of NTEU. She filed a grievance [i.e., this complaint] because she felt that the union steward, Rick Hogue's instructions to accept the furlough papers as well as those actions of the chapter president, Gail McKinney of not assisting her in filing a formal grievance allowed and promoted the the [sic] "Adverse Action" in terms of the contract between Internal Revenue Service and National Treasury Employees Union which left Jean A. Sims in non-work status without pay from July 26, 1991 to January 11, 1993 and was against the guidelines of the contract in such areas as sick leave, physician's statement requirements, job performance, and adverse action.

While plaintiff, who is proceeding pro se, nowhere clearly states that she is alleging that NTEU breached its duty of fair representation, it seems clear that the gravamen of her complaint is such a claim.

EXHIBIT X

because a complaint for negligent representation by the union is an "unfair labor practice" as defined by the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7114, and may be prosecuted exclusively by the Federal Labor Relations Authority ("FLRA"), an administrative agency which is the federal sector counterpart to the National Labor Relations Board ("NLRB"). This court agrees and accordingly grants NTEU's motion to dismiss.

Title VII of the CSRA provides that a union which serves as the exclusive representative of a federal employee bargaining unit has a duty to represent all bargaining unit employees in a fair manner, "without any discrimination and without regard to labor organization membership." 5 U.S.C. § 7114(a)(1). This provision forms the basis of the federal employee union's duty of fair representation. Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 531-32 (1989).

The CSRA also provides that a union's breach of this duty of fair representation constitutes an unfair labor practice, 5 U.S.C. § 7116(b)(8), but mandates that the authority to prosecute complaints of a breach of this duty lies exclusively with the FLRA. 5 U.S.C. § 7118. In Karahalios, the United States Supreme Court held that the FLRA's jurisdiction to enforce a union's duty of fair representation is exclusive, and that Congress did not intend to create a private cause of action to enforce that duty in federal court. 489 U.S. at 532-36. See 5 U.S.C. § 7118. Accord Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994); Carter v. Gibbs, 909 F.2d 1452, 1456 (Fed. Cir.), cert. denied, 498 U.S. 811 (1990); Montplaisir v. Leighton, 875 F.2d 1-3 (1st Cir.

EXHIBIT X

1989).[4]  See also Local 3-689, Oil, Chemical & Atomic Int'l Union
v. Martin Marietta Energy Systems, Inc., Dept. of Energy, ___
F.3d ___, 1996 WL 78127, *6 n.5 (6th Cir. 1996) (noting that the
Supreme Court's decision in Karahalios precludes a private right
of action under the CSRA).

Plaintiff's complaint against NTEU accordingly is barred by
the doctrine of Karahalios.  See 489 U.S. at 536-37 ("To hold
that the district courts must entertain such cases in the first
instance would seriously undermine what we deem to be the
congressional scheme, namely to leave the enforcement of union
and agency duties under the Act to the General Counsel and the
FLRA and to confine the courts to the role given them under the
Act.").  Since, therefore, the court lacks subject matter
jurisdiction over plaintiff's complaint, defendant NTEU's motion
to dismiss is granted.

2.  **Defendant Secretary's Motion to Dismiss.**  Defendant
Robert Rubin, sued in his capacity as Secretary of the United
States Treasury, moves to dismiss this action on several grounds.
First, defendant Secretary argues that plaintiff failed to
properly effect service and thus failed to assert personal
jurisdiction over the IRS.  Second, defendant argues that since
plaintiff previously raised her complaint in a negotiated
grievance procedure, plaintiff has irrevocably elected not to

_____

[4] The CSRA provides recourse to federal court only in three
circumstances: (1) persons aggrieved by a final FLRA order, with
certain exceptions, may seek judicial review in the appropriate
court of appeals, 5 U.S.C. § 7123(a); (2) the FLRA may seek
judicial enforcement of its orders, 5 U.S.C. § 7123(b); and (3)
temporary injunctive relief is available to the FLRA to assist it
in the discharge of its duties, 5 U.S.C. § 7123(d).  See
Karahalios, 489 U.S. at 532.

EXHIBIT X

avail herself of statutory avenues of relief and accordingly, her suit in this court is precluded.  Third, defendant argues that plaintiff's discrimination claim is properly brought under 42 U.S.C. § 2000e-16, not under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., or the Rehabilitation Act, 29 U.S.C. § 794, and that plaintiff's failure to timely consult with an EEO counselor and file an administrative charge as required by that statute precludes her civil lawsuit.  As the court finds that defendant's second and third arguments are dispositive, the court does not reach defendant's service argument.

The disposition of defendant Secretary's motion to dismiss raises a number of complicated questions regarding the interplay between the Civil Service Reform Act, 5 U.S.C. § 7101 et seq., the Equal Employment Opportunity Act, 42 U.S.C. § 2000e-16, and the Rehabilitation Act, 29 U.S.C. § 701-796i.[5]  After reviewing the applicable statutory and regulatory framework, the court concludes that plaintiff's instant suit is precluded because of

---

[5] Plaintiff's attempt to allege a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., fails as the ADA explicitly excludes the United States from its definition of covered "employers."  42 U.S.C. § 12111(5)(B)(i).  Accordingly, plaintiff's complaint of discrimination against the IRS is not cognizable in a claim brought under the ADA.  Instead, plaintiff's claim is properly brought under the Rehabilitation Act, 29 U.S.C. § 794, which incorporates the procedures provided in the Equal Employment Opportunity Act, 42 U.S.C. § 2000e-16.  See Vinieratos v. United States Dept. of Air Force, 939 F.2d 762, 773 (9th Cir. 1991) (even though a federal employee alleges employment discrimination on the basis of disability in violation of the Rehabilitation Act, "Title VII [42 U.S.C. §§ 2000e-16] provides the exclusive channel by which such allegations may be heard in federal court.") (citing Boyd v. United States Postal Service, 752 F.2d 410, 413-14 (9th Cir. 1985)).  See generally Brown v. General Services Administration, 425 U.S. 820, 829-30 (1976) (Equal Employment Opportunity Act is the sole and exclusive remedy for civil rights claims of job discrimination by federal employees).

EXHIBIT X

her participation in a negotiated grievance process and her
failure to timely invoke the jurisdiction of the Department of
Treasury's EEO division following her refusal to accept the IRS's
final negotiated offer.

In passing the Civil Service Reform Act of 1978 ("CSRA"),
Congress hoped to increase the efficiency of the federal
government by allowing collective bargaining in the federal
workplace.  See Cornelius v. Nutt, 472 U.S. 648, 666 (1985)
(Marshall, J., dissenting); see also 5 U.S.C. § 7101(a)
(describing the findings and purposes of the Act).  The CSRA
allows union representatives to bargain with the federal agency
for the terms and conditions of workers' employment, see Bureau
of Alcohol, Tobacco and Firearms v. Federal Labor Relations
Auth., 464 U.S. 89, 107 (1983), the product of which is a
collective bargaining agreement that sets forth the procedures
for the settlement of grievances.  5 U.S.C. § 7121(a)(1).  The
procedures provided for by that agreement are generally the
"exclusive procedures for resolving grievances which fall within
its coverage."  5 U.S.C. § 7121(a)(1); see also Cornelius, 472
U.S. at 666 (citing 5 U.S.C. § 7106).  Due to Congress'
recognition that judicial tinkering with the intricate scheme set
up by the CSRA would result in a breakdown of that system, the
courts have been admonished to "leave the architecture of the
federal personnel system to Congress."  Carter, 909 F.2d at 1456
(citing Volk v. Hobson, 866 F.2d 1398, 1403 (Fed. Cir.), cert.
denied, 490 U.S. 1092 (1989)).  Accordingly, judicial review of
adverse employment actions is often simply unavailable and
parties are bound by any decision rendered as a result of

9

EXHIBIT X

participation in the grievance procedures agreed to in collective

bargaining.  See generally American Fed. of Gov't Employees Local

2052 v. Reno, 992 F.2d 331 (D.C. Cir. 1993) (describing the

various procedures available under the CSRA).

Where, however, an aggrieved party, who would otherwise be

bound by the exclusivity of the negotiated grievance procedure,

seeks to raise a complaint of prohibited employment

discrimination under Title VII of the 1984 Civil Rights Act, 42

U.S.C. § 2000e et seq., the Rehabilitation Act, 29 U.S.C. § 794,

or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 629 et seq.,[6] the policies of the CSRA are in conflict with

Congress's intention that the Equal Employment Opportunity

Commission ("EEOC") and its federal agency counterparts exercise

jurisdiction.  Accordingly, in 5 U.S.C. § 7121(d), Congress

created an exception to the exclusivity provision of section

7121(a)(1):

> (d)  An aggrieved employee affected by a prohibited
> personnel practice under section 2302(b)(1) of this
> title which also falls under the coverage of the
> negotiated grievance procedure may raise the matter
> under a statutory procedure or the negotiated
> procedure, but not both.  An employee shall be deemed
> to have exercised his option under this subsection to
> raise a matter under either a statutory procedure or
> the negotiated procedure at such time as the employee
> timely initiates an action under the applicable
> statutory procedure or timely files a grievance in

---

[6]  The CSRA, 5 U.S.C. § 2302(b)(1), imports the anti-
discrimination laws of Title VII and the requirements of the Fair
Labor Standards Act, 29 U.S.C. § 201 et seq., into federal
workplaces.  The prohibitions of the Rehabilitation Act and the
ADEA have equally been considered applicable.  See, e.g.,
Vinieratos v. U.S. Dept. of Air Force, 939 F.2d 762, 773 (9th Cir.
1991).  The procedural route for federal employees alleging claims
of discrimination is via the Equal Employment Opportunity Act, 42
U.S.C. § 2000e-16; see Brown, 425 U.S. at 829-30.  See also infra
note 8.

EXHIBIT X

writing, in accordance with the provisions of the
parties' negotiated procedure, whichever event occurs
first . . . .

5 U.S.C. § 7121(d).[7]  Therefore, once a plaintiff elects to

pursue his discrimination claim in a negotiated grievance

procedure, he may not thereafter invoke the statutory procedure

established for discrimination complaints.  29 C.F.R. § 1614.301;

Smith v. Kaldor, 869 F.2d 999, 1006 (6th Cir. 1989).  Accord

Johnson v. Peterson, 996 F.2d 397, 398 (D.C. Cir. 1993); American

Fed. of Gov't Employees, 992 F.2d at 332; Vinieratos v. U.S.

Dept. of Air Force, 939 F.2d 762, 768 (9th Cir. 1991).[8]

     Plaintiff here clearly elected to file a grievance under the

---

[7] Section 7121(d) deals with so-called "mixed case" complaints.
A "mixed case" is a matter over which the Merit Systems Protection
Board ("MSPB") would ultimately have jurisdiction on appeal from an
agency decision or an arbitrator's decision, but which also raises
issues of employment discrimination.  29 C.F.R. § 1613.402(a).  See
also Vinieratos, 939 F.2d at 766; American Fed. of Gov't Employees,
992 F.2d at 332.  Here, plaintiff's case may not present a true
"mixed case" because there is apparently some dispute as to whether
the decision to place plaintiff on an involuntary furlough
constituted an "adverse action" subject to ultimate review by MSPB.
This dispute, however, does not affect the resolution of this
motion to dismiss.  See Facha v. Cisneros, 1996 WL 102269, *11 n.5
& 12 (E.D. Pa. 1996) (evaluating plaintiff's complaint under a
similar framework despite the fact that her complaint did "not
represent a true 'mixed case' because the job action that HUD took
against her was not sufficiently serious . . . to trigger review by
the Merit Systems Protection Board," and granting the government's
motion to dismiss for lack of subject matter jurisdiction).

[8] The applicable statutory framework requires that the
plaintiff employee seek administrative remedies within the
particular agency involved to redress his grievance before filing
suit for unlawful employment discrimination.  See 42 U.S.C.
§ 2000e-16; Brown, 425 U.S. at 832 (interpreting Title VII).  Thus,
plaintiffs seeking to invoke the statutory procedure are required
to first consult with an EEO counselor in an informal effort and
then, if unsuccessful, to file a formal charge of discrimination
with the employing agency's EEO office, which is empowered by the
EEOC to render a final decision on federal employee complaints.
Once such a decision is rendered by the agency EEO office, the
plaintiff has the right to appeal to the EEOC or to file suit in
federal court.  See 29 C.F.R. 1613.281; 42 U.S.C. § 2000e-16(c).

11

EXHIBIT X

collective bargaining agreement. Her handwritten letter, dated
January 22, 1992, constitutes such a grievance for the purposes
of the statute and thus effectively precludes her pursuit of the
statutory remedies which could be initiated through the filing of
an EEO complaint. Plaintiff's election is "irrevocable," see
Vinieratos, 939 F.2d at 768, "irrespective of whether the agency
has informed the individual of the need to elect or of whether
the grievance has raised an issue of discrimination," so long as
the grievance involved the same "matter" as the plaintiff is
attempting to raise in the statutory process. 5 U.S.C.
§ 7121(d); 29 C.F.R. § 1614.301.

The word "matter" as used in this framework refers to the
"underlying employment action," and not to any legal
characterization of that action. See Bonner v. Merit Systems
Protection Bd., 781 F.2d 202, 204-05 (Fed. Cir. 1986); Macy v.
Dalton, 853 F. Supp. 350, 353 (E.D. Cal. 1994). Accordingly,
plaintiff's attempt to argue that her grievance challenged the
procedure of her involuntary furlough as opposed to the
discriminatory intent with which that procedure was invoked
fails; the "matter" at issue is the imposition of the furlough
and plaintiff raised that matter in her grievance. See Macy, 853
F. Supp. at 354.

Plaintiff's case is complicated here by the fact that her
grievance was not taken into binding arbitration, which might
have been appealable to either the Merit Systems Protection Board
(which has the authority to refer an issue of discrimination to
the EEOC) or to the EEOC itself. 29 C.F.R. § 1614.401. Since
plaintiff's union representative refused to take her claim to

12

EXHIBIT X

binding arbitration, plaintiff's negotiated offer was apparently
achieved as a result of a more informal process.[9]  Nonetheless,
the applicable statute clearly indicates that election occurs at
the time plaintiff files her written grievance, without regard to
how that process is concluded.  5 U.S.C. § 7121(d); see also
Vinieratos, 939 F.2d at 769; Jones v. Dept. of Health and Human
Servs., 622 F. Supp. 829, 830 (N.D. Ill. 1985).  Once plaintiff
begins the negotiated grievance process, she may not change her
mind and invoke the statutory EEO process.

Plaintiff does have the right to appeal a grievance decision
to the EEOC if there is an allegation of discrimination, see 29
C.F.R. § 1614.401(b).  Such an appeal must be taken, however,
"within 30 days of receipt of a decision."  29 C.F.R.
§ 1614.402(a).  Plaintiff here did not consult with an EEO
counselor until well over a year after the agency's negotiated
offer was made.[10]  Accordingly, she cannot avail herself of these

---

[9] An examination of plaintiff's exhibits reveals that NTEU
determined not to refer her claim to binding arbitration due to
plaintiff's failure to provide necessary medical information.

[10] Even had the court determined that plaintiff could invoke
the statutory EEO process, plaintiff's failure to contact an agency
EEO counselor within 45 days of the allegedly discriminatory action
taken against her, see 29 C.F.R. § 1614.105(a)(1), bars her action
in this court.  The 45-day deadline is construed as a statute of
limitations, not as a jurisdictional prerequisite.  Johnson v.
Runyon, 47 F.3d 911, 917 (7th Cir. 1995); Rennie v. Garrett, 896
F.2d 1057, 1062-63 (7th Cir. 1990).  While a plaintiff may seek an
extension of this 45 day period from the agency by showing "that he
or she was not notified of the time limits and was not otherwise
aware of them, that he or she did not know and reasonably should
not have known that the discriminatory or personnel action
occurred, that despite due diligence he or she was prevented by
circumstances beyond his or her control from contacting the
counselor within the time limits or for other reasons considered
sufficient by the agency. . .", 29 C.F.R. § 1614.105(c), plaintiff
here has failed to "articulate a reason why [s]he did not suspect
discrimination" until after the 45-day period had run.  See Lewis

EXHIBIT X

appeal provisions.[11]  Since the CSRA encourages recognizing the

finality of decisions achieved as a result of participation in

the grievance procedures set out in collective bargaining

agreements, the statutory and regulatory framework governing the

settlement of discrimination complaints by federal employees

should be interpreted strictly to facilitate that policy.  As

plaintiff engaged in a negotiated grievance procedure, her

lawsuit in this court is barred.

Conclusion.  For the reasons explained, the court grants

both NTEU's motion to dismiss and the Secretary's motion to

dismiss.

IT IS SO ORDERED.


*Julia Smith Gibbons*
JULIA SMITH GIBBONS
UNITED STATES DISTRICT JUDGE


*March 21, 1996*
DATE

---

v.  Runyon, 65 F.3d 175, 1995 WL 499440 **1 (9th Cir. 1995)
(dismissing a similarly situated claim), cert. denied, 116 S. Ct.
793 (1996).  See also Spence v. Straw, 54 F.3d 196, 202 (3d Cir.
1995) (recognizing that agency is given the power in the first
instance to determine whether to excuse a plaintiff's untimely
consultation).

[11] It appears from reading the regulation that plaintiff may
appeal to the EEOC only if "an issue of employment discrimination
was raised in a negotiated grievance procedure that permits such
issues to be raised."  29 C.F.R. § 1614.401(b).  Since, however,
plaintiff is barred from invoking the statutory EEO procedure even
when no discrimination is alleged in the written grievance so long
as the same "matter" is challenged, there appears to be some
ambiguity as to what avenue of relief is available to this
plaintiff who otherwise is not entitled to any appeal, since her
grievance was not submitted to arbitration.  Nonetheless, since
plaintiff failed to meet the timeliness requirement in any event,
this ambiguity need not be resolved.

14

EXHIBIT 400-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

SHERRY V. SHAW,                     *
                                    *
        PLAINTIFF,                  *
                                    *
    v.                              *        CIVIL ACTION NUMBER
                                    *        06-CV-2593 BBD/An
                                    *
JOHN E. POTTER,                     *
POSTMASTER GENERAL,                 *
UNITED STATES POSTAL SERVICE,       *
                                    *
        DEFENDANT.                  *
                                    *

## DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendant, by and through the United States Attorney for the Western District of Tennessee, hereby moves the Court to Dismiss certain claims raised by Plaintiff pursuant to Rule 12(b)(1), Fed.R.Civ.P. Defendant also moves the Court for summary judgment pursuant to Rule 56, Fed.R.Civ.P. In support of the instant motion, Defendant would respectfully show unto the Court that there is no dispute of material fact and Defendant is entitled to judgment as a matter of law. For these reasons and those more fully specified in the accompanying memorandum,

Defendant prays the Court to enter an order of dismissal and for summary judgment, dismissing this case in its entirety.

EXHIBIT 400-1

Respectfully Submitted,

LAWRENCE LAURENZI
UNITED STATES ATTORNEY

By: s/ harriett miller halmon
  HARRIETT MILLER. HALMON (TN # 05320)
  Assistant United States Attorney
  1026 Federal Office Building
  167 North Main Street
  Memphis, TN 38103-1898
  Phone: (901) 544-4231
  Facsimile: (901) 544-4230

OF COUNSEL:

SANDRA W. BOWENS
Attorney
U. S. Postal Service Law Department
225 North Humphreys Boulevard
Memphis, TN 38166-0170
(901) 747-7350
(901) 747-7371 Fax

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the foregoing was mailed this 12th day of February 2009, to the following:

Sherry V. Shaw
5000 Lochinvar
Memphis, TN 38116

      s/harriett miller halmon
      HARRIETT MILLER HALMON
      Assistant United States Attorney

EXHIBIT 500
UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

SHERRY V. SHAW,                         JUDGMENT IN A CIVIL CASE

v.

JOHN E. POTTER, POSTMASTER            NO. 06-2593, 06-2897,
GENERAL, UNITED STATES POSTAL              07-2617, 07-2856
SERVICE. CASE

DECISION BY COURT. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS SO ORDERED AND ADJUDGED that in accordance with the ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT entered on June 16, 2009, this cause is hereby dismissed with prejudice.

APPROVED:

s/Bernice B. Donald
UNITED STATES DISTRICT COURT

DATE: 06/16/2009

                                    THOMAS M. GOULD
                                    Clerk of Court


                                    s/Taffy Elchlepp
                                    (By) Deputy Clerk



EXHIBIT 6

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | $0.84 | 0980 |
| Certified Fee | | $2.85 | 10 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.69 | 09/07/2011 |

7010 1870 0000 2316 4905

Sent To *TN Dept of Labor Floating Dept*
Street, Apt. No.; or PO Box No. *220 French Land Drive*
City, State, ZIP+4 *Nashville, TN 37243*

PS Form 3800, August 2006          See Reverse for Instructions

---

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | $0.44 | 0980 |
| Certified Fee | | $2.85 | 10 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.29 | 08/31/2011 |

7010 1870 0000 2316 4041

Sent To *TN Dept of Labor Workers Dept*
Street, Apt. No.; or PO Box No. *220 French Ldg Dr, Ste B4*
City, State, ZIP+4 *Nashville, TN 37243*

PS Form 3800, August 2006          See Reverse for Instructions

---

EXHIBIT 7

---

**U.S. Postal Service ™**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | $0.44 | 0980 |
| Certified Fee | | $2.85 | 10 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.59 | 12/08/2011 |

7010 1870 0000 2267 9138

Sent To *TN Dept of Labor*
Street, Apt. No.; or PO Box No. *220 French Lang Dr, Ste B5*
City, State, ZIP+4 *Nashville, TN 37243*

PS Form 3800, August 2006          See Reverse for Instructions