RECEIVED

JUL 2 5 2013

**DEBORAH S. HUNT, Clerk**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHERYL TAYLOR                              )
    Appellant                          )
        v.                             )    APPEAL NO. 13-5921
                                       )
KARLA DAVIS, COMMISSIONER                  )
FOR THE TN DEPT OF LABOR AND               )
WORKFORCE DEVELOPMENT, et.al.              )
    Appellee                           )

---

## MOTION TO APPOINT COUNSEL

The Appellant respectfully files this motion to the Court. The Appellant is without counsel. There is a prejudice toward the Appellant for a lack of counsel. The Appellant is unemployed through no fault of the Appellant. The Appellant was approved for Family Medical Leave based on the Family Medical Leave Act (FMLA). The Appellant does not have the mental capacity to litigate an appeal without counsel. The Appellant needs counsel due to medical issues.

The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on December 13, 2011. (Doc. 3.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on January 17, 2012. (Doc. 6.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on February 23, 2012. (Doc. 18.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on April 6, 2012.

2

(Doc. 22.) The Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on April 10, 2012. (Doc. 23.)  On August 7, 2012, the District Court denied the Appellant's motions for an appointment of counsel through the District Court's Civil Pro Bono Panel. (Doc. 62.)  However, there are approximately seven (7) federal courts in TN which are the U.S. District Court for the Western District of TN located at 167 N. Main St. Room 242, Memphis, TN 38103; U.S. District Court for the Eastern District of TN located at 111 South Highland Avenue, Room 262, Jackson, TN 38301; U.S. District Court for the Eastern District of TN located at 900 Georgia Avenue, Chattanooga, TN 37402; U.S. District Court for the Eastern District of TN located at 220 West Depot Street, Suite 200 Greeneville, TN  37743; U.S. District Court for the Eastern District of TN located at 800 Market Street, Suite 130, Knoxville, TN  37902; U.S. District Court for the Eastern District of TN located at 200 South Jefferson Street, Winchester, TN  37398; U.S. District Court for the Middle District of TN located at 801 Broadway, Nashville, TN 37203. Yet, the District Court did not appoint counsel through any of the seven (7) federal courts in the state of TN.

On February 13, 2013, the Appellant filed a motion for the District Court to release the names of all lawyers on the District Court's Civil Pro Bono Panel.

3

(Doc. 109.) On March 28, 2013, the District Court denied the motion as moot. (Doc. 118.)

The Legal Services Corporation (LSC) distributes federal funds to the LSC grantees in TN. However, the Appellant was denied counsel by federally funded legal aid organizations in TN which are Memphis Area Legal Services, Inc., Legal Aid of East TN, West TN Legal Services, Inc., Legal Aid Society of Middle TN and the Cumberlands and the Community Legal Center. The District Court was aware the Plaintiff/Appellant was denied counsel by the federally funded legal aid organizations. In addition, the federally funded legal aid organizations failed to advise the Plaintiff about the grievance and appeal process based on the LSC Act. Also, the LSC grantees in TN failed to refer the Plaintiff/Appellant to any lawyer.

On August 8, 2012, the Appellant filed a motion for judicial notice to support the motion for an appointment of counsel at the District Court. (Doc. 65.) On March 28, 2013, the District Court denied the motion as moot. (Doc. 118.)

On August 22, 2012, the Appellant filed a motion at the District Court for the appellees/defendants to appoint or assign counsel by releasing and equally distributing its state and federal funds to the Appellant. (Doc. 82.) The Appellant made a First (1st) Amendment petition for access to state and federal funds

4

allocated through the defendants/appellees. On March 28, 2013, the District Court denied the motion as moot. (Doc. 118.)

On January 10, 1995, United States District Judge Stanley S. Harris, for the United States District Court for the District of Columbia, set the precedent and opinionated that a former federal employee name Matthew Fogg could not litigate a Title VII civil action without counsel. The civil action was Fogg v. Gonzales, 94-cv-02814. Fogg successfully prevailed with a court appointed attorney. The order of Judge Stanley S. Harris on January 10, 1995 opinionated: "THE INTEREST OF JUSTICE WOULD BE BETTER SERVED IF COUNSEL WERE APPOINTED TO REPRESENT PLAINTIFF AT THIS TIME. ACCORDINGLY, IT HEREBY IS ORDERED THAT THE CLERK OF THE COURT SHALL APPOINT COUNSEL FROM THE COURT'S CIVIL PRO BONO PANEL TO REPRESENT PLAINTIFF IN ACCORDANCE WITH LOCAL RULE 702.1."

(Doc. 47-2 & 65.) Federal courts in Northern states appoint counsel to members of a protected class. Fogg is a member of a protected class. Also, federal courts in Southern states do not appoint counsel to federal employees and former federal employees that are members of a protected class for civil actions involving Title VII. The employment of Fogg was terminated. Fogg was awarded the largest monetary damages by a jury in the history of Title VII to a former federal employee. After the favorable jury verdict, Fogg v. Gonzales, 94-cv-02814, was appealed five (5) times. Fogg successfully prevailed on appeal, with the same court appointed attorney. The Appellant is similarly situated as Fogg. Fogg v. Gonzales,

5

94-cv-02814, was cited in the Appellant's motion for judicial notice. (Doc. 65.)

Weaver v. Wallace 565 S.W.2d 867, 870 (TN 1978), had a right to counsel in his civil action involving a denial of Unemployment Compensation for Federal Employees (UCFE) Unemployment Insurance (UI). Armstrong v. Neel 725 S.W.2d 953 (TN Ct. App. 1986) had a right to counsel involving a civil action in a denial of unemployment compensation insurance benefits. Weaver was represented by Memphis Area Legal Services, Inc. and he successfully prevailed with an appointment of counsel. Weaver was awarded Unemployment Compensation for Federal Employees (UCFE). Armstrong were represented by a federally funded legal aid organization and he successfully prevailed with counsel. Armstrong was awarded unemployment compensation insurance benefits. (Doc. 47-2 & 65.) Weaver v. Wallace, 565 S.W.2d 867, 870 (TN 1978) and Armstrong v. Neel 725 S.W.2d 953 (TN Ct. App. 1986) were cited in the Appellant's motion for judicial notice. (Doc. 65.)

Alvin S. Mitchell v. Karla Davis, Commissioner, Tennessee Department of Labor and Workforce Development, CEVA Logistics U.S., Inc. and Dell Products, Docket No. 2011C-64 had an appointment of counsel through the Legal Aid Society of Middle TN and the Cumberlands which was Steven J. Christopher and a private lawyer named James. B. Hawkins. Chancellor Tom E. Gray awarded

6

unemployment compensation insurance benefits to Alvin S. Mitchell on January

5, 2012. The Appellant was denied counsel by the Legal Aid Society of Middle

TN and the Cumberlands seeking relief for a denial of UCFE. Alvin S. Mitchell v.

Karla Davis, Commissioner, TN Dept. of Labor and Workforce Development,

CEVA Logistics U.S., Inc. and Dell Products, 2011C-64 was cited in the

Appellants' motion for judicial notice. (Doc. 65. & Exh. J.)

Curtis Mayes v. Margaret C. Culpepper, Commissioner of TN Dept of

Employment Security and Wal-Mart Stores, Inc., C.A. No. 03A01-9801-CH-00032

was appointed counsel through the Legal Aid of East Tennessee and attorney Lee

Ann Swarm represented Curtis Mayes. Curtis Mayes was awarded unemployment

benefits. The Appellant was denied legal counsel by the Legal Aid of East

Tennessee seeking relief for a denial of UCFE. Knoxville Legal Aid of East TN is

now Legal Aid of East TN. (Exh. B.)

Dura Automotive Systems, Inc., v. James G. Neeley, Commissioner of the

TN Dept. of Labor and Workforce Development, and Eusebio Flores, CH-7285,

No. M2009-00908-COA-R3-CV, was appointed counsel by Legal Aid Society of

Middle Tennessee and the Cumberlands. Attorney David Kozlowski, for the Legal

Aid Society of Middle TN and the Cumberlands represented Eusebio Flores.

Eusebio Flores was awarded unemployment compensation benefits. The Appellant

was denied legal counsel by the Legal Aid Society of Middle TN & Cumberlands

7

seeking relief for a denial of UCFE. (Exh. C.)

Quinton Armstrong v. The Commissioner of the TN Dept of Labor and Workforce Development and Piccadilly Cafeteria, CH-02-0234-3 was appointed counsel by Memphis Area Legal Services, Inc. seeking relief for a denial of unemployment compensation benefits. Karen Tyler was the attorney assigned to Quinton Armstrong by Memphis Area Legal Services, Inc. Quinton Armstrong appealed the denied of unemployment compensation to the TN Court of Appeal, No. W2003-00207-COA-R3-CV with legal counsel through Memphis Area Legal Services, Inc., and the lawyers were Karen Tyler and Webb Brewer. The Appellant was denied legal counsel by Memphis Area Legal Services, Inc, seeking relief for UCFE. (Exh. K.)

Cornelia Simmons v. Margaret Culpepper, Commissioner of the TN Dept of Employment Security and Occidental Chemical Corporation, CH-94-038, COA-01-A-01-9602-CH-00069 was appointed counsel by the Legal Aid Society of Middle TN and the Cumberlands, which was attorney David Kozlowksi, involving unemployment compensation benefits. The Appellant was denied counsel by the Legal Aid Society of Middle TN and the Cumberlands seeking relief for UCFE. (Exh. L.)

Hannah Jones v. Laura Allen, CH-11-1194, before the Shelby County Chancery Court, was appointed counsel by Memphis Area Legal Services, Inc., seeking relief in a complaint involving funds deposited in a John Hancock Core Equity Account of $27,000.00. Hannah Jones was represented by Memphis Area Legal

8

Services, Inc., attorney Jeannie Kosciolek. Hannah Jones successfully prevailed

with counsel. On April 26, 2012, Chancellor Walter Evans, before the Shelby

County Chancery Court, ordered $27,000.00 to Hannah Jones for civil action No.

CH-11-1194. The Appellant was denied legal counsel by Memphis Area Legal

Services, Inc., seeking relief for a denial of UCFE. (Exh. M.)

Elizabeth Bratcher v. St Jude Research Hospital, 01-cv-2574 DA was appointed

counsel by Memphis Area Legal Services, Inc. Karen Tyler was the attorney for

Memphis Area Legal Services, Inc., representing Elizabeth Bratcher. Elizabeth

Bratcher's complaint before the U.S. District Court for the Western District of

Tennessee involved a disability issue and Title VII of the Civil Rights Act of 1964.

The affidavit of Elizabeth Bratcher advised the Court that she was employed at the

time Memphis Area Legal Services, Inc., agreed to represent her. Elizabeth

Bratcher was employed by Argenbright and she listed a monthly income

of $765.00 on her affidavit while she was in federal court represented through

Memphis Area Legal Services, Inc. By order dated October 19, 2001 and signed

by James H. Allen, United States Magistrate Judge for the U.S. District Court for

the Western District of TN, which Judge Bernice Donald ordered a settlement

conference regarding Elizabeth Bratcher v. St. Jude Research Hospital, 01-cv-

2574. The settlement conference was scheduled on 2-27-02. On March 4, 2002, the

lawsuit of Elizabeth Bratcher was administratively closed by the U.S. District

Judge Bernice Donald. However, the Appellant was denied legal counsel by

Memphis Area Legal Services, Inc., when she sought relief for a civil action

9

involving Title VII of the Civil Rights Act of 1964, violations of the Family

Medical Leave Act (FMLA) and a denial of Unemployment for Federal Employees

(UCFE). (Exh. P.)

 LaKeef Quinn v. Karla Davis, Commissioner of TN Dept of Labor and

Workforce Development and Intersign Corp, CH-11-0363, was represented by

Brian Frye, attorney for Legal Aid of East Tennessee, seeking relief in a denial of

unemployment compensation benefits. Legal Aid of East TN denied counsel to the

Appellant when she sought relief for a denial of UCFE. (Exh. 11.)

 Eva A. Melillo v. James Neely, Commissioner of TN Dept of Labor and

Workforce Development and Marriott International, CH-2009-052, Eva Melillo

was represented by Lee Ann Swarm, attorney for Legal Aid of East TN, seeking

relief for a denial of unemployment compensation benefits. Legal Aid of East TN

denied counsel to the Appellant when she sought relief for a denial of UCFE. (Exh.

12.)

 Rosie Arnold v. James G Neeley, Commissioner TN Dept of Labor and

Workforce Development and Federal-Mogul Products, Inc., CH-2010-107, was

appointed counsel by Legal Aid Society of Middle TN and the Cumberlands.

William Bush was the attorney for Legal Aid Society of Middle TN and the

Cumberlands representing Rosie Arnold. Rosie Arnold had a medical condition.

Chancellor Ronald Thurman ordered a rehearing dated May 5, 2011, due to

the medical issues surrounding the denial of unemployment compensation benefits.

The Appellant was denied legal counsel by the Legal Aid Society of Middle TN

and the Cumberlands when she sought relief for a denial of UCFE. (Exh. 15.)

Andrea M. Stewart v. James Neeley, Commissioner TN Dept of Labor and
Workforce Development and First TN Bank N.A. Memphis, CH-2010-71, was
appointed counsel by the Legal Aid Society of Middle TN and the Cumberlands.
Andrea M. Stewart had a medical condition.  William Bush was the attorney for
Legal Aid Society of Middle TN and the Cumberlands representing Andrea M.
Stewart. Chancellor Ronald Thurman ordered an award of unemployment
compensation benefits to Andrea M. Stewart on October 25, 2010. The Appellant
was denied legal counsel by the Legal Aid Society of Middle TN and the
Cumberlands when she sought relief for a denial of UCFE. (Exh. 16.)

Vivian Cross v. Mark Emkes, Commissioner of the TN Dept of Finance and
Administration, CH-11-561-II was appointed counsel by Legal Aid Society of
Middle TN and the Cumberlands. The complaint of Vivian Cross involved a
medical reimbursement issue. David Kozlowski was the attorney for the Legal Aid
Society of Middle TN and the Cumberlands representing Vivian Cross. Attorney
Kozlowski emphasized to the Chancery Court, the lack of counsel for Vivian
Cross during the administrative hearing was critical. The Appellant was denied
legal counsel by the Legal Aid Society of Middle TN and the Cumberlands when
she sought relief for a denial of UCFE. (Exh. 17.)

Lori Anne Jones v. Karla Davis, Commissioner for the TN Dept of Labor and
Workforce Development and Sons of Confederate Veterans, CH-11-702, was
appointed counsel by Legal Aid Society of Middle TN and the Cumberlands when

11

she sought relief for a denial of unemployment compensation. David Kozlowski was the attorney for the Legal Aid Society of Middle TN and the Cumberlands representing Lori Anne Jones.  The Appellant was denied legal counsel by the Legal Aid Society of Middle TN and the Cumberlands when she sought relief for a denial of UCFE. (Exh. 18.)

    James H. Johnson v. Commissioner, TN Dept of Labor and Workforce Development & Aqua Pool, CH-9949, involved a denial of unemployment compensation benefits. James H. Johnson was appointed counsel by Legal Aid Society of Middle TN and the Cumberlands. William Bush was the attorney for the Legal Aid Society of Middle TN and the Cumberlands representing James H. Johnson. The Appellant was denied legal counsel by the Legal Aid Society of Middle TN and the Cumberlands when she sought relief for a denial of UCFE. (Exh. 19.)

    Ricky D. Duffer v. James G. Neeley, Commissioner TN Dept of Labor and Workforce Development and Temporary Alternatives, Inc., CH-4686, involved a denial of unemployment compensation benefits. Ricky Duffer was appointed two (2) counsels by the Legal Aid Society of Middle TN and the Cumberlands. The two (2) lawyers that represented Ricky Duffer were William Bush and Steven Christopher both legal counsel for Legal Aid Society of Middle TN and the Cumberlands. Chancellor Smith ordered an award of unemployment compensation benefits to Ricky Duffer on June 21, 2011. Ricky Duffer refused to take a drug test as requested by his former employer. Legal Aid Society of Middle TN and the

12

Cumberlands did not deny legal counsel and federal funds to Ricky Duffer despite Ricky Duffer refusing to take a drug test. The Appellant was denied legal counsel by the Legal Aid Society of Middle TN and the Cumberlands when she sought relief for a denial of UCFE. (Exh. 20.)

Rebekah K. Ford v. Gina Lodge, Commissioner TN Dept of Human Services, 09-CH-225, involved a civil action of an overpayment of food stamps. Rebekah Ford was appointed counsel by the Legal Aid Society of Middle TN and the Cumberlands. Willliam Bush was the attorney for Legal Aid Society of Middle TN and the Cumberlands representing Rebekah Ford. Rebekah Ford was granted her petition. Chancellor Ronald Thurman ordered the food stamps overpayment as an agency error in favor of Rebekah Ford dated December 23, 2009. The Appellant was denied legal counsel by the Legal Aid Society of Middle TN and the Cumberlands when she sought relief for a denial of UCFE. (Exh. 21.)

Trina Green v. James Neeley, Commissioner for the Tennessee Department of Employment Security and Middle TN Juvenile Detention Center, CH-05-251, was appointed counsel by Legal Aid Society of Middle TN and the Cumberlands and David Kozlowski represented Trina Green. The TN Court of Appeals awarded Trina Green unemployment compensation and the appeals number was M2006-00481-COA-R3-CV. The Appellant was denied counsel by the Legal Aid Society of Middle TN and the Cumberlands. (Exh. 24.)

Nellene Lipsey v. TN Dept. of Labor and Workforce Development and Premier Building Maintenance, Inc., CH-12-0729-3 denied an appointment of counsel

13

before the Shelby County Chancery Court seeking relief for a denial of unemployment compensation benefits. On May 9, 2012, Chancellor Kenny W. Armstrong, denied counsel to Nellene Lipsey even with the knowledge that Memphis Area Legal Services, Inc., denied counsel to Nellene Lipsey. Nellene Lipsey has a medical condition. Nellene Lipsey is a member of a protected class. (Exh. Z-3.)

The Unemployment Law Project provides free legal assistance and information to people in Washington State who have been denied unemployment benefits or whose award of benefits is challenged. The Unemployment Law Project protects and promotes the economic health and vitality of Washington's families and communities by ensuring that unemployed workers have access to representation and advice in the legal processes associated with unemployment compensation. It was founded in 1984. However, in the state of TN, there is no legal remedy for members of a protected class that were denied counsel seeking relief for unemployment compensation. In the state of TN, there is no legal remedy for federal employees that are denied counsel when seeking relief for Unemployment for Federal Employees (UCFE). (Exh. Z.)

The Appellant was denied counsel by numerous lawyers in TN. Lawyers in TN advised the Appellant they do not take cases against federal agencies. The

14

Appellant has made a diligent effort to secure counsel before the District Court and the appellant court. The Appellant has exhausted resources to obtain and secure counsel before the District Court and the appellate court.

The appellees/defendants have a guarantee of counsel, right to counsel and a right to state and federal funds before the District Court and the appellant court. The appellees/defendants have an entitlement to counsel and entitlement to state and federal funds to secure counsel for civil actions involving Unemployment Compensation for Federal Employees (UCFE).

The Appellant is entitled to counsel. The Appellant is entitled to state and federal funds to secure counsel. The Appellant has a right to state and federal funds to secure counsel. The Appellant has a right to counsel and an entitlement to counsel before the appellate court.

The defendants/appellees interfered with the Plaintiff/Appellant securing counsel before the District Court and the appellate court. Also, the defendants/appellees interfered with the Plaintiff securing counsel through federally funded legal aid organizations. The Plaintiff/Appellant is restricted and prohibited from securing counsel before the District Court and the appellate court due to the interference of the defendants. Therefore, the Appellant respectfully moves the Court to enter an order to appoint counsel for the Appellant at the

15

appellate court. The Appellant cannot properly provide a legal argument before the appellate court without counsel. The docket report reveals a total of one hundred twenty-three (123) entries. All motions filed the unrepresented Plaintiff/Appellant were denied by the District Court except one (1).

Last, the Appellant seeks an appointment of counsel because she was denied counsel by the Court and federally funded legal aid organizations in TN. Also, the federally funded legal organization Memphis Area Legal Services, Inc., has been sued several times for civil rights violations and employment discrimination. For example, Anthony Featherson sued Memphis Area Legal Services, Inc., for using a racial slur. Anthony Featherson stated in his lawsuit Timothy Hughes, lawyer for Memphis Area Legal Services, Inc., called him a "sorry ass nigger" in Anthony Featherson v. Memphis Area Legal Services, Inc., and Timothy Hughes, 09-cv-02349. Anthony Featherson filed a complaint with the TN Board of Professional Responsibility. (Exh. 8.) Anthony Featherson was denied counsel by the District Court on July 27, 2009 by Judge Bernice Donald and the lawsuit was dismissed on July 27, 2009 in favor of Memphis Area Legal Services, Inc. Judge Bernice Donald is an appellate judge at the Sixth Circuit Court of Appeals. The lawsuit of Anthony Featherson did not proceed to a jury. Also, Jatis Eggleston sued Memphis Area Legal Services, Inc., for its failure to represent a custody battle in Jatis Eggleston v. Memphis Area Legal Services, Inc., 96-cv-02799. The

16

lawsuit was dismissed in favor of Memphis Area Legal Services, Inc., and it did

not proceed to a jury. (Exh. 5.)  Also, Wayne Chastain, an employee of

Memphis Area Legal Services, Inc., sued Memphis Area Legal Services, Inc., for

employment discrimination. The civil action was Wayne Chastain v. Karen

Dennis, Executive Director for Memphis Area Legal Services, Inc., and Memphis

Area Legal Services, Inc., 92-cv-02620. (Exh. 13.) Also, M. Stanley Shipp

sued Memphis Area Legal Services, Inc., for its failure to prevent a foreclosure for

a home he occupied for twenty-seven and a half years (27 ½). In the complaint of

M. Stanley Shipp, he stated "MALS ATTORNEY CLOSED PLAINTIFF'S
HUD/THRC COMPLAINT CASE ANDIS ALLEGE TO HAVE ACCEPTED
EMPLOYMENT WITH HUD….MALS NEGLIGENCE AND FRAUD CAUSE
IRREVOCABLE DAMAGE TO THE PLAINTIFF….MALS FAILED TO
PRESENT TO PLAINTIFF ANY OTHER PROCESS OF REVIEW OR LEGAL
REDRESS."

The lawsuit is Shipp v. U.S. Dept of Housing and Urban Development, et al., 12-

cv-02757. (Exh. 12.) M. Stanley Shipp is a member of a protected class.

    WHEREFORE, the Court should grant the motion.

                Respectfully submitted,

                Sheryl Taylor
                PO Box 897
                Memphis TN 38101

17

## CERTIFICATE OF CONSULTATION

The Clerk of the Court informed the Appellant, consultation is not required to the opposing parties before filing a motion.

## CERTIFICATE OF SERVICE

I, Sheryl Taylor, do hereby certify that a copy of the foregoing motion to appoint counsel has been mailed, first class, postage prepaid to the opposing counsels on July 25, 2013 to:

State of TN
Warren Jasper
425 5th Avenue North
Nashville, TN 37243

Harriett Halmon
167 N. Main St. Ste. 800
Memphis, TN 38103

_____
Sheryl Taylor

EXHIBIT J

FILED _____ REC _____
SUMNER CO. CHANCERY COURT

IN THE CHANCERY COURT FOR SUMNER COUNTY, TENNESSEE JAN 0 5 2012

DARLENE D. _____
CLERK & MASTER
BY: _____
DEPUTY CLERK & MASTER

ALVIN S. MITCHELL,                          )
    Petitioner,                          )
                                            )
v.                                          )
                                            )
KARLA DAVIS, COMMISSIONER,                  )    **MINUTES**
TENNESSEE DEPARTMENT OF LABOR               )
AND WORKFORCE DEVELOPMENT,                  )    Case No. 2011C-64        JAN 0 5 2012
CEVA LOGISTICS U.S., INC. and               )                            CHANCERY COURT
DELL PRODUCTS, LP.                          )    NOTICE OF ENTRY
    Respondents.                        )    REQUESTED

---

## ORDER

---

This cause came to be heard on September 12, 2011, upon the petition for judicial review filed by the Petitioner, Alvin S. Mitchell. The Petitioner appeared in Court through counsel of record James B. Hawkins. Respondent Commissioner of the Tennessee Department of Labor and Workforce Development (hereinafter, "Department of Labor") appeared through its counsel of record, Alfred M. Smith, Jr., Senior Staff Attorney. Respondent CEVA Logistics U.S., Inc. (hereinafter "CEVA Logistics") appeared through its counsel of record, Wendy Miller.

The Court heard oral argument from counsel for the Petitioner and counsel for the Respondent Department of Labor. The Court also considered briefs filed by the Petitioner and the Department of Labor. The Court then retired to review the record and returned and announced its findings.

ORDER FILED & ENTERED 1-5-12
MINUTE BOOK 2012 PAGE 246

- 1 -

EXHIBIT J

The Court found that the Petitioner, Alvin S. Mitchell, was most recently employed by CEVA Logistics, and that the Petitioner had previously been employed by Dell Products in Wilson County, Tennessee, where the Petitioner had also been employed as a tow motor driver and materials handler. The Court found that Mr. Mitchell had two workplace events close in time to one another; in the first incident, Mr. Mitchell was changing a tow motor battery, but the replacement battery that was available did not have proper magnet clips, and the battery was subsequently damaged, for which Mr. Mitchell received a reprimand. In the second incident, Mr. Mitchell was removing inventory from a truck using a tow motor and failed to take proper notice of the height of the load on the tow motor in relation to the height of the trailer door. Mr. Mitchell loaded products onto the tow motor lift and such products came into contact with the trailer door, causing it to close and come in contact with the tow motor, causing damage to the trailer door. As a result of the two incidents, CEVA Logistics terminated Mr. Mitchell's employment.

The Court found that Mr. Mitchell made application for unemployment benefits, and that his application was granted by the Department of Labor. The Court found that CEVA Logistics then appealed from such award, and that the Department of Labor conducted a telephone hearing. The Court found that the telephone hearing was held and that the hearing officer received testimony from Mr. Mitchell and from representatives of CEVA Logistics. The Court further found that there was no administrative deficiency in regard to the telephone hearing. The Court found that the initial agency decision in favor of Mr. Mitchell was reversed.

The Court found that the hearing officer sent a notice of the agency decision to the parties, Mr. Mitchell and CEVA Logistics. The Court further found that in reading such agency decision, Mr. Mitchell made an interpretation that he would be liable for repaying an amount of

- 2 -

MINUTE BOOK 2012 PAGE 247

# EXHIBIT J

$2,475.00 of unemployment benefits received if he chose to appeal further, or that he could waive such further appeal and make application for a waiver of the repayment obligation.

The Court further found that time tables were included in the agency decision in the written portion of the agency decision following the ruling of the hearing officer. The Court found that Mr. Mitchell timely and quickly filed a request for waiver of the overpayment obligation as to the sum of $2,475.00.

The Court further found that more than fifty (50) days later, Mr. Mitchell learned for the first time that he could do both; in other words, he learned that he could both ask for a further appeal and ask for a waiver of the overpayment obligation. Mr. Mitchell then immediately made a request for further appeal with the assistance of counsel. Such request for further appeal was made to the Commissioner's Designee of the Department of Labor. The Commissioner's Designee found that there was a lack of good cause shown by Mr. Mitchell for his delay in requesting the further appeal, and the Commissioner's Designee accordingly denied the request for appeal.

The Court further found that the records in this matter show due diligence and actions by the Claimant, Mr. Mitchell. Mr. Mitchell timely made a decision to seek waiver of his overpayment obligation, and promptly filed such request for a waiver. When Mr. Mitchell became knowledgeable about his additional right to file a request for further appeal, which knowledge was acquired some fifty-two (52) days after the deadline for filing an appeal, Mr. Mitchell immediately filed notice of his request for appeal.

The Court found that Mr. Mitchell was a *pro se* litigant at the time that he received the agency decision following the telephone hearing. The Court further found that the writing upon which Mr. Mitchell made his determination was capable of being understood in two possible

MINUTE BOOK 2012 PAGE 248

- 3 -

EXHIBIT J

senses: (1) that Mr. Mitchell could file a further appeal and could also file to request a waiver of his repayment obligation; and (2) that Mr. Mitchell had a choice of either filing a further appeal or filing a request for a waiver of his repayment obligation.

The Court found that Mr. Mitchell did show good cause for his delay in filing a request for further appeal. The Court considered the length of the delay, and found that when Mr. Mitchell learned of his right to file a request for further appeal, he immediately took action and filed such notice of his request for further appeal on the same day.

The Court further found that Mr. Mitchell had met his statutory duty of demonstrating that there was good cause for his delay in filing his notice of further appeal, and that the parties were not prejudiced by such delay. The Court further expressly found that there was a reasonable excuse and reasonable basis for Mr. Mitchell not to understand that he had the right to file a further appeal and to also file a request for waiver of his repayment obligation.

The Court further found that this matter should be remanded to the Commissioner's Designee for the next step in the appeals process, and that Mr. Mitchell should be granted a further hearing by the Commissioner's Designee.

The Court further found that the Petition of Mr. Mitchell for relief in this cause should be granted, and that this cause should be remanded to the Commissioner's Designee in order for the Designee to make a determination as to whether to hold a hearing or to rule on the record after providing Mr. Mitchell and CEVA Logistics with the appropriate opportunity to submit any additional evidence or information for the Commissioner's Designee to consider.

The Court found that the court costs in this matter should be assessed to the Department of Labor.



- 4 -

Based upon the findings set forth above and the entire record in this cause, it is, therefore,

ORDERED, ADJUDGED, and DECREED as follows:

1.    The final decision of the Tennessee Department of Labor and Workforce Development denying petitioner's application for unemployment benefits is reversed.

2.    This matter is remanded to the Commissioners Designee of the Tennessee Department of Labor and Workforce Development for a *de novo* hearing to determine if Petitioner is eligible for unemployment benefits.

3.    The costs of this cause are assessed against the Department of Labor.

ENTERED this the ___5___ day of January, 2012.

_____
THE HONORABLE TOM E. GRAY
CHANCELLOR
SUMNER COUNTY CHANCERY COURT


APPROVED FOR ENTRY:

ATTORNEYS FOR PETITIONER


JAMES B. HAWKINS, BPR # 010237
126 East Main Street, Suite A
Mailing Address: P.O. Box 57
Gallatin, TN 37066-0057
Phone: (615) 452-9200
Fax:    (615) 452-9209

STEVEN J. CHRISTOPHER, BPR #022728
Legal Aid Society of Tennessee
    and the Cumberlands
650 North Water Avenue
Gallatin, Tennessee 37066
Phone: (615) 451-1880
Fax:    (615) 230-9952

MINUTE BOOK 2012 PAGE 250

- 5 -

EXHIBIT J

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been sent by First Class U.S. Mail, postage prepaid, to the following:

Ms. Laurie Lea Doty
Mr. Alfred M. Smith, Jr.
Attorneys for Respondent Commissioner
Tennessee Department of Labor and Workforce Development
220 French Landing Drive 3B
Nashville, TN 37243

Ms. Anna W. Neal
Attorney for Respondent Dell Products, LP
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

Ms. Wendy V. Miller
Attorney for Respondent CEVA Logistics U.S., Inc.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
401 Commerce Street, Suite 1200
Nashville, TN 37219

This the 29th day of December, 2011.

James B. Hawkins

MINUTE BOOK 2012 PAGE 251

- 6 -

EXHIBIT B

IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 1, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

CURTIS G. MAYES,                    ) KNOX CHANCERY
                                    ) C. A. NO. 03A01-9801-CH-00032
        Plaintiff-Appellant        )
                                    )
                                    )
                                    )
                                    )
                                    )
vs.                                 ) HON. FREDERICK D. McDONALD
                                    ) CHANCELLOR
                                    )
                                    )
                                    )
                                    )
                                    )
MARGARET C. CULPEPPER,              ) REVERSED AND REMANDED
Commissioner of the Tennessee       )
Department of Employment            )
Security                            )
                                    )
        and                         )
                                    )
WAL-MART STORES, INC.,              )
                                    )
        Defendants-Appellees        )

LEE ANN SWARM, Knoxville Legal Aid Society, Inc., for Appellant.

JOHN KNOX WALKUP, Attorney General and Reporter, and DOUGLAS EARL
DIAMOND, Assistant Attorney General, for the appellee, Commissioner
of the Tennessee Department of Employment Security.

FREDERICK W. HODGE, Nashville, for appellee, Wal-Mart Stores, Inc.

EXHIBIT B

O P I N I O N

McMurray, J.

This is an appeal from the denial of unemployment compensation benefits. Through the entire procedure, including an appeal to the Chancery Court for Knox County, the appellant has been denied unemployment compensation benefits because he had been guilty of misconduct arising out of the scope and course of him employment and T.C.A. § 50-7-303(a)(2) bars him from recovery of unemployment compensation benefits. We reverse the judgment of the Chancery Court and remand this case to the trial court for entry of an order awarding unemployment benefits as provided by law.

On September 1, 1995, the appellant began his employment at Wal-Mart. Before his employment at Wal-Mart, the appellant had been arrested and charged with assault, vandalism and wire tapping. At the time of his initial employment with Wal-Mart the charges were still pending. On his application for employment, the appellant was asked whether he had been convicted of a felony or any type of theft or fraud. He responded truthfully that he had not because at that time, as noted, the charges were still pending.

EXHIBIT B

The employment application contained no question regarding arrests. Therefore, the appellant did not falsify his employment application.

When he first went to work at Wal-Mart, he worked as a stockman. He was later transferred to courtesy patrol in the parking lot. On July 15, 1996, the appellant was placed on a judicial diversion for the pending charges. The appellant did not advise Wal-Mart of the judicial diversion. Wal-Mart learned of the judicial diversion through other sources and terminated the appellant's employment. Wal-Mart concedes that it has no policy that would have required the appellant to report the judicial diversion to Wal-Mart. The closest thing to a policy regarding the subject matter is found in the testimony of Mr. Lewis Blockton, a supervisor at Wal-Mart. He testified as follows:

> MR. BLOCKTON: Oh, violation of policy as far as an arrested associate. He was - he wasn't arrested, but according to our policy, if once they plead guilty to charges or - or pleads no contest or is found guilty of - of any charges and our - our Wal-Mart is saying that, hey, if the guy is out there guarding other people's safe being and property, and he just pleded (sic) guilty to these charges - you know - how can he stop someone else?

T.C.A. § 50-7-303(a)(2) provides as follows:

(a) Disqualifying Events. A claimant shall be disqualified for benefits:

3

EXHIBIT B

>(2) If the commissioner finds that a claimant has
>been discharged from such claimant's most recent
>work for misconduct connected with such claimant's
>work, such disqualification shall be for the dura-
>tion of the ensuing period of unemployment and
>until such claimant has secured subsequent employ-
>ment covered by an unemployment compensation law of
>this state, or another state, or of the United
>States, and was paid wages thereby ten (10) times
>such claimant's weekly benefit amount;

Since the incidents that resulted in the termination of the
appellant occurred before his employment with Wal-Mart; he did not
falsify his employment application nor violate any company policy,
we are of the opinion that the arrest and subsequent judicial
diversion are not connected with the appellant's work within the
meaning of the above quoted statute.

While the circumstances may be such as to make the appellant
unsuitable for the particular work that he was doing for Wal-Mart,
i.e., security, they do not constitute grounds for denial of
unemployment benefits. In <u>Cherry v. Suburban Manufacturing
Company</u>, 745 S.W.2d 273, our Supreme Court made the following
observation:

>It has long been settled in this state, however,
>that a justifiable discharge is not, in and of itself,
>"misconduct connected with his work" so as to disqualify
>an employee under the statute. The quoted phrase is a
>very general one, and each case must be determined in
>light of all of the facts and circumstances attendant
>upon the employee's termination. At a minimum, however,

EXHIBIT B

the cases are clear that the burden of proving a disqual-
ification is on the employer; and in order to establish
a disqualification there must be shown a material breach
of some duty which the employee owes to the employer. See
generally, <u>Weaver v. Wallace</u>, 565 S.W.2d 867, 870 (Tenn.
1978), where the Court said:

> "Unless the employee's wrongdoing violates a
> duty owed to the employer, it cannot amount to that
> 'misconduct connected with his work ' which serves
> to disqualify him to receive unemployment insurance
> benefits, although it may fully justify the em-
> ployer in discharging him."

<u>Id</u>. at page 275.

We find that there was no misconduct on the part of the
appellant (as that term is used in T.C.A. § 50-7-303(a)(2)) which
would disqualify him from receiving unemployment compensation
benefits. Accordingly, we reverse the judgment of the trial court
and remand this case for entry of an order awarding unemployment
compensation benefits in accordance with prevailing law. Costs are
taxed to the appellees.

 

 

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

5

EXHIBIT C

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### DECEMBER 1, 2009 Session

## DURA AUTOMOTIVE SYSTEMS, INC. v. JAMES G. NEELEY, Commissioner of the Tennessee Department of Labor and Workforce Development, and EUSEBIO FLORES

### Direct Appeal from the Chancery Court for Smith County
### No. 7285    Charles K. Smith, Chancellor

---

### No. M2009-00908-COA-R3-CV - Filed January 21, 2010

---

This appeal involves a terminated employee's claim for unemployment compensation. The Department of Labor and Workforce Development initially determined that the employee was ineligible for unemployment benefits on the basis that he was discharged for misconduct connected with his work. However, the Department's Appeals Tribunal and its Board of Review both concluded that the employee's actions did not constitute work-related misconduct. The chancery court reversed, finding misconduct connected with work. We reverse the chancery court, finding that substantial and material evidence supports the Board of Review's decision, which is hereby reinstated.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Andrae Crismon, Murfreesboro, Tennessee, and David Kozlowski, Columbia, Tennessee, for the appellant, Eusebio Flores

Tara L. Ferguson, Thomas Anthony Swafford, Nashville, Tennessee, for the appellee, Dura Automotive Systems, Inc.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Warren A. Jasper, Senior Counsel, Nashville, Tennessee, for the appellee, Tennessee Department of Labor and Workforce Development

**IN THE CHANCERY COURT FOR THE THIRTIETH
JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY**

EXHIBIT K

QUINTON L. ARMSTRONG,

     Plaintiff,

vs.



No. CH-02-0234-3

THE COMMISSIONER OF THE
TENNESSEE DEPARTMENT OF
LABOR AND WORKFORCE DEVELOPMENT
AND PICCADILLY CAFETERIA,

     Defendant.

FILED
SHELBY COUNTY
CHANCERY COURT
FEB 0 5 2002
KENNY W. ARMSTRONG, C & M
TIME 2:00 BY: IVC

---

### PETITION FOR JUDICIAL REVIEW

     **Comes** now your Plaintiff, Quinton L. Armstrong, by and through her attorney of record, Karen Tyler.  In support of this cause of action, Petitioner would state and show that:

     1. She was wrongfully denied unemployment benefits by Defendants by decision dated September 26, 2001, by the Appeals Tribunal, (See Exhibit #1).

     2. Said decision of the Appeals Tribunal was upheld by the Board of Review by decision dated November 4, 2001, (See Exhibit #2).

     3. Petitioner filed a timely Petition to Rehear which was denied by decision of the Board of Review dated December 28, 2001. (See Exhibit #3).

     4. This court has jurisdiction to hear this cause pursuant to TCA §50-7-304 (i).

     5. Petitioner was employed as a cook with Piccadilly Cafeteria from May 1985 to July 2001, at which time the employer terminated her for "Improper conduct, not willing to work with others, disrespectful toward co-workers and managers." (See Exhibit #8).

     6. The evidence relied upon to find misconduct was inadmissible hearsay, characterized as "He say, she say" by the Unemployment Appeals Hearing Officer.  (See Exhibit #1).

     7. The Hearing Officer improperly made a credibility finding in a telephonic hearing which was inadequate to make the same.

     8. The Defendant improperly went forward with a telephonic hearing even though Petitioner orally stated that she did not want the same. (See Exhibit #4 wherein Petitioner had not requested a telephonic hearing.) (See also Exhibit #7).

9. On at least two occasions, Petitioner stated that she did not want a telephonic hearing; but her statements were ignored. Petitioner consequently thought she had no option for an in person hearing. (See Exhibit #7).

EXHIBIT K

10. Conducting a telephonic hearing in Petitioner's case was a violation of her state and federal constitutional right to due process as guaranteed by the United States and State of Tennessee Constitutions as well as case law and statutory law.

11. Petitioner did not have an opportunity to view the evidence submitted by the Employer against her, or to adequately cross-examine adverse witnesses.

12. Petitioner was not given sufficient notice of her right to obtain free or low cost legal representation. (See collective Exhibit #6 wherein no notice is given in the initial Agency Decision or in the two Notice of Telephone Hearing forms that were sent on August 21, 2001 and September 4, 2001.)

**WHEREFORE,** Petitioner prays that:

1. The Defendant, Tennessee Department of Labor and Workforce Development would be required to provide the entire record in this cause.

2. This court would conduct an appropriate hearing in this cause.

3. Upon review of the entire record in this cause, this Court would reverse the decisions of the Board of Review and the Appeals Tribunal which denied Petitioner's right to Unemployment Benefits.

4. All costs, damages, and/or incidental expenses incurred by Petitioner would be awarded.

5. Alternatively, Plaintiff prays that the court would remand this cause to the Appeals Tribunal for a full and fair hearing.

6. The court would make such additional and further ruling as it deems proper.

Respectfully submitted,

Karen W. Tyler, #014165
Attorney for Petitioner
**MEMPHIS AREA LEGAL SERVICES, INC.**
109 N. Main, Suite 200
Memphis, TN 38103
(901) 523-8822, Ext. 217

2

CORNELIA SIMMONS, )EXHIBIT L

 Plaintiff/Appellant, ) Appeal No.
 ) 01-A-01-9602-CH-00069
 )
v. )
 ) Maury County No.
MARGARET CULPEPPER, in her ) 94-038
capacity as Commissioner of the )
Tennessee Department of Employment )
Security; and OCCIDENTAL CHEMICAL )
CORPORATION, )
 )
 Defendants/Appellees. )

```
┌─────────────────────┐
│       FILED         │
│                     │
│  August 30, 1996    │
│                     │
│  Cecil W. Crowson   │
│ Appellate Court Clerk│
└─────────────────────┘
```

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR MAURY COUNTY

AT COLUMBIA, TENNESSEE

THE HONORABLE WILLIAM B. CAIN, JUDGE


DAVID KOZLOWSKI
Legal Services of South
 Central Tennessee, Inc.
104 West 7th Street
P.O. Box 1256
Columbia, Tennessee 38402-1256
 ATTORNEY FOR PLAINTIFF/APPELLANT

CHARLES W. BURSON
Attorney General and Reporter

ROBERT W. STACK
Pursuant to Rule 7, Article 10.03
Rules of the Supreme Court of Tennessee
404 James Robertson Parkway, Suite 1510
Nashville, Tennessee 37243-0499

JENNIFER H. SMALL
Deputy Attorney General
404 James Robertson Parkway, Suite 1510
Nashville, Tennessee 37243-0499
 ATTORNEYS FOR DEFENDANT/APPELLEE
 MARGARET CULPEPPER, COMMISSIONER OF THE
 TENNESSEE DEPARTMENT OF EMPLOYEE SECURITY

N. HOUSTON PARKS
Trabue, Sturdivant & DeWitt
100 West Sixth Street
P.O. Box 1004
Columbia, Tennessee 38402
 ATTORNEY FOR DEFENDANT/APPELLEE
 OCCIDENTAL CHEMICAL CORPORATION


AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE



(http://www.reddit.com/submit?url=http%3A%2F%2Fwww.findacase.com%
2F&title=FindACase)
(http://www.stumbleupon.com/submit?url=http%3A%2F%
2Fwww.findacase.com)

Home (http://findacase...om/) / Our Sources (http://findacase.com/our-sources.aspx) / About Us
(http://findacase.com...out.aspx) / FAQs (http://findacase.com/faq.aspx) / Advanced Search
(http://findacase.com/research/advanced-search.aspx)

### EXHIBIT L



Not what you're looking for? Try an advanced search. (/research/advanced-search.aspx)

## 08/30/96 CORNELIA SIMMONS v. MARGARET CULPEPPER

COURT OF APPEALS OF TENNESSEE, MIDDLE SECTION, AT NASHVILLE

Buy for $7.95

**Official citation and/or docket number and footnotes (if any) for this case available with purchase.**

August 30, 1996

**CORNELIA SIMMONS, PLAINTIFF/APPELLANT,**
**v.**
**MARGARET CULPEPPER, IN HER CAPACITY AS COMMISSIONER OF THE TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY; AND OCCIDENTAL CHEMICAL CORPORATION, DEFENDANTS/APPELLEES.**

APPEAL FROM THE CHANCERY COURT FOR MAURY COUNTY AT COLUMBIA, TENNESSEE. THE HONORABLE WILLIAM B. CAIN, JUDGE. Maury County No. 94-038.

Samuel L. Lewis, Judge, Concur: Ben H. Cantrell, Judge, William C. Koch, Jr., Judge.



The opinion of the court was delivered by: Lewis

This is an appeal by plaintiff/appellant, Cornelia Simmons, from the judgment of the chancery court which upheld the decision of defendant/appellee, Tennessee Department of Employment Security ("the Department"), to deny plaintiff unemployment benefits.

I. Factual History

Defendant/appellee, Occidental Chemical Corporation ("Occidental"), hired plaintiff on 16 February 1987. Occidental informed plaintiff when they hired her that they expected employees to have an absentee rate of no more that two percent a year. While employed with Occidental, plaintiff received several warnings concerning her job performance, her job-related injuries, and her absentee rate. On 28 October 1987, Occidental terminated plaintiff. Richard R. Karcher, Occidental's human resource manager at the time of plaintiff's employment, testified that Occidental terminated plaintiff based on the totality of her record.

While working at Occidental, plaintiff performed two jobs. The first was in the metal yard where plaintiff broke metal with a sledge hammer and loaded it into pans. Occidental expected employees to fill a certain number of pans per day. Plaintiff's second job title was "tapper helper." Plaintiff described a tapper helper as one who "helps set up for a metal tap and between setting up for a metal taps, [does] slag taps. . . ."

EXHIBIT L

During her eight months on the job, three different investigators filled out a total of five accident investigation reports involving injuries received by plaintiff. On 2 March 1987, the investigator wrote: "Employee picked up a piece of metal to put into metal pan, the metal slipped from her left hand and scratched her left arm." Fourteen days later, another investigator wrote: "Employee was standing in hallway of #1 fce when nodules fell from Burden Bin hitting employee on Back and Hands." The third investigator filled out two reports on 3 May 1987. In the first, he wrote: "She rubbed up against a feed chute casting, getting acid on her shirt. At about 12:N, she called the board room and said there was something hot on her shirt. In the second, he wrote: "She started to climb down and slipped and fell on the roof. No one had seen her fall." Lastly, on 11 May 1987, Mack Whiteside filled out an accident report because plaintiff "was pitching metal into metal pan, when her middle right finger struck [the] pan." In two of these reports, plaintiff is to some extent blamed for the accident. In the 2 March report, the investigator stated: "Employee said her gloves were loose and caused metal to slip" and checked "Lack of Knowledge or Skill" under a section of the report. In the 11 May accident report, the investigator concluded that plaintiff "was standing too close to [the] pan, failure to watch for [the] pan."

Occidental considered plaintiff a probationary employee until 17 May 1996. While on probation, plaintiff received weekly evaluations from her supervisors. Of the 65 scores received during the evaluation period, plaintiff's supervisors rated her as good 44.62 percent of the time, as marginal 38.46 percent of the time, and as unsatisfactory 16.92 percent of the time. Occidental claimed that it would not retain a probationary employee with these scores, but it had made an exception in plaintiff's case in order to salvage a female employee.



A third reason for plaintiff's termination was her attendance record. During her eight months on the job, plaintiff had multiple absences. The following chart lists the dates on which she was absent or tardy and provides a brief explanation of the reasons given for the absences.

2/27/89 Plaintiff missed 7 hours because of a fever.

3/2/89 Plaintiff missed 1 hour because of a work-related injury. (authorized)

4/3/89 Plaintiff missed 1 day because of a sinus infection.

4/14/89 Plaintiff missed 1 day because of an at-home injury.

5/3/89 & Plaintiff missed 2 days because of a work-related
5/4/89 injury.

5/15/89 Plaintiff missed half an hour because of personal business.

5/23/89- Plaintiff missed 4 days because of a bronchial
5/26/89 infection.

5/30/89- Plaintiff missed 11 days due to a work-related
6/15/89 injury.

6/16/89- Plaintiff missed 3 days due to a disciplinary
6/18/89 suspension.

6/19/89 Plaintiff missed 2 hours. (authorized)

7/8/89 Plaintiff missed 5.5 hours. (authorized)

8/3/89- Plaintiff missed 5 days due to a disciplinary
8/7/89 suspension.

8/19/89 Occidental granted plaintiff permission to miss one day to tend to her personal budiness.

8/21/89 Occidental granted plaintiff permission to miss one day to tend to her personal business.

8/25/89 Plaintiff missed 1 day because she slept late.

· **Ads by Google**    Research Job    Court Law    Law Employee    Employment Law

9/3/89- Plaintiff missed 10 days due to a disciplinary

9/15/89 suspension.

10/19/89 Plaintiff was 15 minutes late.

10/22/89 Plaintiff was 15 minutes late.

10/23/89 Plaintiff was 3.5 hours late because of car trouble.

EXHIBIT L
**Malpractice Lawyers**
Medical Malpractice Attorneys In Your
Area. Contact Legal Help.
www.injuryHelpLineLawyer.com

AdChoices ▷

The information found in this chart came from Occidental's absentee report and other evidence in the record. Although the absentee report lists some absences as authorized or unauthorized, *fn1 the report fails to classify each absence. Thus, we have attempted to classify the absences based on the amount of time missed and the reason for the absence. All totaled, plaintiff was either absent or tardy 48 days. She missed portions of 5 days and was tardy 3 days. She missed the remaining 40 days entirely. Of these 40 days, plaintiff missed 18 for disciplinary reasons; 9 because of personal business, sickness, or oversleeping; and 13 because of work-related injuries.

As previously stated, plaintiff received various written and oral warnings. There are five written warnings in the record. On 29 May 1987, plaintiff received two warnings. The first warned that her job performance was poor and that future poor performance could result in disciplinary action including discharge. The second warning stated that plaintiff had excessive absences and that Occidental would take disciplinary action if plaintiff's attendance did not improve. The third warning came on 16 June 1987. Occidental warned plaintiff that her job performance was poor, discussed her higher than average rate of on-the-job injury, and placed her on a three day suspension. On 3 August 1987, Occidental warned plaintiff that her production in the metal yard was less than other employees and placed her on a seven day suspension. The final warning came a month later. Occidental recognized that plaintiff's production had improved, but maintained that it was still below that of other employees. Moreover, Occidental complained of plaintiff's absentee rate. Finally, the warning placed plaintiff on a two week suspension and stated that Occidental would terminate plaintiff if her job performance did not improve.

There is evidence of three oral warnings or Discussions. During the first Discussion the participants discussed plaintiffs performance, her absentee rate, and her complaints regarding several male employees. Five days later, plaintiff's supervisor reviewed plaintiff's weekly evaluations with her. Finally, on 1 September 1987, there was some Discussion regarding plaintiff's attendance record and her production. Richard R. Karcher told plaintiff that Occidental was going to suspend her for two weeks and that this was her final chance.

II. PROCEDURAL HISTORY

After being terminated, plaintiff applied for unemployment benefits. The Department denied plaintiff's application because it found she was guilty of misconduct based on her absentee rate, her job performance and her safety record. Plaintiff filed an administrative appeal. Following a hearing, the Appeals Tribunal affirmed the denial, and the Board of Review ("the Board") concurred. Plaintiff appealed the case to the chancery court, the court of appeals, and the Supreme Court. The Supreme Court concluded that the Department had not properly notified plaintiff of her right to counsel. Thus, the Supreme Court remanded the case for a new hearing.

· **Ads by Google**    Supreme Court    Personal Injury Law    Employee Evaluation    Employee Warning

On remand, the Board held a de novo hearing to determine whether plaintiff's absentee, work performance, and safety records evidenced misconduct. On 16 November 1993, the Board issued its decision denying plaintiff benefits pursuant to Tennessee Code Annotated section 50-7-303(a) (2). *fn2 In its decision, the Board made the following findings of fact and Conclusions of law:

The claimant was discharged for poor job performance, having excessive and careless accidents and excessive absenteeism.

The claimant was also disciplined for having excessive and/or careless accidents. . . . However, the evidence is not sufficient for us to find as fact that the claimant was at fault in any of these accidents.

CONCLUSIONS OF LAW: The Board of Review holds that the claimant is disqualified for benefits under TCA 50-7-303 (a) (2) because she was discharged for misconduct connected with work. . . . In our opinion, the claimant's conduct was careless or negligent to the extent that it demonstrated a substantial disregard of her obligations. The claimant had numerous problems during her employment with Occidental Chemical, for which she was repeatedly warned and otherwise disciplined. Significant among these problems was her rate of absenteeism.

EXHIBIT L

The Board later denied plaintiff's request for a rehearing.

Plaintiff filed a complaint in the chancery court and moved for a judgment on the pleadings. On 30 November 1995, the chancery court entered an order holding that the record before the Board contained substantial and material evidence of plaintiff's pattern of unsatisfactory job performance, excessive absenteeism, and repeated tardiness. Thereafter, plaintiff filed her notice of appeal.

On appeal, plaintiff contends that the trial court erred in affirming the decision of the Board. In support of their contention, she makes the following two arguments:

I. The chancery court erred in affirming the decision of the Board of Review because the Supreme Court of Tennessee has already determined that Cornelia Simmons was not guilty of misconduct based upon allegations of absenteeism.

II. This administrative record fails to contain substantial and material evidence to support the Department's legal Conclusion that Cornelia Simmons was guilty of misconduct because of excessive absenteeism/tardiness.

We address each argument separately.

III. THE EFFECT OF THE SUPREME COURT'S DECISION

Plaintiff argues that the Supreme Court determined that plaintiff's absentee rate did not constitute misconduct. Specifically, plaintiff relies on the following language in the Supreme Court's opinion:

In finding that Plaintiff was guilty of misconduct, the Appeals Tribunal focused on absenteeism and tardiness. . . . The key element appears to be the tardiness, along with the excessive absenteeism. . . . Unexcused and unjustified absenteeism can be a basis for a finding of misconduct.

The record, however, shows that most of Plaintiff's absences were for illnesses and job-related injuries. An employee can be fired for excessive absenteeism due to illness and injuries. Absences due to illness and job injuries, however, do not constitute misconduct under the Employment Security Law. Other than illness and injury related absences, Plaintiff missed work on the days she was suspended, and she took time off with permission in August for personal reasons. The only day plaintiff was absent without cause was when she overslept on August 25.

Simmons v. Traughber, 791 S.W.2d 21, 26 (Tenn. 1990) (citations omitted). Plaintiff claims that these finding have become the law of the case and are not subject to further review by the Board or by this court. Defendants counter that the statement are dicta and that the law of the case doctrine does not apply to dicta.

"The doctrine of the law of the case generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case . . . ." 5 AM. JUR. 2D Appellate Review § 605 (1995). The doctrine applies when the facts of the case have gone unchanged. Barnes v. Walker , 191 Tenn. 364, 374, 234 S.W.2d 648, 652 (1950). Courts apply the doctrine "to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." 5 Am. JR. 2D Appellate Review § 605 (1995).

The law of the case doctrine does not apply to mere dictum. Schoen v. J.C. Bradford & Co., 667 S.W.2d 97, 101 (Tenn. App. 1984); see Johnson Bank v. Bryant, Price, Brandt, Jordan and Williams , 744 S.W.2d 581, 584 (Tenn. App. 1987). Sometime ago, the Supreme Court discussed the meaning of the term dictum. It stated as follows:

Courts sometimes go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit. Such statements by a court are known as dictum. The term 'dictum' is an abbreviation of 'obiter dictum' which means generally a remark or opinion uttered by the way. Obviously the very definition of the term shows that it has no bearing on the direct route or decision of the case but is made aside or on the way and is, therefore, not a controlling statement to courts when the question rises again that has been commented on by way of dictum.

Staten v. State, 191 Tenn. 157, 159-60, 232 S.W.2d 18, 19, (1950). Thus, the issue before this court becomes whether the Supreme Court's statements regarding plaintiff's absentee rate were dictum.

The issue before the Supreme Court was whether the Board had violated plaintiff's right to a fair hearing by failing to give her sufficient notice of her right to counsel. Simmons, 791 S.W.2d at 22. The Court found that the notice was insufficient because it failed to inform plaintiff of the possible availability of free or low-cost representation. Id. at 24. The Court then recognized that the law would not entitle plaintiff to a new hearing unless the lack of counsel prejudiced plaintiff's case. Id. at 25.

It was during its Discussion of prejudice that the Court addressed the facts surrounding plaintiff's absentee rate. The Court discussed the reasons for plaintiff's absences and the fact that the evidence of the days she was tardy was hearsay. The Court then concluded as follows:    EXHIBIT L

A competent attorney, through efficient cross-examination and introduction of medical records, may have been able to show that Plaintiff was absent so frequently because of injuries and poor health.

Id. at 26. We are of the opinion that it was necessary for the Court to analyze the factual evidence and the law to determine whether the lack of counsel prejudiced plaintiff's case. Thus, the factual findings of the Court and its statements of the law were not dicta and became the law of the case. *fn3

Plaintiff did not argue, however, that the factual findings and the law as stated by the Court became the law of the case. Instead, plaintiff argued that the Court concluded that her attendance record constituted misconduct as a matter of law and that this Conclusion became the law of the case. We can not agree with plaintiff's argument. We are of the opinion that the Court set forth the law and the facts without making any legal Conclusion. The Court simply concluded that a competent attorney may have been able to make the necessary arguments. Thus, while the statements of the law and the factual findings became the law of the case, the legal Conclusion that plaintiff was terminated due to her misconduct did not.

## IV. WEIGHT OF THE EVIDENCE

### A. STANDARD OF REVIEW

This court may reverse, remand, or modify the decision of the board if the findings, inferences, Conclusions, or decisions are "unsupported by evidence which is both substantial and material in the light of the entire record." TENN. CODE ANN. § 50-7-304(I)(2)(E) (1991); accord Armstrong v. Neel, 725 S.W.2d 953, 955 (Tenn. 1986). When determining the sufficiency of the evidence, this court must "take into account whatever in the record fairly detracts from its weight, but [it] shall not substitute [its] judgment for that of the board of review as to the weight of the evidence on questions of fact." TENN. CODE ANN. § 50-7-304 (I) (3). Thus, our review in this case involves a determination of whether there is substantial and material evidence to support the Board's legal Conclusion that plaintiff's actions constituted misconduct. We are of the opinion that the Board's Conclusion is properly supported.

### B. LAW OF MISCONDUCT

The General Assembly has not seen fit to provide a definition of the term misconduct as it is used in Tennessee Code Annotated section 50-7-303(a) (2). Nevertheless, Tennessee's case law provides guidance as to this issue. This court is to construe unemployment compensation statutes liberally. Weaver v. Wallace, 565 S.W.2d 867, 869 (Tenn. 1978). Moreover, the disqualification from benefits based on misconduct connected with employment is penal in nature, and courts must construe the disqualification liberally in favor of the employee. Id.

From the law of the case, we know that "an employee can be fired for excessive absenteeism due to illnesses and injuries," but that "absences due to illness and job injuries . . . do not constitute misconduct under the Employment Security Law." Simmons, 791 S.W.2d at 26. Also, Tennessee's courts have often held that an essential element of misconduct is a "breach of duty owed to the employer, as distinguished from society in general." Weaver, 565 S.W.2d at 870. In a detailed opinion of this court, we adopted the following standard regulating the determination of misconduct:

conduct evincing such willful and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertences or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

Armstrong, 725 S.W.2d at 956 (quoting Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636, 640 (1941)). *fn4

Turning to the facts, the findings of the Board and of the Supreme Court are similar. The law of the case, as established in the Supreme Court's decision, is as follows: 1) plaintiff missed one day, August 25th, without cause; 2) plaintiff took time off in August with permission for personal reasons; and 3) all other absences were due to illness, injury, and suspensions. The Board found that "many of her absences were not her fault, but some were." Specifically, the Board discussed plaintiff's warnings and disciplinary record, the August 25th absence, and the three days plaintiff was late for work in October. *fn5

Plaintiff was absent a total of 45 days and was tardy a total of 3 days. Of the 45 days, plaintiff missed time on 21 days because of illness or work-related injuries. In addition, she missed 18 of the 45 days due to Occidental's use of disciplinary suspensions.

Not including her illnesses, injuries, and suspensions, plaintiff was absent 6 days. Of the 6 absences, 2 were authorized and 2 were with permission. The remaining 2 absences include 15 May. On that day, plaintiff missed one-half hour of work for personal business. The record is not clear whether plaintiff received permission, but she must have told Occidental that she used the time to tend to personal business because their attendance report lists personal business as the reason for the absence. The second remaining absence was on 25 August, the date discussed by the Supreme Court.

EXHIBIT L

For the purposes of this opinion, we treat the May 15th absences as if plaintiff received permission. The burden of proving a disqualification to receive benefits is on the employer. Weaver, 565 S.W.2d at 870; Miotke v. Kelley, 713 S.W.2d 910, 913 (Tenn. App. 1986). Occidental has not provided any proof that this absence was for reasons which would constitute misconduct. Moreover, this court may take into account whatever in the record fairly detracts from the weight of the evidence. TENN. CODE ANN. § 50-7-304(I) (3) (1991).

C. CONCLUSION

Considering all of the facts, it is the opinion of this court that, while on the surface of the case it appears that plaintiff only missed work or was late for work without cause, authorization, or permission a total of 4 days, the whole of the facts reveal that these actions exhibit a wanton, careless, and negligent disregard for the interest of Occidental. To explain, plaintiff received two written warnings concerning her attendance record. The 3 September warning was plaintiff's final warning. It mentioned both plaintiff's production level and her absentee rate. Moreover, the warning explained that Occidental would terminate plaintiff if her performance did not improve. She also received two oral warnings regarding her attendance record. During one of these Discussions on 1 September, Richard Karcher informed plaintiff that this was her final chance. Despite the clear dissatisfaction of Occidental with plaintiff's attendance record and its intent to terminate her if her record did not improve, plaintiff was late 3 days in October. There is no excuse for the two days plaintiff was fifteen minutes late. Although plaintiff had car trouble on the third day, this does not explain why she was three and one-half hours late. At the very least, it is the opinion of this court that plaintiff's actions exhibited a careless disregard for the interest of her employer, Occidental.

V. CONCLUSION

Therefore, it results that the judgment of the trial court is affirmed, and the case is remanded for any further necessary proceedings. The costs of the case are taxed to plaintiff/appellant, Cornelia Simmons.



· Ads by Google·      Court Appeal      Employment Law      Work Injury Law      Law Research

SAMUEL L. LEWIS, JUDGE

CONCUR:

BEN H. CANTRELL, JUDGE

WILLIAM C. KOCH, JR., JUDGE

Buy This Entire Record for $7.95

Official citation and/or docket number and footnotes (if any) for this case available with purchase.
Learn more about what you receive with purchase of this case.

IN THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT AT
SHELBY COUNTY, TENNESSEE

HANNAH JONES,              EXHIBIT M

    Plaintiff,

v.                                          No. CH-11-1194

LAURA ALLEN,                         Part: 1

    Defendant.

---

## COMPLAINT FOR PARTITION

---

Plaintiff, Hannah Jones, for her complaint against Defendant, Laura Allen, states as follows:

1.    Plaintiff, Hannah Jones, is a citizen and resident of Shelby County, Tennessee.

2.    Defendant, Laura Allen, is a citizen and resident of Shelby County, Tennessee.

3.    Plaintiff, Hannah Jones, and Defendant, Laura Allen, are listed as owners as joint tenants with right of survivorship of certain personal property in Shelby County, Tennessee.

4.    Pursuant to T.C.A. § 29-27-106, chancery court has jurisdiction over the subject of partition cases.

5.    Pursuant to T.C.A. § 29-27-101, §29-27-105, and § 29-27-201, Plaintiff is entitled to have the subject property partitioned.

6.    On or about January 10, 2001, Plaintiff went to the offices of Plummer Financial Services and opened an account through John Hancock Funds. Plaintiff deposited twelve thousand ($12,000.00) dollars into account number xxx6721. Plaintiff was approximately seventy-four (74) years old when the account was opened.

1

EXHIBIT M

**IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ENTERED
APR 2 6 2012
M.B.

HANNAH JONES,

     Plaintiff,

vs.                                 CH-11-1194

                                      Part I

LAURA ALLEN,

     Defendant.

---

## ORDER ON COMPLAINT FOR PARTITION

---

This cause came to be heard on the 28th day of March 2012 before the Honorable Chancellor Walter L. Evans, upon the Plaintiff's Complaint for Partition, statements of counsel for the Plaintiff, statements from the Defendant, testimony of the Plaintiff, and testimony of the Defendant from all of which the Court finds as follows:

    1.    The Court finds that the Complaint for Partition is well taken and therefore it is granted.

    2.    The funds deposited into the John Hancock Account opened by Hannah Jones and Laura Allen under account number xxx6721 are solely the funds and property of the Plaintiff, Hannah Jones.

    3.    The Defendant's, Laura Allen, name was added to the account in question solely for the convenience of the Plaintiff, Hannah Jones.

    4.    The Plaintiff, Hannah Jones, is hereby found to be the sole depositor of funds into the John Hancock account ending in 6721 and she is found to be the sole owner of said funds. The John Hancock account ending in 6721 is hereby partitioned. The Defendant, Laura Allen, is hereby divested of any interest she may have had in said

1

EXHIBIT M

account due to having her name listed on the account as joint tenant with right of survivorship. The Defendant's name is to be removed from said account and any and all privileges she may have had in said account are hereby terminated.

5.      The funds in the John Hancock account ending in 6721 are to be unfrozen and released to the Plaintiff, Hannah Jones. The Plaintiff may withdraw them as she sees fit. The account and all monies in said account, in its entirety, are hereby awarded to the Plaintiff, Hannah Jones. *Costs to the plaintiff.*

**THE FOREGOING IS THEREFORE ORDERED, ADJUDGED AND DECREED.**

_____
Chancellor

Date: _____04/26/12_____

Approved for Entry by:

_____
Jeannie M. Kosciolek, BPR #21559
Memphis Area Legal Services, Inc.
109 N. Main St. #200
Memphis, TN 38103
(901) 523-8822, Ext. 453

**Certificate of Service**

I, the undersigned counsel for Plaintiff, certify that a true and correct copy of the foregoing has been served upon Defendant at her last known address of 3020 Slate Road and 2030 Slate Road, Memphis, TN 38116, by U.S. Mail, First Class Postage thereon, this 26th day of April, 2012.

_____
Jeannie M. Kosciolek

2

EXHIBIT M

## IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICAIL DISTRICT AT MEMPHIS

SHELBY COUNTY
CHANCERY COURT
MAR 28 2012
DONNA L. RUSSELL, C & M
TIME: 9:55 BY: ____

HANNAH JONES

     Plaintiff,

CH-11-1194

v.

No: CH-1194-11

Part I

LAURA ALLEN,

    Defendant,

---

### AFFIDAVIT OF CUSTODIAN OF RECORDS

I, _Laurence Plummer, Sr._, being duly sworn, affirm as follows:

1.  That _Laurence Plummer_ is the duly authorized custodian of records at Plummer Financial Services, LLC in Memphis, Tennessee, and is authorized to certify the record of the Hannah Jones and Laura Allen regarding their John Hancock Core Equity Account ending in 66721

2.  That the papers attached hereto are true and exact copies of the account application for the core equity account ending in 66721, February 7, 2001 check from Hannah Jones in the amount of $12,000.00, and February 14, 2001 check from Hannah Jones in the amount of $15,000.00.

3.  That the original records from which the attached copies were made were prepared by a person with knowledge of and a business duty to record or transmit those matters and were kept in the ordinary course of business at or near the time of the act, condition or event reported in the records.

                                        AFFIANT

STATE OF _Tennessee_

COUNTY OF _Shelby_

1

EXHIBIT M

UNION PLANTERS BANK

OFFICIAL CHECK

REMITTER   HANNAH JONES

PAY ***Twelve Thousand Dollars and 00/100***

TO THE
ORDER OF   JOHN HANCOCK SIGNATURE SERVICES, INC.

DATE   February 07, 2001

$12,000.00

DRAWER: UNION PLANTERS BANK

AUTHORIZED SIGNATURE

888226096

Issued by Integrated Payment Systems Inc., Englewood, Colorado
to Citibank (New York State) Buffalo, NY

EXHIBIT

A

EXHIBIT M

# UNION PLANTERS BANK

## OFFICIAL CHECK

888226144

REMITTER **HANNAH JONES**

10-86
230

DATE **February 14, 2001**

PAY **\*\*Fifteen Thousand Dollars and 00/100\*\***
TO THE
ORDER OF **JOHN HANCOCK SIGNATURE SERVICES INC.**

**$15,000.00**

DRAWER: UNION PLANTERS BANK

AUTHORIZED SIGNATURE

0010

Issued by Integrated Payment Systems Inc., Englewood, Colorado
© Citibank (New York State) Buffalo, N.Y.

⑈02⑈0008⑈8⑈:⑈9⑈⑈4⑈08⑈3  888 226 144⑈

CH-11-1194

# A Family Feud - Ghetto Mentality

EXHIBIT M

Chancellor Walter Evans
Attorney Jeannie M. Kosc...

10/11/11

FILED
SHELBY COUNTY
CHANCERY COURT
OCT 14 2011
DEWUN R. SETTLE C
TIME: 15:25 BY: S

Sandra Jones works for Attorney Kosciolek as a nursing assistant for one of her family members and has lied about my mother's situation. My deceased brother Erick Jones has nothing to do with house repairs and this particular investment fund wi... John Hancock which was sought way after his death — I am not trying to take advantage of anyone. It's her f... other children. These siblings are saying my mother has Alzheimer's disease whi... I know for a fact according to test and th... Dr. that my mother only has a very mild form of dementia with...

## CHARGE OF DISCRIMINATION

...cted by the Privacy Act of 1974; See Privacy Act Statement before ...orm.

PLAINTIFF'S EXHIBIT

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 250A10103 |

...nessee Human Rights Commission _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Elizabeth Bratcher | (901) 396-9383 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1314 Elmview Lane, Memphis, TN 38116 | | 11/05/195 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| St. Jude Children's Research Hospi | Cat B (101-200) | (901) 495-2339 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 332 N. Lauderdale, Memphis, TN 38105 | | 157 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| *EARLIEST* | *LATEST* |
| 10/17/2000 | 10/17/200 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I was discharged from the position of Environmental Services Technician by the above named employer on October 17, 2000. I was not given a reason for my discharge. I returned to work on October 16, 2000 after having been on medical leave for five and one/half months due to my disability, which was widely known throughout the workplace. I am not aware of how persons who have been on extended medical leave, but do not have a disability, were treated. I was hired by the employer in July 1992.

I believe I was discriminated against because of my disability in violation of the Americans with Disabilities Act (ADA).

EXHIBIT P

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
| Date          Charging Party *(Signature)* | *Oct. 27, 2000*          *Tyrone Blanks, Jr* |

EEOC FORM 5 (Rev. 06/99)

**PLAINTIFF'S EXHIBIT A-4**

EMPLOYMENT OPPORTUNITY COMMIS

# DISMISSAL AND NOTICE OF RIGHTS

EXHIBIT P

| To: Elizabeth Bratcher<br>1314 ELMVIEW LANE<br>MEMPHIS, TN 38116 | From: E.E.O.C<br>Memphis District Office<br>1407 Union Ave. Suite 621<br>Memphis, TN 38104 |
|---|---|

☐  *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 250A10103 | Esther H. Walker, Investi | (901) 544-0098 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  We cannot investigate your charge because it was not filed within the time limit required by law.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

*Doris B. Woods/(Clk?)*
_____          _____
Doris Woods, Acting Director                                    *(Date)*

Enclosure(s)

cc:  ST JUDE CHILDREN'S HOSPITAL
     332 N. LAUDERDALE
     MEMPHIS, TN 38105

IN THE UNITED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

FILED _____ _____ D.C.

01 JUL 20 PM 4: 32

EXHIBIT P

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT
W.D. OF TN. MEMPHIS

ELIZABETH BRATCHER            )
                              )
                PLAINTIFF     )
                              )
                              )
v.                            )
                              )
ST. JUDE HOSPITAL             )
                              )
                DEFENDANT.    )
                              )

Civil Action No.

01-2574 D A

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practice on the basis of disability and to make whole Elizabeth Bratcher (hereinafter referred to as "Plaintiff"). Plaintiff alleges that the Defendant terminated her from her position as housekeeper because of her disability of depression and hallucinations.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the American With Disabilities of 1990 ("AD"), 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f) (1) and (3) of Title VIII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5 (f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The unlawful employment practices alleged below were and are now being committed in the Western District of Tennessee, Memphis Division.



EXHIBIT P

## PARTIES

3.      Plaintiff, Elizabeth Bratcher, is a citizen of the United States and a resident of Memphis, Tennessee.  Plaintiff has the medically, diagnosed mental impairment of depression which is characterized by episodes of hallucinations.  Plaintiff takes several medications for mental illness including the prescription medication Prozac. (See Exhibit B)

4.      Defendant, St. Jude Hospital, (hereinafter referred to as Employer or St. Jude) has at all relevant times been and is now a Corporation doing business in the State of Tennessee and has continuously had and does now have at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry business affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and  § 107 (7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e (g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §1211 (2).

## STATEMENT OF CLAIMS

7.      More than (30) days prior to the institution of this lawsuit, Elizabeth Bratcher filed a charge with the Memphis branch of the Equal Employment Opportunity Commission (EEOC) alleging a violation of Title I of the ADA by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled (See Exhibit A).

8.      On April 26, 2001 EEOC issued the "Right to Sue" letter to Plaintiff. (See Exhibit A).  Therein, the EEOC found that there was reasonable cause to believe that the charge was true in

2

part. However, no further action toward resolution was taken.

9.      Plaintiff was hospitalized at Methodist Central on or about April 3, 2000, in the psychiatric ward. Her doctor was Randall J. Moskovitz. She remained in the hospital until April 24, 2000. She had surgery on or about June 28, 2000 when she had a hysterectomy and had gallstone surgery on August 17th. Plaintiff remained under psychiatric care until October 16, 2000 when Dr. Moskovitz released her for full-time duty. He had previously contacted Plaintiff's employer on or about June 26, 2000 by letter where he stated that Plaintiff would be off of work for about 3 months. Plaintiff received a long term disability form from Employer on or about August 24, 2000. She took them to Dr. Moskovitz who filled them out and returned them to Employer. He had already completed short term disability forms on April 12, 2000. (Exhibit B).

10.     On October 16, 2000, Plaintiff went to work with a note from her doctor stating that she could return to work.

11.     Plaintiff's psychiatrist, Dr. Moskovitz, gave Plaintiff a note stating that she may return to full-time on October 16, 2000.

12.     Plaintiff reported to Defendant Employer on October 16, 2000. She worked the entire day. On October 17, 2000, Defendant Employer called Plaintiff and told her that she had been terminated. Plaintiff was not aware that she had been terminated on September 30, 2000. Employer told Plaintiff that she could apply for another position if one was open. Plaintiff met with Kathleen Speck with the Human Relations Department. Plaintiff was told that there were no full or part-time positions available. At that point, Plaintiff had not received any written notice that her employment had been terminated.

13.     Since September 2000, Defendant Employer has engaged in unlawful employment

3

EXHIBIT P

practices in violation of the ADA, Section 102(a), 42 U.S.C. §12112(a), at its Memphis Tennessee facility. These practices include but are not limited to terminating Elizabeth Bratcher on September 30, 2000. However, Defendant Employer did not notify Plaintiff until after she had reported for a full day of work. Defendant Employer terminated Plaintiff because of her disability of depression. Defendant Employer was aware of Plaintiff's disability and had a record of the same dating back approximately to 1995, when she had a previous hospitalization for depression and hallucinations. (see collective Exhibit C).

14.    The effect of these discriminatory employment practices in violation of the ADA has been to deprive Elizabeth Bratcher of equal employment opportunities and otherwise adversely affect here status as an employee because Defendant Employer refused to allow her to maintain her employment because of her disability.

15.    The unlawful employment practices complained of above were and are intentional.

16.    Defendant Employer gave the pretext that Plaintiff was terminated because of a policy regarding notification of her intent to return. However, Defendant refused to reasonably accommodate Plaintiff's disability, knowing her mental limitations and knowing that she was under psychiatric care for the same through October 15, 2000.

17.    Defendant Employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Elizabeth Bratcher in violation of the ADA, 42 U.S.C. §12101 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Elizabeth Bratcher respectfully prays that this Court:

A.    Grant a permanent injunction enjoining the Defendant St. Jude, its officers,

4

EXHIBIT P

successors, assign and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.    Order Defendant St. Jude to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

C.    Order Defendant St. Jude to make whole Elizabeth Bratcher by providing her with appropriate back pay with pre-judgment interest, in amounts to be proved at trial, rightful place hiring, re-instatement and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant St. Jude to make whole Elizabeth Bratcher by providing compensable non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish to be proven at trial.

E.    Order Defendant St. Jude to make whole Elizabeth Bratcher by reinstating her health insurance and paying all medical expenses incurred since the date of her termination.

F.    Order Defendant St. Jude to make whole Elizabeth Bratcher by contributing to her retirement fund to the monetary value as would have accrued during the period of her termination.

G.    Order Defendant St. Jude to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper; and,

I.    Award Plaintiff any and all costs incurred in this action.

EXHIBIT P

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**MEMPHIS AREA LEGAL SERVICES, INC.**

KAREN WILSON TYLER, BPR #014165
Attorney for Plaintiff-Elizabeth Bratcher
109 N. Main Street-2nd Floor
Memphis, TN 38103-5013
(901) 523-8822, Ext. 217

6

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

01-2574 D A

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Elizabeth Bratcher

## DEFENDANTS

St. Jude Research Hospital

EXHIBIT P

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Shelby___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Karen W. Tyler
MEMPHIS AREA LEGAL SERVICES
109 N. Main, 2nd Floor
Memphis, TN 38103

ATTORNEYS (IF KNOWN)

Wendy Shea
Attorney at Law
332 N. Lauderdale
Memphis, TN 38105

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Employment Discrimination in Title VII
(Americans Disability Act)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

7-20-01    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

WESTERN ———————— **DISTRICT OF** ———————— TENNESSEE

ELIZABETH BRATCHER

                    EXHIBIT P          **SUMMONS IN A CIVIL CASE**

                **V.**

                               CASE NUMBER:    01 - 2574  D  A

ST. JUDE HOSPITAL

        **TO:** (Name and address of defendant)

        St. Jude Hospital
        332 N. Lauderdale
        Memphis, TN 38105

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

        Karen W. Tyler
        MEMPHIS AREA LEGAL SERVICES, INC.
        109 N. Main, Suite 200
        Memphis, TN 38103

an answer to the complaint which is herewith served upon you, within _____30_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

ROBERT R. DI TROLIO

_____          7-20-01
CLERK                                                                DATE

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action                EXHIBIT P

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE | July 23, 2001 |
| NAME OF SERVER (PRINT) *Crystal E. Wilson* | TITLE | |

Check one box below to indicate appropriate method of service

☑ Served personally upon the defendant. Place where served: *St. Jude Hospital —*
*attorney Wendy Shea — administrative office*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Also served by Certified Mail on 8-22-01

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL —0— |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *July 23, 2001*                    *Crystal E. Wilson*
Date                                             Signature of Server

                                                 *1706 Kendale, Memphis, TN*
                                                 Address of Server
                                                 *38106*

FILED BY _____ E.C.
Robert R. Di Trolio
CLERK U.S. DIST. CT.
W. D. OF TN. MEMPHIS
01 AUG 27  PM 4: 19

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



EXHIBIT P

# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:01-CV-02574 was distributed by fax, mail, or direct printing on October 22, 2001 to the parties listed.

Karen W. Tyler
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

James Allen
U.S. Magistrate Judge
167 N. Main St., Rm 341
Memphis, TN 38103

Paul E. Prather
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
2650 Thousand Oaks Blvd.
Ste. 2200
Memphis, TN 38118

Robert D. Meyers
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
2650 Thousand Oaks Blvd.
Ste. 2200
Memphis, TN 38118

Honorable Bernice Donald
US DISTRICT COURT

FILED ~ ~ _ D.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE** JUL 20  PM 4: 32
<u>WESTERN</u>    **DIVISION**

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT
W.D. OF TN. MEMPHIS

<u>ELIZABETH BRATCHER</u>
       **Plaintiff,**
**vs.**

<u>ST. JUDE RESEARCH HOSPITAL</u>
       **Defendant(s).**

**No.** 01 - 2574  D  A

**EXHIBIT P**

**AFFIDAVIT**
**IN SUPPORT OF MOTION UNDER 28 U.S.C. § 1915**
**FOR APPOINTMENT OF ATTORNEY**
**AND**
**AUTHORIZATION TO COMMENCE SUIT**
**WITHOUT PREPAYMENT OF FILING FEE**

**(PRINT OR TYPE)**
City of <u>MEMPHIS</u>                    , <u>SHELBY</u>                  County

    I, THE UNDERSIGNED, BEING FIRST DULY SWORN, DEPOSE AND SAY
THAT IN SUPPORT OF MY APPLICATION FOR APPOINTMENT OF COUNSEL AND TO
PROCEED <u>IN FORMA PAUPERIS</u> I STATE THAT:
    I AM UNABLE TO PAY THE COSTS OF SAID PROCEEDINGS OR TO GIVE
SECURITY THEREFOR;
    I BELIEVE I AM ENTITLED TO REDRESS AS SHOWN BY THE ATTACHED
COMPLAINT.
I.   <u>Efforts to Retain Counsel</u>
    I further swear of affirm that I have made a reasonable effort
to retain an attorney as indicated by the following list of
attorneys who I contacted, but who would not take my case for
the reasons indicated:

| NAME & ADDRESS <br> <u>ATTORNEY CONTACTED</u> | DATE <br> <u>CONTACTED</u> | REASON FOR REFUSING <br> CASE |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5 / 96

II.    <u>Financial Status</u>

EXHIBIT P

I further swear that the responses that I have made to the
questions below relating to my ability to pay the cost of
prosecuting this action are true.

1.    MARITAL STATUS:
    A.    SINGLE X MARRIED__ SEPARATED__ DIVORCED__ .  If separated or
          divorced, are you paying any support or any form of
          maintenance?  YES____  NO____
    B.    Dependents: WIFE____ # CHILDREN  2  # OTHERS ____ AND

          RELATIONSHIP_____

The names and ages of my children living at home are:

| Name | | Age |
|---|---|---|
| Name | Jonoathon Bratcher | Age 17 |
| Name | Marsha Bratcher | Age 15 |
| Name | | Age |
| Name | | Age |
| Name | | Age |

2.    Residence Address--Street: _____ Lane
      City Memphis _____, State TN   Zip Code 38116   Phone # 396-9383

3.    A.    If employed at present, complete the following:
            Social Security # 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 _____

            Employer____ Argenbright _____
            Employer's
            Address____ Memphis International Airport ____
            _____ Employer's Phone _____
            How long employed? 6 months _____
            Income: Monthly $ 765 (net)  OR Weekly $_____
            If  self-employed state  weekly  wages
            $_____
            What is the nature of your job? custodial worker/Housekeep.
            _____

      B.    If unemployed at present, complete the following:

            I have been unemployed since the ____ day of _____,
            199___.  The name of my last employer was _____
            _____.  The address is _____
            _____.  The phone # is _____
            Last salary or wages received was $_____ per week.

      C.    If spouse employed at present, complete the following:
            Employer____ (None) _____

2

5/96

EXHIBIT P

How long employed?_____ Income: Monthly $_____
OR Weekly $_____ What is the nature of your job?

_____
_____

D.   If on welfare or receiving unemployment benefits, please
     completel the following:

     I have been on welfare or relief since the _____ day of
     _____, 199___. I am receiving $_____ per
     week____ month____ for myself and family of _____.

4.   Financial Status:

     A.   Owner of Real Property:  Yes _____  No ___X_____
          1)   Description_____
          2)   Address_____
          3)   In whose name_____
          4)   Estimated value $_____ Total amount owed $_____
          Owed to _____ Monthly payment $_____
          Annual income from property: $_____

     B.   Other property:

          1)   Automobile:  Make_None____ Model _____ Year ____
               In whose name registered?_____
               Present value $_____ Amount owed $_____
               Owed to: _____

          2)   Cash on hand? $ _-0-____ Total Cash in Banks, Credit
               Unions, or financial institutions: $_____
               Name of Bank or financial institution:
               _____
               _____
               _____
               _____
               _____

     C.   Obligations (per month):
          1)   Rent                                    $160_____
          2)   Mortgage payment                        $_____
          3)   Total Utility Bill                       $_____
          4)   Phone Bill                               $ 45_____
          5)   Car payments                             $_____
          6)   Car insurance                            $_____
          7)   Other insurance                          $ 52_____
          8)   Retail merchants
               Please list:
               Grocery_____            $ 100_____
               _____          $_____
               _____          $_____

3

9)  Other creditors
    Please list:          EXHIBIT P

    _____  $_____
    _____  $_____
    _____  $_____

10) Alimony, maintenance, or child support under
    divorce decree or separation agreement:$    0

11) Food and groceries                          $_____
12) Clothes                                      $_____

13) Total amounts owed to doctors, hospitals, or
    lawyers
    Please list:

    _____  $ appr. $1.000
    _____  $_____
    _____  $_____

TOTAL AMOUNT OF MONTHLY OBLIGATIONS:

D.  Other information related to financial status, including
    but not limited to stocks, bonds, savings bonds, or
    interests in trusts, whether owned or jointly owned)
    Please list:

    _____  $_____
    _____  $_____
    _____  $_____

    I declare under penalty of perjury under the laws of the
United States that the foregoing is true and correct and is
submitted to persuade the Court to enter an order under 28 U.S.C.
§ 1915, permitting me to file this case without prepayment of the
filing fee, and appointing an attorney to represent me in this
case.

Executed this __20th__ day of __July_____, 2001 .

_Elizabeth Bratcher_____              Elizabeth Bratcher
(Plaintiff's Signature)                   (PRINT PLAINTIFF'S NAME)

                                          1324 Labradlor
                                          _____
                                          Memphis, TN  38116
                                          (PRINT PLAINTIFF'S ADDRESS)

                                          (901) 396-9383
                                          (PRINT PLAINTIFF'S TELEPHONE NUMBER)

4

5/96



# MEMPHIS AREA LEGAL SERVICES, INC.

Harrison D. Mclver, III, Esq.
*Executive Director*

Serving the TN Counties of Shelby, Fayette, Lauderdale, and Tipton

Andrew C. Branham, Esq.
*Board President*

February 1, 2002                                    EXHIBIT P

Attorney Robert Meyers
Keisewetter Wise Kaplan Schwimmer & Prather
2650 Thousand Oaks Blvd.
Suite 2200
Memphis, TN 38118

RE: Disclosure of Consultative Psychologist; Extension of Time for Dispositive Motions

Dear Mr. Meyers:

Enclosed please find a copy of the report of Doctor Fulliton who has done a consultative evaluation of Ms. Bratcher. We are not certain that we will be calling him as a witness at this time. As already indicated, we plan to call Ms. Bratcher's treating physician, Dr. Moskovitz as a witness as may be necessary.

I am in receipt of the message from Phyllis Morgan. I have conferred with Webb Brewer, Litigation Director. Please note that we cannot agree to a Consent Order to Extend the Time for Dispositive Motions. However, we will not oppose your motion. Please call to discuss this further.

Thank you.

Sincerely yours,

Karen Tyler
Managing Attorney

Enclosure

*Funded in part by the Legal Services Corporation*



LSC

**EXHIBIT A**


PLAINTIFF'S
EXHIBIT
B - 3

# Randall J. Moskovitz, M.D.

DIPLOMATE, AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY

MEDICAL ARTS BUILDING
1325 EASTMORELAND AVE., SUITE 500

PHONE (901) 725-0882
MEMPHIS, TENNESSEE 38104

June 26, 2000

EXHIBIT P

To whom it may concern:

I am writing you today regarding my patient Elizabeth Bratcher. Ms. Bratcher is still having hallucinations and depression. She is scheduled to have a hysterectomy on June 28, 2000. I anticipate this patient will be off of work for approximately three months.

If you desire any further information, please do not hesitate to contact this office.

Sincerely,

Randall J. Moskovitz, M.D.

RJM/jws

**United States District Court**
Western District of Tennessee
Federal Building
Memphis, Tennessee 38103
(901) 495-1317
Fax (901) 495-1384

James H. Allen
United States Magistrate Judge

FILED BY _____ D.C.

01 OCT 22 PM 3:33

ROB_____
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

October 19, 2001

EXHIBIT P

Mr. Paul E. Prather
Mr. Robert D. Myers
Attorneys At Law
2650 Thousand Oaks B.vd
Ste. 2200
Memphis, TN      38118

Ms. Karen W. Tyler
Attorney At Law
109 No. Main St.
Suite 201
Memphis, TN      38103

RE:   01-2574 Bratcher V St. Jude Children's Hospital

To All Counsel:

Judge Bernice B. Donald has referred this case to me to conduct
a settlement conference which I have scheduled for Wednesday,
February 27, 2002, at 10:00 A.M., in Room 338 of the Federal
Building in Memphis, Tennessee.

The lead attorney who will try the case for each party shall
appear.  In addition, the parties, or representatives of
corporate parties, **WITH FULL SETTLEMENT AUTHORITY**, must be
present at the conference.  If any part of the potential
liability of a party is insured, or subject to indemnity, a
representative of an insurer or indemnitor with authority to pay
the full policy of indemnity limits, must be present at the
conference.

All participants should allocate adequate time for the
settlement conference.  Although the settlement conference may
conclude in the early afternoon, all participants should clear
their calendars for the entire day through 5:30 p.m.  My
commitment is to work with the parties for as long as necessary.

10

EXHIBIT P


Counsel shall submit to my chambers, not later than five (5)
days before the scheduled settlement conference, an in camera
statement setting forth their respective positions concerning
all issues involved in the case, including the rationale for
such positions.  Such statements shall be for purposes of my
review only and solely for use in this settlement conference.

At least five (5) days prior to this settlement conference,
plaintiff must make a good faith proposal of settlement to
defendant.  On or before this settlement conference, defendant
must make a good faith response thereto.

                                   Very truly yours,


                                   JAMES H. ALLEN
                                   UNITED STATES MAGISTRATE JUDGE

JHA/djb
cc:  Judge Bernice B. Donald
     Civil Docketing Clerk

FILED BY _____ D.(

02 MAR -4 PM 4: 4

ROBE... ... ...TROLI
CLERK, U.S. DIST. C
W.D. OF TN. MEMPHI

# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

EXHIBIT P

**ELIZABETH BRATCHER,**

      Plaintiff,                           Case No.: 01-2574 D

vs.

**ST. JUDE CHILDREN'S RESEARCH HOSPITAL,**

      Defendant.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active

EXHIBIT P

case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this _4th_ day of _March_____, 2002.


BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

EXHIBIT 11

## IN THE CHANCERY COURT FOR HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| LAKEEF N. QUINN, | ) | |
| | ) | |
| Petitioner, | ) | NO.  11-0363 |
| | ) | |
| v. | ) | PART 1 |
| | ) | |
| | ) | |
| KARLA DAVIS, COMMISSIONER | ) | |
| OF TENNESSEE DEPARTMENT | ) | |
| OF LABOR AND WORKFORCE | ) | |
| DEVELOPMENT, and INTERSIGN | ) | |
| CORPORATION, | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |

---

### MEMORANDUM OPINION AND ORDER

---

### I. THE RECORD BACKGROUND

This is an appeal of the denial of unemployment compensation benefits ("benefits") to Lakeef N. Quinn ("Mr. Quinn"). He filed his Petition for Certiorari on May 5, 2011. Mr. Quinn appeals the decisions of the Department of Labor and Workforce Development ("the Department"), which denied benefits to Mr. Quinn on the basis of his misconduct. The major question left on appeal is whether the Department's denial of benefits has substantial and material evidence to support the decision. The second issue is whether the Department's decision should be reversed because the decision was arbitrary or capricious.

On October 6, 2010, Mr. Quinn applied to the Department for benefits. He indicated that he had been discharged for violation of a company policy or rule. He denied doing



2011 JUL 29 AM 7: 27

FILED
S. LEE AKERS, C&M

EXHIBIT 11

Therefore, it is **ORDERED:**

1.    That the Petition for Certiorari filed by Lakeef N. Quinn is denied and dismissed; and

2.    That the Clerk's costs of this cause are adjudged against Lakeef N. Quinn, for which execution may enter.

**ENTER:**

_W. Frank Brown, III_

CHANCELLOR - PART 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this Memorandum Opinion and Order has been placed in the United States Mail addressed to:

Brian C. Frye, Esquire
533 Chestnut St., Suite 360
Chattanooga, TN 37402

Stacie L. Caraway, Esquire
832 Georgia Avenue, Suite 1000
Chattanooga, TN 37402

Laurie Lea Doty, Esquire
Counsel to Commissioner
Legal Office
220 French Landing, 3B
Nashville, TN 37243

This the 29th day of July, 2011.

**S. Lee Akers, Clerk and Master**

By: _____
Deputy Clerk and Master

22

IN THE CHANCERY COURT FOR BLOUNT COUNTY, TENNESSEE
FIFTH JUDICIAL DISTRICT
SITTING AT MARYVILLE

EVA A. MELILLO,

        Petitioner,

vs.

JAMES NEELEY, Commissioner of
Tennessee Department of Labor and
Workforce Development and
MARRIOTT INTERNATIONAL,

        Respondents.

EXHIBIT 12

No: 2009-052



## ORDER ON PETITION FOR JUDICIAL REVIEW

This matter came on to be heard on the 17th day of November, 2009 pursuant to T.C.A. § 50-7-304, upon the Petition for Judicial Review filed by Eva A. Melillo. The Petitioner was represented by Lee Ann Swarm. The Commissioner of the Tennessee Department of Labor and Workforce Development was represented by attorney Laurie Lea Doty.

This cause is an appeal from the decision of the Board of Review and as such this Court's statutory authority in this matter is set forth in T.C.A 50-7-304(i)(2) and (3).

From the arguments of counsel for the Petitioner and for the Commissioner and the record as a whole, it appears to the Court and this Court finds that the Board of Review's decision is **not**:

    1.    In violation of constitutional or statutory provisions;

ENTERED 12/30/09
BOOK 92 PAGE 442

2.     In excess of the statutory authority of the agency;

3.     Made upon unlawful procedure;     EXHIBIT 12

4.     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; nor

5.     Unsupported by evidence that is both substantial and material in light of the entire record.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.     That the decision of the Board of Review denying unemployment benefits to Eva A. Melillo is affirmed; and

2.     That the costs of this cause are taxed to the Petitioner for which execution may issue, if necessary.

Dated this the 7 day of November, 2009.

Telford E. Forgety, Jr.
Chancellor

Prepared for Entry:

Laurie Lea Doty, BPR 12404
Counsel to Commissioner
Tennessee Department of Labor
          and Workforce Development
220 French Landing Drive, 3B
Nashville, Tennessee 37243
(615) 741-3170
(615) 532-7386 fax

2

## CERTIFICATE OF SERVICE

EXHIBIT 12

The undersigned hereby certifies that a true and correct copy of the foregoing, as yet unsigned, was served upon counsel for the Petitioner, Lee Ann Swarm, Esq., Legal Aid of East Tennessee, 502 South Gay Street, Suite 404, Knoxville, Tennessee 37902, and upon Marriott International Admin., Attn: Human Resources, 1956 Marriott Drive, Louisville, Tennessee 37777 placing same in the United States mail, First Class, with sufficient postage thereon to reach its destination on this the 14th day of November, 2009.

Laurie Lea Doty
Counsel to the Commissioner

3

EXHIBIT 15

IN THE CHANCERY COURT FOR DEKALB COUNTY, TENNESSEE

ROSIE M. ARNOLD,                              )
                                             )
          Petitioner,                        )
                                             )
v.                                           )
                                             )        Case No.  2010-107
JAMES G. NEELEY, COMMISSIONER,               )
TENNESSEE DEPARTMENT OF LABOR                 )
AND WORKFORCE DEVELOPMENT, AND               )
FEDERAL-MOGUL PRODUCTS, INC.,                )
                                             )
          Respondents.                       )

**FILED**
DEKALB CO. CHANCERY COURT

MAY 0 9 2011

A.M. SMITHVILLE, TN  P.M.  12:42
BY *Judy Mathis*

ORDER

This cause was commenced by the filing of a Petition for Judicial Review of a Final Decision of the Tennessee Department of Labor and Workforce Development denying eligibility for unemployment compensation benefits to the Petitioner, Rosie M. Arnold.  The Department determined that Ms. Arnold was ineligible pursuant to Tenn. Code Ann. § 50-7-303(a)(2) because her violation of the company's attendance policy constituted work-connected misconduct.

On appeal, Petitioner argues that this matter should be remanded for further hearing due to defects in the hearing procedure.  The telephone hearing was conducted in this matter on April 8, 2010, in which Ms. Arnold appeared pro se.  By a decision mailed April 8, 2010, the Appeals Tribunal affirmed the agency's initial denial of unemployment compensation, based upon the following findings of fact:

The claimant's most recent employment prior to filing this claim was with Federal Mogul Products as an assembly operator from July 15, 2002, until February 10, 2010.  The claimant was discharged for violation of the company's attendance

EXHIBIT 15

*treat his serious health condition of alcoholism and that Moorer would be on leave for weeks because Baptist demanded that Moorer participate in the employee assistance program and follow through on a recommended course of treatment.* Baptist can hardly complain about the lack of notice of Moorer's leave.

<u>Moorer v. Baptish Memorial Health Care System</u>, 398 F. 3d 469, 488 (6th Cir. 2005) (emphasis added).

For these reasons, the Court REMANDS this appeal to the Department for further hearing to consider proof that some of Ms. Arnold's absences were necessitated by her health condition rather than misconduct, and for other proceedings consistent with this opinion.

ENTERED this the _5__ day of _May_____, 2011.

_____
HON. RONALD THURMAN, CHANCELLOR

I, Debra Malone, Clerk and Master for DeKalb County, Tennessee, do hereby certify that a copy of this action has been served by United States Mail on all parties not ~~represented by counsel~~ William Bush, Stanley E. Graham, Laurie Lee Doty

This _9th_ day of _May_____ 20_11_
DEBRA MALONE, CLERK & MASTER

BY: _____ DC

EXHIBIT 15

IN THE CHANCERY COURT FOR DEKALB COUNTY, TENNESSEE

ROSIE M. ARNOLD,                         )
                                         )
        Petitioner,                      )
                                         )
v.                                       )      Case No. 2010-107
                                         )
JAMES G. NEELEY, COMMISSIONER,           )
TENNESSEE DEPARTMENT OF LABOR            )
AND WORKFORCE DEVELOPMENT, AND           )
FEDERAL-MOGUL PRODUCTS, INC.             )
                                         )      FILED
                                         )      DEKALB CO CHANCERY COURT
        Respondents.                     )
                                                SEP 23 2010   3:30
                                                A.M. SMITHVILLE TN P.M.
                                                BY

PETITION FOR JUDICIAL REVIEW

1.    This is an appeal from a denial of unemployment
insurance benefits, filed pursuant to Tenn. Code Ann. § 50-
7-101 *et seq.* and §§ 4-5-102 *et seq.*

2.    Petitioner Rosie M. Arnold is a resident of
Dekalb County, Tennessee.  She is aggrieved by the decision
of the Board of Review of the Tennessee Department of Labor
and Workforce Development (hereinafter the "Department")
referred to as Docket No. 10B1974AA, the final decision
dated August 18, 2010, with judicial review available
by Petition for Judicial Review filed no later than
September 27, 2010.

3.    Petitioner's base period employer is Federal-
Mogul Products, Inc., Attention Human Resources, 1 Grizzly
Lane, Smithville, Dekalb County, TN 37166.

EXHIBIT  15

compensation or, in the alternative, that this cause be

remanded for a new hearing.

    4.    Petitioner be awarded costs and have such

general, other or additional relief which is appropriate

and necessary.

    Respectfully submitted, this the _16th_ day of

September, 2010.

                        William Bush, BPR No. 006052
                        Attorney for Petitioner
                        Legal Aid Society of Middle
                        Tennessee and the Cumberlands
                        9 So. Jefferson Avenue, Suite 102
                        Cookeville, Tennessee  38501
                        Telephone: (931) 528-7436


                        COST BOND

    The Legal Aid Society of Middle Tennessee and the

Cumberlands is surety for Petitioner for the costs of this

action not to exceed $500.00.

                        William Bush

4

EXHIBIT 15

Stanley E. Graham (BPR# 019788)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Counsel for Federal-Mogul Products, Inc.


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was furnished via U.S. Mail, postage prepaid to:

William Bush, Esq.
Legal Aid Society of Middle Tennessee and Cumberlands
9 South Jefferson Avenue, Ste. 102
Cookeville, TN 38501

James G. Neeley, Commissioner
Tennessee Department of Labor and Workforce Development
220 French Landing Drive
Nashville, TN 37243

this ___20th___ day of October, 2010.

IN THE CHANCERY COURT FOR PUTNAM COUNTY, TENNESSEE

EXHIBIT 16

ANDREA M. STEWART,                          )
                                            )   *YnB 123, pg. 709*
        Petitioner,                         )
                                            )
v.                                          )
                                            )   Case No. 2010-71
JAMES G. NEELEY, COMMISSIONER,              )
TENNESSEE DEPARTMENT OF LABOR               )   FILED ___10-27___ 20 _10_
AND WORKFORCE DEVELOPMENT, AND              )   TIME _10:49A.m_
FIRST TENNESSEE BANK N.A.                   )   LINDA F. REEDER, CLERK & MASTER
MEMPHIS                                     )   BY _Cathy Rodgers_
                                            )   DEPUTY CLERK & MASTER
        Respondents.                        )
                                            )

**ORDER**

This action was commenced by the filing of a Petition for Judicial Review from a decision of the Tennessee Department of Labor and Workforce Development ("Department") that the Petitioner, Andrea M. Stewart, was ineligible for unemployment compensation benefits pursuant to Tenn. Code Ann. §§ 50-7-302 (a) (4) and 50-7-303 (a) (1). It is this court's finding that the Department disregarded Ms. Stewart's proof of medical release to return to her usual work. Because the Respondent's decision is in violation of statutory provisions and unsupported by evidence which is both substantial and material in light of the entire record, I reverse.

Andrea M. Stewart worked for Respondent First Tennessee Bank at one of its Cookeville, Tennessee locations as a bank teller. In September 2008, she took medical leave to recuperate from surgery on her ankle. She notified the employer concerning her need to take this leave due to sickness or disability and was approved for short-term disability benefits until December 22, 2008. Immediately after her release to return to work by her physician, Ms. Stewart returned to First Tennessee Bank and offered to work. First Tennessee Bank informed her that her position

exception." Id. at 870.    EXHIBIT 16    To dispel any confusion, Ms. Stewart's physician later clarified his Medical Certificate on June 10, 2009, prior to the second Appeals Tribunal hearing and decision. In this revised Certificate, the physician reconciled all responses to establish beyond question that Petitioner was released and able to return to her former duties as of the January 23, 2009 Certificate.

The Department also denied unemployment compensation on the basis that Ms. Stewart was not able to work. The evidence, however, is undisputed that, despite her restrictions, Ms. Stewart was able to work, available for work, and making a reasonable effort to secure work as of the date of her January 23, 2009 release. Petitioner is eligible for unemployment compensation benefits as of that date.

It is THEREFORE ORDERED, ADJUDGED, and DECREED as follows:

1.  The Final Order of the Respondent James G. Neeley, Commissioner of the Tennessee Department of Labor and Workforce Development is reversed;

2.  This action is remanded to the Respondent Commissioner for payment of unemployment compensation benefits; and

3.  The costs are taxed to the Respondents.

ENTERED this the 25th day of October, 2010.

HON. RONALD THURMAN, CHANCELLOR

4

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

EXHIBIT 17

VIVIAN CROSS,                          )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )        No. 11 561 III
                                       )
MARK EMKES, Commissioner               )
of the Tennessee Department            )
of Finance and Administration,         )
                                       )
          Defendant.                   )

## COMPLAINT

Plaintiff Vivian Cross seeks judicial review of a decision made by the Tennessee Department of Finance and Administration, upholding a determination of the Bureau of TennCare, which denied plaintiff's request for Medicaid reimbursement for her nursing home stay.

### Jurisdiction

1.  This Court has jurisdiction to review administrative decisions made by the Tennessee Department of Finance and Administration.  Tenn. Code Ann. § 4-5-322(a), (b)(1).

### Parties

2.  Plaintiff Vivian Cross is a resident of Marshall County, Tennessee; she currently resides at the NHC Health Care facility in Lewisburg.  She is aggrieved by the determination made by the Department of Finance and Administration that she is

EXHIBIT 17
not eligible for Medicaid coverage of her stay at the long-term health care facility. Tenn. Code Ann. § 4-5-322(a)(1).

3.    Defendant Mark Emkes is the Commissioner of the Tennessee Department of Finance and Administration. The Department of Finance and Administration is the single state agency designated to administer and oversee Tennessee's Medicaid program. Tenn. Code Ann. § 71-5-104. As Commissioner, defendant Emkes has the ultimate responsibility to oversee determinations made by the Bureau of TennCare relative to Medicaid eligibility for admission to a Level One skilled, long-term care facility. Commissioner Emkes is named as a defendant in his official capacity.

## Factual Allegations

4.    Vivian Cross is sixty-seven years old. She has lived most of her life in Marshall County, Tennessee, residing with family. She has never been married and has no children. She has various physical impairments including a seizure disorder, arthritis, epilepsy, and osteoporosis.

5.    Plaintiff Cross resided with her parents while they were alive. Her mother died in 1995 and her father died in 2008. After that, she moved to live with her brother, Lloyd Cross, and his wife Carol Cross. Lloyd and Carol Cross have been

2

EXHIBIT 17

appointed, by plaintiff, as her attorneys in fact through a Power of Attorney executed on December 30, 2009.

6.   In August of 2010, Vivian Cross fell and injured her right ankle.  She was hospitalized for four days.  Because her physical condition had deteriorated, plaintiff's brother and his wife concluded that they would no longer be able to care full time for Vivian Cross in their home.

7.   Following her release from the hospital, Ms. Cross was transferred to the Hidden Acres long term care facility in Mt. Pleasant.  On September 1, 2010, plaintiff was admitted to the NHC Health Care facility in Lewisburg, Tennessee.  On her behalf, the long term care facility filed a Pre-Admission Evaluation application for Medicaid reimbursement for Level I care.  The Bureau of TennCare denied the PAE, asserting that plaintiff Cross did not meet the criteria for Level I care because of the results of the Pre-Admission Screening and Resident Review (PASRR) evaluation.

8.   Plaintiff's brother Lloyd Cross filed a timely appeal. In the Notice of Hearing sent to Ms. Cross and to her brother on December 7, 2010, the Bureau of TennCare announced that a hearing would be conducted at the NHC Health Care facility in Lewisburg on January 4, 2011.  That Notice of Hearing advised Ms. Cross that she could be represented by a lawyer and that free legal counsel might be available at the local legal

3

EXHIBIT 17

services office.   The Notice did not explain to Ms. Cross or her brother how a lawyer could assist her in preparing for and presenting her case at a hearing.

9.   The hearing was conducted before an Administrative Judge assigned by the Tennessee Secretary of State on January 4, 2011.   At that hearing, plaintiff Cross was represented by Mr. Ed Johnston.    Mr. Johnston has significant experience in working with the elderly and residents of nursing homes; however, he is not a lawyer and has no experience with representing individuals in administrative hearings where the issue is ineligibility for Medicaid coverage because of a PASRR evaluation.   The Administrative Judge did not ascertain whether Mr. Johnston understood the issues and was prepared to respond to the position taken by the Bureau of TennCare.     The Administrative Judge did not explain to the plaintiff's brother and sister-in-law (the plaintiff only appeared briefly at the hearing) how an attorney could assist plaintiff in preparing for the hearing and then responding to the position being taken by the Bureau of TennCare.

10.   The only witness to present testimony on behalf of the Bureau of TennCare was Carmelita Hillsman.   She had no direct personal knowledge of Ms. Cross's medical, psychological, or developmental history or conditions and had not met with Ms. Cross.   She testified that Ms. Cross did not meet the PASRR

4

EXHIBIT 17

criteria. A number of individuals including plaintiff's brother and sister-in-law, Shirley Derryberry the Director of Nursing at NHC, Beth Dault the NHC social worker, and Mr. Johnston presented testimony regarding Ms. Cross's medical condition and her need to remain at the nursing home. The plaintiff's representative did not offer testimony to rebut the assertion of the Bureau of TennCare that Ms. Cross was mentally retarded. Although Ms. Cross appeared briefly at the hearing, she did not present sworn testimony.

11. In an Initial Order issued on January 7, 2011, the Administrative Judge denied plaintiff's application for Medicaid coverage for her nursing home stay. Tenn. Code Ann. § 4-5-314(b).

12. On behalf of the plaintiff, her brother Lloyd Cross sent a petition for reconsideration to the Administrative Procedures Division of the Department of State on January 21, 2011, by certified, return receipt mail. Tenn. Code Ann. § 4-5-317(a). That petition was received by the Department of State on January 24, 2011. The Administrative Judge took no action on the petition for reconsideration. Consequently, by operation of law, the petition was deemed denied on February 14, 2011. Tenn. Code Ann. § 4-5-317(c).

13. Neither party filed a petition for appeal and the Department gave no written notice of any intention to exercise

5

EXHIBIT 17

review. Consequently, the initial order became a final order on March 1, 2011. Tenn. Code Ann. § 4-5-318(f)(3). Administrative remedies have been exhausted.

## Causes of Action

14. An individual whose application for Medicaid coverage for Level I long-term care has been denied has a right to a fair hearing. 42 U.S.C. §1396a(a)(3). The right to a fair hearing includes the right to be represented by counsel or other person with the experience to adequately represent an individual. The right to be represented by counsel includes the right to be advised by the agency and by the administrative judge of that right, including how an attorney can assist the individual in preparing for and presenting her case at the hearing. Although an individual appeared for Ms. Cross at the administrative hearing, that individual did not have the experience to provide representation -- given the uniqueness and complexity of the issue presented. Neither the Bureau of TennCare nor the Administrative Judge explained to Ms. Cross or to her attorney-in-fact how a lawyer or a trained representative could help the plaintiff prepare for the hearing and help her counter the testimony to be presented by the Bureau of TennCare. Consequently, the plaintiff did not knowingly and voluntarily waive her right to be represented by a lawyer. The decision of

6

EXHIBIT 17

the Bureau of TennCare, as embodied in the Initial Order, must be reversed. Tenn. Code Ann. § 4-5-322(h)(1)(3), (4).

15. The decision of the Bureau of TennCare, as set forth in the Initial Order, is not supported by evidence that is both substantial and material in light of the entire record and is arbitrary or is characterized by abuse of discretion. Consequently, the decision must be reversed. Tenn. Code Ann. § 4-5-322(h)(4), (5).

**WHEREFORE, PREMISES CONSIDERED,** plaintiff Vivian Cross prays that:

1. She be allowed to file this Complaint *in forma pauperis* and that process issue on the Commissioner of the Department of Finance and Administration;

2. The Commissioner be directed to transmit to this Court the entire record of the proceedings under review as required by Tenn. Code Ann. § 4-5-322(b);

3. The Court allow her to present proof relative to the procedure before the agency as permitted by Tenn. Code Ann. § 4-5-322(g);

4. The Court, following a hearing, vacate the final order and the Initial Order of the Department and remand this matter for entry of an order approving the plaintiff's request for

EXHIBIT 17

Medicaid coverage for her nursing home stay or remand this matter for further proceedings;

5. Costs, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, be taxed to the defendant; and

6. She be granted general relief.


Respectfully submitted,

*David Kozlowski* 3873

DAVID KOZLOWSKI
Legal Aid Society of Middle
Tennessee and the Cumberlands
104 W. 7th St., P.O. Box 1256
Columbia, TN 38402-1256
(931) 381-5533

Attorney for Plaintiff
Vivian Cross

3

EXHIBIT 18

IN THE CHANCERY COURT FOR MAURY COUNTY, TENNESSEE

LORI ANNE JONES,                          )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )        No. 11-702
                                          )
KARLA DAVIS, Commissioner of the          )
Tennessee Department of Labor and         )
Workforce Development; and                )
SONS Of CONFEDERATE VETERANS,             )
                                          )
          Defendants.                     )

## ORDER OF DISMISSAL

In this action, plaintiff Lori Jones seeks judicial review of a decision of the Department of Labor which denied her claim for unemployment compensation. Defendants have filed their respective Answers and the Department has filed the administrative record.

However, the Court has now been advised that the plaintiff died on or about January 25, 2012. The Court has been further advised that no estate is expected to be opened for the plaintiff and no other individual has come forward seeking to be substituted as the plaintiff to pursue this action. Consequently, the parties agree that the claimant's claim is abated and that this action should be dismissed.

EXHIBIT 18

**IT IS THEREFORE ORDERED** that this cause be, and hereby is, dismissed.

Costs are taxed to the plaintiff's estate, should an estate be opened.

This the 29th day of May, 2012.

_____
CHANCELLOR

Agreed To:

_____
DAVID KOZLOWSKI
Legal Aid Society of Middle
Tennessee and the Cumberlands
104 West 7th St., P.O. Box 1256
Columbia, TN 38402-1256
(931) 381-5533

Attorney for Plaintiff
Lori Anne Jones


_____ (by permission DK)
LAURIE LEE DOTY
Legal Office
Employment Security Division
Tennessee Department of Labor
  and Workforce Development
220 French Landing Drive
Suite 3-B
Nashville, TN 37243
(615) 741-3170

Attorney for Defendant
Commissioner Karla Davis

CERTIFIED A TRUE COPY
CLERK / MASTER
DEPUTY C & M

*ENTERED*
Min. MAY 29 2012
384 Book Page 361

2

EXHIBIT 19

## IN THE CHANCERY COURT FOR WHITE COUNTY, TENNESSEE

JAMES H. JOHNSON,                                        )
                                                        )
                    Petitioner,                         )        Case No. 9949
                                                        )
                                                        )        **FILED**
COMMISSIONER, TENNESSEE DEPARTMENT                      )
OF LABOR & WORKFORCE DEVELOPMENT;                       )        DATE: _3/11/09_
and AQUA POOL CONSTRUCTION.                             )
                                                        )        TIME: _2:30 Pm_
                    Respondents.                        )
                                                        )        _Gena M Brock_
                                                                 GENA M. BROCK, CLERK & MASTE

## AGREED ORDER OF DISMISSAL

This cause came before the Court to be determined upon judicial review pursuant

to T.C.A.§ 50-7-304. It now appears to the Court and the Court finds that the parties have

mutually agreed as follows:

1.  That the Petitioner did not voluntarily leave his employment;

2.  That the Petitioner was not terminated prior to October 3, 2008;

3.  That the Petitioner requested and received leave from his employer for the dates

    of May 23, 2008 until September 19, 2008;

4.  That Petitioner had restricted his availability for work at the time he filed this

    claim for unemployment benefits and was not eligible for benefits under TCA §

    50-7-302;

5.  That, after returning to work September 19, 2008, the Petitioner need not secure

    work covered by an unemployment insurance law, and earn ten (10) times his

    weekly benefit amount to establish eligibility for a subsequent separation from

    employment; and

**Chancery Minute Book**
No. _28_    Pages _578-580_

EXHIBIT 19

6. That this Petition should be dismissed at costs to the Tennessee Department of Labor and Workforce Development and this appeal remanded to the Tennessee Department of Labor and Workforce Development for proceedings consistent with this Order.

SO ORDERED, this _____9ᵗʰ_____ day of _March_____, 2009

_Ronald Thurman_

CHANCELLOR RONALD THURMAN

APPROVED FOR ENTRY:

JAMES G. NEELEY, COMMISSIONER
TENN. DEPARTMENT OF LABOR AND
  WORKFORCE DEVELOPMENT

By: _Angela S. Bonovich_      _By William Bush with permission_
Angela S. Bonovich, BPR # 15388
Counsel to Commissioner
Legal Office
220 French Landing, 3B
Nashville, TN 37243

LEGAL AID SOCIETY OF MIDDLE TENNESSE
AND THE CUMBERLANDS

By: _____
William Bush, BPR #006052
Counsel to Petitioner
9 So. Jefferson Avenue, Suite 102
Cookeville, TN 38501

AQUA POOL CONSTRUCTION

By: _Jerry Manier_      _By William Bush with permission_
Jerry Manier, Owner-Employer
525 Roosevelt Dr.
Sparta, TN 38583

EXHIBIT 19

## CERTIFICATE OF SERVICE

I, Linda Reeder, Clerk and Master, Putnam County Chancery Court, certify that a true and correct copy of the foregoing Order was served by mailing same by first class mail, postage prepaid, to:

William Bush, Esq.
Legal Aid Society of Middle TN
9 S. Jefferson Ave., Ste. 102
Cookeville, TN 38501

and

Laurie Lea Doty, Esq.
Counsel to Commissioner
220 French Landing Drive, 3B
Nashville, TN 37243

and

Frederick J. Lewis, Esq. and Russell W. Jackson, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
International Place Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119

this 27 day of October, 2010.

*Linda F. Reeder by CAR D/C + master*
LINDA REEDER, CLERK AND MASTER
PUTNAM CO. CHANCERY COURT

EXHIBIT 20

## IN THE CHANCERY COURT FOR MACON COUNTY, TENNESSEE, AT LAFAYETTE

RICKY D. DUFFER,                                )

    PETITIONER,                             )

v.                                              )

JAMES G. NEELEY, COMMISSIONER,                  )
TENNESSEE DEPARTMENT OF LABOR                   )
AND WORKFORCE DEVELOPMENT, AND                  )
TEMPORARY ALTERNATIVES, INC.                    )

    RESPONDENTS.                            )

RECEIVED AND ENTERED
BOOK # ___  PAGE # ___
DATE 10-24-11
KRISTIN REID, Clerk & Master
_____
Deputy Clerk

Case No. 4686

---

## ORDER

---

    This case was before the Court on June 1, 2011, upon the Petition for Judicial Review filed be the Petitioner, Ricky D. Duffer. The Petitioner and Karla Davis, Commissioner, Tennessee Department of Labor & Workforce Development (hereinafter, "Department of Labor"), appeared through their counsel of record. Respondent Temporary Alternatives, Inc. (hereinafter, "TA Staffing") did not appear. Based upon the entire record herein, the Court finds as follows:

1.     This is a petition for judicial review of a final decision of the Department of Labor, which denied an application for unemployment insurance benefits filed by the Petitioner.

2.     Petitioner's petition for judicial review was filed with the Court on August 13, 2010.

3.     Both Respondents have been served with process.

EXHIBIT 20

4.   Counsel for the Commissioner filed the Department of Labor's Administrative Record on September 30, 2010.

5.   Respondent TA Staffing has failed to file an answer or otherwise make an appearance before this Court.

6.   The Petitioner began working for TA Staffing in May or June of 2008.

7.   On August 11, 2009, the Petitioner filed an application for unemployment benefits.

8.   On August 13, 2009 TA Staffing requested that Petitioner appear for a drug test.

9.   Petitioner testified that he was unable to appear for drug testing due to car trouble, and his testimony was supported by testimony offered by Petitioner's sister.

10.  The Court finds that the Petitioner's car was broken down and that Petitioner was not able to make it to the drug test requested by TA Staffing, and this evidence is clear and un-refuted.

11.  The Court finds that TA Staffing's only reason for requesting the drug test was to avoid having to pay Petitioner unemployment benefits.

12.  The only proof offered by TA Staffing at the hearing before the Appeals Tribunal in this matter was testimony of Sandra Huddleston. All of Ms. Huddleston's testimony was uncorroborated hearsay.

13.  Uncorroborated hearsay, standing alone, is insufficient to show workplace misconduct.

14.  TA Staffing failed to properly admit any written policy relating to drug testing into evidence.

15.  TA Staffing was required to file a certificate or other proof of their participation in Tennessee's Drug Free Workplace Program, and failed to do so.

EXHIBIT 20

16. In order to be disqualified for receipt of receiving unemployment benefits, the Respondents were required to show, at a minimum, a material breach of some duty to TA Staffing by Petitioner, as distinguished from society in general.

17. The record lacks substantial and material evidence to support a finding that the Petitioner breached a material duty to TA Staffing.

18. The final decision of the Department of Labor which found that Petitioner was terminated for workplace misconduct generally or under Tennessee's Drug Free Workplace Disqualification provisions is not supported by substantial and material evidence in the record.

19. At all relevant times, the Petitioner did not withdraw from the workforce and was available for employment.

It is thereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. The final decision of the Tennessee Department of Labor & Workforce Development denying Petitioner's application for unemployment benefits is reversed.

2. Petitioner is eligible for unemployment benefits from the date of his initial application for benefits on August 11, 2009 until his subsequent re-employment.

3. This matter is remanded to the Commissioner's Designee of the Tennessee Department of Labor & Workforce Development for the limited purpose of calculating the amount of Petitioner's benefits, and execution of a draft payable to "Ricky D. Duffer." The draft shall be forwarded to Steven J. Christopher, counsel for Petitioner, at his office, 650 North Water Avenue, Gallatin, TN 37066.

EXHIBIT 20

4.     The costs of this cause are assessed against TA Staffing, from which execution may

issue if needed.

ENTERED this the _21_ day of June, 2011.

_____
CHANCELLOR

Approved for entry,

ATTORNEYS FOR PETITIONER

_____
William Bush, BPR #006652
Legal Aid Society of Middle
Tennessee and the Cumberlands
9 So. Jefferson Avenue, Suite 102
Cookeville, Tennessee 38501
Telephone: (931) 528-7436

(by permission,

Steven J-Christopher)

_____
Steven J. Christopher, BPR #022728
Legal Aid Society of
Tennessee and the Cumberlands
650 North Water Avenue
Gallatin, Tennessee 37066
Phone: (615) 451-1880

## Certificate of Service

I do hereby certify that a copy of the foregoing will be forwarded by first class mail, postage prepaid, to Respondent TA Staffing, Inc., 1100 Kermit Drive, Nashville, Tennessee, 37217, and to Laurie Lea Doty, attorney for Respondent James G. Neely, Commissioner,

EXHIBIT 21

IN THE CHANCERY COURT FOR CUMBERLAND COUNTY, TENNESSEE

| | |
|---|---|
| REBEKAH K. FORD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 09-CH-225 |
| | ) |
| GINA LODGE, COMMISSIONER, | ) |
| TENNESSEE DEPARTMENT OF HUMAN | ) |
| SERVICES, | ) |
| | ) |
|     Respondent. | ) |

FILED

Date 12-29 2009 at CPM

Entered 12-29-09

SUE TOLLETT, CLERK & MASTER
Cumberland County, Crossville, TN

BY _____

ORDER

    This action was commenced by the filing of a Petition for Judicial Review from a decision of the Tennessee Department of Human Services ("DHS") that the Petitioner, Rebekah K. Ford, received more food stamps than she was entitled to and that this overpayment was caused by an "inadvertent household error" of failing to report receipt of Supplemental Security Income ("SSI"). Ms. Ford appealed to the DHS stating that she had accurately and timely reported receipt of the SSI income, but that the overpayment was caused by DHS's "administrative error" due to its failure to act upon that information. Because the Respondent's decision is not supported by substantial and material evidence, I reverse.

    Ms. Ford started receiving food stamps in August 2007. On September 7, 2007, she received a lump sum SSI payment in the amount of $4,473.00. She testified that she promptly reported

EXHIBIT 21

receipt of the SSI income to the DHS office in Crossville, Tennessee. When she received the check for payment of the SSI, she cashed it at the bank. Before she cashed her check, however, she testified that she had the bank make a copy of the check. She stated that she took the copy of the check to the DHS office immediately after leaving the bank, hand-delivered the copy of the check to the desk clerk at the front of the office, and gave instructions to make sure to give the document to her caseworker. She testified that this is what she was instructed to do by DHS personnel. She testified that she asked the receptionist to provide a written receipt for delivery of the check copy, but was informed that the office did not give such receipts.

In her Initial Order, the Hearing Officer found that Ms. Ford "presented no evidence" to prove that she had reported receipt of the check to DHS by October 13, 2007. The Hearing Officer relied upon the lack of notation in DHS records to find that Ms. Ford had not reported receipt of the check.

On appeal, the DHS Commissioner's Designee affirmed, finding that "there is no evidence that the Hearing Officer abused her discretion in giving more weight and credibility to the Department's official case record than the Appellant's self-serving testimony." The issue to be resolved in this judicial review is whether DHS's determination that Ms. Ford's receipt of

2

EXHIBIT 21

too many food stamps was caused by her inadvertent household error is supported by substantial and material evidence.

The Tennessee Administrative Procedures Act provides for judicial review for a person who is aggrieved by a final decision of the Department.  Tenn. Code Ann. § 4-5-322.  Once a Petition for Review is filed, the Court may reverse, remand, or modify the decision if:

> The rights of the Petitioner have been prejudiced because the administrative findings, inferences, conclusion or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) (A) Unsupported by evidence that is both substantial and material in light of the entire record.
>
> (B) In determining the substantiality of evidence, the Court shall take into account whatever in the record clearly detracts from its weight, that the Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 50-5-322(h).  Substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration."  *Southern Railway v. State Board of Equalization*, 682 S.W.2d.

3

EXHIBIT 21

196, 199 (Tenn. 1984). Findings of fact made by the agency may not be reviewed *de novo* by the courts, though the "substantial and material evidence standard" requires a searching and careful inquiry that subjects the agency's decision to close scrutiny. *Sanifill of Tennessee, Inc. v. Tennessee Solid Waste Disposal Control B.D.,* 907 S.W.2d. 807 (Tenn. 1995).

After careful review, this Court determines that the Respondent's decision is unsupported by evidence that is both substantial and material in light of the entire record. The Hearing Officer notes in her Initial Order that Ms. Ford testified that she timely delivered the proof concerning receiving the SSI check to DHS. This sworn testimony is undisputed.

The agency's Final Order infers failure to report solely from an absence in the Department's records of documentation concerning such report. DHS's witness acknowledged, however, that sometimes DHS personnel fail to record receipt of information into their records. The Hearing Officer's Initial Order made no finding concerning Ms. Ford's credibility in testifying that she timely reported her new SSI income. The Commissioner's Designee, who was not present at the hearing, cannot infer such a credibility determination from the mere fact that the Hearing Officer chose to accord greater weight to departmental recordkeeping than to Ms. Ford's sworn testimony.

4

EXHIBIT 21

The absence of documentation in DHS's records does not overcome Ms. Ford's sworn testimony that she timely reported receipt of the income to DHS.  The overpayment was a result of agency error and the Respondent's conclusion of inadvertent household error is unsupported by evidence that is both substantial and material in light of the entire record.

It is THEREFORE ORDERED, ADJUDGED, and DECREED as follows:

1.  The Final Order of the Respondent is reversed;

2.  The agency decision to characterize Ms. Ford's food stamp overpayment as inadvertent household error is also reversed;

3.  Respondent will reclassify the food stamp overpayment as an agency error; and

4.  The costs are taxed to the Respondent.

ENTERED this the 23rd day of December         , 20 09   .


_____
CHANCELLOR

EXHIBIT 21
# CERTIFICATE OF SERVICE
## BY CLERK AND MASTER

I, the undersigned, hereby certify that I have this day forwarded a true and exact copy of the foregoing **ORDER,** to all counsel and/or parties of record, by either hand delivery of a copy of same or by mailing same to their offices and/or last known addresses {as appear of record} by U.S. Mail, postage prepaid, to carry the same to its destination, as indicated, as follows:

Honorable William Bush
Legal Aid Society
9 South Jefferson Avenue
Suite 102
Cookeville, TN 38501

Honorable Nancy McLean
Assistant General Counsel
TN Dept. of Human Services
Citizens Plaza Building
400 Deaderick Street
Nashville, TN 37248

This 29th day of December, 2009.

_____
SUE TOLLETT, CLERK & MASTER

6

EXHIBIT 24

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 9, 2007 Session

## TRINA GREEN v. JAMES G. NEELEY, ET AL.

### Appeal from the Chancery Court for Maury County
No. 05-251     Stella L. Hargrove, Judge

---

### No. M2006-00481-COA-R3-CV - Filed on June 15, 2007

---

Claimant appeals the denial of her claim for unemployment benefits, arguing that the denial was not based on substantial and material evidence since the only proof of work-related misconduct offered by her former employer was hearsay. We reverse the judgment of the chancery court, finding that although the hearsay evidence was admissible, the testimony was uncorroborated due to the failure of the unemployment agency to maintain a proper record. Thus, we find that the former employer failed to present substantial and material evidence sufficient to support the denial of Claimant's unemployment benefits.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Renee Andrews-Turner and David Kozlowski, Murfreesboro, Tennessee, for the appellant, Trina Green.

Robert E. Cooper, Jr., Attorney General and Reporter; Lauren S. Lamberth, Assistant Attorney General, for the appellee, James G. Neeley.

### OPINION

This case concerns the termination of a state employee and the subsequent denial of her request for unemployment benefits. On December 5, 2002, the Middle Tennessee Juvenile Detention Center (Detention Center) employed Ms. Trina Green as a youth service worker. While Ms. Green was employed at the Detention Center, she was written up several times for various offenses. On November 4, 2004, the Detention Center terminated Ms. Green for allegedly violating company policy by leaving residents in her charge unattended.

EXHIBIT Z-3

IN THE CHANCERY COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ENTERED
MAY 0 9 2012

M.B.

Nellene Lipsey

vs.                                              Docket No. CH-12-0729-3

Commissioner Department of Labor and
Workforce Development and Premier
Building Maintenance, Inc.

---

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

---

This matter came on to be heard on May 4, 2012 upon the Plaintiff's Motion to be appointed counsel in this cause.

It appears to the Court that there is no right to appointed counsel in this matter and, as such, the Court hereby denies the Plaintiff's Motion for Appointment of counsel.

ALL OF WHICH IS ORDERED, ADJUDGED, AND DECREED.

_____
CHANCELLOR

9 May 2012
DATE

CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of this motion to all interested parties involved.

_____
DEPUTY CLERK

9 May 2012
DATE

I hereby certify that this is a true copy of the original instrument filed in my office

This 10 day of May, 20 12
DONNA L. RUSSELL, CLERK & MASTER

BY _____ D.C. & M.

EXHIBIT Z

# UNEMPLOYMENT LAW PROJECT

## DESCRIPTION

The Unemployment Law Project (ULP) is a Washington based not-for-profit legal services organization that represents, advises and advocates for unemployed workers whose benefits have been denied or challenged. Since 1984, ULP has assisted thousands of Washingtonians manage periods of financial insecurity by defending their rights to unemployment benefits as they search for new employment. With offices in Seattle and Spokane, ULP staff attorneys and volunteers represent and advise clients statewide, at every level of the legal process, educate the public and advocate for policies that support the economic security of Washington's workers, their families and their communities.

### Mission Statement

The Unemployment Law Project protects and promotes the economic health and vitality of Washington's families and communities by ensuring that unemployed workers have access to representation and advice in the legal processes associated with unemployment compensation.

## UNEMPLOYMENT LAW PROJECT PROGRAMS

First and foremost, we directly represent in administrative and court hearings people who are seeking unemployment benefits. The majority of these people are unemployed and low wage earners. When unemployed, they are often in danger of homelessness and of becoming "food insecure." Further, this housing and food insecurity impacts not only the individual but the individual's family members. People who are represented in hearings for benefits have a statistically far better chance of receiving benefits than those who are not represented, so we try to represent as many people as we can and our representation is always free.

Second, for those people we cannot represent due to our limited resources, we provide free consultations with attorneys who have conducted hundreds of unemployment hearings. This "helpline" telephone assistance is designed to inform the claimant for benefits of what to expect at the hearing, how to prepare for the hearing, and what to do after the hearing if there is a negative decision.

Third, for those we cannot directly represent or provide extensive free consultations, we provide as much information as we can. We provide written materials to people who need advice on very specific aspects of the benefits process, from doing an administrative appeal to doing court appeals. We have also designed our website to have as its main audience claimants for unemployment benefits. It provides extensive advice to claimants regarding the benefits process.

## RECENT SUCCESSES AND CURRENT CHALLENGES

We recently won a case for a single mother of three who had missed a good deal of work due to child care issues, dissolution proceedings, domestic violence proceedings, and other matters. Missing work in such circumstances was deemed to be "not misconduct" and she qualified for benefits. Helping such people is our primary mission, but we also work for change in the law. We have won appellate court decisions that have altered the law of employment security in our state. These changes help claimants get benefits and by extension are beneficial to the community, the economy, and society in general.

With record unemployment, the number of people applying for unemployment benefits has increased by more than sixty-percent. As a result, ULP has experienced a record number of claimant calls and a sharp increase in workload. Our Seattle office often receives upwards of sixty incoming phone calls per day from potential clients. Funding could be used for staffing, updating hardware and software, modernizing our phone system, or assuring we have operating expenses for continued benefits for our employees, communications links for our Internet and phones, and rent.

PROSE

EXHIBIT 8
# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:09-cv-02349-BBD-dkv

Featherson v. Memphis Area Legal Services et al
Assigned to: Judge Bernice B. Donald
Referred to: Magistrate Judge Diane K. Vescovo
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 06/04/2009
Date Terminated: 07/27/2009
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Anthony Featherson**

represented by **Anthony Featherson**
7321 Germanshire Ln
Memphis, TN 38125
901-273-6451
Fax: prose
PRO SE

V.

**Defendant**

**Memphis Area Legal Services**

**Defendant**

**Timothy Hughes**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2009 | 1 | PRO SE COMPLAINT against Memphis Area Legal Services, Timothy Hughes, filed by Anthony Featherson. (Attachments: # 1 Judicial assignment card)(jae) (Entered: 06/05/2009) |
| 06/04/2009 | 2 | PRO SE MOTION to Appoint Counsel and MOTION for Leave to Proceed in forma pauperis by Anthony Featherson. (jae) (Entered: 06/05/2009) |

2

EXHIBIT 8

| | | |
|---|---|---|
| 07/27/2009 | ⬤ 3 | ORDER DISMISSING CASE, Motions terminated: ORDER Denying 2 MOTION to Appoint Counsel; ORDER granting MOTION for Leave to Proceed in forma pauperis. Signed by Judge Bernice B. Donald on 7/27/09.(Donald, Bernice) (Entered: 07/27/2009) |
| 07/27/2009 | ⬤ 4 | JUDGMENT. Signed by Judge Bernice B. Donald on 7/27/09. (Donald, Bernice) (Entered: 07/27/2009) |
| 08/25/2009 | ⬤ 5 | NOTICE OF APPEAL as to 3 Order Dismissing Case 4 Judgment and MOTION for Leave to Appeal In Forma Pauperis by Anthony Featherson. (agj) (Entered: 08/25/2009) |
| 03/15/2010 | ⬤ 6 | ORDER of USCA as to 5 Notice of Appeal filed by Anthony Featherson (vjm) (Entered: 03/15/2010) |
| 04/02/2010 | ⬤ 7 | USCA Appeal Fees received $ 455 receipt number M123326 re 5 Notice of Appeal filed by Anthony Featherson (vjm) (Entered: 04/02/2010) |
| 11/18/2010 | ⬤ 8 | ORDER of USCA as to 5 Notice of Appeal filed by Anthony Featherson (vjm) (Entered: 11/18/2010) |
| 12/14/2010 | ⬤ 9 | MANDATE of USCA as to 5 Notice of Appeal filed by Anthony Featherson (vjm) (Entered: 12/16/2010) |

EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| ANTHONY FEATHERSON, | X | |
| | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 09-2349-BBD-dkv |
| | X | |
| MEMPHIS AREA LEGAL SERVICES, | X | |
| et al., | X | |
| | X | |
| Defendants. | X | |
| | X | |

---

ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION TO APPOINT COUNSEL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On June 4, 2009, Plaintiff Anthony Featherson, a resident of Memphis, Tennessee, filed a pro se complaint alleging race and color discrimination on the form used for commencing actions pursuant to Title VII of the Civil Rights Act of 1964, along with a motion to appoint counsel and for leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) On the basis of the information set forth in Plaintiff's affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Memphis Area Legal Services and Timothy Hughes.

EXHIBIT 8

I.  Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[1] The Court concludes that an appointment of counsel is not

---

[1]     The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would
(continued...)

2

EXHIBIT 8

warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel (D.E. 2) is DENIED.

## II.  Analysis of Plaintiff's Claims

Plaintiff alleges race and color discrimination when on May 28, 2009, Defendant Timothy Hughes, Plaintiff's wife's attorney, used a racial slur, specifically calling him a "sorry ass nigger" at juvenile court in the presence of Plaintiff's lawyer, wife, son, and stepdaughter. (D.E. 1 at 2, 4.)  Plaintiff seeks a public apology and five hundred thousand dollars ($500,000.00) in punitive damages. (Id. at 3.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(I)        is frivolous or malicious;

(ii)       fails to state a claim on which relief may be granted; or

(iii)      seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint contains no allegations of any action by Memphis Area Legal Services. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The Court DISMISSES

---

[1]     (...continued)
not take it if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

3

EXHIBIT 8

Plaintiff's claims against Memphis Area Legal Services for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff crosses out the language for "employment discrimination" in his complaint (D.E. 1 at 1), however he does not clearly indicate the legal basis for his asserted cause of action. Plaintiff's claim does not arise under Title VII because he has not alleged an employment relationship with Defendants.

To the extent Plaintiff is attempting to assert a claim against a private citizen for race discrimination, 42 U.S.C. § 1981 provides in pertinent part that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." See 42 U.S.C. § 1981; Newman v. Federal Exp. Corp., 266 F.3d 401, 406 (6th Cir. 2001); see also Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 867-68 (6th Cir. 2001) ("Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with both public and private actors.").

> Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship.

Domino's Pizza v. McDonald, 546 U.S. 470, 476 (2006). Though the comment allegedly made by Defendant Hughes may be considered

EXHIBIT 8

racially derogatory or defamatory, Plaintiff has not alleged any facts that would demonstrate that the comment impaired Plaintiff's right to enter into a contractual relationship or any right protected under 42 U.S.C. § 1981.

Plaintiff also cannot sue Defendant Hughes under 42 U.S.C. § 1983. "In order to be subject to suit under § 1983, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). Attorneys, whether court appointed or privately retained, do not act under color of state law for purposes of § 1983. Smith v. Hilltop Basic Res., Inc., 99 F. App'x 644, 646 (6th Cir. 2004); Harmon v. Hamilton County Court of Common Pleas, 83 F. App'x 766, 767 (6th Cir. 2003) ("Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation."); Otworth v. Vaderploeg, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); Catz v. Chalker, 142 F.3d 279, 289 (6th Cir. 1998); see Polk County v. Dodson, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying Polk County to retained criminal lawyers).

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

III.  Appeal Rights

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id.

6

EXHIBIT 8

at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on Defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint as frivolous and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 27th day of July, 2009.

s/Bernice B. Donald
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

EXHIBIT 8
# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

_Anthony Featherson_

_____

_____

(Name of plaintiff or plaintiffs)

v.                     CIVIL ACTION NO._____

_Memphis Area Legal Services_
_Timothy Hughes_

_____

(Name of defendant or defendants)

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for _RACE_ ~~employment~~ discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, _Anthony Featherson_
                    (name of plaintiff)

is a citizen of the United States and resides at _7321 Germanshire Lane_
                                                    (street address)

_Memphis_              _USA_              _TN_
(city)                (country)          (state)

_38125_                _(901) 273-6451_
(zip code)             (telephone number)

EXHIBIT 8

3. Defendant _Anthony Timothy Hughes_
(defendant's name)

lives at, or its business is located at _109 N. Main Street  Memphis TN 38103_
(street address)

4. Plaintiff sought employment from the defendant or was employed by the defendant at

_N/A_

(street address)

(city)                    (country)                    (state)                    (zip code)

5. Defendant discriminated against plaintiff in the manner indicated in paragraph 9 of this complaint on or about _28th_        _MAY_            _2009_
(day)                    (month)                    (year)

6. Defendant filed charges against the defendant with the Tennessee ~~Fair Employment Commission~~ _Bar Association_ charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about_____1_____ _June_    _2009_
(day)                    (month)                    (year)

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about_____
(day)                    (month)                    (year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by plaintiff on _____ _N/A_ _____. (Attach a copy of the notice to
(day)   (month)   (year)
this complaint.)

9. Because of plaintiff's  (1) ✓ race, (2) ✓ color, (3) ___ sex, (4) ___ religion, (5)___ national origin, defendant

(a) ____ failed to employ plaintiff.

(b) ____ terminated plaintiff's employment.

(c) ____ failed to promote plaintiff.

(d) ____ _issued a racial slur, specifically calling me "A sorry-ass nigger." I felt embarrassed and humiliated. This happened in the lobby of Shelby County Juvenile Court near the presence of my lawyer, my wife, and sone stepdaughter._

EXHIBIT 8

10. The circumstances under which defendant discriminated against plaintiff were as follows: _See paragraph 9, Above._

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

11. The acts set forth in paragraph 9 of this complaint

    (a) ____ are still being committed by defendant.

    (b) ____ are no longer being committed by defendant.

    (c) ✓ may still be being committed by defendant.

12. Please attach to this complaint a copy of the charges filed with the ~~Equal~~ _TN State BAR Association_ ~~Employment Opportunity Commission~~, which are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    (a) ____ Defendant be directed to employ plaintiff, or

    (b) ____ Defendant be directed to re-employ plaintiff, or

    (c) ____ Defendant be directed to promote plaintiff, or;

    (d) ✓ Defendant be directed to _issue a public apology and Aree that such conduct never occur again. Plus $500,000.00 in punitive damages._

and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_[signature]_

SIGNATURE OF PLAINTIFF

## MEMORANDUM OF COMPLAINT

EXHIBIT 8

Your Name: ☒ Mr. ☐ Mrs. ☐ Ms. ☐ Miss ☐ Other Anthony Featherson

Your Home Address: 7321 Germanshire Ln Memphis TN 38125
                                                      City              State      Zip

Email_____ Check box, if Incarcerated: ☐ Inmate ID#:_____

Your Home Phone: _____ Your Cell Phone (901) 273-6451 Your Work Phone:_____

Your Employer: _____ Social Security

Your Work Address: _____
                                            City              State      Zip

How do you prefer to receive correspondence? ☒ Home address ☐ Work Address

Name of Lawyer Timothy Hughes          Lawyer Phone (901) 526-6701

Address of Lawyer: 275 Jefferson Ave, Memphis        TN        38103
                                            City              State      Zip

The above lawyer is: ☐ My attorney ☒ Opposing attorney ☐ Other,
Explain Wife's Attorney

**DESCRIBE YOUR COMPLAINT IN DETAIL.** State exactly what the **lawyer** has done, or failed to do, which you believe is unethical. Use the back of this page or attach other pages if needed.

On May 28, 2009, Attorney Hughes displayed poor conduct at Juvenile court. When I walked in the building, my son and step-daughter ran and gave me a hug. Mr. Hughes pulled my wife, Latarcha, to the side, said something to her, and she then took the children to the other end of the hall. When she left, Mr. Hughes then approached me and said, "Sorry Ass Nigga." My lawyer saw him walk up to me. I feel that was very disrespectful and unprofessional.

NOTE: The filing of this complaint does not create an attorney-client relationship and the Board will not provide you any legal advice. The Board does not intervene in any on-going legal matter. The Board cannot require a lawyer to do, or not do, anything until a finding of misconduct is made. Due to our significant caseload, we can make no prediction when a determination may be made on your complaint. Filing a complaint with the Board will not preserve your legal rights and remedies. You should pursue independent legal advice and counsel concerning your legal matters. You may have limited time (statute of limitations) to file a legal malpractice lawsuit.

The information given in this complaint is true to the best of my knowledge and belief. I am aware that the lawyer may be notified of my complaint.

YOUR SIGNATURE: _____ Date: 6-1-09

MAIL TO:    Board of Professional Responsibility
                    1101 Kermit Drive, Suite 730
                    Nashville, TN 37217
FAX NO:    615-367-2480

PROSE

EXHIBIT 5

# U.S. District Court
# Western District of Tennessee (Memphis)
# CIVIL DOCKET FOR CASE #: 2:96-cv-02799-jt

Eggleston v. Memphis Area Legal
Assigned to: Jerome Turner
Demand: $9,999,000
Cause: 28:1983 Civil Rights

Date Filed: 08/02/1996
Date Terminated: 08/06/1996
Jury Demand: None
Nature of Suit: 440 Civil
Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**Jatis D. Eggleston**

represented by **Jatis D. Eggleston**
380 Driver #K
Memphis, TN 38126
Fax: prose
PRO SE

V.

## Defendant

**Memphis Area Legal
Services, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/1996 | 1 | COMPLAINT (WMW) (Entered: 08/05/1996) |
| 08/02/1996 | 2 | APPLICATION TO PROCEED IFP by plaintiff Jatis D. Eggleston (WMW) (Entered: 08/05/1996) |
| 08/06/1996 | 3 | ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDER OF DISMISAL... by Judge Jerome Turner re [2-1] terminating case ...certified that any appeal taken from this dismissal is not taken in good faith. (cc: all counsel) (EHG) (Entered: 08/07/1996) |
| 08/13/1996 | 4 | JUDGMENT by Judge Jerome Turner; this action is dismissed in accordance with the Order of Dismissal, docketed 8/7/96. Any appeal in this matter by pla, proceeding in forma |

2

EXHIBIT 5

pauperis, is not taken in good faith. (cc: all counsel) (Former Emp) (Entered: 08/14/1996)

EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JATIS D. EGGLESTON,

Plaintiff,

v.

MEMPHIS AREA LEGAL SERVICES,

Defendant.

Civ. Act. No.
96-2799-Tu/A

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
AND ORDER OF DISMISSAL

Plaintiff Jatis D. Eggleston, an inmate at the Shelby County
Jail in Memphis, Tennessee, filed a pro se complaint with an
application to proceed in forma pauperis under 28 U.S.C.
§ 1915(a).  On the basis of the application, leave to proceed in
forma pauperis is hereby GRANTED.  The Clerk is hereby ORDERED to
file the Complaint without payment of the filing fee.  Nonetheless,
because this Court lacks subject matter jurisdiction and the
complaint lacks any arguable basis in law and fails to state a
claim upon which relief can be granted, the complaint shall be
DISMISSED under Federal Rule of Civil Procedure 12(h)(3) and 28
U.S.C. § 1915(e)(2)(B)(i) and (ii) for the reasons stated below.
Neitzke v. Williams, 490 U.S. 319 (1989); see Denton v. Hernandez,
504 U.S. 25 (1992).

Plaintiff sues Memphis Area Legal Services for failing to
represent Plaintiff in a custody battle for her children.  The
allegations are unclear as to whether Memphis Legal Services
refused to represent Plaintiff or it represented Plaintiff and

is document entered on docket sheet in compliance with Rule 58 and/or
(a) FRCP on 8-7-96.

③

EXHIBIT 5

performed its job inadequately. Plaintiff alleges that Memphis Legal Services "is employed by the Government" and that "[j]urisdiction is based on Federal Jurisdiction."

Federal courts are courts of limited jurisdiction that is defined by the federal Constitution and statutes. US Const., art. III; see Celotex Corp. v. Edwards, 115 S. Ct. 1493, 1498 (1995); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978). Plaintiff has cited no federal statute giving this Court jurisdiction to hear this case, nor does this Court know of any.

Section 1983, 42 U.S.C., provides a cause of action only against state officials or those who are acting under the direction of the state or pursuant to state law. An individual's legal counsel is not a state actor under § 1983, even if the counsel is paid by the state. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (state public defender was not "acting under color of state law" when representing criminal defendant). Consequently, Plaintiff cannot bring any claim under § 1983 against Memphis Area Legal Services for failing to represent her.

Consequently, the Complaint lacks any arguable basis in law, and shall be **DISMISSED** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Denton v. Hernandez, 504 U.S. 25, 31 (1992), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

It is hereby **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a), that any appeal taken from this dismissal is not taken in good faith.

2

EXHIBIT 5

See Coppedge v. United States, 369 U.S. 438, 445 (1962) (An appeal is not taken in good faith if the issue presented is frivolous.); Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2nd Cir. 1983) (It would be inconsistent for a district court to determine that a complaint is not frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis). Plaintiff may not rely upon her application to this Court to bring any appeal in forma pauperis.

IT IS SO ORDERED this ___6th___ day of August, 1996.

_____
JEROME TURNER
United States District Judge

3

PROSE

EXHIBIT 12

# U.S. District Court
# Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:12-cv-02757-STA-dkv

Shipp v. U.S. Dept of Housing and Urban
Development et al
Assigned to: Judge S. Thomas Anderson
Referred to: Magistrate Judge Diane K. Vescovo
Cause: 28:2671 Federal Tort Claims Act

Date Filed: 09/04/2012
Jury Demand: Plaintiff
Nature of Suit: 190 Contract:
Other
Jurisdiction: Federal Question

## Plaintiff

**M. Stanley Shipp**          represented by **M. Stanley Shipp**
P. O. Box 41816
Memphis, TN 38174
901-523-0756
PRO SE

V.

## Defendant

**U.S. Dept of Housing and
Urban Development**

## Defendant

**Tennessee Human Rights
Commission**

## Defendant

**Wilshire Mortgage
Company**

## Defendant

**Deutsche Trust Bank**

## Defendant

**Memphis Area Legal
Services**

## Defendant

**United States Postal Services**

EXHIBIT 12

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2012 | 🌐 1 | PRO SE COMPLAINT Pursuant to the Federal Housing Act, 28 U.S.C. § 2671 filed by M. Stanley Shipp against All Defendants. (Attachments: # 1 Judicial Cards)(csf) (Entered: 09/05/2012) |
| 09/04/2012 | 🌐 2 | Pro Se MOTION for Leave to Proceed in forma pauperis by M. Stanley Shipp. (csf) (Entered: 09/05/2012) |
| 09/05/2012 | 🌐 3 | ORDER denying 2 Motion for Leave to Proceed in forma pauperis. Signed by Judge S. Thomas Anderson on 9/5/12. (Anderson, S.) (Entered: 09/05/2012) |
| 10/03/2012 | 🌐 4 | Amended (Motion) Application to Proceed in forma pauperis and Without Prepaying Fees or Cost. by M. Stanley Shipp. (csf) (Entered: 10/04/2012) |
| 10/11/2012 | 🌐 5 | ORDER granting 4 Motion for Leave to Proceed in forma pauperis. Signed by Judge S. Thomas Anderson on 10/11/12. (Anderson, S.) (Entered: 10/11/2012) |
| 10/12/2012 | 🌐 | CLERK'S REFERRAL TO STAFF ATTORNEY. Clerk's review of preliminary matters completed. (csf) (Entered: 10/12/2012) |

RECEIVED

EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF TENNESSEE

2012 SEP -4  PM 1:38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN  MEMPHIS

M. STANLEY SHIPP,

Plaintiff,

V.

U.S. DEPT OF HOUSING AND URBAN DEVELOPMENT,
TENNESSEE HUMAN RIGHTS COMMISION,
WILSHIRE MORTGAGE COMPANY,
DEUTSCHE TRUST BANK,
MEMPHIS AREA LEGAL SERVICES,
UNITED STATES POSTAL SERVICES

Defendant(s),

---

## CONSOLIDATED COMPLAINT INVALID WRONGFUL FORECLOSURE, FRAUD AND CONVERSION:

---

Comes now, the Plaintiff, M. Stanley Shipp, and files this Complaint against the Defendants, and respectfully states unto the Court the following:

1. That the Plaintiff is a resident citizen of Memphis, Shelby County, Tennessee.

2. That the Defendants, collectively styled above, are the proper party Pursuant to: the Federal Housing Act. And the Federal Tort Claim Act.

EXHIBIT 12

3. That the Acts and omissions complained herein occurred in Memphis, Shelby County, Tennessee. That jurisdiction and venue are proper in this Court.

4. That this Complaint and cause of action is based upon the acts of the Defendant's employees which occurred on or about April 2003 and continued until around August 30, 2012.

5. That Plaintiff initiated contact with Memphis Area Legal Services. Plaintiff presented evidence to MALS that showed he had made numerous telephone calls to Wilshire Mortgage Company over a period of time without reaching any person(s) listed. Plaintiff alleges that all telephone numbers called resulted in an endless continuation of options to choose. Plaintiff asserts that this circular automated telephone answering routine was verified by MALS employee, who then agreed to follow up.

6. That Gloria Fuche, was an employee of Memphis Area Legal Services, who was assigned to follow up with Plaintiff's case. The said employee's action was within the scope of her employment at the time of the acts and omissions alleged in this Complaint.

7. That MALS employee(s) failed to follow up with contacts to Wilshire Mortgage and allowed the foreclosure to proceed without contact.

8. That Gloria Fuche's employer and her supervisor(s) knew or should have known that her conclusions were based upon hearsay and omissions

9. That MALS could have and should have prevented an invalid foreclosure of Plaintiff Thirty (30) year mortgage (1975) with Wilshire Mortgage, which had been paid through a 27 & 1/2 year. Period.

10. That Plaintiff relied upon MALS to handle a simple dispute. MALS failed to follow up the dispute which originated over choices of home insurance underwriters premiums. .

11. That Plaintiff alleges that Wilshire Mortgage Corp. and Deutsche Bank made an invalid wrongful foreclosure of his residential real estate on Raines Rd. Memphis, Shelby County, Tennessee on or about May 1, 2003.

-2-

EXHIBIT 12

12. That MALS failed to notify plaintiff of his legal options prior to foreclosure proceeding, and after the foreclosure proceedings.

13. That MALS Negligence and Fraud cause irrevocable damage to Plaintiff.

14. That Plaintiff was rendered homeless by the foreclosure for two years. At the age of 65; he was eligible for a HUD ASSISTED senior citizen apartment complex. He located an affordable senior citizen apartment, which he learned, after moving into it, was in violation of HUD minimum standards.

15. That on or around that time Plaintiff submitted a Housing Complaint to HUD.

16. That James Conley is employed by HUD Knoxville, Tennessee Office.

17. That Plaintiff concurrently filed, Pro Se, a Chancery Court Complaint against the management of his HUD Assisted apartment complex.

18. Around 2008 Chancellor of Shelby County Tennessee Chancery Court referred plaintiff to MALS for legal assistance.

19. Plaintiff asserts deliberate fraud was committed by MALS. Plaintiff's Complaint in Chancery Court was converted to a generalized Performa filing of a HUD/TENNESSEE HUMAN RIGHTS COMMISSION COMPLAINT for racial discrimination without plaintiff's opportunity to participate or authorize.

20. MALS Attorney Craig Carmean was assigned to this case. He materially misstated plaintiff's complaints and repeatedly refused to amend when requested.

21. That on or around August 30, 2010 plaintiff recieved a notice "Termination of Tenancy" of his apartment lease, dated August 16, 2010, along with an order to vacate his apartment September 30, 2010.

-3-

EXHIBIT 12

22. That MALS failed to provide Plaintiff consultation regarding notice "Termination of Tenancy" and demand to vacate. MALS failed to act or protect plaintiff rights in this instance.

23. That also on or around September 30, 2010 MALS Attorney forwarded a notice, from HUD -THRC, of "Determination No Reasonable Cause for Discrimination", post marked August 30, 2010 and which was recieved by Plaintiff - Complainant on or around September 4, 2010.

24. That MALS arbitrarily and prematurely closed Plaintiffs HUD Complaint. Plaintiff was then denied consultation with MALS regarding his legal rights of redress, including request for reconsideration of the HUD determination of "no reasonable cause,." which could have been requested by sending a letter to the Director of the Office of Enforcement, FHEO, 451 7th Street, SW, Room 5214, Washington, DC 20410. MALS Failed to present to Plaintiff any other process of review or legal redress.

25. That MALS attorney who had been assigned to process the HUD complaint refused to meet with Plaintiff as requested. MALS attorney closed plaintiff's HUD/THRC Complaint case and is allege to have accepted employment with HUD.

26. That MALS executive director refused to provide follow up consultation and to engage in any action on plaintiff behalf regarding redress of HUD determination of "no reasonable cause," or discussion of other legal options.

27. After which MALS agreed to later represent Plaintiff who had at this point been converted to an FED Defendant in the Shelby County General Sessions Court of Tennessee in retaliation for filing the HUD Complaint. MALS refusals, conversion and failure to timely act rendered Plaintiff into a Defendant in an FED continuing through out this year 2012.

28. MALS neglected to provide affirmative legal actions, and fraudulently misstated a HUD Complaint. Their negligence, in this instance, caused an erroneous finding by THE TENNESSEE HUMAN RIGHTS COMISSION (THRC) for a "No Reasonable Cause Determination," which was forwarded to plaintiff Post Office Box address after August 30, 2010.

-4-

EXHIBIT 12

29. That MALS later failed in three (3) other instances to represent Plaintiff in Legal actions to compensate for his residential foreclosure and subsequent losses as a consequence thereafter.

30. That the U.S. Post Office Mallory Station 193 Winchester road Memphis, Tennessee 38109 failed to deliver and or forward Plaintiffs residential and business mail between the time period February 2003 and thereafter in perpetuity.

31. That the Plaintiff made numerous inquiries and requests to the Post Office regarding mail delivery.

32. That the postal service failed to deliver mail regarding his mortgage with Wilshire Mortgage Company during the essential required time period in which plaintiff was engaged in clarifications of the allege current debt.

33. That U. S. POSTAL SERVICE  One North Front Street, Memphis Tennessee 38103 : Post Master, Butch Parker was inform that plaintiff's residential mail was not being delivered or forwarded to his Business address on Elvis Presley Blvd Memphis, TN around October 9, 2001.

34. That Plaintiff had previously submitted at least three (3) "Postal Change of Address Cards" to the Mallory Station or around March 2001.

35. That the current postal carrier for Plaintiff Business Address lived about two blocks away. He appears to be a known drug addict who had just recently returns to plaintiff's mail delivery route where he was observed to be present through the day.  U.S. Postal Service Failed to Investigate Plaintiff Complaint for Non Delivery of mail and Retaliation.

36.   That the U.S. Postal Service Contributed to the Invalid Foreclosure of Plaintiff residential property

37.  Plaintiff asserts that the U.S. Postal Service is Liable in the Foreclosure of his home.

38.. That .UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, accepted a material misstated housing complaint from MEMPHIS AREA LEGAL SERVICES AND SUBORDINATED THE FRAUDULENT

-5-

EXHIBIT 12

COMPLAINT, TO THE TENNESSEE HUMAN RIGHTS COMMISSION. PLAINTIFF
BRINGS THIS COMPLAINT Pursuant to THE FAIR HOUSING ACT AND HUD'S
TITLE III COMPLAINT PROCESS.

39). That TENNESSEE HUMAN RIGHTS COMMISSION ACCEPTED A REFERAL
FOR A MATERIAL MISSTATED Racial Discrimination And Disability
Discrimination Complaint from MALS Attorney Craig Carmean. The
Complaint was arbitrarily compiled and not authorize by Plaintiff. Plaintiff
Appealed to MALS to Correct & Amend complaint and venue. MALS
refused and continued to proceed with the erroneous complaint as stated. On,
or around August 30, 2010, MALS forwarded to the plaintiff a "Notice of
No Cause for Discrimination" from the Tennessee Human Rights
Commission.

### Summary

The defendants in this Consolidated Complaint are presented as contributors
in liability, as both jointly and singular; their respective liabilities are listed
herein.

40). U. S. POSTAL SERVICE: Abuse of Process, Suspension of Mail
Service, Removal of Mail Box CONTRIBUTED TO INVALID
FORECLOSURE OF PLAINTIFF'S RESIDENCE on Raines Roads
Memphis, Tennessee Pursuant to Tort law....Abuse or Discretion  and
Malicious Prosecution Pursuant to Federal Tort Law.
 Violated Rights of Plaintiff to Send and Receive U.S. Mail Services.
Removed Mail Box, Refused to Deliver Mail to Home Address 517 E.
Raines Rd, ,  Refused to Forward Mail to Business address and to Post
Office Box,  ABUSE OF PROCESS
Refused to Forward Business mail of 1381 Elvis Presley, Returned mail for
the period 2001 to August 30, 2012. MALICIOUS PROSECUTION CASE:
Malicious Prosecution: Watkins, the postal carrier, Swindle, the postal
investigator for Watkins, A Grand jury Finding of: "no true bill" postal
investigator retired (Investigator Fraud). Plaintiff prevails in local court (all
omission and acts occurred during the same period of time 2001 - 2004).
The U.S. Postal Service is complicit and liable in the Invalid Foreclosure
and Fraud

41).WILSHIRE MORTGAGE COMPANY AND DEUTCHE BANK:
INVALID FORECLOSURE 517 EAST RAINES ROAD MEMPHIS, TN
Pursuant to: any other legal process and/or administrative review that MALS
is not barred  Because Plaintiff  had medical disabilities and unforeseen

-6-

EXHIBIT 12

financial losses caused by foreclosure, his only alternative was to continue to mitigate his losses from and through MALS.; whom had failed to provide timely legal advisement to plaintiff. Plaintiff now understands that one federal law governing V.A. foreclosures when fraud is allege is the

Real Estate Settlement Procedures Act (RESPA), of which MALS did not inform him Wilshire Mortgage Company And Deutsche Bank Foreclosure was achieved by Fraud. This was compound as a result of MALS Fraud.

42) MEMPHIS AREAL LEGAL SERVICES: Multiple counts. NEGLEENCE, FAILUURE TO PROTECT CLIENT RIGHTS, FRAUD , CONVERSION AND COVER UP. MEMPHIS AREA LEGAL SERVICE FAILURES TO ACT WAS THE PRIMARY CONTRIBUTOR TO INVALID FORECLOSURE IN THE FIRST INSTANCE..

43).UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. ACCEPTANCE OF A MATERIAL MISSTATED HOUSING COMPLAINT FROM MEMPHIS AREA LEGAL SERVICES AND SUBORDINATED THE FRAUDULENT COMPLAINT TO THE TENNESSEE HUMAN RIGHTS COMMISSION Prior to Plaintiff having an opportunity to view, review or authorize: PLAINTIFF BRINGS THIS COMPLAINT Pursuant to THE FAIR HOUSING ACT AND HUD'S TITLE III COMPLAINT PROCESS.

44) TENNESSEE HUMAN RIGHTS COMMISSION ACCEPTED A REFERAL FOR A MISSTATED Racial Discrimination And Disability Discrimination Complaint from MALS Attorney Craig Carmean. The Complaint was arbitrary and not authorize by Plaintiff. Plaintiff Appealed to MALS to Correct & Amend complaint and venue. MALS refused and continued to proceed with the erroneous complaint as stated. On August 30, 2010 MALS forwarded to the plaintiff a "Notice of No Cause for Discrimination" from the Tennessee Human Rights Commission.

45) That Defendants employees initiated and committed these acts or omission described in this complaint

46) That as a results Plaintiff Suffer great humiliation and embarrassment as well as mental anguish.

47) That as further results of Defendant's acts and omissions, the plaintiff incurred a loss of income and business profits and the value and quiet enjoyment of his home.          -7-

EXHIBIT 12

48.) In addition the plaintiff has incurred legal fees and expenses in order to defend against the above-mention-complaints.

WHEREFORE, PREMISES CONSIDERED, The Plaintiff prays that process issue to the Defendant(s) in the manner prescribed by law, commanding Defendant(s) to appear and plead to this complaint; for judgment against the Defendant(s) for compensatory damages in the amount of $750,000.00 and punitive damages; plus reasonable interest and all cost herein; that this matter be tried by jury; and other relief deemed just and proper.

Respectfully submitted,

**M. STANLEY SHIPP,**
**Plaintiff**
**VISION DISABILITY**
**(LARGE PRINT)**

**PRO SE ATTORNEY**
**256 Camilla St B704**
**Memphis, TN. 38104**
**(901) 523 0756**

By: _M. Stanley Shipp_

-8-

# FACE SHEET

Ashton Place Rehab & Health Center    EXHIBIT 12

2/26/08 11:33 AM
RI6100A

NkyShipp

| | | | |
|---|---|---|---|
| Shipp | Res No.: 99356 | Admit Date: 2/08/08 2:00 pm | Admitted From: 02 |
| ..o6 S. Camilla St. B704 | Loc: C 271 2 | ReAdmitted: | Readmitted From: |
| P.O. Box 41816 | Ph: | Discharged: | Discharged To: |
| Memphis, TN 38174 | Sex: M | D.O.B.: 4/14/1940 | SSN: |

## MEDICAL INFORMATION

| | | |
|---|---|---|
| ed Record no: 99356 | Allergies: NKA | Admit Dx: |
| eight: 72 in. | | V43.64 Joint Replaced Hi |
| dmit Weight: lbs. | | Current Dx: |
| rimary Phys: Chin, Frank | | V43.64 Joint Replaced Hip |
| Ph: (901) 377-9352 | | 715.90 Osteoarthros Nos-Unspec |
| ternate Phys: | | 366.8 Cataract Nec |
| Ph: | | |
| eferring Phys: Chin, Frank | | |
| Ph: (901) 377-9352 | | |
| L Hospital stay: Baptist East | | |
| rom/Thru: 2/04/08 thru 2/08/08 | | |
| ehab Potential: | | |

dmitted with:  ☐ Catheter present  ☐ Contractures  ☐ Restraint Orders  ☐ Pressure Sores (other than Stage I)

☐ Received pneumococcal vaccine   ☐ Received influenza immunization   ☐ In facility

| DEMOGRAPHICS | SERVICE PROVIDERS and PREFERENCES |
|---|---|

**DEMOGRAPHICS**

Marital Status: Never married  County: Shelby
Race: BLACK  Primary Lang: English
Religion:  Birthplace:
Occupation: SOCIAL WORK/BUISNES
☑ U.S. Citizen  ☐ Military Srv.

**SERVICE PROVIDERS and PREFERENCES**

| | | |
|---|---|---|
| Pharmacy | Pharamerica | (901) 388-4519 |
| Lab | Memphis Clinical Lab | (901) 346-1633 |
| Optometrist | Diagnostic Eyecare | (901) 766-6742 |
| Podiatrist | Poplar Podiatry | (901) 681-9141 |
| Dentist | Mobile Dental Care | (901) 754-7784 |

## BILLING INFORMATION

A/R Type: MCA  CMG: RUL  Resources:
edicare #: 408666259A  Ancillary A/R Type: MCB
edicaid #: N  Ancillary Co-Ins A/R Type: PXB
ns 1:
ol:  Grp:
ns 2:
ol:  Grp:
ecurring Room Chg:
☑ Adv Bill  ☐ Resident is Self Responsible
rustFund: ☑ Apply Interest  ☑ Max Balance Reminder

Part D Plan:
Effective:  RxBIN:  RxPCN:
Cardholder ID:
Group No:  Issuer:

| RESPONSIBLE PARTY | SECOND CONTACT | THIRD CONTACT |
|---|---|---|
| Moses Shipp | Faye Payne | |
| 3030 Walnut Grove Rd. | 3030 Walnut Grove Rd. | |
| Memphis TN 38111 | Memphis TN 38111 | |
| | | |
| Relationship: SELF | Relationship: Sister | Relationship: |
| Phone: (Day) (901) 458-1146 | Phone: (Day) (901) 380-2726 | Phone: (Day) |
| (Eve) | (Eve) | (Eve) |
| (Cell) | (Cell) | (Cell) |

## ADDITIONAL INFORMATION