RECEIVED

AUG 1 3 2013

DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Appeal No. 13-5921

SHERYL TAYLOR

Plaintiff-Appellant,

v.

Karla Davis, Commissioner of the TN Dept. of Labor and Workforce Development
Jacob Lew or Timothy Geithner, Secretary for the Department of the Treasury
Hilda Solis, Secretary for the Department of Labor

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Tennessee, Western District in 11-cv-3087
Judge S. Thomas Anderson

## APPELLANT'S BRIEF

Sheryl Taylor
PO Box 897
Memphis, TN 38101

Total pages for Table of Authorities: 3
Total pages for brief: 30

RECEIVED

AUG 1 3 2013

DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Appeal No. 13-5921

SHERYL TAYLOR

Plaintiff-Appellant,

v.

Karla Davis, Commissioner of the TN Dept. of Labor and Workforce Development
Jacob Lew or Timothy Geithner, Secretary for the Department of the Treasury
Hilda Solis, Secretary for the Department of Labor

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Tennessee, Western District in 11-cv-3087
Judge S. Thomas Anderson

## APPELLANT'S REQUEST OR PERMISSION FOR ORAL ARGUMENT

Sheryl Taylor
PO Box 897
Memphis, TN 38101

# TABLE OF AUTHORITIES

**Statutes and Regulations:**

28 U.S.C. § 1331

**Cases:**

Armstrong v. Neel,
    725 S.W. 2d 953 (TN Ct. App. 1986) 614 (1974)............1, 17, 18, 22

Branning v. Minact, Inc., 12-cv-02070-SHM
    Before the U.S. District Court for the Western District of TN..... 6, 7, 8

Christian v. New York, 414 U.S. 614 (1974)..........1, 19, 22

Conner v. Michael McGill, Commissioner for the Tennessee Department of Labor
and Workforce Development, Docket No. CH-00-2445-1;
    before the Shelby County Chancery Court in Memphis, TN............29

Darden v. Billy Stokes, Commissioner for the Tennessee Department of Labor and
Workforce Development, Docket No. 95-417-III;
    before the Shelby County Chancery Court in Memphis, TN............29

Dred Scott v. Sandford,
    60 U.S. 393 (1857).......................................................30

Dulaney v. Karla Davis, Commissioner of the Tennessee Department of Labor and
Workforce Development and Federal Express, Docket No. CH-11-1193;
    before the Shelby County Chancery Court in Memphis TN...........27, 30

Fogg v. Gonzales, 94-cv-02814,
    United States District Court for the District of Columbia.........1, 6, 8

Gore v. MLGW and the Tennessee Department of Labor and Workforce
Development, Docket No. 08-1101-I;
    before the Shelby County Chancery Court.........................29, 30

Hagy v. Tennessee Department of Labor and Workforce Development, Docket No.
CH-02-1743-I;
    before a TN state court...............................................30

2

High v. P.D.Q. Disposal and the Tennessee Department of Labor and Workforce Development, Docket No. M1999-02310-COA-R3-CV;
    before a TN state court...................................................29

Lipsey v. Karla Davis, Commissioner of Labor and Workforce Development and Premier Building Maintenance, Inc., Docket No. CH-12-0729-3;
    before the Shelby County Chancery Court in Memphis, TN.........28, 30

Millen v. TN Dept of Labor and Workforce Development Docket No,
    CH-05-0665-2 before a TN state court...............................30

Moore (federal employee) v. James Neeley, Commissioner for the Tennessee Department of Labor and Workforce Development, Docket No. CH-05-1438-3,
    before the Shelby County Chancery Court in Memphis, TN..........29

Okonkwo v. Tennessee Eastman Co. and the Tennessee Department of Labor and Workforce Development, Docket No. 86-5678;
    before a state court in TN............................................30

Parrish v. Michael Astrue, Comm. of Soc. Security, 10-cv-1107;
    Before the U.S. District Court for the Western District of TN...........6, 7, 8

Powers v. James Neeley, Commissioner, TN Dept. of Labor and Workforce Development CH-02-1797-3;
    before the Shelby County Chancery Court...............................25

Powers (state employee) v. NWA and the Tennessee Department of Labor and Workforce Development, Docket No. 05 cv 2468;
    before the Shelby County Chancery Court in Memphis, TN.............30

Ruff v. Tennessee Department of Labor and Workforce Development, Docket No. CH-04-1206-I;
    before a state court in TN............................................29

Sanders v. Russell,
    401 F.2d 241, 12Fed.R. Serv.2d 1395 (5th Cir.).......................2, 15

Shaw v. Potter, 06-cv-2593,
    U.S. District Court for the Western District of TN.....................5

Shaw v. Potter, 06-cv-2897,
    U.S. District Court for the Western District of TN.....................5

Shaw v. Potter, 07-cv-2617,
    U.S. District Court for the Western District of TN.....................5

Shaw v. Potter, 07-cv-2856,
    U.S. District Court for the Western District of TN.....................5

Sims v. Robert E. Rubin, Secretary of the Treasury and National Treasury
Employees Union, 95-cv-02483;
    U.S. District Court for the Western District of TN.....................6

Tate v. Potter, 07-cv-2595,
    U.S. District Court for the Western District of TN.....................5

United States v. Windsor
    S.Ct., 2013 WL3196928 (2013).........................................2, 12

Weaver v. Wallace,
    565 S.W. 2d 867, 870 (TN 1978)...................................1, 17, 18, 22

Williams v. Tennessee Department of Labor and Workforce Development, Docket
No. E1999-01528-COA-R3-CV;
    before a state court in TN..........................................29

RECEIVED

AUG 1 3 2013

DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SHERYL TAYLOR | ) |
| Appellant | ) |
| v. | ) APPEAL NO. 13-5921 |
| | ) |
| KARLA DAVIS, COMMISSIONER | ) |
| FOR THE TN DEPT OF LABOR AND | ) |
| WORKFORCE DEVELOPMENT, et.al. | ) |
| Appellee | ) |

---

## APPELLANT'S BRIEF

### STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

This Court has jurisdiction to review the order of the District Court.

### STATEMENT OF ISSUES

1. Whether Congress intended federal employees in the state of TN have a right

   and an entitlement to counsel when seeking relief for an administrative and civil

   action for Unemployment Compensation for Federal Employees (UCFE).

2. Whether the Appellant is entitled to counsel as case law of Fogg v. Gonzales,

   94-cv-02814.

3. Whether the Appellant is entitled to counsel as probationary federal employees

   in Christian v. New York Department of Labor 414 U.S. 614 (1974).

4. Whether the Appellant is entitled to counsel as Weaver v. Wallace, 565 S.W. 2d

   867, 870 (TN 1978) and Armstrong v. Neel, 725 S.W. 2d 953 (TN Ct. App.

2

1986) 614 (1974).

5. Whether the Appellant is entitled to federal funds and have a right to federal funds based on the landmark decision of the U.S. Supreme Court in <u>United States v. Windsor  S.Ct., 2013 WL3196928 (2013),</u>

6. Whether Congress intended the equal appropriation of federal funds to federal employees to secure counsel when seeking relief for a denial of UCFE.

7. Whether Congress intended federal funds are the exclusive and sole property of federal employers and state employers for civil actions involving UCFE but not federal plaintiffs/appellants.

8. Whether Congress intended the TN Dept. of Labor & Workforce Development (TDLWD), the U.S. Dept. of Labor & the Dept. of Treasury have a duty to appoint or assign counsel to the Appellant due to the fact, the defendants/ appellees have secured counsel with federal funds but the Appellant was restricted and prohibited from securing counsel.

9. Whether the Appellant is entitled to counsel of her choice based on the Fifth Cir. Ct. of Appeals in <u>Sanders v. Russell</u>, 401 F.2d 241, 12 Fed.R.Serv.2d 1395.

10. Whether Congress intended federal courts in Southern states have an obligation to have a Civil Pro Bono Panel.

3

## SUMMARY OF ARGUMENT

UCFE cases are complex cases and warrant an appointment of counsel. Congress intended that federal courts in Southern states would appoint counsel to federal employees and members of a protected class when seeking relief for UCFE and unemployment compensation. **The Appellant is entitled to counsel and she has a right to counsel. The Appellant is entitled to federal funds to secure counsel. The Appellant has a right to federal funds to secure counsel as the defendants/appellees. There is no federal law that gives the defendants/ appellees the exclusive and sole rights to the property of federal funds.**

## ARGUMENT

The Appellant respectfully files this brief to the Court. The Appellant is without counsel. There is a prejudice toward the Appellant for a lack of counsel. The Appellant is unemployed through no fault of the Appellant. The Appellant was approved for Family Medical Leave based on the Family Medical Leave Act (FMLA). The Appellant does not have the mental capacity to litigate an appeal without counsel. The Appellant needs counsel due to medical issues.

The Appellant has filed an appeal for the Court to review based on a case of first impression and a general public interest claim. Many federal employees of a protected class in TN are being denied Unemployment Compensation for Federal Employees (UCFE) in an arbitrary and capricious way. Many members of a

4

protected class have medical issues when seeking relief for a denial of UCFE but they are still denied counsel by the District Court and by the appellees.

The appellees took an oath to uphold the Constitution of the United States. The appellees have obstructed justice and impeded the judicial process. The appellees are not serving the community in the way the public intended.

The interference and actions of the appellees have comprised the integrity of the judicial system. The denial of counsel and the denial of federal funds by the District Court are not equal justice under the law. Also, the appellees denying counsel and denying plainitifffs/appellants access to federal funds to secure counsel are not equal justice under the law. There is hypocrisy by the appellees due to the fact, the appellees have secured counsel with federal funds.

On December 13, 2011, the Appellant filed the complaint. On December 15, 2011, the District Court denied the motion for leave to proceed informa pauperis. (Doc. 4.) The Appellant objected to the denial of leave to proceed informa pauperis. (Doc. 10.) The appellees interfered with the decision of the District Court to grant informa pauperis. However, the District Court has granted motion for leave to proceed informa pauperis for plaintiffs that are employed and unemployed. For example, Sherry Shaw is an employee with the U.S. Postal Service. She has a monthly income of $1,896.38. Sherry Shaw was granted

5

informa pauperis for civil actions Sherry Shaw v. John E. Potter, U.S. Postmaster

General, 06-cv-2897, Sherry Shaw v. John E. Potter, U.S. Postmaster General, 07-

cv-02617, Sherry Shaw v. John E. Potter, U.S. Postmaster General, 06-cv-2593,

and Sherry Shaw v. John E. Potter, U.S. Postmaster General, 07-cv-2856. Sherry

Shaw advised the District Court the lawyers in Memphis, TN declined to represent

her even though she is a current employee with the U.S. Postal Service. Sherry

Shaw denied counsel on January 8, 2007 by Judge Bernice Donald; August 3, 2007

by Judge Daniel Breen, October 9, 2007 by U.S. Mag. Judge Tu Pham and January

14, 2008 by Judge Bernice Donald. Sherry Shaw is a member of a protected class.

Michael Tate was granted informa pauperis. The employment of Michael Tate

was terminated and he did not show any income on his affidavit in support of

motion for an appointment of counsel. Michael Tate was granted informa pauperis

by the District Court. Michael Tate was seeking relief based on Title VII for civil

action Michael Tate v. John E. Potter, U.S. Postmaster General, 07-cv-2595.

Michael Tate advised the Court the lawyers in Memphis, TN declined

representation and will not take cases against federal agencies. Michael Tate

denied counsel on November 15, 2007 by Judge Jon Phipps McCalla.  On May 14,

2009 Judge Jon Phipps McCalla dismissed the civil action of Michael Tate in favor

of the U.S. Postal Service. Michael Tate is a member of a protected class.

6

Jean Sims v. Robert E. Rubin, Secretary of the Treasury and National Treasury

Employees Union, 95-cv-02483, was granted informa pauperis even though she is

an employee with the Department of Treasury. The employment of Jeans Sims was

not terminated. Jeans Sims was granted informa pauperis on June 21, 1995 by U.S.

Magistrate Judge Diane K. Vescovo. On June 21, 1995, Jeans Sims filed a motion

for an appointment of counsel. On August 8, 1995, U.S. Magistrate Judge Vescovo

denied the motion for an appointment of counsel. On September 14, 1995, Jean

Sims filed a motion for an appointment of counsel. On September 22, 1995, U.S.

Magistrate Judge Vescovo denied the motion for an appointment of counsel. The

Title VII civil action of Jean Sims was dismissed on March 25, 1996 in favor of the

federal employer and judgment was entered on March 27, 1996. The Appellant has

included exhibits of Sherry Shaw, Michael Tate and Jean Sims which were before

the District Court. (Exh. 100, 200, 300, I, X & Doc. 47-1.)

On April 17, 2013, the Appellant filed a motion for the District Court to refund

the filing fee based on the case law of Treva Parrish v. Michael Astrue, Comm. of

Soc. Security, 10-cv-1107, Peggy Branning v. Minact, Inc., 12-cv-02070-SHM

and Fogg v. Gonzales, 94-cv-02814. (Doc. 120.) The District Court did not refund

the filing fee to the Appellant and denied the motion. (Doc. 123.)

The District Court granted an order for a refunding of a filing fee for the civil

7

action of <u>Treva Parrish v. Michael Astrue</u>, Comm. of Soc. Security, 10-cv-1107.

Treva Parrish is unemployed and she paid the $350.00 filing fee. After paying the

filing fee, Treva Parrish filed a motion for leave to proceed informa pauperis.  On

May 10, 2012, the U. S. District Judge James Todd for the Western District of TN

(Eastern ) Division refunded the filing fee to Treva Parrish. (Exh. 28.) Also, on

January 30, 2012, Peggy Branning filed a civil action before the U.S. District Court

for the Western District of TN and she is represented by a Pro Bono lawyer. Peggy

Branning is unemployed and she sought relief for a Title VII civil action against

her former employer. The civil action is <u>Peggy Branning v. Minact, Inc.</u>, 12-cv-

02070-SHM . On February 1, 2012, Peggy Branning filed a motion for leave to

proceed informa pauperis. For over a year, Judge Samuel Mays for the U.S.

District Court for the Western District of TN did not order Peggy Branning to pay

the $350.00 filing fee. Judge Samuel Mays did not grant the motion for leave to

proceed informa pauperis for Peggy Branning. (Exh. 9.) Therefore, the appellees

intentionally, willfully and recklessly interfered with the decision of the District

Court, impeded the judicial process and obstructed justice.

Federal courts in Northern states protect the interests of former federal

employees that have suffered an adverse action by their former federal employer.

The U.S. District Court for the District of Columbia protected the interests of

8

Matthew Fogg. The employment of Matthew Fogg was terminated. Matthew Fogg

is a member of a protected class. Matthew Fogg was granted informa pauperis due

to the fact, his primary source of income had ceased. On January 10, 1995, U.S.

District Judge Stanley S. Harris for the U.S. District Court for the District of

Columbia, set the precedent, appointed counsel and opinionated: "PLAINTIFF'S
PRIMARY SOURCE OF INCOME CEASED. PLAINTIFF IS ENTITLED TO
PROCEED INFORMA PAUPERIS AND THAT THE INTERESTS OF JUSTICE
WOULD BE BETTER SERVED IF COUNSEL WERE APPOINTED TO
REPRESENT PLAINTIFF AT THIS TIME. ACCORDINGLY, IT HEREBY IS
ORDERED THAT THE CLERK OF THE COURT SHALL APPOINT
COUNSEL FROM THE COURT'S CIVIL PRO PANEL TO REPRESENT
PLAINTIFF IN ACCORDANCE WITH LOCAL RULE 702.1."

The U.S. District Court for the District of Columbia did not require Fogg to litigate

a civil action against his former federal employer without counsel. The civil action

was Fogg v. Gonzales, 94-cv-02814. All exhibits were before the District Court.

The Appellant respectfully seeks or moves the Court to reexamine the case law of

Treva Parrish v. Michael Astrue, Comm. of Soc. Security, 10-cv-1107, Peggy

Branning v. Minact, Inc., 12-cv-02070-SHM and Fogg v. Gonzales, 94-cv-02814.

(Doc. 123.) The plaintiffs had counsel.

The Appellant filed a motion for an appointment of counsel through the District

Court's Civil Pro Bono Panel on December 13, 2011. (Doc. 3.) The Appellant

filed a motion for an appointment of counsel through the District Court's Civil Pro

Bono Panel on January 17, 2012. (Doc. 6.) The Appellant filed a motion for an

9

appointment of counsel through the District Court's Civil Pro Bono Panel on

February 23, 2012. (Doc. 18.) The Appellant filed a motion for an appointment

of counsel through the District Court's Civil Pro Bono Panel on April 6, 2012.

(Doc. 22.) The Appellant filed a motion for an appointment of counsel through

the District Court's Civil Pro Bono Panel on April 10, 2012. (Doc. 23.)  On

August 7, 2012, the District Court denied the Appellant's motions for an

appointment of counsel through the District Court's Civil Pro Bono Panel. (Doc.

62.)  However, there are approximately seven (7) federal courts in TN which are

the U.S. District Court for the Western District of TN located at 167 N. Main St.

Room 242, Memphis, TN 38103; U.S. District Court for the Eastern District of TN

located at 111 South Highland Avenue, Room 262, Jackson, TN 38301; U.S.

District Court for the Eastern District of TN located at 900 Georgia Avenue,

Chattanooga, TN 37402; U.S. District Court for the Eastern District of TN located

at 220 West Depot Street, Suite 200 Greeneville, TN  37743; U.S. District Court

for the Eastern District of TN located at 800 Market Street, Suite 130, Knoxville,

TN  37902; U.S. District Court for the Eastern District of TN located at 200 South

Jefferson Street, Winchester, TN  37398; U.S. District Court for the Middle

District of TN located at 801 Broadway, Nashville, TN 37203. Yet, the District

Court did not appoint counsel through any of the seven (7) federal courts in the

10

state of TN.

On February 13, 2013, the Appellant filed a motion for the District Court to release the names of all lawyers on the District Court's Civil Pro Bono Panel. (Doc. 109.) On March 28, 2013, the District Court denied the motion as moot. (Doc. 118.) The District Court has an obligation to have a Civil Pro Bono Panel.

On March 22, 2012, the Appellant filed a motion for Eric Holder, Attorney General for the United States, to intervene in this civil action due to constitutional statutes. (Doc. 19.) On April 10, 2012, the Appellant filed a motion for Eric Holder, Attorney General for the United States, to intervene in this civil action due to constitutional statutes. (Doc. 24.) On August 7, 2012, the District Court denied the motion. (Doc. 62.) On August 8, 2012, the Appellant filed a motion for reconsideration for Eric Holder to intervene in this civil action. (Doc. 66.) The District Court did not respond to the motion.

On August 22, 2012, the Appellant filed a motion for appellees Davis, Solis and Geithner to release its federal funds, equally distribute its federal funds and appoint or assign counsel to the Appellant. (Doc. 82.) Appellees Davis, Solis and Geithner have numerous lawyers on its staff which could adequately provide counsel to the Appellant. Also, appellees Davis, Solis and Geithner have an abundance of federal funds and their legal expenses are paid with federal funds. The interest of the

11

appellees is protected due to the fact they have secured counsel with federal funds. Without counsel, the interest of the Appellant is not protected. The Appellant does not have equal protection under the law as the appellees. It is a violation of constitutional law. It is a violation of the Fourteenth (14th) Amendment.

The District Court is **silent** on the issue of federal funds. There is no federal law that gives appellees Davis, Solis and Geithner the exclusive and sole rights to the property of federal funds. However, appellees Davis, Solis and Geithner **did not** oppose the motion for the appellees to release federal funds, equally distribute federal funds and appoint or assign counsel to the Appellant before the District Court. Appellee Davis was completely silent on the motion to release federal funds and appoint or assign counsel to the Appellant to secure counsel before the District Court.  Also, the only argument made by appellees Solis and Geithner was a reference to the District Court's Civil Pro Bono Panel. However, the motion made by the Appellant on August 22, 2012 was unrelated to the District Court's Civil Pro Bono. (Doc. 82.)  It is a fact appellees Geithner and Solis were appalled at the Appellant's First (1st) Amendment petition for access to federal funds to secure counsel. Appellees Geithner and Solis sent the Appellant a certified letter threatening sanctions against the Appellant if she did not withdraw the motion for

12

appellees Davis, Solis and Geithner to release its federal funds, equally distribute its federal funds and appoint or assign counsel to the Appellant. (Doc. 107.) The Appellant includes Exhibit 1/Doc. 107 which was filed before the District Court. The Appellant was not safe before the District Court without counsel. The appellees were not denied access to federal funds to secure counsel. The appellees were not denied counsel.

The issue of federal funds and the denial of federal funds was decided by the landmark decision of the United States Supreme Court. The United States Supreme Court opinionated in <u>United States v. Windsor  S.Ct., 2013 WL3196928 (2013),</u> it is unconstitutional to deny federal funds. The Appellant was denied federal funds. The Appellant was denied due process. The Appellant was not afforded a grievance nor an appeal process after the denial of federal funds. The District Court denied the Appellant's First (1st) Amendment petition which was filed as a motion for access to federal funds to secure counsel. On March 28, 2012, the District Court denied the motion as moot. (Doc. 118.)

The Appellant was approved for UCFE and she received payments as admitted by appellee Davis. (Doc. 34.) Due to the interference of all appellees which prohibited the Appellant from lawfully continuing receiving UCFE, securing counsel through federally funded legal aid programs and through any TN lawyer,

13

the appellees have an obligation and duty to appoint or assign counsel to the Appellant by releasing and equally distributing federal funds to the Appellant. The appellees breached its duty and the Appellant suffered harm due to the breach.

## RIGHT TO COUNSEL AND ENTITLEMENT TO COUNSEL

The federal and state legislatures in the state of TN have failed to enact laws to ensure federal employees seeking relief for a denial of UCFE have counsel and access to federal funds for any administrative action or civil action before any court. However, in the state of California, former Governor Arnold Schwarzenegger signed into law the Sargent Shriver Civil Counsel Act AB 590. It recognizes a civil right to counsel in various matters such as state's workers' compensation laws. It is the first in the nation to recognize a right to representation in civil cases. It levels the playing field and gives unrepresented litigants a better shot at attaining justice. (Doc. 82.)

Appellees Davis, Solis and Geithner have a constitutional right to counsel for a civil action. However, there is no constitutional right to counsel for a civil action. The appellees have a constitutional right to access federal funds to secure counsel. The appellees have a right to counsel and an entitlement to counsel. The appellees have a right to federal funds and an entitlement to federal funds to secure counsel. **However, there is no federal law that gives the defendants/appellees the**

14

**exclusive and sole rights to the property of federal funds.**

The necessity for counsel for a civil action which federal employees are seeking relief for Unemployment Compensation for Federal Employees (UCFE) is evident by the fact the appellees have secured counsel before the District Court and the appellate court. The appellees were not denied counsel. The appellees were not denied access to federal funds to secure counsel. The appellees would not appear before any court without counsel. Due to the fact, the District Court will not appoint counsel to federal employees that are members of a protected class, seeking relief for a denial of UCFE, federal employees in TN are entitled to counsel and they have a right to counsel when seeking relief for a denial of UCFE.

The Appellant was denied counsel by federally funded legal aid organizations which are Memphis Area Legal Services, Inc., West TN Legal Services, Inc., Legal Aid of East TN, Legal Aid Society of Middle TN and the Cumberlands and the Community Legal Center. The Appellant was denied counsel by numerous TN lawyers.

The appellees interfered with the Appellant securing counsel with federal funds. The appellees had a duty not to interfere with the Appellant accessing federal funds to secure counsel. The appellees had a duty to release its federal funds to ensure the Appellant had counsel. The appellees had a duty not to obstruct justice and

15

impede the judicial process. The appellees breached its duty. The Appellant

suffered harm due to the breach.

The Appellant's First (1st) Amendment petition for access to federal funds

to secure counsel was denied by the appellees. The appellees did not appoint or

assign counsel to the Appellant. The Appellant was denied due process. The

Appellant was not afforded a grievance nor an appeal process after the denial of

counsel and the denial of federal funds.

It is a fact; the District Court will not appoint counsel to federal employees that

are members of a protected class seeking relief for a denial of UCFE; the Legal

Services Corporation (LSC) grantees in TN will not represent federal employees

that are members of a protected class seeking relief for a denial of UCFE and the

appellees interfered with the judicial process and obstructed justice. Federal

employees in TN are entitled to counsel and have a right to counsel when seeking

relief for a denial of UCFE.

Most important, the Appellant has the right to counsel of her choice as a federal

litigant. It was opinionated by the Fifth (5th) Circuit Court of Appeals, federal

litigants have a right to counsel of their choice in Sanders v. Russell, 401 F.2d 241,

12 Fed.R.Serv.2d 1395.  Therefore, the Appellant can choose any lawyer

throughout the U.S. including any lawyer at the TN Dept. of Labor and Workforce

16

Development, U.S. Dept. of Labor and the U.S. Dept. of the Treasury. The Appellant can choose any lawyer and she can secure any lawyer with federal funds. There are two (2) federally funded lawyers representing the appellees. The appellees were not denied counsel. The appellees were not denied access to federal funds to secure counsel.

On March 1, 2013, the Appellant filed a motion for the appellees to release its financial statement on the appropriation of federal funds Congress allocated to the appellees to litigate this civil action before the District Court. (Doc. 111.) On March 28, 2013, the District Court denied the motion as moot. (Doc. 118.) Also, after filing the motion, the District Court ordered the Appellant not to file any motion until the motion to dismiss was decided. (Doc. 115 & 116.) The interest of the Appellant was not protected because she is and continues without counsel.

On April 23, 2012, appellee Davis filed a motion for an extension of time to file an answer to the complaint. (Doc. 31.) However, appellee Davis failed to timely answer the complaint per the Federal Rules of Civil Procedure. Also, appellee Davis failed to consult with all parties before filing the motion for an extension of time. (Doc. 31.) Per the local rules of the District Court 7.2 Motions: Consultation by Counsel.  All motions including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.

17

Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

The Appellant has included a copy of the District Court Local Rule 7.2 Motions. (Exh.1.)

The Appellant opposed the motion for an extension of time to answer the complaint due to the failure of appellee Davis not consulting with all parties. (Doc. 32.) **The District Court did not grant defendant/appellee's Davis motion for an extension of time to answer the complaint. There is no order by the District Court which granted defendant/appellee's Davis motion for an extension of time to answer the complaint.**

The Appellant filed a motion for default judgment against appellee Davis on June 28, 2012 for failing to timely answer the complaint and for failing to consult with all parties before filing a motion for an extension of time. (Doc. 36.) The District Court denied the Appellant's motion for default judgment on March 27, 2013. (Doc. 116.) It took nine months for the District Court to deny the Appellant's motion for default judgment against appellee Davis. Also, the Appellant sought injunctive relief before the District Court which was denied.

The Appellant filed a motion for judicial notice on August 8, 2012. (Doc. 65.) The Appellant cited Weaver v. Wallace, 565 S.W. 2d 867, 870 (TN 1978) and Armstrong v. Neel, 725 S.W. 2d 953 (TN Ct. App. 1986) in the motion for judicial

18

notice. (Doc. 65.)  The District Court ignored and disregarded the case law of Weaver v. Wallace, 565 S.W. 2d 867, 870 (TN 1978) and Armstrong v. Neel, 725 S.W. 2d 953 (TN Ct. App. 1986).  The unemployment compensation statutes were enacted for the benefit of unemployed workmen and are to receive a liberal interpretation by the courts. Milne Chair Company v. Hake, 190 Tenn. 395, 230 S.W.2d 393 (1950).  The District Court denied the motion for judicial notice as moot on March 28, 2013. (Doc. 118.)

On August 10, 2012, the Appellant filed a motion for a judicial review and a hearing on the denial of the Unemployment Compensation for Federal Employment (UCFE).  (Doc. 73.)  The Appellant petitioned for a three judge court panel to review the administrative decision of appellees Davis, Solis and Geithner. On March 28, 2013, the District Court denied the motion as moot. (Doc. 118.) The District Court did not conduct a hearing.

However, federal courts in Northern states grant a judicial review of an administrative hearing for federal employees seeking relief for a denial of UCFE. For example, a class action lawsuit was filed by a group of probationary federal employees in New York. The probationary employees worked for the U.S. Postal Service and the Dept. of the Treasury. The probationary employees were represented by a federally funded Legal Services Corporation (LSC) grantee in

19

New York and a Pro Bono lawyer before the district court, appellate court, and the U.S. Supreme Court.

The probationary federal employees filed their lawsuit in federal court and not in state court. The probationary federal employees filed their lawsuit in federal court challenging the denial of the UCFE. The U.S. District Court in New York held a hearing on the judicial review of the UCFE. The United States Supreme Court ruled in <u>Christian v. New York Department of Labor</u> 414 U.S. 614 (1974), federal employees have a right to reconsideration. The Appellant cited <u>Christian v. New York Department of Labor</u>, 414 U.S. 614 (1974) in the motion to amend or alter the judgment. (Doc. 121.) The District Court ignored and disregarded the case law of <u>Christian v. New York Department of Labor</u> 414 U.S. 614 (1974). The Appellant served in the role as a permanent employee. The District Court denied the Appellant's motion to amend or alter the judgment. (Doc. 122.) The Appellant was denied reconsideration by the TDLWD and the Board of Review (BOR).

Federal employees in Northern states are appointed counsel through federally funded legal aid organizations. Federal employees in Southern states are not appointed counsel through federally funded legal aid organizations. Federal courts in Northern states will conduct hearings for federal employees on a judicial review

20

of a denial of UCFE. Federal courts in Southern states will not conduct hearings

for federal employees on a judicial review of a denial of UCFE.

On July 31, 2012, the Appellant timely opposed appellees Solis and Geithner's

motion to dismiss. (Doc. 51.)  The Appellant argued before the District Court she

could not defeat any motion to dismiss without counsel.  On September 4, 2012,

the Appellant timely opposed appellee's Davis motion to dismiss. (Doc. 96.) The

Appellant argued before the District Court she could not defeat any motion to

dismiss without counsel. Also, the Appellant filed a motion at the District Court for

a copy of the written transcript of the sworn testimony before Tina Chiozza,

Hearing Officer for the TDLWD to oppose the motion to dismiss. (Doc. 42.) The

District Court denied the motion. (Doc. 89.) Also, the District Court denied

discovery.

The District Court erred when it ignored and disregarded the fact, the Appellant

received payments for the UCFE as admitted by appellee Davis. (Doc. 34.)

Appellee Davis approved the Appellant for the UCFE. However, appellee Davis

reversed the approval of the UCFE before there was a hearing. All payments

stopped to the Appellant before there was a hearing. The Appellant received a

letter from the TDLWD stated: **Employer failed to respond to agency's request
for information. The employer has not provided sufficient response to prove
the claimant's actions constitute misconduct. Therefore, under Tennessee
Code Annotated 50-7-303, benefits are approved as of the claim show below.**

21

The District Court ignored and disregarded the fact; there are federal statues and laws which require a specific time frame a federal employer must respond to the TN Dept. of Labor and Workforce Development (TDLWD) for separation information. The District Court ignored and disregarded the fact, appellees Solis and Geithner did not timely provide separation information to the TDLWD.

The Appellant raised legal questions to Tina Chiozza, TDLWD Appeals Tribunal Officer, regarding the time frame a federal agency must provide separation information to the TDLWD. The Appellant asked Tina Chiozza "how many days must a federal agency respond to the TDLWD for separation information?" (Doc. 96.) Tina Chiozza refused to answer the legal question. The District Court ignored and disregarded the fact, Tina Chiozza refused to answer a legal question. Tina Chiozza is a public servant and she had a duty to answer the legal question or questions of the Appellant.

The Appellant was denied a fair hearing before the TN Dept. of Labor and Workforce Development.  The Appellant was denied submitting evidence to the hearing officer for the TN Dept of Labor and Workforce Development. The Appellant was not discharged for misconduct. The Appellant was discharged in retaliation for engaging in protected activity against her former employer by contacting the EEOC and the Inspector General.  Appellee Davis charged the

22

Appellant with insubordination. However, the SF50 submitted by the federal employer did not charge the Appellant with insubordination. Appellee Davis intentionally, willfully and recklessly ignored and disregarded the case law of Weaver v. Wallace, 565 S.W. 2d 867, 870 (TN 1978). Appellees Solis and Geithner interfered with the decision of appellee Davis.

The District Court ignored and disregarded the fact the Appellant was without counsel when she filed a petition for judicial review before the Board of Review and the Commissioner's Designee for the TN Dept of Labor and Workforce Development. The District Court ignored and disregarded the fact, the Appellant was denied reconsideration by the TN Dept of Labor and Workforce Development and the U.S. Dept of Labor.  The TN Dept of Labor and Workforce Development ignored and disregarded the U.S. Supreme Court decision in Christian v. New York Department of Labor 414 U.S. 614 (1974). The TN Dept of Labor and Workforce Development ignored and disregarded the case law of Armstrong v. Neel, 725 S.W. 2d 953 (TN Ct. App. 1986).

The District Court ignored and disregarded the fact, the TN Dept of Labor and Workforce Development has advised applicants to contact their local legal aid programs for representation. However, the District Court ignored and disregarded the fact, the Appellant was denied counsel by the legal aid programs in the state of

23

TN when she sought counsel before the TDLWD. The District Court ignored and disregarded the fact, the Appellant was denied counsel by numerous TN lawyers. The Appellant is restricted and prohibited from securing counsel in the state of TN due to the **interference** of all appellees.

The District Court ignored and disregarded the fact the TDLWD advised the Appellant by letter that free or low cost legal representation may be available for representation before the Appeals Tribunal which is stated below:

**You may be represented by an attorney or other competent individual of your choosing. For a claimant who may not be able to afford an attorney, free or low cost legal assistance may be available through your Legal Aid Society or Bar Association. The TDLWD cannot provide representation for you.** (Doc. 47-2.)

The Appellant raised legal questions that were not answered by the Board of Review (BOR) when she sough reconsideration. The BOR advised Appellant by letter to contact legal counsel which stated:

**Conclusions of law: The claimant has submitted several legal and procedural questions with her appeal to the commissioner's designee and should refer these questions to legal counsel. If she cannot afford an attorney, she can consider contacting the legal aid office in her area.** (Doc. 51.)

Due to the fact, the Appellant did not secure counsel through the District Court and through the federally funded legal aid organizations, and through any TN lawyer, the legal questions remain unanswered.

If it pleases the Court, the Appellant provides the record of the TDLWD regarding its withholding federal funds, misappropriation of federal funds,

24

obstructing justice, impeding the judicial process, interfering with state and federal employees lawfully receiving UCFE and unemployment compensation. For example, Coleen Powers is a Whistleblower. She is a former state employee with the TN Dept of Environment and Conservation. The employment of Powers was terminated. Coleen Powers filed a civil action against her former state employer before the U.S. District Court for the Western District of TN. The civil action was Coleen Powers v. NWA and the Tennessee Department of Labor and Workforce Development, Docket No. 05 cv 2468. Powers was denied counsel by the District Court. Powers advised the District Court, she diligently sought counsel through the Memphis Area Legal Services, Inc., and the Community Legal Center. The federally funded Memphis Area Legal Services, Inc., and the federally funded Community Legal Center denied counsel to Powers.

By letter dated November 20, 2002, Memphis Area Legal Services, Inc., advised Powers her request for assistance was untimely when she sought relief for a denial of unemployment compensation benefits. (Doc. 82-1.) Memphis Area Legal Services, Inc., was required by federal law to advise Powers about the grievance and appeal process of the LSC Act. However, Memphis Area Legal Services, Inc., did not refer Powers to any lawyer and did not advise Powers about the grievance and appeal process. The Appellant has included a copy of the letter dated November 20, 2002. (Doc. 82-1 & Exh. O.) Powers filed a complaint against Memphis Area Legal Services, Inc. and she disputed her application for

` 25

counsel was timely. The Appellant includes a copy of the complaint of Powers

against Memphis Area Legal Services, Inc. dated November 21, 2002. (Exh. N.)

Without any doubt, Coleen Powers is familiar with the interference of TDLWD

against Whistleblowers. For example, Powers was denied unemployment

compensation. (Exh. 14.) Powers sought judicial review before the Shelby County

Chancery Court and the civil action was <u>Powers v. James Neeley,</u> Commissioner,

TN Dept. of Labor and Workforce Development CH-02-1797-3. Also, Powers was

denied unemployment compensation before the Shelby County Chancery Court.

Tina Lobetti Chiozza is the hearing officer that denied Powers unemployment

compensation.  However, Powers presented evidence to the Shelby Chancery

Court that she was advised by Tina Chiozza that she could not accept the evidence

of Powers because Kim Kirk, an attorney for the TN Dept of Environment and

Conservation, threaten to file a complaint against her. (Doc. 47-2 & Exh. 13.) Also,

Powers was advised by Michael Thomason, Appeals and Tribunal Operation

Director, which was tape recorded dated August 9, 2002 the Board of Review:

"Come on Ms. Powers you've been in state government long enough to know it's
all about politics...the BOR (Board of Review) are politically appointed.....the
BOR is 800 pound gorilla...where does an 800 pound gorilla sit... any where he
wants to...." ( Doc. 47-2 & Exh. 14.)

The evidence of Powers was presented to the Shelby County Chancery Court for

civil action <u>Powers v. James Neeley,</u> Commissioner, TN Dept of Labor and

Workforce Development, CH-02-1797-3.Yet, the Shelby County Chancery Court

denied Powers unemployment compensation. The Appellant includes a copy of

Exhibit 13 and Exhibit 14 which the Appellant provided to the District Court in support of the judicial review and hearing of the denial of the UCFE.

On August 9, 2002, Powers was denied reconsideration by the Board of Review. (Exh. 14.) Also, Tina Chiozza declined to accept the evidence of the Appellant. Also, the Appellant was denied reconsideration by the Board of Review.

The TDLWD has a history of kickbacks and making claimants eligible that were ineligible. For example, John G. Morgan Comptroller of the Treasury completed an audit which was presented to Governor Don Sundquist by letter dated January 10, 2000. Anthony McAdoo, TN Dept of Employment Security (TDES) employee authorized payments to a claimant named Sheila Williams even though she was deemed ineligible. Also, Anthony McAdoo authorized $3,533.00 to Claudia Curry even though she was not eligible for payments. (Doc. 47-2 & Exh. 16.) The Appellant includes Exhibit 16 which was before the District Court.

Appellee Davis has a history of awarding unemployment compensation than seeking an overpayment. For example, Renita Dulaney was an employee with Federal Express. Renita Dulaney was approved for worker's compensation. However, Federal Express terminated the employment of Renita Dulaney. Appellee Davis awarded Renita Dulaney $3,300.00. On April 19, 2011, appellee Davis reversed the favorable award of $3,300.00 and sought an overpayment from Renita Dulaney. (Exh. 3, 4 & Doc. 47-2.)

Appellee Davis advised Renita Dulaney free or low cost legal assistance may be

27

available through your local legal services organization. (Exh. 1 through 4.) Renita Dulaney did not obtain counsel through local legal services organizations. Renita Dulaney is a member of a protected class. However, Renita Dulaney successfully prevailed pro se before the Shelby County Chancery Court as she opposed the overpayment. The civil action was Renita Dulaney v. Karla Davis, Commissioner of TN Dept of Labor and Workforce Development and Federal Express, CH-11-1193-I. On February 20, 2012, Chancellor Walter Evans awarded Renita Dulaney $3, 300.00. (Doc. 47-2 & Exh. 3.) However, on March 26, 2012, appellee Davis appealed the award of unemployment compensation to the TN Court of Appeals. (Doc. 47-2 & Exh. 4.) The appeal number is W2012-01020-COA-R3-CV. (Doc. 111.) Appellee Davis has an abundance of federal funds that she can appeal an award of unemployment compensation that she approved. (Doc. 111-1, 111-2, 111-3 & 111-4.)

Appellee Davis has easily secured counsel with federal funds for the appeal of Renita Dulaney as well as this appeal before the Court. The record is clear. The denial of federal funds for the Appellant to secure counsel seeking relief for a denial of UCFE is unconstitutional.

The Shelby County Chancery Court which is a state court will not appoint counsel to members of a protected class seeking relief for unemployment compensation. For example, it was opinionated by Chancellor Kenny Armstrong for the Shelby County Chancery Court on May 9, 2012, there is no right to

28

counsel for civil actions seeking relief for a denial of unemployment compensation in <u>Nellene Lipsey v. Commissioner of Dept of Labor and Workforce Development and Premier Building Maintenance, Inc. CH-12-0729-3.</u> (Exh. Z-3.) Nellene Lipsey has a medical condition but still denied counsel. Nellene Lipsey was denied counsel by federally funded legal aid organizations.

Appellees Davis, Solis and Geithner have taken an oath to protect and serve the community. The refusal to accept evidence, the interference of unjustifiably denying an award of UCFE, unemployment compensation, withholding federal funds, denying federal funds and denying counsel represent a breach of the public's trust.

The TN law T.C.A. 50-7-708 mandates unemployed claimants are not required to pay an attorney for representation before the TDLWD unless, the TDLWD has approved the fee. Absence of an approval, a lawyer charging a fee to an unemployed claimant has committed a Class C misdemeanor. Yet, federal employees in the state of TN cannot secure counsel when seeking relief for a denial of UCFE. In sharp comparison, the Unemployment Law Project provides free legal representation and information to people in Washington State who have been denied unemployment benefits or whose award of benefits is challenged. It was founded in 1984. The Unemployment Law Project protects and promotes the

29

economic health and vitality of Washington's families and communities by

ensuring that unemployed workers have access to representation and advice in the

legal processes associated with unemployment compensation. (Exh.1.) The

Unemployment Project Program states: "We directly represent in administrative
and court hearings people who are seeking unemployment benefits. The majority
of these people are unemployed and low wage earners. When unemployed, they
are often in danger of homelessness and of becoming "food insecure".

Washington State is protecting its citizens that need counsel when seeking

unemployment compensation. The state of TN will not protect federal employees

that are members of a protected class seeking relief for a denial of UCFE.

The Appellant includes a list of the many pro se litigants denied an award of

UCFE or unemployment compensation: John Ruff v. TN Dept of Labor &

Workforce Development, Docket No. CH-04-1206-I; Ralph E. Williams v. TN

Dept of Labor & Workforce Development, Docket No. E1999-01528-COA-R3-

CV; Charles High v. P.D.Q. Disposal and the TN Dept of Labor & Workforce

Development, Docket No. M1999-02310-COA-R3-CV; Charles Conner v.

Michael McGill, Comm. for the TN Dept of Labor & Workforce Development,

Docket No. CH-00-2445-1; Dora Moore (**federal employee**) v. James Neeley,

Comm. for the TN Dept of Labor &Workforce Development, Docket No. CH-05-

1438-3; Doris Darden v. Billy Stokes, Comm. for the TN Dept of Labor &Work-

force Development, Docket No. 95-417-III; Ramona D. Gore v. MLGW and the

30

TN Dept of Labor & Workforce Development, Docket No. 08-1101-I; Randall Hagy v. TN Dept of Labor & Workforce Development, Docket No. CH-02-1743-I; Kevin Millen v. TN Dept of Labor & Workforce Development Docket No. CH-05-0665-2; Charles U. Okonkwo v. TN Eastman Co. and the TN Dept of Labor and Workforce Development, Docket No. 86-5678; Coleen Powers v. NWA and the TN Department of Labor & Workforce Development, Docket No. 05 cv 2468; Renita Dulaney v. Karla Davis, Comm. of the TN Dept of Labor & Workforce Development and Federal Express, Docket No. CH-11-1193; and Nellene Lipsey v. Karla Davis, Comm. of Labor & Workforce Development and Premier Building Maintenance, Inc., Docket No. CH-12-0729-3. All civil actions listed including the exhibits were cited before the District Court. The total entries on the docket report before the District Court are one hundred and twenty-three (123). Only one motion filed by the Appellant was granted by the District Court. Therefore, the appellees have a duty to appoint or assign counsel to the Appellant and equally distribute federal funds to the Appellant for the sole purpose of counsel. Last, Dred Scott was appointed counsel during his ten (10) years quest for freedom. Dred Scott v. Sandford, 60 U.S. 393 (1857); it was a landmark decision by the U.S. Supreme Court. However, the Emancipation Proclamation signed by President Abraham Lincoln is an executive proclamation.

Respectfully submitted, *Sheryl Taylor* Sheryl Taylor PO Box 897 Memphis, TN 38101

31

## CERTIFICATE OF SERVICE

I, Sheryl Taylor, do hereby certify that a copy of the brief has been mailed, first class, postage prepaid, on August 12, 2013 to:

Warren A. Jasper          Harriett Miller Halmon          _Shyl Toy_  Sheryl Taylor
425 5th Ave. North        167 N. Main St. Ste. 800
Nashville TN 37243        Memphis, TN 38103

EXHIBIT 100

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHERRY V. SHAW, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 07-2856-D/P |
| | X | |
| JOHN E. POTTER, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On December 31, 2007, Plaintiff Sherry V. Shaw filed

pro se complaint pursuant to Title VII of the Civil Rights Act

1964, 42 U.S.C. § 2000e et seq., along with an application seeki

leave to proceed in forma pauperis. On the basis of the informati

set forth in Plaintiff's affidavit, the motion for leave to proce

in forma pauperis is GRANTED. The Clerk shall record the defenda

as John E. Potter, in his official capacity as Postmaster Gener

Plaintiff has also filed a motion requesting appointm

of counsel. Two statutes authorize a district court to request

appoint counsel for an indigent Title VII plaintiff. Twenty-ei

U.S.C. § 1915(d) provides that the "court may request an attor

EXHIBIT 100

to represent any such person unable to employ counsel."[1] Similarly under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170,

---

[1] However, "§ 1915(d) does not authorize the federal courts to coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

2

EXHIBIT 100

(2d Cir. 1989).[2] At this stage of the proceedings, before the Court

has had the opportunity to assess the strength of Plaintiff's case,

the Court is unable to conclude that Plaintiff has satisfied that

standard. A review of this complaint indicates that the case is no

so complex that the Court should exercise its discretion to appoin

counsel at this time. The motion for appointment of counsel i

DENIED.

It is ORDERED that the Clerk shall issue process fc

Defendant and deliver said process to the marshal for service

Service shall be made on Defendant pursuant to Fed. R. Civ. l

4(i)(2)(A). All costs of service shall be advanced by the Unit

States.

It is ORDERED that Plaintiff shall serve a copy of eve

further document filed in this cause on the attorney for Defenda

or on Defendant if he has no attorney. Plaintiff shall make

certificate of service on every document filed. Plaintiff sha

familiarize herself with the Federal Rules of Civil Procedure

the local rules of this Court.

Plaintiff shall promptly notify the Clerk of any cha

of address or whereabouts. Failure to comply with th

---

[2]    The Second Circuit has elaborated: "Courts do not perform a us
service if they appoint a volunteer lawyer to a case which a private lawyer w
not take if it were brought to his or her attention. Nor do courts perfc
socially justified function when they request the services of a volunteer la
for a meritless case that no lawyer would take were the plaintiff not indige
Id.

3

EXHIBIT 100

requirements, or any other order of the Court, may result in this

case being dismissed without further notice.

IT IS SO ORDERED this 14th day of January, 2008.

s/ Bernice B. Donald
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_Sherry V. Shaw_
Plaintiff,

EXHIBIT 100

vs.

No. _____

_John E. Potter_
Defendant (s)

AFFIDAVIT
IN SUPPORT OF MOTION UNDER 28 U.S.C. § 1915
FOR APPOINTMENT OF ATTORNEY
AND
AUTHORIZATION TO COMMENCE SUIT
WITHOUT PREPAYMENT OF FILING FEE

(PRINT OR TYPE)
City of _Memphis_, _Shelby_ Count

I, THE UNDERSIGNED, BEING FIRST DULY SWORN, DEPOSE AND SAY THAT
IN SUPPORT OF MY APPLICATION FOR APPOINTMENT OF COUNSEL AND TO
PROCEED IN FORMA PAUPERIS I STATE THAT:

I AM UNABLE TO PAY THE COSTS OF SAID PROCEEDINGS OR TO GIVE
SECURITY THEREFOR;
I BELIEVE I AM ENTITLED TO REDRESS AS SHOWN BY THE ATTACHED
COMPLAINT.

I.     Efforts to Retain Counsel
I further swear and affirm that I have made a reasonable effort to retain an attorney as
indicated by the following list of attorneys who I contacted, but who would not take my
case for the reasons indicated:

| NAME & ADDRESS ATTORNEY CONTACTED | DATE CONTACTED | REASON FOR REFUSING CASE |
|---|---|---|
| Arnold V. Lindseth JR. 100 North Main Bldg. #2323 | 10/09/2007 | Does not handle Postal EEO Cases |
| Tonya Cherise Saafir 100 North Main Bldg. #2601 | 10/09/2007 | Does not handle Postal EEO Cases |
| Felix H. Bean III 100 North Main Bldg. #3201 | 10/16/2007 | Does not handle Postal EEO Cases anymore |

EXHIBIT 100

II    Financial Status

I further swear that the responses that I have made to the questions below relating to my ability to pay the cost of prosecuting this action are true.

1.    MARITAL STATUS:

A.    SINGLE__MARRIED_SEPARATED__DIVORCED ✓. If separated or divorced, are you paying any support or any form of maintenance?  YES___  NO ✓

B.    Dependents:  WIFE —— #CHILDREN —— # OTHERS ——— AND RELATIONSHIP _____

The names and ages of my children living at home are:

Name_____
Name_____ N|A _____ Age_____
Name_____ Age_____
Name_____ Age_____
Name_____ Age_____
                                                   Age_____

2.    Residence Address–Street: _5000 Lochinvar_

City _Memphis_ , State _TN_ Zip Code_38116_  Phone # _901-396-9884_

3.    A.    If employed at present, complete the following:

Employer _United States Postal Service_
Employer's Address _3300 Jet Cove Suite 10_
Employer's Phone _901-795-5756_ How long employed? _21 years_

Income:  Monthly $ _1896.38_   OR Weekly $ ——
What is the nature of your job? _Small Parcel Bundle Sorter (SPBS)_
_machine operator - Keying mail by zips._

B.    If unemployed at present, complete the following:
I have been unemployed since the —— day of _____, 20____. The name of my last employer was _____. The address is ____
_____. The phone # is _____. The last salary or wages I received was $ _____ per week.

C.    If spouse employed at present, complete the following:
Employer_____
How long employed? _____ Income: Monthly $ _____ OR Weekly $____

What is the nature of your job?_____
_____

D.    If on welfare or receiving unemployment benefits, please complete the following:

I have been on welfare or relief since the _____ day of _____, 20__

EXHIBIT 100

I am receiving $ _____ per week ___ month ___ for myself and family of _____.

4.   Financial Status:

A.   Owner of Real Property:   Yes _____ No __L___
  1)   Description _____
  2)   Address _____
  3)   In whose name _____
  4)   Estimated value $ _____ Total amount owed $ _____
  Owed to _____
  Annual income from property: $ _____

B.   Other property:
  1)   Automobile:   Make ACURA Model TL (HONDA) Year 2004
    In whose name registered? Sherry V. Shaw
    Present value $ 20,000.00   Amount owed $ 19,680.00

  2)   Cash on hand? $ 111.00   Total Cash in Banks, Credit Unions, or
    Financial institutions: $ 400.00
    Name of Bank or financial institution:
    Postal Employees Credit Union
    Bank of America
    _____
    _____
    _____

C.   Obligations (per month):
  1)   Rent                                          $ _____
  2)   Mortgage payment                              $ 700.40
  3)   Total Utility Bill                            $ 178.00/23
  4)   Phone Bill                                    $ 137.00
  5)   Car payments                                  $ 735.97
  6)   Car insurance                                 $ 67.00
  7)   Other insurance                               $ 129.00
  8)   Retail merchants
    Please list:
    Dillard's                                        $ 100.00
    Macy's                                           $ 60.00
    _____                 $ _____
  9)   Other Creditors
    Please list:
    Master Cards                                     $ 550.
    Visa                                             $ 70.
    Master Card Loan                                 $ 250.
  10)   Alimony, maintenance, or child support under divorce decree or
    separation agreement                             $ _____
  11)   Food and groceries                           $ 200.
  12)   Clothes                                      $ 100.

EXHIBIT 100

13)  Total amounts owed to doctors, hospitals, or lawyers
     Please list:

     <u>Felix H. Bean, III</u>                                    <u>Balance $Unknown</u>

     _____                                   $ ____

     _____                                   $ ____

TOTAL AMOUNT OF MONTHLY OBLIGATIONS:

D.   Other information related to financial status, including but not limited to stocks,
     bonds, savings bonds, or interests in trusts, whether owned or jointly owned
     Please list:

     <u>Thrift Savings Plan Loan</u>                             $<u>257.16</u>

     <u>Thrift Savings Retirement Contribution</u>              $<u>374.00</u>

     _____                                   $ ____

     I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct and submitted to persuade the Court to enter an order under 28 U.S.C. § 1915,
permitting me to file this case without prepayment of the filing fee, and appointing an attorney to
represent me in this case.

Executed this  <u>27th</u>  day of  <u>December</u>                      , 20<u>07</u>.

<u>Sherry V. Shaw</u>                                 <u>Sherry V. Shaw</u>
(Plaintiff's Signature)                              (PRINT PLAINTIFF'S NAME)

                                                     <u>5000 Lochinvar-Memphis, TN 381</u>
                                                     (PRINT PLAINTIFF'S ADDRESS)

                                                     <u>(901) 396-9884</u>
                                                     (PRINT PLAINTIFF'S TELEPHONE NUMBER)

EXHIBIT 200

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHERRY SHAW, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 06-2897-B/V |
| | X | |
| JOHN E. POTTER, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Sherry Shaw filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

Plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1]  Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as

---

[1]    However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT 200

the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit

EXHIBIT 200

supporting her motion that she will be unable to obtain counsel on her own. The motion is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant Potter and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 3rd day of August, 2007.

                         s/ J. DANIEL BREEN
                         UNITED STATES DISTRICT JUDGE

EXHIBIT 300
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHERRY SHAW,

        Plaintiff,

vs.                                    No. 06-2593-D/An

JOHN E. POTTER,

        Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

---

Plaintiff Sherry Shaw filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

Plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT 300

the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit

2

EXHIBIT 300

supporting her motion that she will be unable to obtain counsel on her own. The motion is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant Potter and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

**IT IS SO ORDERED** this 8th day of January, 2007.

s/Bernice Bouie Donald
BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EXHIBIT

| | | |
|---|---|---|
| MICHAEL TATE, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 07-2595-JPM/sta |
| JOHN E. POTTER, | X X | |
| Defendant. | X X X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS

Plaintiff Michael Tate filed a pro se employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, along with an application to proceed in forma pauperis. Based on the information contained in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall docket the case without prepayment of the filing fee and record the defendant as John E. Potter, Postmaster General.

Plaintiff has also filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent employment discrimination plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1)

_____

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

EXHIBIT

"upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent himself. Furthermore, it does not appear from the affidavit

2

EXHIBIT

supporting his motion that he will be unable to obtain counsel on his own. The motion is DENIED.

It is ORDERED that the Clerk shall issue process for Defendant Potter and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(i)(1) and (2). All costs of service shall be advanced by the United States.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 15th day of November, 2007.

s/ JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EXHIBIT I

Michael Tate
_____
Plaintiff,

vs.

John E. Potter
_____
Defendant (s)

No._____

RECEIVED

AFFIDAVIT
IN SUPPORT OF MOTION UNDER 28 U.S.C. § 1915
FOR APPOINTMENT OF ATTORNEY
AND
AUTHORIZATION TO COMMENCE SUIT
WITHOUT PREPAYMENT OF FILING FEE

City of Memphis (PRINT OR TYPE)
Shelby County

I, THE UNDERSIGNED, BEING FIRST DULY SWORN, DEPOSE AND SAY THAT
IN SUPPORT OF MY APPLICATION FOR APPOINTMENT OF COUNSEL AND TO
PROCEED IN FORMA PAUPERIS I STATE THAT:

   I AM UNABLE TO PAY THE COSTS OF SAID PROCEEDINGS OR TO GIVE
   SECURITY THEREFOR:
   I BELIEVE I AM ENTITLED TO REDRESS AS SHOWN BY THE ATTACHED
   COMPLAINT.

I.   Efforts to Retain Counsel
     I further swear and affirm that I have made a reasonable effort to retain an attorney as
     indicated by the following list of attorneys who I contacted, but who would not take my
     case for the reasons indicated:

| NAME & ADDRESS ATTORNEY CONTACTED | DATE CONTACTED | REASON FOR REFUSING CASE |
|---|---|---|
| John Canale 154 Union Ave | 9-17-2007 | did not take postal cases |
| John R. Johnson 5299 Mendenhall Park Place | 9-17-2007 | did not take postal cases |
| Aahon Saharovich 488 South Mendenhall | 9-17-2007 | did not take postal cases |

EXHIBIT I

II   <u>Financial Status</u>
I further swear that the responses that I have made to the questions below relating to my ability to pay the cost of prosecuting this action are true.

1.   MARITAL STATUS:
A.   SINGLE_MARRIED_SEPARATED_DIVORCED✓ If separated or divorced, are you paying any support or any form of maintenance? YES__ NO__
B.   Dependents:  WIFE__  #CHILDREN 1  # OTHERS_____ AND RELATIONSHIP  daughter
The names and ages of my children living at home are:

Name_____ N/A _____ Age____
Name_____ Age____
Name_____ Age____
Name_____ Age____
Name_____ Age____

2.   Residence Address—Street:  4958 Appleville
City Memphis , State TN  Zip Code 38109 Phone # (800)795-1133

3.   A.   If employed at present, complete the following:

Employer_____ N/A _____
Employer's Address_____
Employer's Phone _____ How long employed? _____
Income:  Monthly $ N/A ____ OR Weekly $_____
What is the nature of your job?_____

B.   If unemployed at present, complete the following:
I have been unemployed since the 27th day of June, 20 05. The name of my last employer was U.S. Postal Service. The address is 3300 Jet Cove Stel Memphis TN 38118 . The phone # is (901) 795-5756. The last salary or wages I received was $ 1,000.00 per week.

C.   If spouse employed at present, complete the following:
Employer_____ N/A _____
How long employed? _____ Income: Monthly $_____ OR Weekly $_____
What is the nature of your job?_____

D.   If on welfare or receiving unemployment benefits, please complete the following:
I have been on welfare or relief since the _____ day of _____, 20 ___

I am receiving $ _____ per week _ month _ for myself and family of __

4.  Financial Status:

A.  Owner of Real Property:  Yes _____  No ✓ _____                    EXHIBIT I
    1)  Description _____
    2)  Address _____
    3)  In whose name _____
    4)  Estimated value $ _____  Total amount owed $ _____
    Owed to _____
    Annual income from property: $ _____

B.  Other property:
    1)  Automobile:  Make Hyndai Model XG350L  Year 2005
        In whose name registered? Michael Tate
        Present value $ 12,077.00  Amount owed $ _____
    2)  Cash on hand? $ _____  Total Cash in Banks, Credit Unions, or
        Financial institutions: $ 100.00
        Name of Bank or financial institution:
        Postal Credit Union
        _____
        _____
        _____
        _____

C.  Obligations (per month):
    1)  Rent                                                $  0.00
    2)  Mortgage payment                                    $  0.00
    3)  Total Utility Bill                                  $  0.00
    4)  Phone Bill                                          $  0.00
    5)  Car payments                                        $  00.00
    6)  Car insurance                                       $  50.00
    7)  Other insurance                                     $  20.00
    8)  Retail merchants
        Please list:
        _____                    $  0.00
        _____                    $  0.00
        _____                    $  0.00
    9)  Other Creditors
        Please list:
        _____                    $  0.00
        _____                    $  0.00
        _____                    $  0.00
    10) Alimony, maintenance, or child support under divorce decree or
        separation agreement                               $ 22,850.10 Arrears
    11) Food and groceries                                 $ 115.00
    12) Clothes                                            $  .00

13)    Total amounts owed to doctors, hospitals, or lawyers
       Please list:

                                                                    $ 00.00
                                                                    $ 00.00
                                                                    $ 00.00

EXHIBIT I

TOTAL AMOUNT OF MONTHLY OBLIGATIONS:

D.    Other information related to financial status, including but not limited to stocks,
      bonds, savings bonds, or interests in trusts, whether owned or jointly owned
      Please list:

                                                                    $ 00.00
                                                                    $ 00.00
                                                                    $ 00.00

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct and submitted to persuade the Court to enter an order under 28 U.S.C. § 1915,
permitting me to file this case without prepayment of the filing fee, and appointing an attorney to
represent me in this case.

Executed this ___17th___ day of ___September___ 20_07_

___Michael Tate___
(Plaintiff's Signature)

MichAEL TATE
(PRINT PLAINTIFF'S NAME)

4958 Appleville St
Memphis TN 38109
(PRINT PLAINTIFF'S ADDRESS)

(900) 785-1933
(PRINT PLAINTIFF'S TELEPHONE NUMBER)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION



RECEIVED

2007 SEP 18 PM 4: 10

CLERK U.S. ...

EXHIBIT I

MichAEL TAte
_____

_____

(Name of plaintiff or plaintiffs)

v.                  CIVIL ACTION NO._____

John E. Potter
Post MAsteR GenekA L
United STAtes PostAl SeRvic E
(Name of defendant or defendants)

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff MichAEL TAte
(name of plaintiff)

is a citizen of the United States and resides at 4958 Appleville Street
(street address)

Memphis       Shelby       TN
(city)       (country)      (state)

38109              901 785-1733
(zip code)          (telephone number)

EXHIBIT I

3. Defendant _John E. Potter_
(defendant's name)

lives at, or its business is located at _3300 Jet Cove Memphis, TN_
(street address)
_38118_

4. Plaintiff sought employment from the defendant or was employed by the defendant at
_3300 Jet Cove Suite 10_

_Memphis_     _Shelby_     (street address) _TN_     _38118_
(city)     (country)     (state)     (zip code)

5. Defendant discriminated against plaintiff in the manner indicated in paragraph 9 of this complaint on or about_____
(day)     (month)     (year)

6. Defendant filed charges against the defendant with the Tennessee Fair Employment Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about_____
(day)     (month)     (year)

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about_ 9th __ May __ 2007_
(day)     (month)     (year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by plaintiff on _14th June 2007_. (Attach a copy of the notice to this complaint.)
(day) (month) (year)

9. Because of plaintiff's (1) ___ race, (2) ___ color, (3) ___ sex, (4) ___ religion, (5)___ national origin, defendant

(a) ____ failed to employ plaintiff.

(b) _✓_ terminated plaintiff's employment.

(c) ____ failed to promote plaintiff.

(d) _Failed to allow me a fair trial / due process refused family medical leave coverage and falsified official documents. failed to terminate male/white employee Bryan Sulline when he threatend employees._

EXHIBIT I

10. The circumstances under which defendant discriminated against plaintiff we follows: *In an effort to justify termination of my employment for extended absences, Acting Supervisor Pamela Young falsified statements to Postal Officials accusing me of threatening her and posing a threat to other employees — all of which is unsubstantiated. Management has provided no evidence that I threatened Ms. Young or other employees. There is however, an abundance of evidence that male/white employee Bryan Sullins threatened a group of employees and management took no action against him. Management also discriminated against me when it disregarded expert documentation for my medical condition causing my absences from work; disallowed my condition to be protected under the Family Medical Leave Act, denied me due process, and falsified documents to reflect justification of their terminating my employment.*

11. The acts set forth in paragraph 9 of this complaint

    (a) _____ are still being committed by defendant.

    (b) _____ are no longer being committed by defendant.

    (c) _✓_ may still be being committed by defendant.

12. Please attach to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, which are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    (a) _____ Defendant be directed to employ plaintiff, or

    (b) _✓_ Defendant be directed to re-employ plaintiff, or

    (c) _____ Defendant be directed to promote plaintiff, or;

    (d) _✓_ Defendant be directed to *pay full back pay, overtime made whole, all applicable compensatory and punitive damages.*

and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

*Michael J Ots*

SIGNATURE OF PLAINTIFF

PF

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:95-cv-02483-jsg

EXHIBIT X

Sims v. Rubin, et al
Assigned to: Julia S. Gibbons
Demand: $26,000
Cause: 28:1331 Fed. Question: Employment
Discrimination

Date Filed: 06/21/1995
Date Terminated: 03/25/19
Jury Demand: None
Nature of Suit: 442 Civil
Rights: Jobs
Jurisdiction: U.S. Governme
Defendant

**Plaintiff**

**Jean Arnold Sims**

represented by **Jean Arnold Sims**
1615 Pope Street
Memphis, TN 38108
901-323-1509
Fax: prose
PRO SE

V.

**Defendant**

**Robert E. Rubin**
*Secretary of Treasury*

represented by **Brian J. Quarles**
U.S. ATTORNEY'S OFFICI
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
901-544-4231
Fax: 544-0854
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTI*

**Defendant**

**National Treasury
Employees Union, Chapter
98**
*Gail McKinney, President*

represented by **Cary P. Sklar**
NATIONAL TREASURY
EMPLOYEES UNION
901 E Street, N.W.

Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory O'Duden**
NATIONAL TREASURY
EMPLOYEES UNION
901 E Street, N.W.
Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICEI*

EXHIBIT X

**Steven Flig**
NATIONAL TREASURY
EMPLOYEES UNION
2801 Buford Highway
Suite 430
Atlanta, GA 30329
404-728-1630
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICI*

**Defendant**

**Gail McKinney**
*President*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/1995 | 1 | COMPLAINT (SSH) (Entered: 06/26/1995) |
| 06/21/1995 | 2 | MOTION by plaintiff Jean Arnold Sims to proceed in form pauperis (SSH) (Entered: 06/27/1995) |
| 06/21/1995 | 3 | MOTION/REQUEST by plaintiff Jean Arnold Sims for appointment of counsel and waiver of payment of fees (S (Entered: 06/27/1995) |
| 06/21/1995 | 4 | ORDER by Magistrate Diane K. Vescovo granting motion proceed in forma pauperis [2-1]. The clerk shall not issu process or serve any papers until ordered by the court. |

CM/ECF - U.S. District Court:tnwd                                    https://ecf.tnwd.uscourts.gov/cgi-bin/Dkt

EXHIBIT X

| | | clerk shall immediately forwarded this file to the staff atty and mag. judge for completion of screening... (cc: all counsel) (SSH) (Entered: 06/27/1995) |
|---|---|---|
| 07/10/1995 | 5 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims adding Gail McKinney (WBE) (Entered: 07/11/1995) |
| 07/13/1995 | 6 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims (SSH) (Entered: 07/14/1995) |
| 08/01/1995 | 7 | ORDER by Mag Judge Diane K. Vescovo for issuance of service of process for both dfts', to U.S. Marshall for servi by clerk, as directed; (copy handed mag. section) (cc: all counsel) (BAG) Modified on 08/01/1995 (Entered: 08/01/1995) |
| 08/08/1995 | 8 | ORDER by Chief Judge Julia S. Gibbons denying motion fo appointment of counsel and waiver of payment of fees [3 (cc: all counsel) (EHG) (Entered: 08/08/1995) |
| 08/25/1995 | 9 | LETTER re: issuance of service pursuant to Magistrate's Order under 28 USC 1915(a), requesting copies of comp and summons forms for process of service; submitted by Clerk's Office. (BAG) (Entered: 08/25/1995) |
| 09/14/1995 | 10 | AFFIDAVIT of Jean A. Sims IN SUPPORT OF MOTION UN 28 USC 1915 FOR APPOINTMENT OF ATTORNEY AND AUTHORIZATION TO COMMENCE SUIT WITHOUT PREPAYMENT OF FILING FEE by Jean A. Sims; re [3-1], [2-1] (BAG) (Entered: 09/18/1995) |
| 09/22/1995 | 11 | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL by Chief Judge Julia S. Gibbons; Court cannot assess merits of pltf's claim at th early point in litigation, renewed motion denied; court consider renewal of motion closer to time of trial, when merits of claim can be more easily assessed. (cc: all cou (BAG) (Entered: 09/22/1995) |
| 10/31/1995 | | SUMMONS issued as to defendant Robert E. Rubin, defendant Gail McKinney (SSH) (Entered: 11/03/1995) |
| 11/21/1995 | 12 | RETURN OF SERVICE executed upon defendant Robert Rubin on 11/16/95, via certified mail # Z032053630; ( (Entered: 11/24/1995) |

EXHIBIT X

| | | |
|---|---|---|
| 12/07/1995 | 13 | ACCEPTANCE/ACKNOWLEDGEMENT OF SERVICE by defendant Gail McKinney on 11/28/95 (BAG) (Entered: 12/08/1995) |
| 12/08/1995 | 14 | RETURN OF SERVICE executed upon defendant NTEU, Chapter 98 on 12/6/95, via certified mail receipt #Z032 629; (BAG) (Entered: 12/08/1995) |
| 12/15/1995 | 15 | MOTION FOR PRO HAC VICE ADMISSION for attorney St Flig to appear pro hac vice, for dfts NTEU Chapter 98 (B (Entered: 12/18/1995) |
| 12/15/1995 | 16 | MOTION FOR PRO HAC VICE by defendant NTEU, Chap 98 for attorney Cary P. Sklar to appear pro hac vice (BA (Entered: 12/18/1995) |
| 12/15/1995 | 17 | MOTION FOR PRO HAC VICE ADMISSION by defendant NTEU, Chapter 98 for attorney Gregory O'Duden to app pro hac vice (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 18 | DEFENDANT NTEU CHAPTER 98'S MOTION TO DISMISS defendant NTEU, Chapter 98 to dismiss pursuant to rul 12(b)(1) and 12(b)(6) of FRCP; (BAG) (Entered: 12/18/1 |
| 12/15/1995 | 19 | BRIEF FILED IN SUPPORT OF DEFENDANT NTEU CHAP 98'S MOTION TO DISMISS by defendant NTEU, Chapter regarding [18-1] (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 20 | CERTIFICATE OF SERVICE by defendant NTEU, Chapte w/attachments; (BAG) (Entered: 12/18/1995) |
| 12/19/1995 | 21 | ORDER GRANTING MOTION TO APPEAR PRO HAC VIC Chief Judge Julia S. Gibbons granting motions for attor Gregory O'Duden [17-1], Cary P. Sklar [16-1], and Stev Flig to appear pro hac vice, for dfts NTEU Chapter 98 (cc all counsel) (BAG) (Entered: 12/20/1995) |
| 01/10/1996 | 22 | EXHIBITS; submitted by plaintiff Jean Sims; w/attachm (BAG) (Entered: 01/11/1996) |
| 01/25/1996 | 23 | DEFENDANT SECRETARY'S MOTION TO DISMISS by defendant Robert E. Rubin to dismiss for lack of perso jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCF (BAG) (Entered: 01/29/1996) |
| 01/25/1996 | 24 | MEMORANDUM IN SUPPORT OF DEFENDANT SECRE MOTION TO DISMISS by defendant Robert E. Rubin in support of motion to dismiss for lack of personal juris |

EXHIBIT X

| | | |
|---|---|---|
| | | to Rule 12(b)(2) and (6) of FRCP; [23-1] (BAG) (Entered: 01/29/1996) |
| 02/02/1996 | 25 | MOTION FOR SUMMARY JUDGMENT by plaintiff Jean Arnold Sims for summary judgment (BAG) (Entered: 02/07/1996) |
| 02/02/1996 | 26 | MEMORANDUM OF LAW by plaintiff Jean Arnold Sims in support of motion for summary judgment [25-1]; w/attachments (BAG) (Entered: 02/07/1996) |
| 02/06/1996 | 27 | ORDER TO SHOW CAUSE: by Chief Judge Julia S. Gibbons Pltf ordered to show cause within 10 days from the date this order why dft's motion should not be granted. Failur respond may result in the granting of dft's motion for dismissal [18-1]; (cc: all counsel) (BAG) (Entered: 02/07/1996) |
| 02/09/1996 | 28 | CERTIFICATE OF SERVICE by plaintiff Jean Arnold Sims (BAG) (Entered: 02/15/1996) |
| 02/15/1996 | 29 | RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [27-1]; w/attachments (BAG) (Entered: 02/15/1996) |
| 02/21/1996 | 30 | AMENDED MEMORANDUM OF LAW by plaintiff Jean Arnold Sims to [26-1] (BAG) (Entered: 02/21/1996) |
| 02/23/1996 | 31 | DEFENDANT NTEU CHAPTER 98's MOTION TO CONTIN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT by defendant NTEU, Chapter 98 to continue the summary judgment motion of pltf until after ruling on motion to dismiss. (BAG) (Entered: 02/26/1996) |
| 02/29/1996 | 32 | MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims for default judgment against Robert E. Ru (BAG) (Entered: 03/04/1996) |
| 03/05/1996 | 33 | ORDER denying motion for default judgment against R E. Rubin [32-1]; Records indicate that a dft filed a mot dismiss 1/25/96, in compliance with FRCP 12. (cc: all counsel) (BAG) Modified on 03/07/1996 (Entered: 03/05/1996) |
| 03/22/1996 | 35 | SETTING LETTER: Scheduling Conference set for 4/24, 9:00, before Judge Gibbons; (BAG) (Entered: 03/25/19 |
| 03/25/1996 | 34 | ORDER GRANTING DEFENDANT'S NTEU'S MOTION TO DISMISS AND GRANTING DEFENDANT SECRETARY'S |

EXHIBIT X

| | | |
|---|---|---|
| | | MOTION TO DISMISS by Chief Judge Julia S. Gibbons granting motion to dismiss for lack of personal jurisdictio pursuant to Rule 12(b)(2) and (6) of FRCP; [23-1], grantin motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) FRCP; [18-1] dismissing case, as pltf engaged in a negotia grievance procedure, her lawsuit in this court is barred. ( all counsel) (BAG) (Entered: 03/25/1996) |
| 03/27/1996 | 36 | JUDGMENT IN A CIVIL CASE: by Chief Judge Julia S. Gibbo In accordance with the provisions as set forth in the Orde Granting Defendant NTEU'S Motion to Dismiss and Granti Defendant Secretary's Motion to Dismiss entered 3/25/96, this case is hereby DISMISSED. (cc: all counsel) (BAG) (Entered: 03/27/1996) |
| 04/24/1996 | 37 | AMENDED MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims to [32-1] (BAG) (Entered: 04/24/1996) |
| 04/24/1996 | 38 | AMENDED RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [29-1] (BAG) (Entered: 04/24/1996) |
| 04/29/1996 | 39 | ORDER by Chief Judge Julia S. Gibbons finding the amen [38-1] moot., finding the amend [37-1] moot.; It is appar to the court that due to some error, pltf is unaware that case was dismissed 3/25/96; Clerk ORDERED to serve a o of the 3/5/96 order denying request for default judgmer the 3/25/96 order granting motions to dismiss of dfts' ar the 3/27/97 order of judgment, on pltf at the address fr which most recent filings were sent: In accordance with previous orders of this court, pltf's instant motions are r and are hereby denied. (cc: all counsel) (BAG) (Entered 04/29/1996) |

EXHIBIT X

IN THE UNITED STATES DISTRICT COURT FILED BY ___ D.C.
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

96 MAR 25 AM 7: 07

JEAN ARNOLD SIMS,

    Plaintiff,

ROBERT R. DI TROLIO
CLERK U.S. DIST. CT.
W.D. OF ... MEMPHIS

VS.

    No.   95-2483 GA

ROBERT E. RUBIN,
Secretary of the Treasury;
and NTEU CHAPTER 98,

    Defendants.

---

ORDER GRANTING DEFENDANT NTEU'S MOTION TO DISMISS
AND GRANTING DEFENDANT SECRETARY'S MOTION TO DISMISS

---

Before the court are the motions to dismiss of defendants
the National Treasury Employees Union Chapter 98 ("NTEU") and
Robert E. Rubin, United States Secretary of the Treasury
("Secretary").  Plaintiff Jean A. Sims brings this action under
the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.,
and/or the Rehabilitation Act, 29 U.S.C. § 701-796i, against her
employer, the Internal Revenue Service ("IRS"), which is properly
represented in this suit by the named defendant Secretary.
Plaintiff apparently suffers from carpal tunnel syndrome and
alleges that she was wrongfully placed on an involuntary non-paid
furlough and was thus discriminated against on the basis of her
medical condition.  Plaintiff further alleges that her union,
NTEU, failed to properly represent her in a negotiated grievance
process challenging the propriety of the involuntary furlough.
Both defendants move to dismiss, and, for the following reasons,

this document entered on docket sheet in compliance with Rule 58 and/or
F ... FRCP on 3/25/96 .

(34)

EXHIBIT X

the court grants both motions.[1]

In considering a Rule 12(b)(6) motion to dismiss, the court is limited to examining whether plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). "A complaint should not be dismissed unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir. 1990), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court is also required to view the allegations in the light most favorable to the plaintiff. Id., quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

As alleged by plaintiff, the facts surrounding this dispute are as follows. Plaintiff is employed as a seasonal Tax Examiner by the United States Internal Revenue Service. In early February of 1991, while working in the 100% Review Unit, plaintiff experienced pain in her neck, shoulder, and arm, and missed several days of work. Plaintiff was diagnosed with carpal tunnel syndrome on February 19, 1991, and thereafter complained of difficulties at work and sought to file a Worker's Compensation claim for occupational disease.[2] Plaintiff was on an extended absence until May 10, 1991, at which point she was placed in non-

---

[1] Also pending are plaintiff's motion for summary judgment, and defendant NTEU's motion to continue plaintiff's motion until after disposition of its motion to dismiss. Since this order dismisses plaintiff's case, these pending motions are moot.

[2] This claim was apparently denied by the Department of Labor, Office of Worker's Compensation on February 19, 1992.

EXHIBIT X

pay status with other seasonal employees due to lack of work.

When plaintiff was recalled on July 7, 1991, she was assigned to the Analyzation unit, which is the area in which she has regularly worked since 1988. Due to continued pain in her wrist and the effects of pain medication, plaintiff missed several more days of work, and upon her return, plaintiff complained of the pain to her section chief and was given the option of either accepting a downgrade to a clerical position which would not require the painful repetitive hand movements, or of submitting medical documentation outlining the type and amount of work which she would be able to perform without significant pain. Plaintiff refused to accept the downgrade and, effective July 26, 1991, was placed on involuntary furlough, pending the transmittal of the requested medical documentation.

On January 22, 1992, plaintiff filed a grievance with NTEU alleging that she was placed in involuntary furlough status in violation of her employment contract. Plaintiff's grievance was forwarded to the NTEU attorney responsible for representing employees in the Memphis IRS Service Center. Plaintiff apparently initially represented to NTEU that she did not want their representation in any negotiations with the IRS, and later failed to provide NTEU with pertinent medical information which NTEU requested in order to be able to successfully pursue plaintiff's complaint.

On June 8, 1992, plaintiff participated in a grievance meeting, and the IRS offered, as full and final settlement, to recall plaintiff to work effective June 1, 1992 and allow her to work three and one-half months longer than other similarly-ranked

3

EXHIBIT X

seasonal employees.  While plaintiff accepted the offer to return
to work, she apparently rejected it as a full and final
settlement of her grievance, and instead sought to be compensated
for loss of pay, the cost of letters, postage, and
transportation, damages related to stress, embarrassment, and
fear, and punitive damages.  Such relief was denied by the IRS as
being outside the scope of the relief available in a negotiated
grievance procedure.  NTEU subsequently informed plaintiff that
it would not invoke arbitration procedures on her behalf.
Plaintiff apparently resumed her employment with the IRS on
January 11, 1993.

On December 8, 1994, plaintiff sought the advice of a
federal Equal Employment Opportunity ("EEO") counselor and on
January 30, 1995, filed a formal EEO complaint.  That complaint
was denied by the Department of Treasury's regional EEO office on
March 22, 1995 on the grounds that (1) plaintiff's pursuit of the
EEO remedy was precluded by her previous participation in a
negotiated grievance process; and (2) plaintiff, in any event,
had failed to initiate the EEO process timely.  Plaintiff did not
appeal this decision to the Equal Employment Opportunity
Commission ("EEOC"), but rather, on June 21, 1995, filed the
instant lawsuit against both the IRS and NTEU, seeking
compensation for lost wages and expenses.  Both defendants move
to dismiss, and the court will consider each motion in turn.

1.  **Defendant NTEU's Motion to Dismiss.**  Defendant NTEU is a
locally chartered chapter of the National Treasury Employees
Union, which is a national labor organization exclusively
representing employees of the federal government in over a dozen

4

EXHIBIT X

federal agencies, including the IRS.  Pursuant to Title VII of

the Civil Service Reform Act, 5 U.S.C. § 7101 et seq., the

national organization has long been the certified exclusive

representative of approximately 100,000 IRS bargaining unit

employees.  At all times relevant to this action, plaintiff has

been a member of a bargaining unit represented by defendant NTEU.

Plaintiff's claim against NTEU here essentially alleges that

NTEU negligently misrepresented her in the grievance process

contesting the validity of the procedures used to involuntarily

furlough her without compensation from July 26, 1991 to January

11, 1993.  Plaintiff asserts that NTEU's representatives' actions

in instructing her to accept the furlough papers and in failing

to assist her in filing a formal grievance "allowed and promoted"

the allegedly wrongful actions of the IRS.[3]

Defendant NTEU argues that this claim should be dismissed

_____

[3] In her response to NTEU's motion to dismiss, filed subsequent
to this court's issuance of an order to show cause, plaintiff
characterizes her complaint against NTEU as follows:

> With the National Treasury Employees Union, specifically
> Chapter 98 being the designated representative of IRS
> employees, Jean A. Sims only sought the assistance and
> advice of NTEU.  She filed a grievance [i.e., this
> complaint] because she felt that the union steward, Rick
> Hogue's instructions to accept the furlough papers as
> well as those actions of the chapter president, Gail
> McKinney of not assisting her in filing a formal
> grievance allowed and promoted the the [sic] "Adverse
> Action" in terms of the contract between Internal Revenue
> Service and National Treasury Employees Union which left
> Jean A. Sims in non-work status without pay from July 26,
> 1991 to January 11, 1993 and was against the guidelines
> of the contract in such areas as sick leave, physician's
> statement requirements, job performance, and adverse
> action.

While plaintiff, who is proceeding pro se, nowhere clearly states
that she is alleging that NTEU breached its duty of fair
representation, it seems clear that the gravamen of her complaint
is such a claim.

EXHIBIT X

because a complaint for negligent representation by the union is an "unfair labor practice" as defined by the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7114, and may be prosecuted exclusively by the Federal Labor Relations Authority ("FLRA"), an administrative agency which is the federal sector counterpart to the National Labor Relations Board ("NLRB"). This court agrees and accordingly grants NTEU's motion to dismiss.

Title VII of the CSRA provides that a union which serves as the exclusive representative of a federal employee bargaining unit has a duty to represent all bargaining unit employees in a fair manner, "without any discrimination and without regard to labor organization membership." 5 U.S.C. § 7114(a)(1). This provision forms the basis of the federal employee union's duty of fair representation. Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 531-32 (1989).

The CSRA also provides that a union's breach of this duty of fair representation constitutes an unfair labor practice, 5 U.S.C. § 7116(b)(8), but mandates that the authority to prosecute complaints of a breach of this duty lies exclusively with the FLRA. 5 U.S.C. § 7118. In Karahalios, the United States Supreme Court held that the FLRA's jurisdiction to enforce a union's duty of fair representation is exclusive, and that Congress did not intend to create a private cause of action to enforce that duty in federal court. 489 U.S. at 532-36. See 5 U.S.C. § 7118. Accord Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994); Carter v. Gibbs, 909 F.2d 1452, 1456 (Fed. Cir.), cert. denied, 498 U.S. 811 (1990); Montplaisir v. Leighton, 875 F.2d 1-3 (1st Cir.

6

EXHIBIT X

1989).[4]  See also Local 3-689, Oil, Chemical & Atomic Int'l Union
v. Martin Marietta Energy Systems, Inc., Dept. of Energy, ___
F.3d ___, 1996 WL 78127, *6 n.5 (6th Cir. 1996) (noting that the
Supreme Court's decision in Karahalios precludes a private right
of action under the CSRA).

Plaintiff's complaint against NTEU accordingly is barred by
the doctrine of Karahalios.  See 489 U.S. at 536-37 ("To hold
that the district courts must entertain such cases in the first
instance would seriously undermine what we deem to be the
congressional scheme, namely to leave the enforcement of union
and agency duties under the Act to the General Counsel and the
FLRA and to confine the courts to the role given them under the
Act.").  Since, therefore, the court lacks subject matter
jurisdiction over plaintiff's complaint, defendant NTEU's motion
to dismiss is granted.

    2.  **Defendant Secretary's Motion to Dismiss.**  Defendant
Robert Rubin, sued in his capacity as Secretary of the United
States Treasury, moves to dismiss this action on several grounds.
First, defendant Secretary argues that plaintiff failed to
properly effect service and thus failed to assert personal
jurisdiction over the IRS.  Second, defendant argues that since
plaintiff previously raised her complaint in a negotiated
grievance procedure, plaintiff has irrevocably elected not to

_____

    [4] The CSRA provides recourse to federal court only in three
circumstances: (1) persons aggrieved by a final FLRA order, with
certain exceptions, may seek judicial review in the appropriate
court of appeals, 5 U.S.C. § 7123(a); (2) the FLRA may seek
judicial enforcement of its orders, 5 U.S.C. § 7123(b); and (3)
temporary injunctive relief is available to the FLRA to assist it
in the discharge of its duties, 5 U.S.C. § 7123(d).  See
Karahalios, 489 U.S. at 532.

7

EXHIBIT X

avail herself of statutory avenues of relief and accordingly, her
suit in this court is precluded.  Third, defendant argues that
plaintiff's discrimination claim is properly brought under 42
U.S.C. § 2000e-16, not under the Americans with Disabilities Act
("ADA"), 42 U.S.C. § 12101 et seq., or the Rehabilitation Act, 29
U.S.C. § 794, and that plaintiff's failure to timely consult with
an EEO counselor and file an administrative charge as required by
that statute precludes her civil lawsuit.  As the court finds
that defendant's second and third arguments are dispositive, the
court does not reach defendant's service argument.

The disposition of defendant Secretary's motion to dismiss
raises a number of complicated questions regarding the interplay
between the Civil Service Reform Act, 5 U.S.C. § 7101 et seq.,
the Equal Employment Opportunity Act, 42 U.S.C. § 2000e-16, and
the Rehabilitation Act, 29 U.S.C. § 701-796i.[5]  After reviewing
the applicable statutory and regulatory framework, the court
concludes that plaintiff's instant suit is precluded because of

_____

[5] Plaintiff's attempt to allege a claim under the Americans
with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., fails as
the ADA explicitly excludes the United States from its definition
of covered "employers."  42 U.S.C. § 12111(5)(B)(i).  Accordingly,
plaintiff's complaint of discrimination against the IRS is not
cognizable in a claim brought under the ADA.  Instead, plaintiff's
claim is properly brought under the Rehabilitation Act, 29 U.S.C.
§ 794, which incorporates the procedures provided in the Equal
Employment Opportunity Act, 42 U.S.C. § 2000e-16.  See Vinieratos
v. United States Dept. of Air Force, 939 F.2d 762, 773 (9th Cir.
1991) (even though a federal employee alleges employment
discrimination on the basis of disability in violation of the
Rehabilitation Act, "Title VII [42 U.S.C. §§ 2000e-16] provides the
exclusive channel by which such allegations may be heard in federal
court.") (citing Boyd v. United States Postal Service, 752 F.2d
410, 413-14 (9th Cir. 1985)).  See generally Brown v. General
Services Administration, 425 U.S. 820, 829-30 (1976) (Equal
Employment Opportunity Act is the sole and exclusive remedy for
civil rights claims of job discrimination by federal employees).

EXHIBIT X

her participation in a negotiated grievance process and her
failure to timely invoke the jurisdiction of the Department of
Treasury's EEO division following her refusal to accept the IRS's
final negotiated offer.

In passing the Civil Service Reform Act of 1978 ("CSRA"),
Congress hoped to increase the efficiency of the federal
government by allowing collective bargaining in the federal
workplace.  See Cornelius v. Nutt, 472 U.S. 648, 666 (1985)
(Marshall, J., dissenting); see also 5 U.S.C. § 7101(a)
(describing the findings and purposes of the Act).  The CSRA
allows union representatives to bargain with the federal agency
for the terms and conditions of workers' employment, see Bureau
of Alcohol, Tobacco and Firearms v. Federal Labor Relations
Auth., 464 U.S. 89, 107 (1983), the product of which is a
collective bargaining agreement that sets forth the procedures
for the settlement of grievances.  5 U.S.C. § 7121(a)(1).  The
procedures provided for by that agreement are generally the
"exclusive procedures for resolving grievances which fall within
its coverage."  5 U.S.C. § 7121(a)(1); see also Cornelius, 472
U.S. at 666 (citing 5 U.S.C. § 7106).  Due to Congress'
recognition that judicial tinkering with the intricate scheme set
up by the CSRA would result in a breakdown of that system, the
courts have been admonished to "leave the architecture of the
federal personnel system to Congress."  Carter, 909 F.2d at 1456
(citing Volk v. Hobson, 866 F.2d 1398, 1403 (Fed. Cir.), cert.
denied, 490 U.S. 1092 (1989)).  Accordingly, judicial review of
adverse employment actions is often simply unavailable and
parties are bound by any decision rendered as a result of

9

EXHIBIT X

participation in the grievance procedures agreed to in collective

bargaining.  See generally American Fed. of Gov't Employees Local

2052 v. Reno, 992 F.2d 331 (D.C. Cir. 1993) (describing the

various procedures available under the CSRA).

Where, however, an aggrieved party, who would otherwise be

bound by the exclusivity of the negotiated grievance procedure,

seeks to raise a complaint of prohibited employment

discrimination under Title VII of the 1984 Civil Rights Act, 42

U.S.C. § 2000e et seq., the Rehabilitation Act, 29 U.S.C. § 794,

or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 629 et seq.,[6] the policies of the CSRA are in conflict with

Congress's intention that the Equal Employment Opportunity

Commission ("EEOC") and its federal agency counterparts exercise

jurisdiction.  Accordingly, in 5 U.S.C. § 7121(d), Congress

created an exception to the exclusivity provision of section

7121(a)(1):

> (d)  An aggrieved employee affected by a prohibited
> personnel practice under section 2302(b)(1) of this
> title which also falls under the coverage of the
> negotiated grievance procedure may raise the matter
> under a statutory procedure or the negotiated
> procedure, but not both.  An employee shall be deemed
> to have exercised his option under this subsection to
> raise a matter under either a statutory procedure or
> the negotiated procedure at such time as the employee
> timely initiates an action under the applicable
> statutory procedure or timely files a grievance in

---

[6]  The CSRA, 5 U.S.C. § 2302(b)(1), imports the anti-discrimination laws of Title VII and the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., into federal workplaces.  The prohibitions of the Rehabilitation Act and the ADEA have equally been considered applicable.  See, e.g., Vinieratos v. U.S. Dept. of Air Force, 939 F.2d 762, 773 (9th Cir. 1991).  The procedural route for federal employees alleging claims of discrimination is via the Equal Employment Opportunity Act, 42 U.S.C. § 2000e-16; see Brown, 425 U.S. at 829-30.  See also infra note 8.

10

EXHIBIT X

writing, in accordance with the provisions of the
parties' negotiated procedure, whichever event occurs
first . . . .

5 U.S.C. § 7121(d).[7]  Therefore, once a plaintiff elects to
pursue his discrimination claim in a negotiated grievance
procedure, he may not thereafter invoke the statutory procedure
established for discrimination complaints.  29 C.F.R. § 1614.301;
Smith v. Kaldor, 869 F.2d 999, 1006 (6th Cir. 1989).  Accord
Johnson v. Peterson, 996 F.2d 397, 398 (D.C. Cir. 1993); American
Fed. of Gov't Employees, 992 F.2d at 332; Vinieratos v. U.S.
Dept. of Air Force, 939 F.2d 762, 768 (9th Cir. 1991).[8]

    Plaintiff here clearly elected to file a grievance under the

---

[7] Section 7121(d) deals with so-called "mixed case" complaints.
A "mixed case" is a matter over which the Merit Systems Protection
Board ("MSPB") would ultimately have jurisdiction on appeal from an
agency decision or an arbitrator's decision, but which also raises
issues of employment discrimination.  29 C.F.R. § 1613.402(a).  See
also Vinieratos, 939 F.2d at 766; American Fed. of Gov't Employees,
992 F.2d at 332.  Here, plaintiff's case may not present a true
"mixed case" because there is apparently some dispute as to whether
the decision to place plaintiff on an involuntary furlough
constituted an "adverse action" subject to ultimate review by MSPB.
This dispute, however, does not affect the resolution of this
motion to dismiss.  See Facha v. Cisneros, 1996 WL 102269, *11 n.5
& 12 (E.D. Pa. 1996) (evaluating plaintiff's complaint under a
similar framework despite the fact that her complaint did "not
represent a true 'mixed case' because the job action that HUD took
against her was not sufficiently serious . . . to trigger review by
the Merit Systems Protection Board," and granting the government's
motion to dismiss for lack of subject matter jurisdiction).

[8] The applicable statutory framework requires that the
plaintiff employee seek administrative remedies within the
particular agency involved to redress his grievance before filing
suit for unlawful employment discrimination.  See 42 U.S.C.
§ 2000e-16; Brown, 425 U.S. at 832 (interpreting Title VII).  Thus,
plaintiffs seeking to invoke the statutory procedure are required
to first consult with an EEO counselor in an informal effort and
then, if unsuccessful, to file a formal charge of discrimination
with the employing agency's EEO office, which is empowered by the
EEOC to render a final decision on federal employee complaints.
Once such a decision is rendered by the agency EEO office, the
plaintiff has the right to appeal to the EEOC or to file suit in
federal court.  See 29 C.F.R. 1613.281; 42 U.S.C. § 2000e-16(c).

11

EXHIBIT X

collective bargaining agreement. Her handwritten letter, dated
January 22, 1992, constitutes such a grievance for the purposes
of the statute and thus effectively precludes her pursuit of the
statutory remedies which could be initiated through the filing of
an EEO complaint. Plaintiff's election is "irrevocable," see
Vinieratos, 939 F.2d at 768, "irrespective of whether the agency
has informed the individual of the need to elect or of whether
the grievance has raised an issue of discrimination," so long as
the grievance involved the same "matter" as the plaintiff is
attempting to raise in the statutory process. 5 U.S.C.
§ 7121(d); 29 C.F.R. § 1614.301.

The word "matter" as used in this framework refers to the
"underlying employment action," and not to any legal
characterization of that action. See Bonner v. Merit Systems
Protection Bd., 781 F.2d 202, 204-05 (Fed. Cir. 1986); Macy v.
Dalton, 853 F. Supp. 350, 353 (E.D. Cal. 1994). Accordingly,
plaintiff's attempt to argue that her grievance challenged the
procedure of her involuntary furlough as opposed to the
discriminatory intent with which that procedure was invoked
fails; the "matter" at issue is the imposition of the furlough
and plaintiff raised that matter in her grievance. See Macy, 853
F. Supp. at 354.

Plaintiff's case is complicated here by the fact that her
grievance was not taken into binding arbitration, which might
have been appealable to either the Merit Systems Protection Board
(which has the authority to refer an issue of discrimination to
the EEOC) or to the EEOC itself. 29 C.F.R. § 1614.401. Since
plaintiff's union representative refused to take her claim to

12

EXHIBIT X

binding arbitration, plaintiff's negotiated offer was apparently achieved as a result of a more informal process.[9]  Nonetheless, the applicable statute clearly indicates that election occurs at the time plaintiff files her written grievance, without regard to how that process is concluded.  5 U.S.C. § 7121(d); see also Vinieratos, 939 F.2d at 769; Jones v. Dept. of Health and Human Servs., 622 F. Supp. 829, 830 (N.D. Ill. 1985).  Once plaintiff begins the negotiated grievance process, she may not change her mind and invoke the statutory EEO process.

Plaintiff does have the right to appeal a grievance decision to the EEOC if there is an allegation of discrimination, see 29 C.F.R. § 1614.401(b).  Such an appeal must be taken, however, "within 30 days of receipt of a decision."  29 C.F.R. § 1614.402(a).  Plaintiff here did not consult with an EEO counselor until well over a year after the agency's negotiated offer was made.[10]  Accordingly, she cannot avail herself of these

---

[9] An examination of plaintiff's exhibits reveals that NTEU determined not to refer her claim to binding arbitration due to plaintiff's failure to provide necessary medical information.

[10] Even had the court determined that plaintiff could invoke the statutory EEO process, plaintiff's failure to contact an agency EEO counselor within 45 days of the allegedly discriminatory action taken against her, see 29 C.F.R. § 1614.105(a)(1), bars her action in this court.  The 45-day deadline is construed as a statute of limitations, not as a jurisdictional prerequisite.  Johnson v. Runyon, 47 F.3d 911, 917 (7th Cir. 1995); Rennie v. Garrett, 896 F.2d 1057, 1062-63 (7th Cir. 1990).  While a plaintiff may seek an extension of this 45 day period from the agency by showing "that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits or for other reasons considered sufficient by the agency. . .", 29 C.F.R. § 1614.105(c), plaintiff here has failed to "articulate a reason why [s]he did not suspect discrimination" until after the 45-day period had run.  See Lewis

13

EXHIBIT X

appeal provisions.[11]  Since the CSRA encourages recognizing the

finality of decisions achieved as a result of participation in

the grievance procedures set out in collective bargaining

agreements, the statutory and regulatory framework governing the

settlement of discrimination complaints by federal employees

should be interpreted strictly to facilitate that policy.  As

plaintiff engaged in a negotiated grievance procedure, her

lawsuit in this court is barred.

Conclusion.  For the reasons explained, the court grants

both NTEU's motion to dismiss and the Secretary's motion to

dismiss.

IT IS SO ORDERED.

JULIA SMITH GIBBONS
UNITED STATES DISTRICT JUDGE

March 21, 1996
DATE

---

v. Runyon, 65 F.3d 175, 1995 WL 499440 **1 (9th Cir. 1995)
(dismissing a similarly situated claim), cert. denied, 116 S. Ct.
793 (1996).  See also Spence v. Straw, 54 F.3d 196, 202 (3d Cir.
1995) (recognizing that agency is given the power in the first
instance to determine whether to excuse a plaintiff's untimely
consultation).

[11] It appears from reading the regulation that plaintiff may
appeal to the EEOC only if "an issue of employment discrimination
was raised in a negotiated grievance procedure that permits such
issues to be raised." 29 C.F.R. § 1614.401(b).  Since, however,
plaintiff is barred from invoking the statutory EEO procedure even
when no discrimination is alleged in the written grievance so long
as the same "matter" is challenged, there appears to be some
ambiguity as to what avenue of relief is available to this
plaintiff who otherwise is not entitled to any appeal, since her
grievance was not submitted to arbitration.  Nonetheless, since
plaintiff failed to meet the timeliness requirement in any event,
this ambiguity need not be resolved.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TREVA PARRISH,                          )        EXHIBIT 28
                                        )
     Plaintiff,                        )
                                        )
VS.                                     )
                                        )        No. 10-1107-JDT
                                        )
MICHAEL ASTRUE,                         )
Commissioner of Social Security,        )
                                        )
     Defendant.                        )

_____

ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND REFUNDING FILING FEE

_____

     Plaintiff Treva Parrish filed a complaint for review of a final decision of the Commissioner. The complaint was not accompanied by a motion to proceed *in forma pauperis*; consequently, the filing fee of $350 was charged to counsel's credit card (Docket Entry 2). A motion to proceed *in forma pauperis* was then filed (D.E. 4).

     Based on the information contained in the motion, Plaintiff is hereby allowed to proceed *in forma pauperis* in this case. The Clerk is directed to refund the $350 filing fee. IT IS SO ORDERED.

                            s/ James D. Todd
                            JAMES D. TODD
                            UNITED STATES DISTRICT JUDGE

AO 240   (Rev. 10/03)

EXHIBIT 28

# UNITED STATES DISTRICT COURT

_Western_ _____  District of  _Tennessee_

_Treva D. Parrish_
Plaintiff

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

_Michael Astrue, Commissioner
of Social
Security_
Defendant                    CASE NUMBER:

I, _Treva Parrish_ _____  declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant          ☐ other _____

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?               ☐ Yes          ☑ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration _____

    Are you employed at the institution? _____ Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2.  Are you currently employed?               ☐ Yes          ☑ No

    a.  : If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment          ☐ Yes          ☑ No
    b.  Rent payments, interest or dividends                    ☐ Yes          ☑ No
    c.  Pensions, annuities or life insurance payments          ☐ Yes          ☑ No
    d.  Disability or workers compensation payments             ☐ Yes          ☑ No
    e.  Gifts or inheritances                                   ☐ Yes          ☑ No
    f.  Any other sources                                       ☑ Yes          ☐ No

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

240 Reverse (Rev. 10/03)

Food Stamps   $200 EXHIBIT 28

4.  Do you have any cash or checking or savings accounts?     ☐ Yes          ☑ No

    If "Yes," state the total amount. _____

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other
    thing of value?   ☐ Yes        ☑ No

    If "Yes," describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate
    how much you contribute to their support.

    None

I declare under penalty of perjury that the above information is true and correct.

4-24-10                 Siera Parrish
Date                    Signature of Applicant

NOTICE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer
showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have
multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each
account.

CLOSED

# U.S. District Court
## Western District of Tennessee (Jackson)
## CIVIL DOCKET FOR CASE #: 1:10-cv-01107-JDT

EXHIBIT 28

Parrish v. Astrue et al
Assigned to: Judge James D. Todd
Cause: 42:405 Review of HHS Decision (SSID)

Date Filed: 05/06/2010
Date Terminated: 04/14/2011
Jury Demand: None
Nature of Suit: 864 Social
Security: SSID Tit. XIV
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Treva Parrish**                    represented by **Beth S. Bates**
WEST TENNESSEE LEGAL
SERVICES, INC.
P.O. Box 2066
210 West Main St.
Jackson, TN 38301
731-423-0616
Fax: 731-423-2600
Email: beth@wtls.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael Astrue**                    represented by **Monica M. Simmons**
*Commissioner, Social Security*        U.S. ATTORNEY'S OFFICE
*Administration*                       Civil Division
167 North Main Street
Suite 800
Memphis, TN 38103
901-544-4231
Fax: 901-544-4230
Email:
Monica.Simmons@usdoj.gov
*ATTORNEY TO BE NOTICED*



H. Holder, Jr.
*U.S. Attorney General*

EXHIBIT 28

**Defendant**

**Lawrence J. Laurenzi**
*U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2010 | 1 | COMPLAINT against All Defendants; filed by Treva Parrish. (Filing fee $ 350.) (Attachments: # 1 Civil Sheet, # 2 Summons-AG, # 3 Summons-SSA, # 4 Summons-USA)(jlh) (Entered: 05/06/2010) |
| 05/06/2010 | 2 | Case initiation fee: $ 350, receipt number J34261 ( (Additional attachment(s) added on 5/10/2010: # 1 Document --) (cdi). Modified on 5/10/2010- Case In fee returned pursuant to Court Order. IFP Entered case. (cdi). (Entered: 05/06/2010) |
| 05/06/2010 | 3 | Summons Issued as to All Defendants: Astrue/SSA, Laurenzi/U.S. Attorney and Holder/U.S. Attorney G (Issued summons returned to atty via US Mail.) (jl) (Entered: 05/06/2010) |
| 05/06/2010 | 4 | Notice of Correction to 1 Complaint *Application to Proceed Without Prepayment of Fees and Affidavit* Beth) (Entered: 05/06/2010) |
| 05/10/2010 | 5 | ORDER GRANTING MOTION FOR LEAVE TO PRO( FORMA PAUPERIS AND REFUNDING FILING FEE. by Judge James D. Todd on 5/10/10. (Todd, James (Entered: 05/10/2010) |
| 05/10/2010 | 6 | Filing Fee ($350) Returned to Atty Bates pursuar 5/10/10 Court Order- DE# 5. Rcpt # J34269 Copy to Atty Bates this date via US Mail. (cdi) (Entered 05/10/2010) |
| 05/28/2010 | 7 | SUMMONS Returned Executed by Treva Parrish. Defendants. U.S. Attorney General served on 5/1 U.S. Attorney served on 5/10/2010. (Attachment Supplement Summons Returned Executed as to Supplement Summons Returned Executed as to |

EXHIBIT 28

| | | |
|---|---|---|
| | | USA)(Bates, Beth) (Entered: 05/28/2010) |
| 2010 | 8 | ANSWER to 1 Complaint by Michael Astrue. (DeGraffenreaid, Monica) (Entered: 07/08/2010) |
| 07/12/2010 | 9 | ORDER SETTING BRIEFING SCHEDULE IN SOCIAL SECURITY CASE. Signed by Clerk of Court on 7/12/10. (cdi) (Entered: 07/12/2010) |
| 08/06/2010 | 10 | TRIAL BRIEF *Plaintiff's Memorandum in Support of Appeal* by Treva Parrish. (Bates, Beth) (Entered: 08/06/2010) |
| 09/07/2010 | 11 | MOTION for Extension of Time to File *Commissioner's Brief (proposed order submitted)* by Michael Astrue. (DeGraffenreaid, Monica) (Entered: 09/07/2010) |
| 09/07/2010 | 12 | ORDER ALLOWING ADDITIONAL TIME TO FILE BRIEF 11 . The Commissioner shall file a brief on or before October 22, 2010. Signed by Judge James D. Todd on 9/7/10. (Todd, James) (Entered: 09/07/2010) |
| 10/22/2010 | 13 | Appellee's BRIEF by Michael Astrue. (DeGraffenreaid, Monica) (Entered: 10/22/2010) |
| 11/02/2010 | 14 | Appellant's REPLY BRIEF by Treva Parrish. (Attachments: # 1 Supplement Dr. Smithson licensure; DSM-IV-TR)(Bates, Beth) (Entered: 11/02/2010) |
| 04/13/2011 | 15 | ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g). Signed by Judge James D. Todd on 4/13/12. (Entered: 04/13/2011) |
| 04/14/2011 | 16 | JUDGMENT IN A CIVIL CASE. Signed by Judge James D. Todd on 4/14/11. (Todd, James) (Entered: 04/14/2011) |
| 05/23/2011 | 17 | First MOTION for Attorney Fees *EAJA Fee* by Treva Parrish. (Attachments: # 1 Supplement Plaintiff's Assignment of EAJA Fee)(Bates, Beth) (Entered: 05/23/2011) |
| 05/23/2011 | 18 | ATTACHMENT to 1 Complaint by Treva Parrish.. (Attachments: # 1 Memorandum Declaration of Beth S. Bates, # 2 Supplement Itemization of Time)(Bates, Beth) (Entered: 05/23/2011) |
| 05/24/2011 | 19 | DEFICIENCY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 17 First MOTION for |

4

EXHIBIT 28

| | | |
|---|---|---|
| | | Attorney Fees *EAJA Fee* filed by Treva Parrish, <u>18</u> Attachment filed by Treva Parrish has been filed. However, the following deficiencies has been found: 1)Your documents do not have the dates filled in for your document nor your certificate of service. 2) Your Supplement Plaintiff's Assignment of EAJA Fee does not contain a signature. 3) Your Memorandum Declaration and Supplement Itemization of Time should not have been filed as separate entries but should have been attachments to your Motion. **Please correct and re-file your documents using the event code NOTICE OF CORRECTION. You should link your Notice of Correction back to DE# <u>17</u> and <u>18</u> .** The filer has one business day to correct the deficiency. (cdi) (Entered: 05/24/2011) |
| 05/24/2011 | <u>20</u> | Notice of Correction to <u>17</u> First MOTION for Attorney Fees *EAJA Fee* . (Attachments: # <u>1</u> Assignment, # <u>2</u> Memorandum, # <u>3</u> Declaration of Beth S. Bates, # <u>4</u> Itemization of Time)(Bates, Beth) (Entered: 05/24/2011) |
| 06/06/2011 | <u>21</u> | RESPONSE to Motion re <u>17</u> First MOTION for Attorney Fees *EAJA Fee* filed by Michael Astrue. (DeGraffenreaid, Monica) (Entered: 06/06/2011) |
| 06/07/2011 | <u>22</u> | ORDER GRANTING <u>17</u> ATTORNEY FEES. Signed by Judge James D. Todd on 6/7/11. (Todd, James) (Entered: 06/07/2011) |
| 06/10/2011 | <u>23</u> | Notice of Correction to <u>21</u> Response to Motion *for Attorney Fees (corrected certificate of service)*. (DeGraffenreaid, Monica) (Entered: 06/10/2011) |

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:12-cv-02070-SHM-tmp

EXHIBIT 9

Branning v. Minact, Inc.
Assigned to: Judge Samuel H. Mays, Jr.
Referred to: Magistrate Judge Tu M. Pham
Cause: 28:451 Employment Discrimination

Date Filed: 01/30/2012
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Peggy Branning**

represented by **Ted I. Jones**
JONES & GARRETT LAW FIRM
1835 Union Avenue
Suite 315
Memphis, TN 38104
901-526-4249
Fax: 901-525-4312
Email: Dtedijones@aol.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MINACT, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2012 | 1 | COMPLAINT against MINACT, Inc., filed by Peggy Branning. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Affidavit)(Jones, Ted) (Entered: 01/30/2012) |
| 01/30/2012 | 2 | Judge Samuel H. Mays, Jr and Magistrate Judge Tu M. Pham added. (csf) (Entered: 01/31/2012) |
| 01/31/2012 | 3 | DEFICIENCY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 1 Complaint filed by Peggy Branning has been filed. However, the following deficiency has been found: the affidavit should be filed separately as a Motion to Proceed In Forma Pauperis. The In Forma Pauperis affidavit has not been properly completed. The filer has one business day to correct the deficiency. (csf) (Entered: 01/31/2012) |
| 02/01/2012 | 4 | MOTION for Leave to Proceed in forma pauperis by Peggy Branning. (Attachments: # 1 Affidavit)(Jones, Ted) (Entered: 02/01/2012) |
| 02/02/2012 | 5 | Summons Issued as to MINACT, Inc.. The filer has been notified electronically that the summons has been issued, and the new docket entry reflects this. Upon notification of the new docket entry, the filer is to print the issued summons in order to effect service. (csf) (Entered: 02/02/2012) |

EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PEGGY BRANNING,

     Plaintiff,

VS.

MINACT, Inc.,                   No. 12-cv-02070-SHM

     Defendant.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

COMES NOW your Plaintiff to move this Honorable Court that she be allowed to proceed in this case without the prepayment of fees and file this suit and proceed as a pauper. The Plaintiff is not employed and no funds have been paid to counsel in the filing of this complaint. The complaint is filed with respect to a deadline imposed by a right to sue letter she received from the EEOC and asserts that her termination was by pretext and that she was fired in violation of the discrimination laws of Title VII. She is unemployed and presently has very little income. Plaintiff filled-out and signed the form to apply for this status and filed it with the court with her original complaint. Plaintiff is not incarcerated so none of the guidelines with respect to that issue would apply in her case.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS: That she be allowed to proceed in forma pauperis, that if her request be denied that counsel have two business days to post and pay the required costs, and for such further and other relief as to

which the Plaintiff may be entitled.          EXHIBIT 9

RESPECTFULLY SUBMITTED,

s/ Ted I. Jones

Ted I. Jones, #11017
JONES & GARRETT
Professional Association
Suite 315
100 North Main Building
Memphis, Tennessee 38103
(901) 526-4249
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I, Ted I. Jones, hereby certify that I have mailed a copy of this pleading, postage pre-paid, this the 1st day of February, 2012 to the registered agent for the Defendant:

James T. Harris
1555 McAllister Drive
Memphis, Tennessee 38116

/s/ Ted I. Jones

Ted I. Jones



**U.S. Department of Justice**

*United States Attorney*
*Western District of Tennessee*

---

*800 Federal Office Building*   *Ph:*  *(901) 544-4231*
*Memphis, Tennessee 38103*   *Fax:*  *(901) 544-4230*

September 10, 2012

Certified Mail, Return Receipt
Ms. Sheryl Taylor
P. O. Box 897
Memphis, TN 38101

Re:   Taylor v. Davis, et al
     No.11-3087

                           EXHIBIT 1 & DOC. 107

Dear Ms. Taylor:

      Pursuant to Rule 11, Fed.R.Civ.P, please find attached a motion for sanctions that I propose to file if you do not withdraw your Motion for Defendants to Release State and Federal Funds, Motion to Remove Harriett Halmon from Civil Case, Motion To Recuse Warren Jasper From Civil Action, and Motion for Defendants Solis and Geithner to Provide a More Definite Statement of Clarification to the Plaintiff. As I have previously explained to you, there is no authority for the proposition that a party to a lawsuit has a duty to provide counsel for his opponent. Under Rule 11(c)(2), if you withdraw the motions within 21 days, I cannot file the motion for sanctions. However, if the motions are not withdrawn within that period, I will file the motion and will be seeking the payment of expenses incurred by Secretary Geithner in responding to your motion. You may contact me at 901.544.4231 to discuss this matter if you like. If there is a telephone number where you can be reached, please provide that number and a time that is convenient for you to discuss.

                            Sincerely,

                            EDWARD L. STANTON, III
                            United States Attorney

                    By: *Harriett Miller Hal*
                    HARRIETT MILLER HALMON
                    Assistant United States Attorney

Enc.

EXHIBIT 1

(b)    Lines must be double-spaced, except that quotations may be indented and single-spaced and headings and footnotes may be single-spaced. Font size (for footnotes as well as the body of the document) shall be no smaller than 12 point type.

(c)    If demand for jury trial under Fed. R. Civ. P. 38(b) and (c) of the Federal Rules of Civil Procedure is made in the complaint or answer, such demand shall be contained in the last paragraph thereof. The phrase "JURY DEMAND" shall appear immediately opposite the style of the case on the first page of the pleading and all subsequent filings.

(d)    Page limitations imposed by these Local Rules do not include cations, signature lines, and certificates of service and/or consultation.

## LR7.2
## MOTIONS

(a) <u>Filing, Service and Response.</u>

(1)    <u>Motions.</u> (See Section II(B)of the ECF Attorney User Manual (APPENDIX B) ) The Clerk shall accept for filing only those motions in civil cases that include or are accompanied by a supporting memorandum of facts and law (so identified), and (except in the case of an ex parte motion) a certificate of service of the motion and memorandum upon all other parties to the action.  Motions for Summary Judgment shall comply with LR 56.1.

(A)    All motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a proposed order in a word processing format sent to ECF mailbox only for presiding judge (do not sent to regular e-mail address).

(B)    <u>Consultation by Counsel.</u>  All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.  Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

The certificate must contain the names of participating counsel and the date and manner of consultation.  The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference.  If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule.

EXHIBIT 1

(2)   Responses. The response to the motion and its supporting memorandum, unless the motion is pursuant to Fed. R. Civ. P. 12(b) and (c) or 56 (see LR 12.1(b) and LR 56.1(b)), shall be filed within 14 days after service of the motion and shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox only for the judge (do not send to regular email address). Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

(b)   Submission of Motion.  Upon the filing of a motion and the timely filing of the response, and a reply, if allowed by the Court or these Rules the motion shall be submitted to the Court for a ruling unless a hearing has been requested and granted.

(c)   Reply Memoranda. Except as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response.

(d)   Hearing on Motion.  If counsel desires a hearing on the motion before the court, counsel shall request the hearing in the motion or response and shall explain why a hearing would be helpful or necessary.  If the court determines that a hearing would be helpful or necessary, the Court will set the date and time of the hearing and the clerk will notify all counsel.

(e)   Length.  Unless otherwise ordered by the Court, memoranda in support and in opposition to motions shall not exceed 20 pages in length, and reply memoranda, if permitted, shall not exceed 5 pages in length.

(f)   Motions Pending on Removal. When an action or proceeding is removed to this Court with pending motions on which memoranda have not been submitted, the moving party shall comply with these rules within 14 days after removal, and each party opposing the motion shall then comply with these rules.

(g)   Prisoners.  All motions and orders to produce prisoners for testimony shall be filed with the Clerk at least 28 days prior to the date of the hearing or trial. Counsel for represented parties are responsible for filing a motion if they require prisoner attendance. In pro se cases, the Court will issue the writ compelling the attendance of prisoner parties. However, pro se parties shall be responsible for filing a motion to require the attendance of non-party prisoners. Relief from this rule may be obtained by an order of the Court.

(h)   Citation of Authority and Copies of Authority.  Citations to authority shall be in a generally accepted citation form.  Citations to any judicial or administrative decision not fully reported in eitherUnited States Reports, Supreme Court Reporter, a Federal Reporter, Federal Supplement, Federal Rules Decisions, or a South Western Reporter shall include Westlaw or Lexis citations, if available. If the decision is not available on Lexis or

Page 6

## Memphis Area Legal Services, Inc.
### 109 N. Main, Suite 200
### Memphis, TN 38103
### Phone 901 523-8822 Fax 578-8566
EMail  Website

*Rec'd*
*Nov. 21,*
*2002*
*CL Powers*

EXHIBIT O

Wednesday, November 20, 2002

Ms. Colleen L. Powers
6308 Lake View Trails #304
Memphis, TN  38115

*applied in*
*person*
*Nov.*
*7, 2002*
*CLP*
*for*
*11/26/0:*
*date.*

RE: Unemployment Compensation

Dear Ms. Powers.

We are writing to inform you that we are unable to assist you with the problem for which
you sought help.

After careful consideration of your recent application, it was determined that your request
for assistance was untimely made. *? legal authority? statute? policy?*

Sincerely.

Karen Tyler
Attorney at Law

*Coleen L. Powers, CHMM, No. 10507*
CERTIFIED HAZARDOUS MATERIALS MANAGER

Formerly,

*Supervisor, Trainer, and Lead RCRA Subtitle C (Hazardous Waste) Inspector*
*Commercial Treatment, Storage, and Disposal (TSD) Operations*
*Compliance and Enforcement*

State of Tennessee, Department of Environment and Conservation (TDEC)
Division Of Solid Waste Management (DSWM)
Memphis Environmental Assistance Center (MEAC)

EXHIBIT N

6308 Lake View Trail # 304
Memphis, Tennessee 38115

*TELEPHONE / FACSIMILE: (901) 360-1038*
E-Mail ColeenPowers@netzero.net

November 21, 2002

Memphis Area Legal Services
Executive Director, Mr. Harrison McIver
109 N. Mid-America Mall
3rd Floor, Claridge House
Memphis, TN 38103

*VIA Facsimile: (731) 523-8822*
 (901) 578-8566
Hard Copy US MAIL

RE: Memphis Area Legal Services letter dated Nov. 20, 2002
   To: Coleen L. Powers, Shelby County Citizen
   From: Ms. Karen Tyler, Attorney at Law, Memphis Area Legal Services
   Memphis Area Legal Services REFUSAL to assist eligible Shelby County
   citizen

## CONCERNS / COMPLAINT

Dear Mr. McIver:

The purpose of this correspondence is to advise you of the discourteous, rude, and impatient conduct of one of your employees, attorney, Ms. Karen Tyler, of the Memphis Office, and her comments to me on November 19, 2002. Her conduct continued as described in her letter dated November 20, 2002 (attached).

I have researched Rules 10, 11, and 29 of the Tennessee Supreme Court to include the LSC income tables and rules at CFR 45 Part 1600.

I have also researched the Legal Services "web" pages and I have noted that in accordance with Rule 11 of the Tennessee Supreme Court, Section VI. Administration of the Civil Legal Representation of Indigents Fund, (a) .1 that, :

Memphis Area Legal Services, (MALS) Ex. Director, Mr. McIver
Complaint, denied services, MALS letter dated Nov 20, 2002
November 21, 2002                                         **EXHIBIT N**
Page 2 of 5

"Revenue deposited into the Civil Legal Representation of Indigents Fund in the Office
of the State Treasurer, pursuant to Public Acts , 1995, Chapter 550 and Public Acts ,
1999, Chapter 502, shall be paid quarterly by the treasure to the four not-for-profit legal
organizations listed below, in the corresponding percentage listed by each organization.
This funding percentage, like the funding percentage to each organization within the
Legal Services Corporation, is based on the poverty population of the service area of each
organization.

| | |
|---|---|
| Memphis Area Legal Services | 22.20% |
| Legal Aid Society of East Tennessee | 31.37% |
| West Tennessee Legal Services | 10.56% |
| Legal Aid Society of Middle Tennessee And the upper Cumberlands | 35.87% |

(2) b. Funds paid to the not-for –profit organizations listed above shall be used for
expenses incurred in the legal representation of poor persons in civil matters by either
staff attorneys of the organization or volunteer attorneys in the pro bono program
organized and administered by the local bar associations in this State.

(2) f. A designated organization's receipt of monies from the Fund shall be conditioned
upon the organization's adherence to the underlying principles of the American Bar
Association's Standards for Providers of Civil Legal Services to the Poor.

(2) g. The Administrative Director of the Courts annually shall prepare and distribute to
the members of the Supreme Court and to the Judiciary Committees of the General
Assembly:

1. A report detailing the expenditure of monies from the Fund;
2. A copy of any rules and policies adopted by the Tennessee Supreme Court governing
the expenditure and application of monies from the Fund."

Furthermore, from publicly available sources, in 2002 **Tennessee IOLTA Grant**
Recipients and Awards depicts the following:

| | | |
|---|---|---|
| Memphis Area Legal Services received | $44,580 | Grant award |
| Memphis Area Legal Services Pro Bono received | $14,860 | Grant Award |
| Tennessee Justice Center received | $275,000 | Grant Award |
| West Tennessee Legal Services received | $21,207 | Grant award |
| West Tennessee Pro Bono Legal Services received | $ 7,070 | Grant award |

Memphis Area Legal Services, (MALS) Ex. Director, Mr. McIver
Complaint, denied services, MALS letter dated Nov 20, 2002
November 21, 2002                                        EXHIBIT N
Page 3 of 5

In your employee's letter to me dated November 20, 2002,(attached), Ms. Karen Tyler states that she, ...."determined that your request for assistance was untimely made".

Sir, on November 7, 2002, I completed an application for assistance and provided that to Mr. Kevin Monroe, who I discussed this case with and the unsupported "decision" of the Appeals Tribunal and Board of Review. Mr. Monroe did not state that it was an "internal policy" to deny applicants for assistance because they did not use your not –for –profit services at the "initial stages of the unemployment claim appeals process." (No kidding, this is what Ms. Tyler stated to me on November 19, 2002).

Mr. Monroe stated to me on November 7, 2002, that someone should contact me within three (3) or four (4) days to discuss my case since a hearing has been set for Nov. 26, 2002 at  0900 a.m. by the other party.

On November 19, 2002, _twelve (12) days,_ after I had waited patiently for your organization to contact me, I initiated a call to your Memphis Office to  follow up on the status of my application and request for assistance.  This I  filed in person on November 7, 2002  and  I offered a copy of my **Earnings Statement (**which was denied.)

I also requested a copy of my application for assistance for my records and your organization refused to provide that to me on November 7 and 19, 2002.

**On November 19, 2002, your employee, Ms. Tyler, initially stated to me that my application was denied for two (2) reasons:**

1) Over  income
2) "you did  not request services at the beginning of unemployment appeals hearing, why   not?"

I explained to Ms. Tyler someone  obviously  mistakenly evaluated my  application as I have yet  to earn $5,000 for calendar 2002!!!

Mr. McIver, I find Ms. Tyler's  question on why I did not request legal services at the beginning of the appeals process _as most inappropriate, improper, discriminatory, prejudicial, and not relevant to a citizen's eligibility_ for legal  assistance from your not-for-profit organization .

Furthermore, when I explained my constitutional and statutory rights had been violated, and that according to T.C.A.  4-5-322(e) and (g) additional evidence and testimony could .be taken, Ms. Tyler rudely stated to me:

Memphis Area Legal Services, (MALS) Ex. Director, Mr. McIver
Complaint, denied services, MALS letter dated Nov 20, 2002
November 21, 2002
Page 4 of 5                                             EXHIBIT N

"Well, since you think and seem to know the law, it doesn't sound like you even need an attorney..."

Then, I explained that I had a very bad experience with a private attorney in Nashville who refused to provide my case file contents for over 90 days and I was forced to file a complaint with the Board of Professional Responsibility on the matter.

Ms. Tyler alluded to some "internal "policies that your organization uses to determine if applicants are eligible for assistance if they have proceeded at any point in an action without your organization's assistance. Ms. Tyler further asked me why I did not call at the beginning when the appeals hearing was in progress or even at the Board of Review level. I explained that I was denied the reconsideration hearings I petitioned and that I had this bad experience with the Nashville private attorney.

I also requested that Ms. Tyler please fax me a copy or reference the "internal policies" she was referring to and she refused to answer. Ms. Tyler would not identify these "internal policies" by date, author, or physical location either.

I then called the Intake Coordinator, Mr. Pete Shearon, and left a message for him to please call. I faxed him a copy of my Earnings Statement from my part time employer on November 19, 2002 (attached).

On November 20, 2002, Mr. Shearon left a courteous, informative message and explained that there had been an error in the entry of my monthly income and it had been corrected. He also stated that I was eligible for assistance and Ms. Tyler should be calling me or I could call her at extension 217.

Ms. Tyler did not call me on November 20, 2002. On November 21, 2002, I received Ms. Tyler's letter dated November 20, 2002 (attached) where she abruptly states:

"Dear Ms. Powers:

We are writing to inform you that we are unable to help you with the problem for which you sought help.

After careful consideration of your recent application, it was determined that your request for assistance was untimely made. Sincerely, Karen Tyler, Attorney at Law".

Again, Ms. Tyler provides no legal reference to her statements and I request that you please investigate this matter further so that future citizens do not suffer this humiliation and discrimination by employees in your organization.

Memphis Area Legal Services, (MALS) Ex. Director. Mr. McIver
Complaint, denied services, MALS letter dated Nov 20, 2002
November 21, 2002
Page 5 of 5                          EXHIBIT N

I also recommend that for the public interests and good, that your organization publish
your "internal policies on untimely"  so that the public is informed. This should be on
your "web" site and clearly on the application for assistance and explained to applicants
who call and inquire about your "services":

Presently, this appears to be an excuse that is void of any merit to deny applicants and
citizens who are indigent the services of your not-for-profit legal services/ assistance

I further find that it is administered very poorly by some employees in your Memphis
organization and harms the public. And that is NOT the intent of the Fund, or the laws
and regulations of the Legal Services Corporation at  CFR 45 Part 1600. .

Mr. McIver, I do appreciate your time and effort in review and investigation of these
concerns documented in this communication. I do wish you a safe and pleasant holiday
season. Please forward your written response to my attention at the address below at your
most earliest convenience, please.

Sincerely,

Coleen L. Powers, CHMM No. 10507
Certified Hazardous Materials Manager
6308 Lake View Trail #304, Memphis, TN 38115
Telephone: Facsimile (901) 360-1038

*Formerly,*
Supervisor, Trainer, and Lead RCRA Subtitle C (hazardous waste) Inspector
Commercial Treatment, Storage, and  Disposal (TSD) Operations
Compliance and Enforcement

State of Tennessee, Department of Environment and Conservation (TDEC)
Division of Solid Waste Management  (DSWM)
Memphis, TN

Attachments: Nov 20,2002 MALS letter
           Nov 19, 2002 Fax to Mr. Pete Shearon, Intake Mgr., MALS

c : Ms. Janice M. Holder, Circuit No. 5, Circuit Justice for the 25th,27th, 28th,29th,and 30th
    Judicial Districts, 119 South Main St., Memphis, TN 38103, Telephone 543-2440 :

    Chancery Court, 30th Judicial District,  Shelby County, Memphis TN, Division 3,
    Chancellor D.J. Alissandratos, Facsimile :901 545-4009

TO THE CHANCELLORS OF THE  CHANCERY COURT FOR THE
THIRTIETH JUDICIAL DISTRICT, SHELBY COUNTY,  TENNESSEE

| | |
|---|---|
| Ms. Coleen L.Powers | )     EXHIBIT 14 |
| *Plaintiff / Petitioner* | ) Civil Action: <u>CH 02-1797-3</u> |
| | ) Chancellor Alissandratos |
| v. | ) |
| | ) |
| James Neeley, Commissioner, Tennessee | ) |
| Department  of Labor &  Workforce | ) |
| Development, (TDLWFD), et al | ) |
| *Defendants* | ) |

FILED

SHELBY COUNTY
CHANCERY COURT

JUN 06 2003

KENNY W. ARMSTRONG, C & M
TIME: 11:59

PETITIONER'S
Exhibits Identified as: "2, " 3", "4", " 5", and "6" in Support
Petitioner's Rule 56.03 Statement of Specific Material Undisputed Facts

- Exhibit "2": Copy of Appeals Tribunal May 30, 2002 " decision".

- Exhibit " 3":
  August 9th, 2002 Copy of Cassette recording of Claimant and Appeals Tribunal
  director, Mr. Michael Thomason, i.e., " …it was all **political**, Ms.
  Powers…you've been in government long enough to know what we' re talking
  about…". "…the board of review are politically appointed . They are  three very
  good friends of Governor Sundquist….They serve solely at his pleasure . They are
  Judy Blackburn of Marstown, Suzann Stamps of Monteagle, and Alicia Jackson
  of Dyersburg…"Nobody is in charge of the board of review…"…

- Exhibit " 4":   Copy of:

  No. E 2003-00298-COA-R3-CV,  in the Tennessee Court of  Appeals at
  Knoxville, July 3, 2003 session. *TGJ & Co., Inc., dba ARBY'S*
  *Restaurants  v. Michael E.Magill, Commissioner, Department of Labor and*
  *Workforce Development, et al.* Appeal from the Chancery Court of Knox County,
  No., 154763-1, John F. Weaver, Chancellor. Filed August 28, 2003.

- Exhibit " 5":
  Excerpts  from TDEC Chief of Finance and Systems' Mike Gaines' 9/10/01
  harassment hearing, Pages 76-87, 92-107.

- Exhibit "6":
  Copies of applicable State laws/ statutes, TCA 68-212-102, TCA 68-212-107,
  TCA 8-50-116, TCA 50-1-304, TCA 39-16-402(a)(3).

31

Respectfully Requested, Filed, Served, and Noticed,

*Coleen L. Powers* [signature]                           EXHIBIT 14

Coleen L. Powers, CHMM #10507
Certified Hazardous Materials Manager
Citizen of Shelby County, Memphis, Tennessee
6308 Lake View Trail #304,  Memphis, TN 38115
Telephone/Facsimile (901) 360-1038
PETITIONER /PLAINTIFF

*Formerly,*

Supervisor, Trainer, and Lead RCRA Subtitle C (hazardous waste) Inspector/Investigator
Commercial Treatment, Storage, and Disposal (TSD) Operations
Compliance and Enforcement
State of Tennessee, Department of Environment and Conservation (TDEC)
Division of Solid Waste Management (DSWM)
Memphis, TN

On this 6th day of June, 2005.

## NOTICE TO ALL PARTIES:

Pursuant to Shelby County Chancery Court local rule 10 (a) and(i), this matter is
proposed to be specially set for oral argument and hearing on Thursday, July 21,
2005, from approximately 10 am  to 11:30 am in Room 308 , Part 3, Chancery
Court, at 140 Adams Avenue, Shelby County Courthouse, Memphis, TN, Honorable
Chancellor D.J. Alissandratos presiding.

Certificate of Service

I Coleen Powers, hereby certify a copy of the aforementioned  to all parties so listed
below on or about June 6th , 2005.

State of Tennessee, Department of Labor and Workforce Development
("TDLWFD"), Legal Office,  Mr. Mike Fort and / or Mr. Al Smith.
Davy Crockett Tower, Suite 770
500 James Robertson Parkway
Nashville, TN 37245
FACSIMILE: (615) 532-7386

DIV. *Inspection, Complaints, Operation* ATTORNEY - CLIENT -
PRIVILEGE -

**From:** "coleenpowers" <coleenpowers@netzero.net>
**To:** <jrunaldue@oig.dol.gov>; <pwilliams@oig.dol.gov>
**Cc:** <incristi-anthony@dol.gov>; <EASlavin@aol.com>; <Mmoonosha@aol.com>
**Sent:** Thursday, August 15, 2002 12:37 AM
**Attach:** Board of Reviewreqforextensionjune32002finalcopycorrection.doc; bore aug142002PETITION FOR REHEAR.doc; motionBORjuly292002.doc; BORjune 82002requestpetitionforreconsiderationheaingorappealtoboardreviewjune802.doc; closingcommentsfinalcopymay282002finalfinal.doc; mthomasonpartialjune 32002reqdiretcorreview pages 1-9of20final.doc; FEDXMIKEGAINESJAN22FINAL.doc; closingcommentsfinalcopymay282002finalfinal.doc; pages19-40june212002Tennessee Department of Labor and Workforce Development.doc; SECTION VICLOSINGCOMMENTS.doc; magillresigns.html; blaze.htm; fatality.htm; pcitoshasummary.htm; pci105000finetoshamarch82002.htm

EXHIBIT 14

**Subject:** Complaint to DOL OIG on BOR decision; Petition to TDLWFD Board of Review (BOR) August 14, 2002 to Decision mailed Aug 9, 2002

## CONFIDENTIAL POTENTIAL FEDERAL ENFORCEMENT
*POLLUTION CONTROL INDUSTRIES, TND 00-077-2186*

AND

## CONFIDENTIAL PLEASE
**COMPLAINT ON ABUSE OF AUTHORITY AND DISCRETION**
ON THE STATE OF TENNESSEE
DEPARTMENT OF WORKFORCE AND LABOR DEVELOPMENT
(TDLWFD), DEPARTMENT OF EMPLOYMENT SECURITY
BUREAU OF UNEMPLOYMENT INSURANCE COMPENSATION
APPEALS TRIBUNAL AND BOARD OF REVIEW (BOR)

August 15, 2002

Dear Ms. Williams and DOL OIG   Staff:

Good evening. I do not know how to attach these documents to the US DOL OIG hotline complaint form. Please accept these electronic attachments as documentation of my complaint.

I am also forwarding the below attached electronic communication because it contains documentation of a conversation I had with the Tennessee (Nashville, 615 741-1857), Director of the Appeals Tribunal Operations, Mr. Michael Thomason on Friday, August 9, 2002, from about 1445 CDT to 1500 CDT.

**PLEASE  KEEP MR. THOMASON'S NAME confidential .**

I FEEL FORTUNATE THAT HE WAS HONEST WITH ME ON THE DECISION THE BOARD OF REVIEW MAILED AUGUST 9, 2002.

That is , Mr. Thomason explained that the BOR power is directly from Governor Sundquist.
Mr. Thomason further explained that the BOR is known as the "800 pound gorilla." The analogy is: Where does an 800 pound gorilla sit?    Answer:" Any where he wants to."

Mr. Thomason further explained that the 3 member panel of the BOR are personal appointees of the governor. These three appointees, according to Mr. Thomason, are personal friends of Governor Sundquist. Mr. Thomason further stated these BOR appointees have dinner at the governor's home every 2 weeks or so.

I inquired to the credentials of this "appointed" panel, and Mr. Thomason answered that he did not know if they

8/15/2002

EXHIBIT 14

had experience in employment matters or not. He did state these women are business owners and that they were intelligent.

I further inquired how the process is conducted on an Appeal to the BOR on Appeal Tribunal decisions that deny claimant's unemployment compensation. This is because I had requested an additional hearing on June 10, 2002 and again on June 17, 2002 to the BOR to present evidence that was not available, or was offered but not accepted into the record during the proceedings of March 14, 2002, April 15, 2002, or May 16, 2002.

When I called on August 9, 2002 to inquire on the status of my request for an additional hearing, I was told that the decision was made "today". **My request for a hearing to present evidence was denied.**

Mr. Thomason further stated that the decision was political and words to the effect, . ."Come on Ms. Powers you've been in State government long enough to know it's all about politics..."

This is disturbing when it comes to matters of public health, safety , and welfare.

I have this conversation recorded and can provide it if necessary. However, **I DO NOT want ANY harm or threats to come to Mr. Thomason because he is one of the very few people who has been honest with me. I do not want Mr. Thomason to be fired by Sundquist or the new TDLWFD Commissioner, Mr. Reineike.**

# The results I desire from this Complaint are:

Please investigate the Abuse of Authority that the Tennessee Governor and his three (3) member "panel" of the Board of Review (BOR) apparently exercise quite often in the unlawful denial of unemployment appeal claims to the citizens of Tennessee.

This abuse is supported by the fact that TDLWFD agency decisions completely disregards sworn testimony, exhibits, and the preponderance of evidence that supports the more probable conclusion.

Quite honestly, I believe my hearing officer of the Memphis office, Ms. Tina Lobetti was instructed to write the illogical, unlawful decision mailed May 30, 2002. it has absolutely no reference to exhibits, sworn testimony or other wise. It is not a sound legal "opinion".

I also noticed a significantly different approach of Ms. Lobetti on May 16, 2002, which was impatient, rude and discourteous at times, as the cassette minutes will demonstrate.

I believe this was because Ms. Lobetti was under pressure from Nashville and possibly even the Governor himself.

I filed a complaint with the EPA OIG on July 21, 2001 on the potential mismanagement of federal RCRA C grant funds. I also filed a complaint under the US DOL OSHA on August 26, 2001 because my former employer, (TDEC), retaliated with the threat of termination which was covered up by contrived allegations against me in a TDEC Commissioner letter dated August 13, 2001.

8/15/2002

EXHIBIT 14

My OSHA investigator is Mr. Michale Moon and we are scheduled for an interveiw next week on the 20th.

**The Governor is directly responsible for the proper appropriation of these EPA Federal grant funds relative to the Tennessee Hazardous waste program and the EPA-TDEC MOA.**

**Governor Sundquist furloughed over 22, 000 State employee on July 1, 2002, through July 4, 2002. this included the TDEC RCRA C Inspectors.**

**No RCRA C (Hazardous waste) Inspectors were working, yet the governor is using EPA Federal specific RCRA C funds to "balance the budget"..**

I cannot believe that this conduct would be acceptable by the DOL.

I am not concerned about my confidentiality.  But I AM about Mr. Thomason's.
PLEASE do not reveal Mr. Thomason to any person in Tennessee Nashville government on these matters because he will be fired. I do not want him to suffer the retaliation .

Please advise me if I need to send this complaint via facsimile or if electronic filing is sufficient.

Thank you very much for your time and efforts in review of this complaint and the electronic attachments.
(I also filed an electronic complaint with your Agency on related matters on Jan 15, 2002).

Respectfully Requested and Submitted,

Coleen L. Powers, CHMM, #10507
Certified Hazardous Materials Manager
Citizen of Shelby County, Memphis, TN

Formerly,

Supervisor, Trainer and Lead RCRA Subtitle C (Hazardous waste) Inspector
Commercial Treatment, Storage, and Disposal (TSD)Operations
Compliance and Enforcement

State of Tennessee, Department of Environment and Conservation (TDEC)
Division of Solid Waste Management (DSWM)
Memphis, TN

Telephone: Fascsimile (901) 360 1-038

DATE: *August 15 2002*
August 15, 2002

----- Original Message -----
**From:**
**To:**
**Sent:** Tuesday, August 13, 2002 6:46 AM
**Subject:** EFOM???Congratulations????

August 13, 2002

Dear John:

8/15/2002

Error

EXHIBIT 14

cannot be allowed to subvert the system of government or be "excused" from professional and public accountability by simply "resigning" from office.

There are documented concerns of public appearances of impropriety between the former Commissioner of TDLWFD /TOSHA (Magill) and TDEC (Hamilton) for failure to abate, and properly regulate the TDEC "Permitted" Commercial Hazardous Waste facility, Pollution Control Industries, (PCI) TND 00-077-2186, TNHW-103.

G. Concerns and Complaints filed with the US DOL OIG by citizen, Coleen L.Powers:

January 15, 2002 (possible labor racketeering at PCI, TDEC discrimination)

August 5, 2002 (more PCI employee concerns involve FBI and CID)

August 15, 2002 (TDLWFD Board of Review is, per TDLWFD Appeals Tribunal Operations' Director,

Michael Thomason, is:

"Like an 800 pound gorilla, it sits where ever it wants, too.. The decision on the denial of your unemployment claim was

political,

Ms. Powers... Come on Ms. Powers, you've been in state government long

enough to

know what I 'm talking about". This is preserved as an oral

recording .

The _appearance of_ conflicts as documented in the above referenced concerns are definitely matters of public interest.

"EXHIBITS A,B, and C" of the Sept 16, 2002 Petition for Judicial Review contain copies of the January 15 and August 15, 2002 complaints filed with the US DOL OIG on these matters.

H.   Reasonable Suspicion and Probable Cause

Furthermore, (documented personal testimony and observation) as well as inference in the record that these concerns of public interests and matters are also applicable to the former TDLWFD Commissioner Mike Magill.

Former TDLWFD Commissioner, Mike Magill is specifically named and referenced in a TDEC Letter dated Sept 14, 2001, (signed by TDEC attorney, Kim Kirk, incorporated by reference at the June 3 and 4 , 2002 claimant written requests for a Director Review on the

11/4/2002

# BOARD OF REVIEW

Tennessee Department of Labor and Workforce Development

## Decision

EXHIBIT 14

02B1478AA

| CLAIMANT | | EMPLOYER |
|---|---|---|
| COLEEN L POWERS | | TN. DEPT. OF PERSONNEL |
| 6308 LAKE VIEW TRAIL #304 | | UC PROCESSING |
| MEMPHIS TN 38115-0000 | | 525 DEADERICK ST-1ST FL |
| | | NASHVILLE TN 37243-0635 |

SS # _____

**Date of Mailing:** August 09, 2002

ER #

BYE  12/28/2002                 LO # 107

**HISTORY OF THE CASE:** This is a timely appeal by the claimant from a decision of the Appeals Tribunal dated May 30, 2002, which denied the claim. The issue is whether the claimant was discharged for work related misconduct under TCA § 50-7-303(a)(2). After a careful review of the record, we find the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:** Based upon the entire record in this cause, the Board of Review finds the Appeals Tribunal correctly found the facts and applied the law under TCA § 50-7-303(a)(2). We hereby adopt the findings of fact and decision of the Appeals Tribunal but the same need not be copied herein for the purpose of our decision.

The claimant's actions that were contrary to specific instructions from her employer were insubordinate and were misconduct. She has offered no additional evidence that would alter the decision on her claim.

**DECISION:** The decision of the Appeals Tribunal is affirmed.

BOARD OF REVIEW

Suzann J. Stamps
Aleece W. Jackson
Judy H. Blackburn

CV:bja/TL

EXHIBIT

|

02B1478AA

EXHIBIT 13

## TO THE CHANCELLORS OF THE  CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT, SHELBY COUNTY, TENNESSEE

Ms. Coleen L.Powers )
   *Plaintiff / Petitioner* ) Civil Action: <u>CH 02-1797-3</u>
    ) Chancellor Alissandratos
v. )
    )
James Neeley, Commissioner, Tennessee )
Department of Labor & Workforce )
Development, (TDLWFD), et al )
   *Defendants* )

> F I L E D
> SHELBY COUNTY
> CHANCERY COURT
> JUN 0 6 2005
> KENNY W. ARMSTRONG, C&M
> TIME: 12:59

---

Petitioner's   Rule 56.03 Statement of  Specific Material Undisputed Facts
&
Memorandum of Law

---

## FACTS

1. On January 4, 2002, Claimant filed for unemployment compensation. [*See* Appeals Tribunal February 26, 2002 exhibit marked as "#1".]

2. Claimant  was unlawfully discharged from her primary employer, the State of Tennessee, Department of Environment and Conservation, { TDEC} by letter faxed on October 22, 2001 from the TDEC Bureau of Enviroment, {TDEC Commissioner's Office in Nashville, Tennessee} to the TDEC Memphis Field Office, Administrative Manager, Mr. James H. Chaney.  [*See* 4/15/02 transcript testimony, @pp.255-259].

i

EXHIBIT 13

DSWM Memphis, Environmental Specialist 3, and Claimant's former immediate

career service supervisor, Mr. John W. Boatright, testified orally, via telephone.

TDEC Memphis Administrative Office Manager, Mr. James H. Chaney, provided

partial oral testimony, in person. The hearing was set to be CONTINUED on

May 16, 2002.

21. On May 16, 2002, the oral testimony of TDEC Memphis employee, James H.

Chaney was continued in person. Former TDEC DWSM Memphis Environmental

Field Office Manager, Mr. Mark Thomas provided oral sworn testimony in

person. Claimant, Ms. Powers, former TDEC DSWM Memphis Supervisor and

Environmental Specialist 4 testified orally, in person.

22. On or about May 24, 2002, Petitioner filed additional evidence with the Appeals

Tribunal and served copies on the counsel [Ms. Kim L. Kirk} of her primary

employer, the Tennessee Department of Environment and Conservation.[TDEC].

23. Petitioner received a telephone call on or about May 29, 2002 from the Appeals

Tribunal Hearing officer {Ms. Tina Lobetti Chiozza} that stated she could not

review the evidence/ documents and that TDEC counsel [Ms. Kim L. Kirk] had

threatened to file a complaint against her if she did. [See Petitioner's 9/16/02

Petition for Judicial Review, CH 02-1797-3, @ pp.2, para. 6,sworn affidavit].

24. On May 30, 2002 the Appeals Tribunal decision was issued through the

EXHIBIT 16

January 10, 2000

The Honorable Don Sundquist, Governor
and
Members of the General Assembly
State Capitol
Nashville, Tennessee 37243
and
The Honorable Michael Magill, Commissioner
Department of Labor and Workforce Development
Andrew Johnson Tower
710 James Robertson Parkway, 2nd Floor
Nashville, Tennessee 37243-0655

Ladies and Gentlemen:

Transmitted herewith is a special report on the falsification of Tennessee Department of Employment Security (TDES) documents by an employee of the Nashville TDES office. The actions of the employee resulted in the improper disbursement of $1,810 in employment benefits to an unqualified recipient. The employee further attempted to obtain a $540 kickback from the recipient. The matter was reviewed by TDES Internal Audit staff with the assistance of Division of State Audit staff.

According to the TDES Internal Audit review, on May 13, 1998, TDES interviewer II, Anthony McAdoo, apparently utilized the computer access code of TDES co-worker Beverly Parker, without her knowledge or consent, to authorize payment of unemployment benefits to a previously denied claimant, Sheila Williams. In exchange for arranging the improper payments, Mr. McAdoo attempted to obtain a $540 kickback from Ms. Williams. Ms. Williams tape recorded Mr. McAdoo's July 17, 1998, telephone request for that kickback, and her boyfriend, Mr. LaTony Martin, provided a copy of that tape to Mr. McAdoo's supervisors, who forwarded it to TDES internal auditors. Mr. McAdoo resigned in lieu of termination on September 30, 1998. By the terms of a formal agreement with Mr. McAdoo, TDES withheld $1,800 from his pay as restitution.

Based on subsequent information, TDES Internal Audit staff made a preliminary determination that Mr. McAdoo also may have arranged improper payments of $3,533 to Claudia Curry, another ineligible claimant for unemployment benefits. Auditors interviewed Ms. Curry on December 15, 1998.

EXHIBIT 16

Page Two
January 10, 2000

Ms. Curry stated that she was initially interviewed at the Eighth Avenue TDES office, in Nashville, in November, 1997, by a TDES employee she knew only as "Anthony." The auditors subsequently verified that Mr. McAdoo was the only TDES employee named Anthony assigned to that office. Ms. Curry indicated that, following notification of TDES· denial of her claim, she again met with "Anthony" at the Eighth Avenue TDES office and filed an appeal. She said that her appeal was denied. Although Ms. Curry did not pursue further appeals, her claim was later approved. Payments made to her thereafter totaled $3,533. Auditors determined that the access code of Ms. Ann McCracken, Mr. McAdoo's co-worker, was used to enter the approval for the improper payment to Ms. Curry.

On February 4, 1999, our office submitted information regarding this matter to the Office of the District Attorney General, Twentieth Judicial District (Davidson County).

Sincerely,

John G. Morgan
Comptroller of the Treasury

JGM/jqi

EXHIBIT 16

---

State of Tennessee

# Audit Highlights

Comptroller of the Treasury                    Division of State Audit

---

**Special Report**
**Department of Employment Security**
**Improper Authorization of $1,810 in Unemployment Benefits and
Solicitation of a $540 Kickback by an Interviewer II**
**January 2000**

## REVIEW OBJECTIVES

The objective of our review was to determine whether Mr. Anthony McAdoo, Interviewer II, Tennessee Department of Employment Security (TDES), had improperly caused unqualified claimants to receive unemployment benefits and subsequently solicited money as a kickback from such recipients.

## RESULTS OF THE REVIEW

Our review substantiated that Mr. McAdoo violated provisions of the TDES *Internal Security Handbook* (*Handbook*) in his handling of the claim of Ms. Sheila Williams. These violations caused Ms. Williams to receive $1,810 of unemployment benefits she was ineligible to receive. Mrs. Williams apparently did not realize that the payments were improper at the time she received them. Mr. McAdoo had told her he had reviewed her case and determined she was eligible. According to Ms. Williams, although Mr. McAdoo subsequently requested money for the benefits, she refused to pay him anything.

Available information indicates that Mr. McAdoo violated *Handbook* provisions forbidding (1) request or acceptance of consideration other than regular pay in return for the performance of official duties; (2) input of false data into TDES records; (3) use of other employees' computer access codes; (4) unauthorized alteration of official documents; (5) unauthorized release of confidential information; and (6) unauthorized personal use of the TDES fax machine.

On September 30, 1998, Mr. McAdoo signed an agreement with TDES that allowed him to resign, in lieu of termination for misconduct, without acknowledging either the nature or content of these charges against him. The terms of that agreement also provided that, in accord and satisfaction of any civil debt or obligations attributable to this matter, TDES would withhold $1,800 from salary, leave, and bonus amounts due Mr. McAdoo.

EXHIBIT 16

TDES employees Ms. Beverly Parker and Ms. Ann McCracken each received a written reprimand for violating *Handbook* provisions by making it possible for Mr. McAdoo to use their access codes to enter data into the TDES computer system. It is unclear how Mr. McAdoo obtained their access codes, but the *Handbook* holds each employee strictly liable for all entries under his or her code and provides specific instructions on how to prevent other persons from obtaining it.

On February 4, 1999, our office submitted information regarding this matter to the Office of the District Attorney General, Twentieth Judicial District (Davidson County).

*Audit Highlights* is a summary of the special report. To obtain the complete special report, please contact
Comptroller of the Treasury, Division of State Audit
1500 James K. Polk Building, Nashville, TN 37243-0264
(615) 741-3697

TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY

VISO IMPORTANTE                    AGENCY DECISION                    AVISO IMPORTANTE

EXHIBIT 1                    EMPLOYER:        CMC    0107/0100

CLAIMANT:        CMC    0107/0100        FEDERAL EXPRESS
                                          C/O UC EXPRESS
RENITA D DULANEY                          PO BOX 283
1859 MYRNA LN                             ST LOUIS, MO 63166
MEMPHIS, TN 38117

c/o Talx UC Express

CLAIMANT WAS FORCED TO LEAVE MOST RECENT WORK FOR WORK-RELATED
HEALTH REASONS.
CLAIMANT MADE HERSELF AVAILABLE FOR LIGHT DUTY WORK BUT NONE
WAS OFFERED.
MEDICAL EVIDENCE SUPPORTS BOTH THE FACT THAT IT WAS NECESSARY FOR
CLAIMANT TO LEAVE USUAL WORK AND THAT CLAIMANT IS ABLE TO PERFORM
SOME TYPE OF WORK. THE EMPLOYER HAS NOT OFFERED CLAIMANT WORK
THAT CLAIMANT CAN PHYSICALLY PERFORM.

THIS IS CONSIDERED A GOOD WORK-RELATED CAUSE TO QUIT AND CLAIM IS
APPROVED UNDER TENNESSEE CODE ANNOTATED 50-7-303 AS OF THE CLAIM
DATE BELOW.

APPEAL RIGHTS:   INTERESTED PARTIES HAVE THE RIGHT TO APPEAL THIS
DECISION WITHIN 15 CALENDAR DAYS OF DATE MAILED.  IF STATE OFFICES
ARE CLOSED ON THE FINAL DAY, THE NEXT BUSINESS DAY IS THE DEADLINE.
LATE APPEALS WILL ONLY BE ALLOWED IF YOU CAN SHOW, IN A HEARING,
THAT YOU HAD GOOD CAUSE.  FILE THE APPEAL BY MAIL TO TDLWD, APPEALS
TRIBUNAL, 220 FRENCH LANDING DR, NASHVILLE, TN 37243-1002 OR BY FAX
TO (615)741-8933.  THE CLAIMANT'S SOCIAL SECURITY NUMBER MUST APPEAR
ON ALL DOCUMENTS.  THE GUIDE FOR RECEIVING UI BENEFITS AND THE
EMPLOYER'S HANDBOOK CONTAIN ADDITIONAL INFORMATION.  THE CLAIMANT
MUST CERTIFY WEEKLY TO REMAIN ELIGIBLE FOR BENEFITS SHOULD FILING
AN APPEAL RESULT IN APPROVAL.  YOU MAY BE REPRESENTED BY AN ATTORNEY
OR ASSISTED BY ANY OTHER REPRESENTATIVE YOU CHOOSE.  IF YOU CANNOT
AFFORD AN ATTORNEY, FREE OR LOW COST LEGAL ASSISTANCE MAY BE
AVAILABLE THROUGH YOUR LOCAL LEGAL SERVICES ORGANIZATION OR BAR
ASSOCIATION.  WE CANNOT PROVIDE AN ATTORNEY FOR YOU.

SSN:
CLAIM DATE:        01/27/2011          EMPLOYER RESPONSE: TIMELY
BYE:               01/21/2012          RESPONSE RECEIVED: 02/04/2011

DATE MAILED:       02/22/2011          LOCAL OFFICE:   0107/0100
                                        ADJ OFF ST/DK:  1611
DES 232.10A        VL18
LB-0699
                                                BPO190        353

ADMINISTRATIVE
RECORD
12-

0000012

# TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT
## EMPLOYMENT SECURITY DIVISION
## DECISION OF APPEALS TRIBUNAL

### AVISO IMPORTANTE

DATE OF MAILING: 04/19/2011

DOCKET # 11-06805AA
OFFICE # 107
BYE 01/21/2012

CLAIMANT          EXHIBIT 2      EMPLOYER
RENITA D. DULANEY               FEDERAL EXPRESS CORP
1859 MYRNA LN                   %TALX UC EXPRESS
MEMPHIS TN 38117 0000           PO BOX 283
                                SAINT LOUIS MO 63166-0283

SSN   XXX-XX-████              ER # 0593613
870-897-0756                   800-366-6660

On January 27, 2011, the claimant filed an initial claim for unemployment benefits which was approved. On February 22, 2011, the above-mentioned employer was notified of the approval of the claim and on March 8, 2011, filed an appeal against the payment of benefits to the claimant on the basis that the claimant should be disqualified for either voluntarily quitting without good cause connected to work under TCA § 50-7-303(a)(1), or for being discharged for misconduct connected to work under TCA § 50-7-303(a)(2). After due notice to all interested parties, a telephone hearing was scheduled on this case on Monday, April 18, 2011, at which time the claimant appeared. Nikki Little, Senior Hearing Coordinator, represented the employer. John Trouey, Human Capital Manager, testified.

After carefully considering the testimony and the entire record in the case, the Appeals Tribunal makes the following:

FINDINGS OF FACT: The claimant's most recent employment prior to filing this claim was with Federal Express Corporation as a ramp agent from February 1998 until January 13, 2011. As a ramp agent, the claimant was required to push and pull items. On March 14, 2010, the claimant suffered a work-related back injury and notified management. The employer placed the claimant on Workers' Compensation. In August 2010, the claimant's doctor released her to return to her usual duties and she reported to work. The claimant worked until August 27, 2010, but she continued to complain about her back. The claimant was allowed to take time off while the Workers's Compensation doctor reviewed her file. On September 3, 2010, the doctor re-affirmed his diagnosis and she was instructed to return to work. The claimant asked for other positions from the employer, but none were available. The claimant informed the employer that she sought the advice of her own primary care doctor who decided that she could not work until a specialist examined her; however the specialist decided to not review the claimant's injury. The claimant did not return to work as a ramp agent. In December 2010, the claimant saw another doctor who did not release her until January 3, 2011. After the claimant's release, she did not return to work. On January 13, 2011, the employer separated the claimant and on January 27, 2011, she filed her claim for unemployment compensation.

LB-0952

**CONCLUSIONS OF LAW:** The Appeals Tribunal finds that the claimant not eligible for unemployment benefits. The issue is whether the claimant voluntarily left her most recent employment for good cause under TCA § 50-7-303(a)(1). The Appeals Tribunal finds that the evidence is sufficient to establish that the claimant did not leave her most recent employment for good cause as defined by the statute because the claimant did not return to work as a ramp agent after her release from multiple doctors. The claimant did not return after her medical release on September 3, 2010. The claimant made the decision to seek other medical opinions. The claimant waited several months before another medical professional reviewed her case and released her on January 3, 2011, but she did not return to work. Since the claimant chose not to return to work as a ramp agent, the claimant is not eligible for unemployment benefits.

EXHIBIT 2

**DECISION:** The Agency Decision is modified. The Appeals Tribunal holds that the claimant is not eligible for benefits under TCA § 50-7-303(a)(1). Any payments received by the claimant under this claim are an overpayment and must be refunded to the Agency. The weeks ending January 29, 2011 through April 16, 2011 are overpaid. The amount of the overpayment is $3,300.00 in TUC benefits and must be refunded to the Agency.

ED :dlw

/s/ Eric Davis
Unemployment Appeals Hearing Officer

Pursuant to the provisions of TCA § 50-7-304(c), this decision will become final on 05/04/2011 unless any interested party makes a written appeal to the Board of Review, Tenn. Dept of Labor and Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002 (Fax (615) 741-0290).
If the last day for filing falls on a weekend or holiday, the deadline extends to the next business day.
*If claimant chooses not to appeal this overpayment, claimant will have ninety(90) days from the mailing date of this decision to request a waiver of repayment. Waiver is allowable under TCA § 50-7-303(d)(2) if claimant is not guilty of fraud, misrepresentation or willful nondisclosure, claimant provides proof of financial inability to repay and the Agency determines it would be against equity and good conscience to require repayment. Claimant should mail the waiver request to the Tennessee Department of Labor and Workforce Development, Attention: IPC, 220 French Landing Dr., Nashville TN 37243-1002.*
Please include the claimant's Social Security number on all correspondence.

**Claimant is responsible for certifying his/her eligibility on a weekly basis as long as he/she is unemployed**
**Este es un aviso importante relacionado con sus beneficios de desempleo.**

EXHIBIT 3

<u>IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE</u>

ENTERED
FEB 2 0 2012
M.B.

RENITA DULANEY,

      Petitioner,

vs.

                         Case No. CH-11-1193-I

KARLA DAVIS, Commissioner of
The Tennessee Department of Labor and
Workforce Development and
FEDERAL EXPRESS,

      Respondents.

<u>ORDER</u> ON Judicial Review

      This cause came to be heard on February 14, 2011, pursuant to T.C.A.§ 50-7-304, upon the Petition for Judicial Review, Answer of the Commissioner, the certified administrative record of proceedings before the Tennessee Department of Labor and Workforce Development, brief of the Commissioner and oral argument.

      It appears to the Court, and the Court finds, that the Petitioner was denied a face to face in-person hearing, and instead only participated in a telephone hearing before the Department of Labor & Workforce Development Appeals Tribunal. This deprived the Petitioner of adequate due process and the ability to confront and examine the credibility of the witnesses against her.

      It is therefore **ORDERED, ADJUDGED** and **DECREED**:

1) That the decision of the Commissioner's Designee which denied the Petitioner's claim for unemployment benefits under the provisions of T.C.A.§ 50-7-303(a)(1) is reversed;

2) That the Petitioner is awarded unemployment compensation benefits; and

EXHIBIT 3
3) That the costs of this cause are taxed equally to the Defendants.


Entered this the *20th* day of February, 2012.


*Walter L. Evans*

CHANCELLOR WALTER L. EVANS


APPROVED FOR ENTRY:

*Whitney Frazier*

Whitney L. Frazier BPR #27237
Counsel for the Commissioner
TN. Dept. of Labor & Workforce
220 French Landing Drive, Suite 3-B
Nashville, Tennessee 37243
(615) 741-3170
(615) 532-7386 fax

EXHIBIT 4
# NOTICE OF APPEAL

Style: Renita Dulaney

v.

Karla Davis, Commissioner of TN Dept of Labor & Workforce Dev & Federal Express

SHELBY COUNTY
CHANCERY COURT

MAR 2 6 2012

DONNA L. RUSSELL, C & I

TIME: 1442 BY:

Notice: **Notice is hereby given that** Karla Davis, Commissioner of TN Dept of Labor & Workforce Dev

(List Name(s) of all appealing party(ies) *Use Additional sheet if necessary*

appeals as follows:

Appeal to:
☐ Supreme Court  ☐ Post-Conviction  ☐ Parental Termination
☐ Worker's Comp Case  ☐ Capital Case
☑ Court of Appeals  ☐ Court of Criminal Appeals

Appealed from:
☐ Circuit  ☑ Chancery  ☐ Criminal (○ Misdemeanor ○ Felony)
☐ Juvenile  ☐ Probate  ☐ General Sessions  ☐ Claims Commission

County: Shelby

Trial Court No.: CH-11-1193-I

Trial Judge: Walter L. Evans

File Date of Judgment Appealed: 2/20/2012

Bond on appeal is: ☐ Filed (Copy Attached)  ☐ Indigent  ☑ Not required  ☐ Cash bond

If not required, state reason: State of Tennessee

(**Copy of Affidavit/Order of Indigency must be attached**)

## Appellant(s)
[Party(ies) initiating the appeal]

Appellant: Karla Davis, Commissioner of TN Dept of Labor & Workforce Dev

At trial: ☐ Plaintiff ☑ Defendant

Party's Address: 220 French Landing Drive, Suite 3-B

Party's Telephone: 615-741-6442

*Attach an additional sheet for each additional Appellant*

## Appellee(s)

Appellee: Renita Dulaney

At trial: ☑ Plaintiff ☐ Defendant

Appellee's Address: 1859 Myra Lane, Memphis, TN 38117

Attorney's Name:

Attorney's Address:    BPR#:

Phone:

*Attach an additional sheet for each additional Appellee*

## Attorney or Pro Se Party(ies):

Lindsey O. Appiah

Name (please print)    Signature    027069

BPR Number

Address of Attorney or Pro Se Party: Office of the Attorney General, General Civil Division

P.O. Box 20207, Nashville, TN 37202

## Attach Certificate of Service - Tenn. R. App. P. 20

EXHIBIT Z-3

IN THE CHANCERY COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ENTERED
MAY 0 9 2012
M.B.

Nellene Lipsey

vs.

Commissioner Department of Labor and
Workforce Development and Premier
Building Maintenance, Inc.

Docket No. CH-12-0729-3

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This matter came on to be heard on May 4, 2012 upon the Plaintiff's Motion to be appointed counsel in this cause.

It appears to the Court that there is no right to appointed counsel in this matter and, as such, the Court hereby denies the Plaintiff's Motion for Appointment of counsel.

ALL OF WHICH IS ORDERED, ADJUDGED, AND DECREED.

_____
CHANCELLOR

9 May 2012
DATE

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of this motion to all interested parties involved.

_____
DEPUTY CLERK

9 May 2012
DATE

I hereby certify that this is a true copy
of original instrument filed in my office

This 10 day of May, 20 12
DONNA L. RUSSELL, CLERK & MASTER

BY _____ D.C. & M.

http://www.seattlefoundation.org/npos/Pages/UnemploymentLawProject.aspx

# UNEMPLOYMENT LAW PROJECT

**EVALUATED BY**
**THE FOUNDATION**
3/10/2011

EXHIBIT 1

## DESCRIPTION

The Unemployment Law Project (ULP) is a Washington based not-for-profit legal services organization that represents, advises and advocates for unemployed workers whose benefits have been denied or challenged. Since 1984, ULP has assisted thousands of Washingtonians manage periods of financial insecurity by defending their rights to unemployment benefits as they search for new employment. With offices in Seattle and Spokane, ULP staff attorneys and volunteers represent and advise clients statewide, at every level of the legal process, educate the public and advocate for policies that support the economic security of Washington's workers, their families and their communities.

**Mission Statement**

The Unemployment Law Project protects and promotes the economic health and vitality of Washington's families and communities by ensuring that unemployed workers have access to representation and advice in the legal processes associated with unemployment compensation.

## AT A GLANCE

| | |
|---|---|
| Basic Needs | |
| Nutritious Food | |
| Transition from Homelessness | |
| Affordable Housing | |
| Low Income | |
| Serves Washington State | |
| Founded in 1984 | |
| Staff: 6 FTE | |
| Individuals served: 2,000 | |

**UNEMPLOYMENT LAW PROJECT**
1904 3rd Ave Ste 604
Seattle, WA 98101-1160
(206) 441-9178

**Mr. Marc Lampson,**
Executive Director
http://www.unemploymentlawproject.org
marc@ulproject.org

## PROGRAMS

### UNEMPLOYMENT LAW PROJECT PROGRAMS

First and foremost, we directly represent in administrative and court hearings people who are seeking unemployment benefits. The majority of these people are unemployed and low wage earners. When unemployed, they are often in danger of homelessness and of becoming "food insecure." Further, this housing and food insecurity impacts not only the individual but the individual's family members. People who are represented in hearings for benefits have a statistically far better chance of receiving benefits than those who are not represented, so we try to represent as many people as we can and our representation is always free.

Second, for those people we cannot represent due to our limited resources, we provide free consultations with attorneys who have conducted hundreds of unemployment hearings. This "helpline" telephone assistance is designed to inform the claimant for benefits of what to expect at the hearing, how to prepare for the hearing, and what to do after the hearing if there is a negative decision.

Third, for those we cannot directly represent or provide extensive free consultations, we provide as much information as we can. We provide written materials to people who need advice on very specific aspects of the benefits process, from doing an administrative appeal to doing court appeals. We have