FILED

SEP 0 9 2013

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHERYL TAYLOR                        )
     Appellant                      )
            v.                    )    APPEAL NO. 13-5921
                             )
KARLA DAVIS, COMM. OF THE            )
TN DEPT OF LABOR & WORKFORCE         )
DEVELOPMENT, et. al.                 )
             Appellee              )

## MOTION FOR MISCELLANEOUS RELIEF

The Appellant respectfully files this motion to the Court. The Appellant sent a certified letter to Alice M. Bratchelder, Chief Judge for the U.S. Court of Appeals for the Sixth Circuit seeking permission of the Court to recuse Judge Bernice Donald and Judge Julia Gibbons from presiding over any appeal filed by the Appellant. Judge Gibbons and Judge Donald are former district judges for the U.S. District Court for the Western District of TN.

It is a conflict of interest for Judge Donald and Judge Gibbons to preside over this appeal. Judge Julia Gibbons sits on the Board of Directors for the Community Legal Center. (See Exhibit 3.)The Community Legal Center is a federally funded legal aid organization. The Community Legal Center denied the Appellant counsel and access to federal funds as allocated by Congress.

Memphis Area Legal Services, Inc., denied the Appellant counsel and access to

2

federal funds as allocated by Congress. Memphis Area Legal Services, Inc., is a federally funded legal aid organization. The Community Legal Center and Memphis Area Legal Services, Inc., have a contractual relationship.

Judge Julia Gibbons and Judge Bernice Donald have consistently denied members of a protected class counsel when they sought relief for Title VII of the Civil Rights Act of 1964. Also, Judge Donald has denied counsel to members of a protected class when they seek relief against Memphis Area Legal Services, Inc. For example, Judge Julia Gibbons denied counsel to Jean Sims on August 8, 1995 and September 22, 1995. Jean Sims is a member of a protected class.  The civil action was Sims v. Rubin, et al, 95-cv-02483. (See Exhibit X.) Jeans Sims was seeking relief against the Department of the Treasury/IRS and the National Treasury Employees Union (NTEU). Judge Julia Gibbons granted the defendants' motion to dismiss against Jean Sims on March 25, 1996.

On November 17, 2010, Judge Julia Gibbons did not vacate the order of the U.S. District Court for the Western District of TN for civil action Featherson v. Memphis Area Legal Services, Inc., 09-cv-02349.  The appeal number was 09-6030. (See Exhibit 4.)  Anthony Featherson was denied counsel by counsel by Judge Bernice Donald on July 27, 2009 when he sought relief against MALS, Inc.

Respectfully submitted,

3

Sheryl Taylor
PO Box 897
Memphis, TN 38101

## CERTIFICATE OF SERVICE

I, Sheryl Taylor, certify that a copy of the motion has been mailed, first class, postage prepaid, on September 6, 2013 to:

Warren Jasper
425 5th Avenue North
Nashville, TN 37243

Harriett Halmon,
167 N. Main St. Ste. 800
Memphis, TN 38103

Sheryl Taylor

CLIENTS | VOLUNTEERS | DONORS | 48 | HOME
COMMUNITY LEGAL CENTER

# EXHIBIT 3

US

HISTORY OF CLC

BOARD OF DIRECTORS

CLC ACCOMPLISHMENTS

THE CLC IN ACTION

## BOARD OF DIRECTORS

Many individuals have served on the CLC Board of Directors since its beginning in 1994. A true "working board," the members of the CLC Board of Directors volunteer at the CLC's bi-monthly clinics, and most of the lawyer-members of the Board also handle pro bono matters referred by the CLC. Board members are expected to actively assist with fund-raising efforts and each is expected to make a personal donation.

The Board meets monthly at either MIFA's headquarters or at the University of Memphis' Cecil C. Humphreys School of Law. Prior to the meetings, the Board receives monthly financial statements and statistical reports from the CLC's Executive Director, Meg Jones.

Over the years, many individuals (mostly lawyers and judges) have devoted thousands of hours of unpaid time to serve as members of the CLC's Board of Directors, including the following members of the judiciary:

| | |
|---|---|
| Hon. Julia Gibbons | Hon. James Russell |
| Hon. Holly Lillard | Hon. Joyce Broffit |
| Hon. Robert Lanier | Hon. Betty Thomas-Moore |
| Hon. Robert Childers | Hon. Mark Ward |

The following have served as Chair of the Board: Mary Jo Miller, Elmore Holmes, Mike Robb, Becky Baggett, Hon. Mark Ward, Douglas Halijan, Karen Hall, and the current chair, Carla Peacher-Ryan.

### Current Board Members
As of 2011

Broadhurst, Jerome A.
*Apperson Crump*

Carlson, Quinn
*Baker Donelson*

Darker, Tatine
*Office of the Federal Public Defender*

DeStefanis, Chris
*American National Insurance Co.*

Guy, Lori
*First Tennessee/First Horizon*

Halijan, Douglas F.
*Burch, Porter & Johnson*

Hall, Karen
*The Hall Law Firm, AWA Representative*

Laizure, Kathy
*Federal Express*

Lewis, Nigel
*Shelby County Public Defender*

Maravich, Melissa
*Burch, Porter & Johnson*

Mulroy, Steve
*University of Memphis Law School*

Pelly, Dianne
*MIFA*

Reafsnyder, Joseph B.
*Wyatt, Tarrant & Combs*

Story, Kathy Story
*Consulting and Coaching*

Susser, Lynn
*Siskind & Susser*

Winfield, Robert, CFA
*Chair Finance Committee*

Zawisza, Christina A.
*Director, Child Advocacy Clinic*

### Staff

Meg Jones
*CLC Executive Director*
Irene Hollat
*Staff Attorney*
*Pro Se Clinic*

Hayden Lait
*Staff Attorney*

Alicia Tricia
*Staff*

Marcella Pinilla
*Administrative Assistant/Translator*

Community Legal Center | 910 Vance Memphis, TN 38126 | Voice 901.543.3395 Fax 901.543.0907 | Email info@clcmemphis.com

© 2012 clcmemphis.org All rights reserved.

PROSE

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:95-cv-02483-jsg

EXHIBIT X

Sims v. Rubin, et al
Assigned to: Julia S. Gibbons
Demand: $26,000
Cause: 28:1331 Fed. Question: Employment
Discrimination

Date Filed: 06/21/1995
Date Terminated: 03/25/1996
Jury Demand: None
Nature of Suit: 442 Civil
Rights: Jobs
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Jean Arnold Sims**          represented by **Jean Arnold Sims**
1615 Pope Street
Memphis, TN 38108
901-323-1509
Fax: prose
PRO SE

V.

**Defendant**

**Robert E. Rubin**          represented by **Brian J. Quarles**
*Secretary of Treasury*          U.S. ATTORNEY'S OFFICE
Federal Building
167 N. Main St.
Ste. 800
Memphis, TN 38103
901-544-4231
Fax: 544-0854
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Treasury**          represented by **Cary P. Sklar**
**Employees Union, Chapter**          NATIONAL TREASURY
**98**          EMPLOYEES UNION
*Gail McKinney, President*          901 E Street, N.W.

of 6

EXHIBIT X

Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory O'Duden**
NATIONAL TREASURY
EMPLOYEES UNION
901 E Street, N.W.
Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Flig**
NATIONAL TREASURY
EMPLOYEES UNION
2801 Buford Highway
Suite 430
Atlanta, GA 30329
404-728-1630
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Gail McKinney**
*President*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/1995 | 1 | COMPLAINT (SSH) (Entered: 06/26/1995) |
| 06/21/1995 | 2 | MOTION by plaintiff Jean Arnold Sims to proceed in forma pauperis (SSH) (Entered: 06/27/1995) |
| 06/21/1995 | 3 | MOTION/REQUEST by plaintiff Jean Arnold Sims for appointment of counsel and waiver of payment of fees (SSH) (Entered: 06/27/1995) |
| 06/21/1995 | 4 | ORDER by Magistrate Diane K. Vescovo granting motion to proceed in forma pauperis [2-1]. The clerk shall not issue process or serve any papers until ordered by the court. The |

EXHIBIT X

| | | |
|---|---|---|
| | | clerk shall immediately forwarded this file to the staff atty and mag. judge for completion of screening... (cc: all counsel) (SSH) (Entered: 06/27/1995) |
| 07/10/1995 | 5 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims; adding Gail McKinney (WBE) (Entered: 07/11/1995) |
| 07/13/1995 | 6 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims (SSH) (Entered: 07/14/1995) |
| 08/01/1995 | 7 | ORDER by Mag Judge Diane K. Vescovo for issuance of service of process for both dfts', to U.S. Marshall for service, by clerk, as directed; (copy handed mag. section) (cc: all counsel) (BAG) Modified on 08/01/1995 (Entered: 08/01/1995) |
| 08/08/1995 | 8 | ORDER by Chief Judge Julia S. Gibbons denying motion for appointment of counsel and waiver of payment of fees [3-1] (cc: all counsel) (EHG) (Entered: 08/08/1995) |
| 08/25/1995 | 9 | LETTER re: issuance of service pursuant to Magistrate's Order under 28 USC 1915(a), requesting copies of complaint and summons forms for process of service; submitted by Clerk's Office. (BAG) (Entered: 08/25/1995) |
| 09/14/1995 | 10 | AFFIDAVIT of Jean A. Sims IN SUPPORT OF MOTION UNDER 28 USC 1915 FOR APPOINTMENT OF ATTORNEY AND AUTHORIZATION TO COMMENCE SUIT WITHOUT PREPAYMENT OF FILING FEE by Jean A. Sims; re [3-1], re [2-1] (BAG) (Entered: 09/18/1995) |
| 09/22/1995 | 11 | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL by Chief Judge Julia S. Gibbons; Court cannot assess merits of pltf's claim at this early point in litigation, renewed motion denied; court will consider renewal of motion closer to time of trial, when merits of claim can be more easily assessed. (cc: all counsel) (BAG) (Entered: 09/22/1995) |
| 10/31/1995 | | SUMMONS issued as to defendant Robert E. Rubin, defendant Gail McKinney (SSH) (Entered: 11/03/1995) |
| 11/21/1995 | 12 | RETURN OF SERVICE executed upon defendant Robert E. Rubin on 11/16/95, via certified mail # Z032053630; (BAG) (Entered: 11/24/1995) |

EXHIBIT X

| | | |
|---|---|---|
| 12/07/1995 | 13 | ACCEPTANCE/ACKNOWLEDGEMENT OF SERVICE by defendant Gail McKinney on 11/28/95 (BAG) (Entered: 12/08/1995) |
| 12/08/1995 | 14 | RETURN OF SERVICE executed upon defendant NTEU, Chapter 98 on 12/6/95, via certified mail receipt #Z032 053 629; (BAG) (Entered: 12/08/1995) |
| 12/15/1995 | 15 | MOTION FOR PRO HAC VICE ADMISSION for attorney Steven Flig to appear pro hac vice, for dfts NTEU Chapter 98 (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 16 | MOTION FOR PRO HAC VICE by defendant NTEU, Chapter 98 for attorney Cary P. Sklar to appear pro hac vice (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 17 | MOTION FOR PRO HAC VICE ADMISSION by defendant NTEU, Chapter 98 for attorney Gregory O'Duden to appear pro hac vice (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 18 | DEFENDANT NTEU CHAPTER 98'S MOTION TO DISMISS by defendant NTEU, Chapter 98 to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of FRCP; (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 19 | BRIEF FILED IN SUPPORT OF DEFENDANT NTEU CHAPTER 98'S MOTION TO DISMISS by defendant NTEU, Chapter 98 regarding [18-1] (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 20 | CERTIFICATE OF SERVICE by defendant NTEU, Chapter 98; w/attachments; (BAG) (Entered: 12/18/1995) |
| 12/19/1995 | 21 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE by Chief Judge Julia S. Gibbons granting motions for attorneys Gregory O'Duden [17-1], Cary P. Sklar [16-1], and Steven Flig to appear pro hac vice, for dfts NTEU Chapter 98 [15-1] (cc all counsel) (BAG) (Entered: 12/20/1995) |
| 01/10/1996 | 22 | EXHIBITS; submitted by plaintiff Jean Sims; w/attachments (BAG) (Entered: 01/11/1996) |
| 01/25/1996 | 23 | DEFENDANT SECRETARY'S MOTION TO DISMISS by defendant Robert E. Rubin to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCP; (BAG) (Entered: 01/29/1996) |
| 01/25/1996 | 24 | MEMORANDUM IN SUPPORT OF DEFENDANT SECRETARY'S MOTION TO DISMISS by defendant Robert E. Rubin in support of motion to dismiss for lack of personal jurisdiction |

EXHIBIT X

| | | |
|---|---|---|
| | | to Rule 12(b)(2) and (6) of FRCP; [23-1] (BAG) (Entered: 01/29/1996) |
| 02/02/1996 | 25 | MOTION FOR SUMMARY JUDGMENT by plaintiff Jean Arnold Sims for summary judgment (BAG) (Entered: 02/07/1996) |
| 02/02/1996 | 26 | MEMORANDUM OF LAW by plaintiff Jean Arnold Sims in support of motion for summary judgment [25-1]; w/attachments (BAG) (Entered: 02/07/1996) |
| 02/06/1996 | 27 | ORDER TO SHOW CAUSE: by Chief Judge Julia S. Gibbons; Pltf ordered to show cause within 10 days from the date of this order why dft's motion should not be granted. Failure to respond may result in the granting of dft's motion for dismissal [18-1]; (cc: all counsel) (BAG) (Entered: 02/07/1996) |
| 02/09/1996 | 28 | CERTIFICATE OF SERVICE by plaintiff Jean Arnold Sims (BAG) (Entered: 02/15/1996) |
| 02/15/1996 | 29 | RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [27-1]; w/attachments (BAG) (Entered: 02/15/1996) |
| 02/21/1996 | 30 | AMENDED MEMORANDUM OF LAW by plaintiff Jean Arnold Sims to [26-1] (BAG) (Entered: 02/21/1996) |
| 02/23/1996 | 31 | DEFENDANT NTEU CHAPTER 98's MOTION TO CONTINUE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT by defendant NTEU, Chapter 98 to continue the summary judgment motion of pltf until after ruling on motion to dismiss. (BAG) (Entered: 02/26/1996) |
| 02/29/1996 | 32 | MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims for default judgment against Robert E. Rubin (BAG) (Entered: 03/04/1996) |
| 03/05/1996 | 33 | ORDER denying motion for default judgment against Robert E. Rubin [32-1]; Records indicate that a dft filed a motion to dismiss 1/25/96, in compliance with FRCP 12. (cc: all counsel) (BAG) Modified on 03/07/1996 (Entered: 03/05/1996) |
| 03/22/1996 | 35 | SETTING LETTER: Scheduling Conference set for 4/24/96 at 9:00, before Judge Gibbons; (BAG) (Entered: 03/25/1996) |
| 03/25/1996 | 34 | ORDER GRANTING DEFENDANT'S NTEU'S MOTION TO DISMISS AND GRANTING DEFENDANT SECRETARY'S |

EXHIBIT X

| | | MOTION TO DISMISS by Chief Judge Julia S. Gibbons granting motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCP; [23-1], granting motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of FRCP; [18-1] dismissing case, as pltf engaged in a negotiated grievance procedure, her lawsuit in this court is barred. (cc: all counsel) (BAG) (Entered: 03/25/1996) |
|---|---|---|
| 03/27/1996 | 36 | JUDGMENT IN A CIVIL CASE: by Chief Judge Julia S. Gibbons; In accordance with the provisions as set forth in the Order Granting Defendant NTEU'S Motion to Dismiss and Granting Defendant Secretary's Motion to Dismiss entered 3/25/96, this case is hereby DISMISSED. (cc: all counsel) (BAG) (Entered: 03/27/1996) |
| 04/24/1996 | 37 | AMENDED MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims to [32-1] (BAG) (Entered: 04/24/1996) |
| 04/24/1996 | 38 | AMENDED RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [29-1] (BAG) (Entered: 04/24/1996) |
| 04/29/1996 | 39 | ORDER by Chief Judge Julia S. Gibbons finding the amend [38-1] moot., finding the amend [37-1] moot.; It is apparent to the court that due to some error, pltf is unaware that this case was dismissed 3/25/96; Clerk ORDERED to serve a copy of the 3/5/96 order denying request for default judgment, the 3/25/96 order granting motions to dismiss of dfts' and the 3/27/97 order of judgment, on pltf at the address from which most recent filings were sent: In accordance with previous orders of this court, pltf's instant motions are moot and are hereby denied. (cc: all counsel) (BAG) (Entered: 04/29/1996) |

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 09-6030

EXHIBIT 4

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANTHONY FEATHERSON,

    Plaintiff-Appellant,

v.

MEMPHIS AREA LEGAL SERVICES;
TIMOTHY HUGHES,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
**Nov 17, 2010**
LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
TENNESSEE

<u>O R D E R</u>

Before: GIBBONS and ROGERS, Circuit Judges; ECONOMUS, District Judge.[*]

    Anthony Featherson, a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    In his complaint, Featherson alleged that defendant Timothy Hughes, his wife's attorney, "issued a racial slur . . . in the lobby of Shelby County Juvenile Court near the presence of my lawyer, my wife, and son, and stepdaughter." The complaint also named Memphis Area Legal Services as a defendant, but contained no allegations against that entity. As relief, Featherson sought $500,000 in punitive damages and requested that the defendants be directed to issue a public apology.

---

    [*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 09-6030     EXHIBIT 4
- 2 -

The district court dismissed the complaint for failure to state a claim, concluding that: 1) the complaint did not state a claim against Memphis Area Legal Services because it did not allege any action by that entity; 2) the complaint did not state a claim under Title VII or 42 U.S.C. § 1981 because it did not allege an employment or contractual relationship between Featherson and the defendants; and 3) the complaint did not state a claim under 42 U.S.C. § 1983 because Hughes was not a state actor.

On appeal, Featherson asks this court to vacate the district court's decision and remand the case for a hearing on the merits.

We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On appeal, Featherson expands on the allegations raised in his complaint, asserting that Hughes is employed by Memphis Area Legal Services, that Memphis Area Legal Services is liable for Hughes's actions, and that the defendants' conduct is attributable to the state because Memphis Area Legal Services is a state-funded organization. We generally will not consider new allegations, raised for the first time on appeal, in determining whether a complaint was properly dismissed for failure to state a claim. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006); *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006). Even if these additional allegations had been included in Featherson's complaint, however, dismissal for failure to state a claim would have been appropriate.

To state a claim under § 1983, a plaintiff must show: 1) the deprivation of a federal statutory or constitutional right; and 2) that the deprivation was caused by a person acting under color of state law. *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007). Featherson asserts that Hughes, because he is employed by Memphis Area Legal Services, is a state actor. Like other legal aid organizations, however, Memphis Area Legal Services is a private, not-for-profit corporation that is funded by the

Legal Services Corporation; private contributions; and federal, state, and local governments. Accordingly, it is not a state actor for purposes of § 1983. *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Gerena v. Puerto Rico Legal Servs.*, 697 F.2d 447, 452 (1st Cir. 1983). Moreover, Hughes's alleged conduct, while offensive, did not deprive Featherson of a federal statutory or constitutional right. *See Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) ("The occasional use of racial slurs, although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." (internal quotation marks omitted)); *Taylor v. City of Falmouth*, 187 F. App'x 596, 600-01 (6th Cir. 2006) (holding that plaintiff could not establish a First Amendment or equal protection violation stemming from city council member's racially offensive remarks). Accordingly, Featherson has failed to state a claim against Hughes under § 1983.

Featherson also argues that, as Hughes's employer, Memphis Area Legal Services is responsible for his allegedly unconstitutional actions. Supervisory liability under § 1983, however, cannot be based on a theory of respondeat superior. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Moreover, Featherson's claim against Memphis Area Legal Services cannot succeed because the organization does not qualify as a state actor, *see Schnabel*, 232 F.3d at 87, and because Featherson has not established a violation of his constitutional rights, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Finally, because Featherson does not allege a proposed or existing contractual relationship with the defendants, his claim is not cognizable under § 1981. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 475-76 (2006).

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk

September 6, 2013

U.S. Court of Appeals for the Sixth Circuit      cc: Warren Jasper
Attn: Alice M. Batchelder, Chief Judge           425 5th Avenue North
540 Potter Street U.S. Courthouse                Nashville, TN 37243
100 East Fifth Street
Cincinnati, OH  45202                            Harriett Halmon
RE: 13-5921                                       167 N. Main St. Ste. 800
                                                 Memphis, TN 38103

Dear Alice Batchelder:

I respectfully write this letter and seek the Court to recuse Judge Julia Gibbons and
Judge Bernice Donald from any appeals I file before the Court. It is a conflict of
interest for Judge Julia Gibbons and Judge Bernice Donald to make any decisions
on my appeal.

Judge Julia Gibbons and Judge Bernice Donald are former district judges for the
U.S. District Court for the Western District of TN. Judge Julia Gibbons sits on the
Board of Directors for the Community Legal Center (CLC). (See Exhibit 3.) The
CLC is a federally funded legal aid organization. I was denied counsel and denied
access to federal funds by the CLC and Memphis Area Legal Services, Inc.
(MALS). The CLC and the MALS have a contractual relationship.

Judge Julia Gibbons and Judge Bernice Donald have consistently denied members
of a protected class counsel when they sought relief based on Title VII of the Civil
Rights Act of 1964 against a federal employer or federal labor union. For example,
Judge Julia Gibbons denied counsel to Jean Sims on August 8, 1995 and
September 22, 1995. Jean Sims is a member of a protected class.  The civil action
was Sims v. Rubin, et al, 95-cv-02483. (See Exhibit X.) Judge Julia Gibbons
granted the defendants' motion to dismiss against Jean Sims on March 25, 1996.

On November 17, 2010, Judge Julia Gibbons did not vacate the order of the U.S.
District Court for the Western District of TN for civil action Featherson v.
Memphis Area Legal Services, Inc., 09-cv-02349. The appeal number was 09-
6030. (See Exhibit 4.)  Anthony Featherson was denied counsel by Judge Bernice
Donald on July 27, 2009 when he sought relief against MALS, Inc.

Respectfully submitted,

*[signature]*

Sheryl Taylor PO Box 897 Memphis TN 38101



# EXHIBIT 3

**US**

HISTORY OF CLC

BOARD OF DIRECTORS

CLC ACCOMPLISHMENTS

THE CLC IN ACTION

**BOARD OF DIRECTORS**

Many individuals have served on the CLC Board of Directors since its beginning in 1994. A true "working board," the members of the CLC Board of Directors volunteer at the CLC's bi-monthly clinics, and most of the lawyer members of the Board also handle pro bono matters referred by the CLC. Board members are expected to actively assist with fund-raising efforts and each is expected to make a personal donation.

The Board meets monthly at either MIFA's headquarters or at the University of Memphis' Cecil C. Humphreys School of Law. Prior to the meetings, the Board receives monthly financial statements and statistical reports from the CLC's Executive Director, Meg Jones.

Over the years, many individuals (mostly lawyers and judges) have devoted thousands of hours of unpaid time to serve as members of the CLC's Board of Directors, including the following members of the judiciary:

| | |
|---|---|
| Hon. Julia Gibbons | Hon. James Russell |
| Hon. Holly Lilliard | Hon. Joyce Broffit |
| Hon. Robert Lanier | Hon. Betty Thomas-Moore |
| Hon. Robert Childers | Hon. Mark Ward |

The following have served as Chair of the Board: Mary Jo Miller, Elmore Holmes, Mike Robb, Becky Baggett, Hon. Mark Ward, Douglas Halijan, Karen Hall, and the current chair, Carla Peacher-Ryan.

**Current Board Members**
As of 2011

Broadhurst, Jerome A
*Apperson Crump*

Carlson, Quinn
*Baker Donelson*

Darker, Fatine
*Office of the Federal Public Defender*

DeStafanis, Chris
*American National Insurance Co.*

Guy, Lon
*First Tennessee/First Horizon*

Halijan, Douglas F.
*Burch, Porter & Johnson*

Hall, Karen
*The Hall Law Firm, AWA Representative*

Laizure, Kathy
*Federal Express*

Lewis, Nigel
*Shelby County Public Defender*

Maravich, Melissa
*Burch, Porter & Johnson*

Mulroy, Steve
*University of Memphis Law School*

Polly, Dianne
*MIFA*

Reafsnyder, Joseph B.
*Wyatt, Tarrant & Cooms*

Story, Kathy Story
*Consulting and Coaching*

Susser, Lynn
*Siskind & Susser*

Winfield, Robert, CFA
*Chair Finance Committee*

Zawisza, Christina A.
*Director, Child Advocacy Clinic*

**Staff**

Meg Jones
*CLC Executive Director*

Irene Hallet
*Staff Attorney*
*Pro Se Clinic*

Hayden Lait
*Staff Attorney*

Alicia Trecia
*Staff*

Marcella Pinilla
*Administrative Assistant/Translator*

Community Legal Center | 910 Vance Memphis, TN 38126 | Voice 901.543.3395 Fax 901.543.0907 | Email info@clcmemphis.com

© 2012 clcmemphis.org All rights reserved

PROSE

# U.S. District Court
## Western District of Tennessee (Memphis)
## CIVIL DOCKET FOR CASE #: 2:95-cv-02483-jsg

EXHIBIT X

Sims v. Rubin, et al
Assigned to: Julia S. Gibbons
Demand: $26,000
Cause: 28:1331 Fed. Question: Employment
Discrimination

Date Filed: 06/21/1995
Date Terminated: 03/25/1996
Jury Demand: None
Nature of Suit: 442 Civil
Rights: Jobs
Jurisdiction: U.S. Government
Defendant

## Plaintiff

**Jean Arnold Sims**                  represented by **Jean Arnold Sims**
                                       1615 Pope Street
                                       Memphis, TN 38108
                                       901-323-1509
                                       Fax: prose
                                       PRO SE

V.

## Defendant

**Robert E. Rubin**                   represented by **Brian J. Quarles**
*Secretary of Treasury*                U.S. ATTORNEY'S OFFICE
                                       Federal Building
                                       167 N. Main St.
                                       Ste. 800
                                       Memphis, TN 38103
                                       901-544-4231
                                       Fax: 544-0854
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

## Defendant

**National Treasury**                 represented by **Cary P. Sklar**
**Employees Union, Chapter**          NATIONAL TREASURY
**98**                                EMPLOYEES UNION
*Gail McKinney, President*            901 E Street, N.W.

of 6

EXHIBIT X

Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory O'Duden**
NATIONAL TREASURY
EMPLOYEES UNION
901 E Street, N.W.
Suite 600
Washington, DC 20004
202-783-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Flig**
NATIONAL TREASURY
EMPLOYEES UNION
2801 Buford Highway
Suite 430
Atlanta, GA 30329
404-728-1630
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Gail McKinney**
*President*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/1995 | 1 | COMPLAINT (SSH) (Entered: 06/26/1995) |
| 06/21/1995 | 2 | MOTION by plaintiff Jean Arnold Sims to proceed in forma pauperis (SSH) (Entered: 06/27/1995) |
| 06/21/1995 | 3 | MOTION/REQUEST by plaintiff Jean Arnold Sims for appointment of counsel and waiver of payment of fees (SSH) (Entered: 06/27/1995) |
| 06/21/1995 | 4 | ORDER by Magistrate Diane K. Vescovo granting motion to proceed in forma pauperis [2-1]. The clerk shall not issue process or serve any papers until ordered by the court. The |

EXHIBIT X

| | | clerk shall immediately forwarded this file to the staff atty and mag. judge for completion of screening... (cc: all counsel) (SSH) (Entered: 06/27/1995) |
|---|---|---|
| 07/10/1995 | 5 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims; adding Gail McKinney (WBE) (Entered: 07/11/1995) |
| 07/13/1995 | 6 | AMENDED COMPLAINT [1-1] by plaintiff Jean Arnold Sims (SSH) (Entered: 07/14/1995) |
| 08/01/1995 | 7 | ORDER by Mag Judge Diane K. Vescovo for issuance of service of process for both dfts', to U.S. Marshall for service, by clerk, as directed; (copy handed mag. section) (cc: all counsel) (BAG) Modified on 08/01/1995 (Entered: 08/01/1995) |
| 08/08/1995 | 8 | ORDER by Chief Judge Julia S. Gibbons denying motion for appointment of counsel and waiver of payment of fees [3-1] (cc: all counsel) (EHG) (Entered: 08/08/1995) |
| 08/25/1995 | 9 | LETTER re: issuance of service pursuant to Magistrate's Order under 28 USC 1915(a), requesting copies of complaint and summons forms for process of service; submitted by Clerk's Office. (BAG) (Entered: 08/25/1995) |
| 09/14/1995 | 10 | AFFIDAVIT of Jean A. Sims IN SUPPORT OF MOTION UNDER 28 USC 1915 FOR APPOINTMENT OF ATTORNEY AND AUTHORIZATION TO COMMENCE SUIT WITHOUT PREPAYMENT OF FILING FEE by Jean A. Sims; re [3-1], re [2-1] (BAG) (Entered: 09/18/1995) |
| 09/22/1995 | 11 | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL by Chief Judge Julia S. Gibbons; Court cannot assess merits of pltf's claim at this early point in litigation, renewed motion denied; court will consider renewal of motion closer to time of trial, when merits of claim can be more easily assessed. (cc: all counsel) (BAG) (Entered: 09/22/1995) |
| 10/31/1995 | | SUMMONS issued as to defendant Robert E. Rubin, defendant Gail McKinney (SSH) (Entered: 11/03/1995) |
| 11/21/1995 | 12 | RETURN OF SERVICE executed upon defendant Robert E. Rubin on 11/16/95, via certified mail # Z032053630; (BAG) (Entered: 11/24/1995) |

EXHIBIT X

| 12/07/1995 | 13 | ACCEPTANCE/ACKNOWLEDGEMENT OF SERVICE by defendant Gail McKinney on 11/28/95 (BAG) (Entered: 12/08/1995) |
|---|---|---|
| 12/08/1995 | 14 | RETURN OF SERVICE executed upon defendant NTEU, Chapter 98 on 12/6/95, via certified mail receipt #Z032 053 629; (BAG) (Entered: 12/08/1995) |
| 12/15/1995 | 15 | MOTION FOR PRO HAC VICE ADMISSION for attorney Steven Flig to appear pro hac vice, for dfts NTEU Chapter 98 (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 16 | MOTION FOR PRO HAC VICE by defendant NTEU, Chapter 98 for attorney Cary P. Sklar to appear pro hac vice (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 17 | MOTION FOR PRO HAC VICE ADMISSION by defendant NTEU, Chapter 98 for attorney Gregory O'Duden to appear pro hac vice (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 18 | DEFENDANT NTEU CHAPTER 98'S MOTION TO DISMISS by defendant NTEU, Chapter 98 to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of FRCP; (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 19 | BRIEF FILED IN SUPPORT OF DEFENDANT NTEU CHAPTER 98'S MOTION TO DISMISS by defendant NTEU, Chapter 98 regarding [18-1] (BAG) (Entered: 12/18/1995) |
| 12/15/1995 | 20 | CERTIFICATE OF SERVICE by defendant NTEU, Chapter 98; w/attachments; (BAG) (Entered: 12/18/1995) |
| 12/19/1995 | 21 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE by Chief Judge Julia S. Gibbons granting motions for attorneys Gregory O'Duden [17-1], Cary P. Sklar [16-1], and Steven Flig to appear pro hac vice, for dfts NTEU Chapter 98 [15-1] (cc all counsel) (BAG) (Entered: 12/20/1995) |
| 01/10/1996 | 22 | EXHIBITS; submitted by plaintiff Jean Sims; w/attachments (BAG) (Entered: 01/11/1996) |
| 01/25/1996 | 23 | DEFENDANT SECRETARY'S MOTION TO DISMISS by defendant Robert E. Rubin to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCP; (BAG) (Entered: 01/29/1996) |
| 01/25/1996 | 24 | MEMORANDUM IN SUPPORT OF DEFENDANT SECRETARY'S MOTION TO DISMISS by defendant Robert E. Rubin in support of motion to dismiss for lack of personal jurisdiction |

EXHIBIT X

| | | |
|---|---|---|
| | | to Rule 12(b)(2) and (6) of FRCP; [23-1] (BAG) (Entered: 01/29/1996) |
| 02/02/1996 | 25 | MOTION FOR SUMMARY JUDGMENT by plaintiff Jean Arnold Sims for summary judgment (BAG) (Entered: 02/07/1996) |
| 02/02/1996 | 26 | MEMORANDUM OF LAW by plaintiff Jean Arnold Sims in support of motion for summary judgment [25-1]; w/attachments (BAG) (Entered: 02/07/1996) |
| 02/06/1996 | 27 | ORDER TO SHOW CAUSE: by Chief Judge Julia S. Gibbons; Pltf ordered to show cause within 10 days from the date of this order why dft's motion should not be granted. Failure to respond may result in the granting of dft's motion for dismissal [18-1]; (cc: all counsel) (BAG) (Entered: 02/07/1996) |
| 02/09/1996 | 28 | CERTIFICATE OF SERVICE by plaintiff Jean Arnold Sims (BAG) (Entered: 02/15/1996) |
| 02/15/1996 | 29 | RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [27-1]; w/attachments (BAG) (Entered: 02/15/1996) |
| 02/21/1996 | 30 | AMENDED MEMORANDUM OF LAW by plaintiff Jean Arnold Sims to [26-1] (BAG) (Entered: 02/21/1996) |
| 02/23/1996 | 31 | DEFENDANT NTEU CHAPTER 98's MOTION TO CONTINUE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT by defendant NTEU, Chapter 98 to continue the summary judgment motion of pltf until after ruling on motion to dismiss. (BAG) (Entered: 02/26/1996) |
| 02/29/1996 | 32 | MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims for default judgment against Robert E. Rubin (BAG) (Entered: 03/04/1996) |
| 03/05/1996 | 33 | ORDER denying motion for default judgment against Robert E. Rubin [32-1]; Records indicate that a dft filed a motion to dismiss 1/25/96, in compliance with FRCP 12. (cc: all counsel) (BAG) Modified on 03/07/1996 (Entered: 03/05/1996) |
| 03/22/1996 | 35 | SETTING LETTER: Scheduling Conference set for 4/24/96 at 9:00, before Judge Gibbons; (BAG) (Entered: 03/25/1996) |
| 03/25/1996 | 34 | ORDER GRANTING DEFENDANT'S NTEU'S MOTION TO DISMISS AND GRANTING DEFENDANT SECRETARY'S |

EXHIBIT X

| | | |
|---|---|---|
| | | MOTION TO DISMISS by Chief Judge Julia S. Gibbons granting motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and (6) of FRCP; [23-1], granting motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of FRCP; [18-1] dismissing case, as pltf engaged in a negotiated grievance procedure, her lawsuit in this court is barred. (cc: all counsel) (BAG) (Entered: 03/25/1996) |
| 03/27/1996 | 36 | JUDGMENT IN A CIVIL CASE: by Chief Judge Julia S. Gibbons; In accordance with the provisions as set forth in the Order Granting Defendant NTEU'S Motion to Dismiss and Granting Defendant Secretary's Motion to Dismiss entered 3/25/96, this case is hereby DISMISSED. (cc: all counsel) (BAG) (Entered: 03/27/1996) |
| 04/24/1996 | 37 | AMENDED MOTION FOR JUDGMENT BY DEFAULT by plaintiff Jean Arnold Sims to [32-1] (BAG) (Entered: 04/24/1996) |
| 04/24/1996 | 38 | AMENDED RESPONSE TO ORDER TO SHOW CAUSE by plaintiff Jean Arnold Sims to [29-1] (BAG) (Entered: 04/24/1996) |
| 04/29/1996 | 39 | ORDER by Chief Judge Julia S. Gibbons finding the amend [38-1] moot., finding the amend [37-1] moot.; It is apparent to the court that due to some error, pltf is unaware that this case was dismissed 3/25/96; Clerk ORDERED to serve a copy of the 3/5/96 order denying request for default judgment, the 3/25/96 order granting motions to dismiss of dfts' and the 3/27/97 order of judgment, on pltf at the address from which most recent filings were sent: In accordance with previous orders of this court, pltf's instant motions are moot and are hereby denied. (cc: all counsel) (BAG) (Entered: 04/29/1996) |

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-6030

EXHIBIT 4

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                          ┌────────────────────────────┐
                                          │           FILED            │
ANTHONY FEATHERSON,          )            │       Nov 17, 2010         │
                             )            │     LEONARD GREEN, Clerk   │
      Plaintiff-Appellant,   )            └────────────────────────────┘
                             )
v.                           )            ON APPEAL FROM THE UNITED
                             )            STATES DISTRICT COURT FOR
MEMPHIS AREA LEGAL SERVICES; )            THE WESTERN DISTRICT OF
TIMOTHY HUGHES,              )            TENNESSEE
                             )
      Defendants-Appellees.  )
```

O R D E R

Before: GIBBONS and ROGERS, Circuit Judges; ECONOMUS, District Judge.[*]

Anthony Featherson, a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In his complaint, Featherson alleged that defendant Timothy Hughes, his wife's attorney, "issued a racial slur . . . in the lobby of Shelby County Juvenile Court near the presence of my lawyer, my wife, and son, and stepdaughter." The complaint also named Memphis Area Legal Services as a defendant, but contained no allegations against that entity. As relief, Featherson sought $500,000 in punitive damages and requested that the defendants be directed to issue a public apology.

---

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 09-6030          EXHIBIT 4
- 2 -

The district court dismissed the complaint for failure to state a claim, concluding that: 1) the complaint did not state a claim against Memphis Area Legal Services because it did not allege any action by that entity; 2) the complaint did not state a claim under Title VII or 42 U.S.C. § 1981 because it did not allege an employment or contractual relationship between Featherson and the defendants; and 3) the complaint did not state a claim under 42 U.S.C. § 1983 because Hughes was not a state actor.

On appeal, Featherson asks this court to vacate the district court's decision and remand the case for a hearing on the merits.

We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On appeal, Featherson expands on the allegations raised in his complaint, asserting that Hughes is employed by Memphis Area Legal Services, that Memphis Area Legal Services is liable for Hughes's actions, and that the defendants' conduct is attributable to the state because Memphis Area Legal Services is a state-funded organization. We generally will not consider new allegations, raised for the first time on appeal, in determining whether a complaint was properly dismissed for failure to state a claim. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006); *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006). Even if these additional allegations had been included in Featherson's complaint, however, dismissal for failure to state a claim would have been appropriate.

To state a claim under § 1983, a plaintiff must show: 1) the deprivation of a federal statutory or constitutional right; and 2) that the deprivation was caused by a person acting under color of state law. *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007). Featherson asserts that Hughes, because he is employed by Memphis Area Legal Services, is a state actor. Like other legal aid organizations, however, Memphis Area Legal Services is a private, not-for-profit corporation that is funded by the

Legal Services Corporation; private contributions; and federal, state, and local governments. Accordingly, it is not a state actor for purposes of § 1983. *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Gerena v. Puerto Rico Legal Servs.*, 697 F.2d 447, 452 (1st Cir. 1983). Moreover, Hughes's alleged conduct, while offensive, did not deprive Featherson of a federal statutory or constitutional right. *See Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) ("The occasional use of racial slurs, although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." (internal quotation marks omitted)); *Taylor v. City of Falmouth*, 187 F. App'x 596, 600-01 (6th Cir. 2006) (holding that plaintiff could not establish a First Amendment or equal protection violation stemming from city council member's racially offensive remarks). Accordingly, Featherson has failed to state a claim against Hughes under § 1983.

Featherson also argues that, as Hughes's employer, Memphis Area Legal Services is responsible for his allegedly unconstitutional actions. Supervisory liability under § 1983, however, cannot be based on a theory of respondeat superior. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Moreover, Featherson's claim against Memphis Area Legal Services cannot succeed because the organization does not qualify as a state actor, *see Schnabel*, 232 F.3d at 87, and because Featherson has not established a violation of his constitutional rights, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Finally, because Featherson does not allege a proposed or existing contractual relationship with the defendants, his claim is not cognizable under § 1981. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 475-76 (2006).

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*Leonard Green*

Clerk





U.S. POSTAGE
PAID
SOUTHHAVEN, MS
38671
SEP 06 '13
AMOUNT

**$5.85**
00046527-02

U.S. COURT OF APPEALS FOR THE SIXTH
CIRCUIT

ATTN: ALICE M. BATCHELDER

540 POTTER STREET U.S. COURTHOUSE

100 EAST FIFTH STREET

CINCINNATI, OH              45202



PRIORITY®
MAIL

UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107R, January 2008





**UNITED STATES**
**POSTAL SERVICE®**

**USPS TRACKING #**

9114 9011 5981 8036 1577 17

Label 400, Jan 2013
7690-16-000-7949