RECEIVED

SEP 23 2013

DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SHERYL TAYLOR                    )
    Appellant                    )
       v.                        )    APPEAL NO. 13-5921
                      )
KARLA DAVIS, COMMISSIONER        )
FOR THE TN DEPT OF LABOR AND     )
WORKFORCE DEVELOPMENT, et.al.    )
    Appellee                     )

---

## APPELLANT'S REPLY TO KARLA DAVIS' BRIEF

The Appellant respectfully files a reply to the pleadings/brief of appellee Davis to the Court. The Appellant is without counsel. There is a prejudice toward the Appellant for a lack of counsel. The Appellant is unemployed through no fault of the Appellant. The Appellant was approved for Family Medical Leave based on the Family Medical Leave Act (FMLA). The Appellant needs counsel due to medical issues. The Appellant is **entitled to counsel** and has a **right to counsel** as appellee Davis. Without counsel, the interest of the Appellant is not protected. Furthermore, the Appellant does not have the legal expertise to understand sovereign immunity. Appellee Davis has secured counsel with federal funds.

The United States Supreme Court held in Christian v. New York, 414 U.S. 614 (1974), federal employees have a right to reconsideration when seeking relief for a denial of Unemployment Compensation for Federal Employees (UCFE). (Doc. 121.) It is a fact federal employees filed a civil action in federal court seeking

2

relief for a denial of UCFE were represented by the federally funded Legal Services Corporation (LSC) grantees in New York. It is a fact the federal employees filed suit against the New York State Dept. of Labor. It is a fact the federal employees did not file a civil action in state court. It is a fact the federal employees had counsel before the U.S. District Court for the Southern District of New York. It is a fact the federal employees had counsel at the appellate court and before the U.S. Supreme Court. It is a fact the federal employees were granted a hearing before a three judge panel at the U.S. District Court for the Southern District of New York based on 28 USC §2284. (Doc. 121.)

It is a fact the Appellant filed a motion for a hearing before the District Court seeking a three judge panel to review the decision of appellee Davis. (Doc. 73.) It is a fact the District Court denied the motion as moot. (Doc. 118.)  It is a fact the District Court ignored and disregarded the U.S. Supreme Court decision in Christian v. New York, 414 U.S. 614 (1974). (Doc. 121.)  It is a fact the Appellant did not have equal protection under the law as the federal employees in Christian v. New York, 414 U.S. 614 (1974).

It is a fact the Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on December 13, 2011. (Doc. 3.). It is a fact the Appellant filed a motion for an appointment of counsel through the District

3

Court's Civil Pro Bono Panel on January 17, 2012. (Doc. 6.) It is a fact the Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on February 23, 2012. (Doc. 18.) It is a fact the Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on April 6, 2012 (Doc. 22.). It is a fact the Appellant filed a motion for an appointment of counsel through the District Court's Civil Pro Bono Panel on April 10, 2012. (Doc. 23.)  It is a fact on August 7, 2012, the District Court denied the Appellant's motions for an appointment of counsel through the District Court's Civil Pro Bono Panel. (Doc. 62.)  It is a fact the District Court will not appoint counsel to federal employees that are members of a protected class seeking relief for a denial of UCFE nor Title VII civil actions. (Doc. 51, 65 & 96.)

It is a fact the Appellant filed a motion for the District Court to release the names of all lawyers on the District Court's Civil Pro Bono Panel. (Doc. 109.) It is a fact the District Court denied the motion as moot. (Doc. 118.) It is a fact appellee Davis interfered with the decision of the District Court and obstructed justice and impeded the judicial process. It is a fact there is no constitutional nor statutory right to counsel for a civil action. It is a fact appellee Davis has a constitutional and statutory right to counsel for a civil action. It is a fact appellee Davis was not denied counsel. **It is a fact there is no federal law that gives appellee Davis the**

4

**exclusive and sole rights to the property of federal funds. (Doc. 121.)**

It is a fact on or about August 2011, appellee Davis advised the Appellant free

or low cost legal representation may be available through your local Legal Aid

Society or Bar Association. (Doc 14, 51, 96, 120 & 121.)  It is a fact the brochure

is fraud and misrepresentation by appellee Davis.  It is a fact the brochure states:
**You may be represented by an attorney or other competent individual of your
choosing. For a claimant who may not be able to afford an attorney, free or
low cost legal assistance may be available through your Legal Aid Society or
Bar Association. The TDLWD (TN Dept. of Labor and Workforce
Development) cannot provide representation for you.** (Doc. 14, 47-2, 51, 96,
120 &121.) Exh. 12.

It is a fact the Appellant was denied counsel by the LSC grantees in TN which

are Memphis Area Legal Services, Inc. (MALS), West TN Legal Services, Inc.,

Legal Aid of East TN and the Legal Aid Society of Middle TN and the

Cumberlands. It is a fact the federally funded Community Legal Center denied

counsel to the Appellant. (Doc. 14, 51, 96 & 121.)

It is a fact the Appellant was denied counsel by numerous TN lawyers. It is a

fact TN lawyers advised the Appellant they do not take cases against federal

agencies. It is a fact appellee Davis interfered with the Appellant's right to sue

because the Appellant had engaged in protected activity against her former federal

employer. It is a fact the Appellant had filed complaints of discrimination against

her federal employer and had contacted the Inspector General. It is a fact the

5

Appellant is restricted and prohibited from securing counsel in the state of TN. It is

a fact appellees Geithner/Dept. of the Treasury and appellee Solis/U.S. Dept.

of Labor interfered with the decision of appellee Davis. (Doc. 51 & 96.)

It is a fact the Appellant filed a motion for the District Court to order appellee

Davis to release its federal funds, equally distribute its federal funds and appoint or

assign counsel to the Appellant. (Doc. 82.) It is a fact appellee Davis did not

respond to the motion. It is a fact the Appellant made a First (1st) Amendment

petition based on the Constitution of the U.S. for access to federal funds to secure

counsel. It is a fact the District Court denied the motion as moot. (Doc. 118.)  It is

a fact the Appellant was not afford a grievance nor an appeal process after the

denial of federal funds. It is a fact the denial of federal funds is unconstitutional

based on the landmark decision of United States v. Windsor S.Ct., 2013

WL3196928 (2013).  It is a fact the denial of federal funds to federal employees

that are members of a protected class is unconstitutional.

It is a fact the Appellant has a right to counsel of her choice as held by the Fifth

(5th) Circuit Court of Appeals in Sanders v. Russell, 401 F.2d 241, 12Fed.R. Serv.

2d 1395 (5th Cir.) (Doc. 121.) **Oral argument is needed** due to a lack of counsel.

It is fact appellee Davis has a duty to appoint or assign counsel by releasing

its federal funds to the Appellant for the sole purpose of counsel. It is a fact

6

appellee Davis has breached her duty. It is a fact the Appellant suffered irreparable harm due to the breach. It is a fact the Appellant's amended complaint stated she was denied legal representation in the state of TN. (Doc. 14, 51 & 96.)

It is a fact the Appellant has a right to choose her forum which is the U.S. District Court for the Western District of TN. It is a fact a state court cannot answer a federal question. (Doc. 51 & 96.) It is a fact there is a constitutional claim based on Fifth (5th), Fourteenth (14th), 42 USC §1983, 42 USC§ 1985, 42 USC § 503 and 5 USC§ 8501-8508. (Doc. 14.)  It is a fact appellee Davis has not provided free legal representation to federal employees that are members of a protected class. (Doc. 14, 51, 96, 120 & 121.) It is a fact the Appellant did not bring a class action lawsuit as stated in the amended complaint. (Doc. 14 & 96.)

It is a fact final judgment without counsel caused irreparable harm to the Appellant.  It is a fact Dred Scott v. Sandford, 60 U.S. 393 (1857) is the law of the land. It is a fact Dred Scott had an appointment of counsel during his ten years quest for freedom. It is a fact states that require unemployment lawyers are Indiana, New Jersey, North Carolina, South Carolina, South Dakota and West Virginia but not TN. It is a fact the Unemployment Law Project provides free legal representation to Washington States citizens that were denied unemployment benefits. (Doc. 121.)

The Appellant seeks the Court to reverse the order of dismissal and allow a jury to hear the many issues of material facts. In addition, the Appellant seeks the Court to render a decision that federal employees that are members of a protected class in the state of TN must have **free legal counsel** and access to federal funds to secure counsel when seeking relief for a denial of UCFE before the TDLWD and before any court in the U.S. The Appellant has a liberty interest and a property interest to have access to federal funds to secure counsel. (Doc. 14 & 96.)

The District Court's order granting appellee's Davis motion to dismiss was in error based on the following facts which were presented before the District Court.

1. It is a fact the TN Supreme Court held in Weaver v. Wallace, 565 S.W. 2d 867, 870 (TN 1978): **the United States of America through the Act of Congress above cited has waived its immunity from suit to the extent necessary to administer the unemployment compensation laws for the benefit of federal employees and that the trial court erred in dismissing the United States from this suit upon the ground of immunity.** (Doc. 65.)

2. It is a fact appellee Davis failed to timely answer the amended complaint. (Doc. 31.)

3. It is a fact appellee Davis filed a motion for an extension of time to answer the amended complaint. (Doc. 31.)

4. It is a fact appellee Davis failed to consult with all parties before filing the motion for an extension of time. (Doc. 31.)

5. It is a fact the Appellant timely opposed the motion for an extension of time.

8

(Doc. 32.)

6. **It is a fact the District Court did not grant an order for an extension of time for appellee Davis to answer the amended complaint.**

7.  It is a fact the Appellant filed a motion for default judgment due to the failure of appellee Davis not timely answering the amended complaint and failing to consult with all parties before filing the motion for an extension of time. (Doc. 36.)

8. It is a fact it took the District Court nine (9) months to enter an order denying the motion for default judgment. (Doc. 118.)

9. It is a fact it took the District Court eight (8) months to enter an order denying the motion for an appointment of counsel through the District's Court Civil Pro Bono Panel. (Doc. 62.)

10. It is a fact the Appellant was approved for UCFE and she received payments. (Doc. 14.)

11. It is a fact Taylor is the sole Plaintiff/Appellant and she seeks relief from a jury. (Doc. 14.)

12. It is a fact the Appellant opposed the motion to stay discovery, was denied discovery, motion to compel and sanctions. (Doc. 72, 87, 88, 89 & 95.)

13. It is a fact the District Court denied the Appellant's motion for a written

9

transcript of sworn testimony to submit to the District Court to defeat the

motion to dismiss. (Doc. 14, 87, 88, 89 & 94.)

14. It is a fact the burden of misconduct is on the employer. (Doc. 51.)

15. It is a fact the complaint is a tort against all appellees. (Doc. 51.)

16. It is a fact appelle Davis/ TN Dept. of Labor & Workforce Development

advised the Appellant by letter: **Employer failed to respond to agency's request for information. The employer has not provided sufficient response to prove the claimant's actions constitute misconduct. Therefore, under TN Code Annotated 50-7-703, benefits are approved as of the claim show below.** (Doc. 14, 92 & 121.)

17. It is a fact appellee Davis reversed the approval of the UCFE before there

was a hearing and ceased payments. (Doc. 14.)

18. It is a fact the Appellant asked a legal question to Tina Chiozza, Hearing

Officer for the TDLWD which was: **How many days must a federal agency respond to the TDLWD for separation information?** (Doc. 14, 51 & 96.)

19. It is a fact Tina Chiozza refused to answer the legal questions of the

Appellant and charged the Appellant with insubordination. (Doc. 14, 51 &

96.)

20. It is a fact the Dept. of the Treasury and the U.S. Dept. of Labor **did not**

**timely provide separation information** to appellee Davis. (Doc. 14, 51 &

96.)

10

21. It is a fact **Tina Chiozza refused to accept the evidence** submitted by the Appellant which included a signed letter by an EEO investigator which proved the appellees gave conflicting reasons for termination. (Doc. 14, 51, 82 & 96.)

22. It is a fact appellee Geither/Dept. of the Treasury and appellee Solis/Dept. of the Labor **interfered** with the decision of appellee Davis. (Doc.51 & 96.)

23. It is a fact the Appellant appealed the overpayment to the Board of Review (BOR) and the Commissioner's Designee without counsel. (Doc. 96.)

24. It is a fact appellee Davis denied the appeal of the overpayment. (Doc. 96.)

25. It is a fact the Appellant filed a petition for review pro se.

26. It is a fact the BOR did not advise the Appellant about her constitutional rights. (Doc. 14.)

27. It is a fact the Appellant cited Weaver v. Wallace, 565 S.W. 2d 867, 870 (TN 1978) and Armstrong v. Neel, 725 S.W. 2d 953 (TN Ct. App. 1986) 614 (1974) in the pro se petition before the BOR and the Commissioner's Designee. (Doc.14, 18, 22, 51, 65, 70, 72, 73, 82, 92, 94, 96 & 109.)

28. It is a fact the BOR and the Commissioner's Designee denied the Appellant reconsideration and did not answer the legal questions of the Appellant. (Doc. 14, 96. & 121.)

11

29. It is a fact on or about August 2011, the BOR advised the Appellant to

contact legal counsel regarding the legal questions raised by the Appellant:

**Conclusions of law: The claimant has submitted several legal and procedural questions with her appeal to the commissioner's designee and should refer these questions to legal counsel. If she cannot afford an attorney, she can consider contacting the legal aid in her area.** (Doc. 14,

22, 51, 96, 120 & 121.)

30. It is a fact the **interference** of appellee Davis prohibited the Appellant from

securing counsel to protect the interest of the Appellant. (Doc. 14, 51 & 96.)

31. It is a fact appellee Davis withheld federal funds from the Appellant.

32. It is a fact Lewis Weaver was represented by MALS; he was discharged for

using an illegal substance which was  marijuana and he did not engage in

protected activity against his federal employer; Weaver v. Wallace, 565

S.W. 2d 867, 870 (TN 1978). (Doc. 14, 18, 22, 65, 72, 82, 96 & 121.)

33. It is a fact the TN Supreme Court held in Weaver v. Wallace, 565 S.W. 2d

867, 870 (TN 1978), an entity is bound to accept the statement by the

federal employing agency for the reason for the plaintiff's discharge.

34. It is a fact the reason for discharge on the Appellant's SF-50 notice was not

insubordination. (Doc. 14, 51, 65, 96 & 121.)

35. It is a fact appellee Davis intentionally, willfully and recklessly charged the

Appellant with insubordination. (Doc. 14, 51 & 96.)

12

36. It is a fact the Appellant filed a motion for judicial notice which she cited Weaver v. Wallace, 565 S.W. 2d 867, 870 (TN 1978) and Armstrong v. Neel, 725 S.W. 2d 953 (TN Ct. App. 1986) 614 (1974). (Doc. 65.)

37. It is a fact the District Court denied the motion for judicial notice. (Doc.118.)

38. It is a fact the Appellant filed a motion for the District Court to order Eric Holder, Attorney General for the U.S. to intervene due to constitutional statutes. (Doc. 19.)

39. It is a fact the District Court denied the Appellant's motion and reconsideration for Eric Holder, Attorney General for the U.S. to intervene due to constitutional statutes. (Doc. 118.)

40. It is a fact Kenny Armstrong, Chancellor for the Shelby County Chancery Court in Memphis, TN on May 9, 2012 denied counsel to a member of a protected class when she sought relief for a denial of unemployment compensation; Nellene Lipsey v. Comm. of Dept. of Labor & Workforce Development Premier Building Maintenance, Inc., CH-12-0729-3. (Doc. 121 & 121-10.) Exhibit Z-3.

41. It is a fact appellee Davis approved $3, 300.00 unemployment benefits to Renita Dulaney; appellee Davis sought an overpayment from Renita

13

Dulaney for the amount of $3,300.0; appellee Davis filed an appeal before the TN Court of Appeals seeking the $3,300.00 overpayment and the appeal number is W2012-01020-COA-R3-CV. (Doc. 111-3, 111-4 & 121.)

42. It is a fact Renita Davis filed the civil action pro se before the Shelby County Chancery Court and the civil action was Renita Dulaney v. Comm. of the TDWLD and Federal Express, CH-11-1193. (Doc. 111-3, 111-4 & 121.)

43. It is a fact the Appellant filed a motion before the District Court to order appellee Davis to release its financial statements and financial records to show the appropriations of federal funds allocated by Congress. (Doc. 111.)

44. It is a fact the District Court order the Appellant not to file any further motions until the motion to dismiss was decided after the Appellant filed a motion seeking an order to review the financial records of appellee Davis. (Doc. 116.)

45. It is a fact the District denied the motion as moot for appellee Davis to release its financial records and financial statement. (Doc. 118.)

46. It is a fact Coleen Powers is a Whistleblower, former state employee for the TN Dept. of Environment and Conservation, she was denied unemployment benefits by the BOR on August 9, 2002; Tina Chiozza

14

refused to accept the evidence of Powers; Shelby County Chancery Court

denied Powers unemployment benefits in her <u>pro se</u> petition for review:

Coleen Powers v. James Neely, Comm. of TDLWD & Dept. of

Environment and Conservation, CH-02-1797-3. (Doc. 42, 65 & 121.)

47. It is a fact James Hofstetter, Jr., legal counsel for TDLWD by letter dated

November 6, 2002 advised Powers the cost for a written transcript is

$342.50. (Doc. 42-1 & 96.) Exh. 15.

48. It is a fact the District Court denied the Appellant a written transcript and

appellee Davis denied the Appellant a written transcript. (Doc. 14, 42, 51,

52, 67 & 96.)

49. It is a fact the Appellant timely opposed the motion to dismiss of appellee

Davis, could not defeat any motion to dismiss without the written transcript

and without counsel. (Doc. 14, 51 & 96.)

50. It is a fact Coleen Powers, former state employee, sought legal counsel

through MALS, for relief from a denial of unemployment compensation.

(Doc. 51, 65, 67, 82, 96 & 121-3.)

51. It is a fact Karen Tyler, attorney for MALS, advised Coleen Powers by letter

dated November 20, 2002, Coleen Powers request for assistance was

"untimely"; it is a fact Coleen Powers filed a complaint against MALS, by

15

letter dated November 21, 2002 and Coleen Powers disputed her request

"was timely made and Karen Tyler failed to provide any legal reference to

her statement". (Doc.82-1, 121-11 & 121-12.) (Doc. 82-1 & 121-11.)

Exh. 2.

52. It is a fact Coleen Powers presented evidence to the Shelby County

Chancery Court that Michael Thomason, Director of the Appeals Tribunal

advised Powers: "The BOR is an 800 lb gorilla…three member panel of the
BOR are personal friends of Governor Sundquist…Ms. Powers, you've been
in government long enough to know it's all about politics..Nobody is in
charge of the BOR." (Doc. 47-2, 82, 96 & 121.) Exh. 14.

53. It is a fact by letter dated January 10, 2000, John G. Morgan, Comptroller of

the State Treasury, advised Gov. Sundquist, audit of the TDLWD reveals

kickbacks by Anthony McAdoo, TDLWD Examiner. (Doc. 47-2, 51 & 121.)
Exh. 16.

It is a fact Memphis Area Legal Services was sued by Jatis Eggleston v.

Memphis Area Legal Services, Inc., 96-cv-02799; Anthony Featherson v.

Memphis Area Legal Services, Inc., 09-cv-02349; Wayne Chastain v. Memphis

Area Legal Services, Inc., 92-cv-02620 and M. Stanley Shipp v. HUD and

Memphis Area Legal Services, Inc., 12-cv-02757. (Doc. 121.) The record is clear.

Respectfully submitted _____ Sheryl Taylor PO Box 897 Mphs TN 38101

16

## CERTIFICATE OF SERVICE

I, Sheryl Taylor, do hereby certify that a copy of the foregoing reply to brief appellee Davis has been mailed, first class, postage prepaid to the opposing counsels on September 19, 2013 to:

State of TN
Warren Jasper
425 5th Avenue North
Nashville, TN 37243

Harriett Halmon
167 N. Main St. Ste. 800
Memphis, TN 38103

Sheryl Taylor

DEPARTMENT OF LABOR AND WORKFORCE...
220 FRENCH LANDING DRIVE
NASHVILLE, TN 37243-1002
TELEPHONE 615-741-1857    FAX 615-741-8933

EXH"BIT 12

## ATTORNEYS AND REPRESENTATION

You may be represented by an attorney or other competent individual of your choosing. For a claimant who may not be able to afford an attorney, free or low-cost legal assistance may be available through your local Legal Aid Society or Bar Association. The TDLWD cannot provide representation for you.

## INTERPRETERS

If you, as a claimant, have difficulty speaking, reading or understanding English and will need an interpreter for your hearing, please contact the Appeals Tribunal immediately, and we will provide an interpreter at no cost to you. We **strongly discourage** participants to supply their own interpreter.

## SPECIAL INSTRUCTION/ALL HEARINGS

**Do not try to contact the Hearing Officer assigned to your case. The Hearing Officer may speak with you only during the course of the Hearing. All inquiries must be directed to the Appeals Tribunal.**

## TELEPHONE HEARINGS/PRIOR TO THE HEARING

(1) Be sure the telephone number **shown for you is correct**. Notify us immediately if it needs to be changed.

(2) Note the **time zone**, and thus the time difference for the Hearing. Your hearing could be scheduled before an Officer in another time zone.

(3) Employers please notify us well before the hearing whom the Hearing Officer should contact and that person's telephone number and appropriate extension.

## ON THE DAY OF THE HEARING

The Hearing Officer will call you at the number **shown on the enclosed "Notice of Telephone Hearing"** unless you have supplied us a different number prior to the Hearing. Use of **cellular phones is strongly discouraged** as connections are often weak and easily lost; use a cell phone as a last resort.

Have your telephone line completely clear at least five minutes prior to the hearing and be ready to take the call. You are only given a 15-minute grace period, so please be in a place free of distractions such as children, radios and televisions or ongoing loud noises. These hearings are recorded and such distractions could make it difficult to review your case and make a proper decision. Do not interrupt the hearing by answering "call waiting" beeps.

The hearing officer can call only the primary participants in the hearing, the claimant and the employer. If you have not been called by the hearing officer within 10 minutes from the appointed time for the hearing, contact the **Appeals Tribunal immediately. Please DO NOT call your Local Office as** this only delays the process.

If you will be using a telephone number other than the one shown on the hearing notice, you must notify us 24 hours before the hearing, (unless there is an emergency) of the number You may contact us by mail, fax or telephone.

## WITNESSES

All witnesses must be available at the same location where you will get your call. If you have witnesses at other locations, you must have the capability of conferencing in those witnesses, as the Hearing Officer cannot do that for you.

**PLEASE INCLUDE CLAIMANT'S SOCIAL SECURITY NUMBER ON ALL CORRESPONDENCE.**
**Toll-Free 1-800-344-8337 (inside Tennessee only) Direct 615-741-1857**

IN THE CHANCERY COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MAY 0 9 2012

Nellene Lipsey

M.B.

vs.

Docket No. CH-12-0729-3

Commissioner Department of Labor and
Workforce Development and Premier
Building Maintenance, Inc.

EXH. Z-3

### ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This matter came on to be heard on May 4, 2012 upon the Plaintiff's Motion to be appointed counsel in this cause.

It appears to the Court that there is no right to appointed counsel in this matter and, as such, the Court hereby denies the Plaintiff's Motion for Appointment of counsel.

ALL OF WHICH IS ORDERED, ADJUDGED, AND DECREED.

_____
CHANCELLOR

9 Aug. 2012
DATE

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of this motion to all interested parties involved.

_____
DEPUTY CLERK

9 May 2012
DATE

I hereby certify that this is a true copy
of original instrument filed in my office

This 10 day of May, 20 12
DONNA L. RUSSELL, CLERK & MASTER

BY _____ D.C. & M.

*Rec'd*
*Nov. 7, 2002*
*C L Powers*



**STATE OF TENNESSEE**
# DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
**EMPLOYMENT SECURITY DIVISION**
**LEGAL OFFICE**
26ᵗʰ Floor, William R. Snodgrass Tennessee Tower
312 8ᵗʰ Avenue North
Nashville, Tennessee 37243-0100
TEL. (615) 741-9550 FAX (615) 532-7386

EXHIBIT 15

November 6, 2002

Ms. Coleen Powers
6308 Lake View Trail, No. 304
Memphis, TN 38115

RE:    *Coleen L. Powers v.*
*Mark Reineke, Commissioner, et.*
*al*

Dear Ms. Powers,

Please be advised that because of the voluminous nature of the transcript of the record, the Commissioner was not able to file it with the Shelby County Clerk and Master's office until today. If you desire a copy of the record you may obtain it from the Clerk and Master's Office. Alternately, the Department will provide a copy to you for $342.50 (1370 pages at .25 per page) plus the postage. If you desire a copy from the Department please let me know and I will contact the Postal Service to obtain the amount of the shipping costs.

For your future reference, I am requesting that if you desire to contact me concerning this case, your communications be either by letter or telephone rather than using the State's Electronic Mail facilities.

Sincerely yours,

James Wm. Hofstetter, Jr.
Staff Attorney

*Att.#1 (2/3)*

**Memphis Area Legal Services, Inc.**
109 N. Main, Suite 200
Memphis, TN 38103
Phone 901 523-8822 Fax 578-8566
EMail  Website

*Rec'd*
*Nov. 2l,*
*2002*
*CL Powers*

Wednesday, November 20, 2002

Ms. Colleen L. Powers
6308 Lake View Trails #304
Memphis, TN  38115

## EXHIBIT 2

*applied in*
*person*
*Nov.*
*7, 2002*
*CLP*
*for*
*11/26/0:*
*date.*

RE: Unemployment Compensation

Dear Ms. Powers.

We are writing to inform you that we are unable to assist you with the problem for which you sought help.

After careful consideration of your recent application, it was determined that your request for assistance was untimely made. *? legal authority? statute? policy?*

Sincerely.

Karen Tyler
Attorney at Law

# TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE
## THIRTIETH JUDICIAL DISTRICT, SHELBY COUNTY, TENNESSEE

Ms. Coleen L. Powers     )  EXHIBIT 14
 *Plaintiff / Petitioner*    )  Civil Action: <u>CH 02-1797-3</u>
            ) Chancellor Alissandratos
v.           )
            )
James Neeley, Commissioner, Tennessee )
Department of Labor & Workforce  )
Development, (TDLWFD), et al   )
 *Defendants*       )

FILED
SHELBY COUNTY
CHANCERY COURT
JUN 06 2003
KENNY W. ARMSTRONG, C & M
TIME: 11:59

---

## PETITIONER'S
Exhibits Identified as: "2", " 3", "4", " 5", and "6" in Support
Petitioner's Rule 56.03 Statement of Specific Material Undisputed Facts

---

- Exhibit "2": Copy of Appeals Tribunal May 30, 2002 " decision".

- Exhibit " 3":
  August 9th, 2002 Copy of Cassette recording of Claimant and Appeals Tribunal
  director, Mr. Michael Thomason, i.e., " ...it was all **political**, Ms.
  Powers...you've been in government long enough to know what we' re talking
  about...". "...the board of review are politically appointed . They are three very
  good friends of Governor Sundquist....They serve solely at his pleasure . They are
  Judy Blackburn of Marstown, Suzann Stamps of Monteagle, and Alicia Jackson
  of Dyersburg..."Nobody is in charge of the board of review..."...

- Exhibit " 4": Copy of:

  No. E 2003-00298-COA-R3-CV, in the Tennessee Court of Appeals at
  Knoxville, July 3, 2003 session. *TGJ & Co., Inc., dba ARBY'S Roast Beef*
  *Restaurants v. Michael E.Magill, Commissioner, Department of Labor and*
  *Workforce Development, et al,* Appeal from the Chancery Court of Knox County,
  No., 154763-1, John F. Weaver, Chancellor. Filed August 28, 2003.

- Exhibit " 5":
  Excerpts from TDEC Chief of Finance and Systems' Mike Gaines' 9/10/01
  harassment hearing, Pages 76-87, 92-107.

- Exhibit "6":
  Copies of applicable State laws/ statutes, TCA 68-212-102, TCA 68-212-107,
  TCA 8-50-116, TCA 50-1-304, TCA 39-16-402(a)(3).

31

| From: | coleenpowers <coleenpowers@netzero.net> |
|---|---|
| To: | <jrunaldue@oig.dol.gov>; <pwilliams@oig.dol.gov> |
| Cc: | <incristi-anthony@dol.gov>; <EASlavin@aol.com>; <Mmoonosha@aol.com> |
| Sent: | Thursday, August 15, 2002 12:37 AM |
| Attach: | Board of Reviewreqforextensionjune32002finalcopycorrection.doc; boreaug142002PETITION FOR REHEAR.doc; motionBORjuly292002.doc; BORjune 82002requestpetitionforreconsiderationheaingorappealtoboardreviewjune802.doc; closingcommentsfinalcopymay282002finalfinal.doc; mthomasonpartialjune 32002reqdiretcorreview pages 1-9of20final.doc; FEDXMIKEGAINESJAN22FINAL.doc; closingcommentsfinalcopymay282002finalfinal.doc; pages19-40june212002Tennessee Department of Labor and Workforce Development.doc; SECTION VICLOSINGCOMMENTS.doc; magillresigns.html; blaze.htm; fatality.htm; pcitoshasummary.htm; pci105000finetoshamarch82002.htm |
| Subject: | Complaint to DOL OIG on BOR decision; Petition to TDLWFD Board of Review (BOR) August 14, 2002 to Decision mailed Aug 9, 2002 |

**EXHIBIT 14**

## CONFIDENTIAL POTENTIAL FEDERAL ENFORCEMENT
*POLLUTION CONTROL INDUSTRIES, TND 00-077-2186*

AND

## CONFIDENTIAL PLEASE
**COMPLAINT ON ABUSE OF AUTHORITY AND DISCRETION**
ON THE STATE OF TENNESSEE
DEPARTMENT OF WORKFORCE AND LABOR DEVELOPMENT
(TDLWFD), DEPARTMENT OF EMPLOYMENT SECURITY
BUREAU OF UNEMPLOYMENT INSURANCE COMPENSATION
APPEALS TRIBUNAL AND BOARD OF REVIEW (BOR)


August 15, 2002

Dear Ms. Williams and DOL OIG    Staff:

Good evening. I do not know how to attach these documents to the US DOL OIG hotline complaint form. Please accept these electronic attachments as documentation of my complaint.

I am also forwarding the below attached electronic communication because it contains documentation of a conversation I had with the Tennessee (Nashville, 615 741-1857), Director of the Appeals Tribunal Operations, Mr. Michael Thomason on Friday, August 9, 2002, from about 1445 CDT to 1500 CDT.

**PLEASE KEEP MR. THOMASON'S NAME confidential .**

I FEEL FORTUNATE THAT HE WAS HONEST WITH ME ON THE DECISION THE BOARD OF REVIEW . MAILED AUGUST 9, 2002.

That is , Mr. Thomason explained that the BOR power is directly from Governor Sundquist.
Mr. Thomason further explained that the BOR is known as the "800 pound gorilla." The analogy is: Where does an 800 pound gorilla sit?    Answer:" Any where he wants to."

Mr. Thomason further explained that the 3 member panel of the BOR are personal appointees of the governor. These three appointees, according to Mr. Thomason, are personal friends of Governor Sundquist.
Mr. Thomason further stated these BOR appointees have dinner at the governor's home every 2 weeks or so.

I inquired to the credentials of this "appointed" panel, and Mr. Thomason answered that he did not know if they

8/15/2002

I further inquired how the process is conducted on an Appeal to the BOR on Appeal Tribunal decisions that deny claimant's unemployment compensation. This is because I had requested an additional hearing on June 10, 2002 and again on June 17, 2002 to the BOR to present evidence that was not available, or was offered but not accepted into the record during the proceedings of March 14, 2002, April 15, 2002, or May 16, 2002.

When I called on August 9, 2002 to inquire on the status of my request for an additional hearing, I was told that the decision was made "today". *My request for a hearing to present evidence was denied.*

Mr. Thomason further stated that the decision was political and words to the effect, ..."Come on Ms. Powers you've been in State government long enough to know it's all about politics..."

This is disturbing when it comes to matters of public health, safety , and welfare.

I have this conversation recorded and can provide it if necessary. However, I DO NOT want ANY harm or threats to come to Mr. Thomason because he is one of the very few people who has been honest with me. I do not want Mr. Thomason to be fired by Sundquist or the new TDLWFD Commissioner, Mr. Reineike.

# The results I desire from this Complaint are:

Please investigate the Abuse of Authority that the Tennessee Governor and his three (3) member
"panel" of the Board of Review (BOR) apparently exercise quite often in the unlawful denial of
unemployment appeal claims to the citizens of Tennessee.

This abuse is supported by the fact that TDLWFD agency decisions completely disregards sworn testimony, exhibits, and the preponderance of evidence that supports the more probable conclusion.

Quite honestly, I believe my hearing officer of the Memphis office, Ms. Tina Lobetti was instructed to write the illogical, unlawful decision mailed May 30, 2002. it has absolutely no reference to exhibits, sworn testimony or other wise. It is not a sound legal "opinion".

I also noticed a significantly different approach of Ms. Lobetti on May 16, 2002, which was
impatient, rude and discourteous at times, as the cassette minutes will demonstrate.

I believe this was because Ms. Lobetti was under pressure from Nashville and possibly even the Governor himself.

I filed a complaint with the EPA OIG on July 21, 2001 on the potential mismanagement of federal RCRA C grant funds. I also filed a complaint under the US DOL OSHA on August 26, 2001 because my
former employer, (TDEC), retaliated with the threat of termination which was covered up by contrived allegations against me in a TDEC Commissioner letter dated August 13, 2001.

8/15/2002

The Governor is directly responsible for the proper appropriation of these EPA Federal grant funds relative to the Tennessee Hazardous waste program and the EPA-TDEC MOA.

Governor Sundquist furloughed over 22, 000 State employee on July 1, 2002, through July 4, 2002. this included the TDEC RCRA C Inspectors.

No RCRA C (Hazardous waste) Inspectors were working, yet the governor is using EPA Federal specific RCRA C funds to "balance the budget"..

I cannot believe that this conduct would be acceptable by the DOL.

I am not concerned about my confidentiality.   But I AM about Mr. Thomason's.
**PLEASE do not reveal Mr. Thomason to any person in Tennessee Nashville government on these matters because he will be fired. I do not want him to suffer the retaliation .**

Please advise me if I need to send this complaint via facsimile or if electronic filing is sufficient.

Thank you very much for your time and efforts in review of this complaint and the electronic attachments.
(I also filed an electronic complaint with your Agency on related matters on Jan 15, 2002).

Respectfully Requested and Submitted,

Coleen L. Powers, CHMM, #10507
Certified Hazardous Materials Manager
Citizen of Shelby County, Memphis, TN

Formerly,

Supervisor, Trainer and Lead RCRA Subtitle C (Hazardous waste) Inspector
Commercial Treatment, Storage, and Disposal (TSD)Operations
Compliance and Enforcement

State of Tennessee, Department of Environment and Conservation (TDEC)
Division of Solid Waste Management (DSWM)
Memphis, TN

Telephone: Fascsimile (901) 360 1-038

DATE: August 15, 2002

—— Original Message ——
**From:**
**To:**
**Sent:** Tuesday, August 13, 2002 6:46 AM
**Subject:** EFOM???Congratulations????

August 13, 2002

Dear John:

8/15/2002

cannot be allowed to subvert the system of government or be " excused"
from professional and public accountability by simply  "resigning" from office.


There are documented concerns of public appearances of impropriety
between the former Commissioner of TDLWFD /TOSHA (Magill) and
TDEC (Hamilton) for failure to abate, and properly regulate the TDEC "Permitted"
Commercial Hazardous Waste facility, Pollution Control Industries, (PCI)
TND 00-077-2186, TNHW-103.

## G. Concerns and Complaints  filed  with the US DOL OIG by citizen, Coleen L.Powers:

January  15, 2002 (possible labor racketeering at PCI,   TDEC discrimination)

August    5, 2002 (more PCI employee concerns involve FBI and CID)

August    15, 2002 (TDLWFD **Board of Review** is, per TDLWFD Appeals Tribunal
Operations' Director,

Michael Thomason,  is:

"Like an 800 pound gorilla, it sits where ever it wants, too..
The decision on the denial of your unemployment claim was

**political,**

Ms. Powers...
Come on Ms. Powers, you've been in state government long

**enough to**

know  what I 'm talking about". This is preserved as an oral

**recording .**

The *appearance of* conflicts as documented in the above referenced concerns are
definitely matters of          public   interest.

"EXHIBITS A,B, and C"  of the Sept 16, 2002 Petition for Judicial Review contain copies
of the  January 15 and August 15, 2002  complaints filed with the US DOL OIG on
these matters.


## H.    Reasonable Suspicion and Probable Cause

Furthermore, (documented personal testimony and observation) as well
as inference in the record that these concerns of public interests
and matters are also applicable to the former TDLWFD Commissioner Mike Magill.

Former TDLWFD Commissioner, Mike Magill is specifically named
and referenced in a TDEC Letter dated Sept 14, 2001,
(signed by TDEC attorney, Kim Kirk, incorporated by reference at the
June 3 and 4 , 2002 claimant written requests for a Director Review on the

11/4/2002

EXHIBIT 16

January 10, 2000

The Honorable Don Sundquist, Governor
            and
Members of the General Assembly
State Capitol
Nashville, Tennessee  37243
            and
The Honorable Michael Magill, Commissioner
Department of Labor and Workforce Development
Andrew Johnson Tower
710 James Robertson Parkway, 2nd Floor
Nashville, Tennessee 37243-0655

Ladies and Gentlemen:

   Transmitted herewith is a special report on the falsification of Tennessee Department of Employment Security (TDES) documents by an employee of the Nashville TDES office. The actions of the employee resulted in the improper disbursement of $1,810 in employment benefits to an unqualified recipient. The employee further attempted to obtain a $540 kickback from the recipient.  The matter was reviewed by TDES Internal Audit staff with the assistance of Division of State Audit staff.

   According to the TDES Internal Audit review, on May 13, 1998, TDES Interviewer II, Anthony McAdoo, apparently utilized the computer access code of TDES co-worker Beverly Parker, without her knowledge or consent, to authorize payment of unemployment benefits to a previously denied claimant, Sheila Williams.  In exchange for arranging the improper payments, Mr. McAdoo attempted to obtain a $540 kickback from Ms. Williams. Ms. Williams tape recorded Mr. McAdoo's July 17, 1998, telephone request for that kickback, and her boyfriend, Mr. LaTony Martin, provided a copy of that tape to Mr. McAdoo's supervisors, who forwarded it to TDES internal auditors.  Mr. McAdoo resigned in lieu of termination on September 30, 1998.  By the terms of a formal agreement with Mr. McAdoo, TDES withheld $1,800 from his pay as restitution.

   Based on subsequent information, TDES Internal Audit staff made a preliminary determination that Mr. McAdoo also may have arranged improper payments of $3,533 to Claudia Curry, another ineligible claimant for unemployment benefits.  Auditors interviewed Ms. Curry on December 15, 1998.

Page Two
January 10, 2000

Ms. Curry stated that she was initially interviewed at the Eighth Avenue TDES office, in Nashville, in November, 1997, by a TDES employee she knew only as "Anthony." The auditors subsequently verified that Mr. McAdoo was the only TDES employee named Anthony assigned to that office. Ms. Curry indicated that, following notification of TDES denial of her claim, she again met with "Anthony" at the Eighth Avenue TDES office and filed an appeal. She said that her appeal was denied. Although Ms. Curry did not pursue further appeals, her claim was later approved. Payments made to her thereafter totaled $3,533. Auditors determined that the access code of Ms. Ann McCracken, Mr. McAdoo's co-worker, was used to enter the approval for the improper payment to Ms. Curry.

On February 4, 1999, our office submitted information regarding this matter to the Office of the District Attorney General, Twentieth Judicial District (Davidson County).

Sincerely,

John G. Morgan
Comptroller of the Treasury

JGM/jqi

State of Tennessee

# A u d i t   H i g h l i g h t s

Comptroller of the Treasury                    Division of State Audit

Special Report
Department of Employment Security
Improper Authorization of $1,810 in Unemployment Benefits and
Solicitation of a $540 Kickback by an Interviewer II
January 2000

### REVIEW OBJECTIVES

The objective of our review was to determine whether Mr. Anthony McAdoo, Interviewer II, Tennessee Department of Employment Security (TDES), had improperly caused unqualified claimants to receive unemployment benefits and subsequently solicited money as a kickback from such recipients.

### RESULTS OF THE REVIEW

Our review substantiated that Mr. McAdoo violated provisions of the TDES *Internal Security Handbook (Handbook)* in his handling of the claim of Ms. Sheila Williams. These violations caused Ms. Williams to receive $1,810 of unemployment benefits she was ineligible to receive. Mrs. Williams apparently did not realize that the payments were improper at the time she received them. Mr. McAdoo had told her he had reviewed her case and determined she was eligible. According to Ms. Williams, although Mr. McAdoo subsequently requested money for the benefits, she refused to pay him anything.

Available information indicates that Mr. McAdoo violated *Handbook* provisions forbidding (1) request or acceptance of consideration other than regular pay in return for the performance of official duties; (2) input of false data into TDES records; (3) use of other employees' computer access codes; (4) unauthorized alteration of official documents; (5) unauthorized release of confidential information; and (6) unauthorized personal use of the TDES fax machine.

On September 30, 1998, Mr. McAdoo signed an agreement with TDES that allowed him to resign, in lieu of termination for misconduct, without acknowledging either the nature or content of these charges against him. The terms of that agreement also provided that, in accord and satisfaction of any civil debt or obligations attributable to this matter, TDES would withhold $1,800 from salary, leave, and bonus amounts due Mr. McAdoo.

EXHIBIT 16

TDES employees Ms. Beverly Parker and Ms. Ann McCracken each received a written reprimand for violating *Handbook* provisions by making it possible for Mr. McAdoo to use their access codes to enter data into the TDES computer system. It is unclear how Mr. McAdoo obtained their access codes, but the *Handbook* holds each employee strictly liable for all entries under his or her code and provides specific instructions on how to prevent other persons from obtaining it.

On February 4, 1999, our office submitted information regarding this matter to the Office of the District Attorney General, Twentieth Judicial District (Davidson County).

*Audit Highlights* is a summary of the special report. To obtain the complete special report, please contact
Comptroller of the Treasury, Division of State Audit
1500 James K. Polk Building, Nashville, TN 37243-0264
(615) 741-3697