No. 13-5921

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

————————

## SHERYL TAYLOR,

Plaintiff-Appellant,

v.

## KARLA DAVIS, ET AL.,

Defendant-Appellee

——————————

On Appeal from the United States District Court
for the Western District of Tennessee
No. 2:11-cv-03087-STA-dkv (Anderson, S.)

———————————

BRIEF FOR APPELLEES SECRETARY OF THE UNITED STATES
DEPARTMENT OF LABOR AND SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE TREASURY

———————————

For the Appellees:
Edward L. Stanton, III
United States Attorney

Harriett Miller Halmon
Assistant United States Attorney
167 North Main, Suite 800
Memphis, TN  38103
(901) 544-4231
Harriett.halmon@usdoj.gov

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................ vi

STATEMENT OF JURISDICICTION .................................................1

STATEMENT OF THE ISSUES.........................................................1

STATEMENT OF THE CASE............................................................2

STATEMENT OF STANDARD OF REVIEW .......................................4

STATEMENT OF FACTS .................................................................4

SUMMARY OF THE ARGUMENT ....................................................5

ARGUMENT ................................................................................6

I.    The District Court Correctly Dismissed Taylor's Claim that she was
Entitled to Counsel at the Hearing before the TDLWD at the Expense of the
Federal Defendants (Solis and Geithner)........................................6

   A.    Taylor's Claims for Monetary Relief Fail by Virtue of the Doctrine of
   Sovereign Immunity...............................................................6

   B.    Taylor's Claims for Equitable Relief Must Also Fail...............8

      i.    Declaratory Judgment .................................................8

      ii.    Mandamus..............................................................8

      iii.    5 U.S.C. § 8501 .......................................................9

   C.    The Amended Complaint Fails to State a Claim Upon Which Relief May
   be Granted Against Former Secretary Geithner and Former Secretary Solis. 10

II.    Taylor Was Not Entitled to Counsel Before the District Court...................12

CONCLUSION ...........................................................................15

Certificate of Service ..................................................................15

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .............16

# TABLE OF AUTHORITIES

## Cases

*Arford v. United States*,
  934 F.2d 229 (9th Cir. 1991)..................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................... 11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................11

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
  403 U.S. 388 (1971) ................................................................... 5, 7, 11

*Borden v. Katzman*,
  881 F.2d 1035 (11th Cir. 1989) ..........................................................8

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*,
  434 U.S. 412 (1978)............................................................................13

*Glover v. Johnson*,
  75 F.3d 264 (6th Cir. 1996)...............................................................14

*Golden v. Gorno Bros., Inc.*,
  410 F.3d 879 (6th Cir. 2005)...............................................................4

*Heckler v. Ringer*,
  466 U.S. 602 (1984) ............................................................................9

*Henry v. City of Detroit Manpower Dep't*,
  763 F.2d 757 (6th Cir. 1985)..............................................................14

*In re Bankers Trust Co.*,
  61 F.3d 465 (6th Cir. 1995)..................................................................9

*Lane v. Pena*,
  518 U.S. 187 (1996) ............................................................................7

*Lanier v. Bryant*,
  332 F.3d 999 (6th Cir. 2003)..............................................................14

*Lavado v. Keohane*,
   992 F.2d 601 (6th Cir. 1993)............................................................ 4, 13

*Mars v. Hanberry*,
   752 F.2d 254 (6th Cir. 1985)...............................................................14

*McMath v. Alexander*,
   486 F. Supp. 156 (M.D. Tenn. 1980)....................................................13

*Phelps v. B.M.I. Broadcast Music, Inc.*,
   234 F.3d 1269......................................................................................14

*Reneer v. Sewell*,
   975 F.2d 258 (6th Cir. 1992)................................................................14

*Rizzo v. Goode*,
   423 U.S. 362 (1976).............................................................................11

*Shepherd v. Wellman*,
   313 F.3d 963 (6th Cir. 2002)................................................................13

*Siegert v. Gilley*,
   500 U.S. 226 (1991).............................................................................11

*Skelly Oil Co. v. Phillips Petroleum Co.*,
   339 U.S. 667 (1950)...............................................................................8

*Weaver v. Wallace*,
   565 S.W.2d 867 (Tenn. 1978)...............................................................10

Statutes

28 U.S.C. § 1291 ......................................................................................1

28 U.S.C. § 1331 ...................................................................................1, 6

28 U.S.C. § 1337 ...................................................................................6, 7

28 U.S.C. § 1343 ...................................................................................6, 7

28 U.S.C. § 1346 ......................................................................................6

28 U.S.C. § 1361 ................................................................................6, 8

28 U.S.C. § 1367 ...................................................................................6

28 U.S.C. § 1391 ................................................................................6, 7

28 U.S.C. § 1654 .................................................................................13

28 U.S.C. § 1914 ................................................................................6, 7

28 U.S.C. § 2201 ................................................................................6, 8

28 U.S.C. § 2202 ................................................................................6, 8

28 U.S.C. § 2282 ...................................................................................6

42 U.S.C. § 1983 ................................................................................6, 7

5 U.S.C. § 551 ...................................................................................6, 7

5 U.S.C. § 8501 ..........................................................................i, 6, 9, 10

5 U.S.C. § 8502 ....................................................................................9

5 U.S.C. § 8506 ....................................................................................6

Tenn. Code Ann. § 50-7-304 ...............................................................10

Tenn. Code Ann. § 50-7-708 .................................................................6

## STATEMENT REGARDING ORAL ARGUMENT

The briefs adequately set forth the legal issues in this appeal, therefore, the decisional process would not be significantly aided by oral argument.

## STATEMENT OF JURISDICICTION

Plaintiff-Appellant, Sheryl Taylor (hereinafter "Taylor"), filed an action in the District Court for the Western District of Tennessee seeking declaratory relief, injunctive relief, a writ of mandamus, compensatory and punitive damages against the Secretary of the United States Department of Labor (Solis) and the Secretary of the United States Department of the Treasury (Geithner).  She also sued the Commissioner of the Tennessee Department of Labor and Workforce Development.  The district court assumed jurisdiction pursuant to 28 U.S.C. § 1331.   The district court entered an order granting the federal defendants' motion to dismiss on March 27, 2013. [RE 117, Page ID 1033-1045.]  Judgment was entered on March 29, 2013. [RE 119, Page ID 1057.]  Taylor filed a Motion to Amend or Alter Judgment on April 24, 2013. [RE 121, Page ID 1063-1153.] The district court entered an order denying the Motion to Alter Judgment on May 13, 2013.  [RE 122, Page ID 1154-1155.]

A timely notice of appeal was filed on July 10, 2013. [RE 124, Page ID 1158.]  This Court has jurisdiction over Taylor's appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

A.      Whether the District Court erred in dismissing Taylor's claim that she was entitled to counsel at the expense of the federal defendants during the

processing of her claim for unemployment compensation before the Tennessee Department of Labor and Workforce Development.

B.      Whether Taylor was entitled to appointed counsel before the district court.

## STATEMENT OF THE CASE

Taylor filed a *pro se* complaint on December 13, 2011. [RE 1: Pro Se Complaint, Page ID 1-15.]  Amended complaints were filed on January 17, 2012 [RE 5, Page ID 31-50], January 18, 2012 [RE 8, Page ID 61-81], and February 2, 2012 [RE 14, Page ID 90-110.]  In her Complaints, Taylor sought declaratory relief, injunctive relief, a writ of mandamus and compensatory and punitive damages in connection with the decision by the Tennessee Department of Labor and Workforce Development (TDLWD) to deny unemployment compensation after she was terminated from her job at the United States Department of the Treasury, Internal Revenue Service (IRS).  The claim against the federal defendants is that they failed to provide counsel for her at the unemployment hearing conducted by the TDLWD, and that the U. S. Department of Labor did not notify her of her rights before the TDLWD.

During the course of the litigation, Taylor filed numerous motions alternatively seeking the appointment of counsel by the district court [RE 6, Page ID 51-59; RE18, Page ID 116-125; RE 22, Page ID 133-143; RE 23, Page ID 144-154; RE 120, Page ID 1058-1062], requiring the intervention of the Attorney

General of the United States on her behalf [RE 19, Page ID 126- 127; RE 24, Page ID 155-157; RE 66, Page ID 651-667], and requiring the defendants (both federal and state) to provide counsel for her. [RE 82, Page ID 800-824;  RE 98, Page ID 924-927; RE 100, Page ID 933- 942; RE 101, Page ID 943-955; RE 109, Page ID 991-993;  RE 110, Page ID 994-1004].  The district court denied these repeated requests for counsel. [RE 62, Page ID 575-576; RE 118, Page ID 1046-1055; RE 123, Page ID 1156-1157.]

On June 28, 2012, the federal defendants, Secretary of the Department of Labor, at that time, Solis, and Secretary of the Department of the Treasury, at that time, Geithner, filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. [RE 37, Page ID 199- 206] Taylor responded to the motion on July 23, 2012. [RE 47, Page ID 279-362.]  On March 27, 2013, the district court entered an Order Granting the Motion to Dismiss Filed by Defendants Solis & Geithner. [RE 117, Page ID 1033-1045.]  The district court found that it lacked jurisdiction over the claims against the federal defendants in their official capacity because Taylor failed to plead a waiver of sovereign immunity.  The district court further found that to the extent Taylor was alleging constitutional violations of the constitution against the federal defendants, she failed to state a claim.  The district court also dismissed Taylor's claims against the Commissioner of the Tennessee Department of Labor and Workforce Development. [RE 118,

Page ID 1046-1055.] Judgment was entered on March 29, 2013. [RE 119, Page ID 1057.] On April 24, 2013, Taylor filed a Motion to Amend or Alter Judgment. [RE 121, Page ID 1063-1153.] That motion was denied by the district court on May 13, 2013. [RE 122, Page ID 1154-1155.]

Taylor filed a notice of appeal on July 10, 2013. [RE124, Page ID 1158.] She submitted her brief to this Court on August 13, 2013. [Document: 006111786488] The only issues addressed in her brief involve her allegations that she was entitled to counsel at the TDLWD hearing and during the litigation of this case.

## STATEMENT OF STANDARD OF REVIEW

This Court reviews *de novo* a district court's order granting a motion to dismiss. *See, Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). The district court's decision not to appoint counsel is reviewed by this Court for abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604-605 (6th Cir. 1993).

## STATEMENT OF FACTS

Taylor was employed by the United States Department of the Treasury for several years and was terminated in April 2011. [RE 14: Amended Complaint, ¶17, 18, Page ID 98] After her termination, she filed a claim for unemployment benefits through the Tennessee Department of Work life Development. [RE 14, Amended Complaint, ¶19, Page ID 98.] Ultimately her claim for unemployment benefits was

denied by the State. [RE 14: Amended Complaint, ¶¶41, 43, Page ID 101-102.]

## SUMMARY OF THE ARGUMENT

The district court did not err in dismissing Taylor's claims that she was entitled to be provided counsel at her unemployment hearing at the expense of either the United States Department of Labor or the United States Department of the Treasury. To the extent she is seeking monetary damages as claimed in her Amended Complaint, the federal defendants are entitled to sovereign immunity. Since she has not pled a waiver of sovereign immunity, her claims must be dismissed. Likewise, her claims for equitable and other relief must fail because she has not pled any jurisdictional bases for those claims. To the extent she is suing Secretary Solis and Secretary Geithner for alleged constitutional violations, those must be examined pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and necessarily fail for failure to allege specific misconduct on the part of those two individuals. Finally, Taylor has shown no extraordinary circumstances which would entitle her to appointment of counsel in this litigation.

## ARGUMENT

I.   **The District Court Correctly Dismissed Taylor's Claim that she was Entitled to Counsel at the Hearing Before the TDLWD at the Expense of the Federal Defendants (Solis and Geithner).**

   A.   **Taylor's Claims for Monetary Relief Fail by Virtue of the Doctrine of Sovereign Immunity**

It is clear that to the extent Taylor is seeking monetary damages [RE 8: Amended Complaint, ¶ 10, Page ID 64], this case is barred by the doctrine of sovereign immunity. Taylor states in her amended complaint that this action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, 5 U.S.C. § 8501, 5 U.S.C. § 8506, 28 U.S.C. § 1361, 28 U.S.C. § 1391, 28 U.S.C. § 1914, 28 U.S.C. § 1343, 28 U.S.C. § 1337, 28 U.S.C. § 1346, 5 U.S.C. § 551, 28 U.S.C. § 2201, 28 U.S.C. § 2202, 28 U.S.C. § 2282, 28 U.S.C. § 1367 and Tenn. Code Ann. § 50-7-708. [RE 8: Amended Complaint, Pg. 4, Page ID 64.]

In any action against the United States, the plaintiff must establish both subject matter jurisdiction and a waiver of sovereign immunity.  See, *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991).  Most of the statutes cited above are grants of jurisdiction and cannot be construed as authorizing suits against the United States.  For example, 28 U.S.C. § 1331 is a grant of general jurisdiction.  It is not a waiver of sovereign immunity.  Likewise, 28 U.S.C. § 1367 is a grant of supplemental jurisdiction over claims that are related to claims in an action where the court has original jurisdiction.  That provision does not constitute a waiver of

sovereign immunity.  The following statutes cited by Taylor are similarly grants of

jurisdiction in specific cases, but not waivers of sovereign immunity:  28 U.S.C. §

1343 and 28 U.S.C. § 1337.  As the district court correctly noted, "The mere fact

that a federal court has jurisdiction to entertain a cause of action does not

correspondingly mean that the United States has waived its immunity from being

sue on that same cause of action.  General jurisdictional statutes are insufficient to

waive sovereign immunity." (Citations omitted) [RE 117: Order Granting Motion

to Dismiss, pg. 4, Page ID 1036.]  Title 28 U.S.C. §§ 1391 and 1914 are more

procedural in nature and do not confer any substantive jurisdictional rights.  Title 5

U.S.C. § 551 is a reference to the Freedom of Information Act and has no

applicability to the instant case.   To the extent Taylor is claiming that Solis and

Geithner violated 42 U.S.C. § 1983, those claims must be converted to claims

pursuant to *Bivens*, 403 U.S. 388, and as will be shown below, she has not pled

sufficient specific factual allegations against them to state a claim for relief.

A waiver of sovereign immunity must be unequivocally expressed in the

statutory text and will not be implied.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Further, a waiver of sovereign immunity will be strictly construed, in terms of

scope, in favor of the sovereign.  *Id.* The Amended Complaint in this action does

not provide a jurisdictional basis for suit against a federal agency of officer which

therefore is barred by the doctrine of sovereign immunity.   Thus, to the extent

Taylor is suing the two Secretaries in their official capacity, it is her burden to specifically plead an applicable waiver of sovereign immunity, a pleading requirement she has failed to meet. Accordingly, such claims must be dismissed.

## B.   Taylor's Claims for Equitable Relief Must Also Fail.

### i.   Declaratory Judgment

Taylor also seeks equitable relief in the form of declaratory judgment. She has cited to 28 U.S.C. § 2201 and 2202 which comprise the Declaratory Judgment Act. Any claims brought pursuant to this act must also fail because the Declaratory Judgment Act is not an independent source of federal jurisdiction. It does not confer jurisdiction upon federal courts. The purpose of that Act is merely to provide an additional remedy, once jurisdiction is found to exist on another ground. *See, Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950). *See also, Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). Taylor has not pointed to any source of independent jurisdiction. Accordingly, her claim for relief pursuant to the Declaratory Judgment Act must fail.

### ii.   Mandamus

Title 28 U.S.C. § 1361 provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owned to the plaintiff.

To obtain relief under Section 1361, an individual must establish that she has

8

a clear right to relief and that the defendant has a clear, nondiscretionary duty to act.  *See Heckler v. Ringer*, 466 U.S. 602, 616-617 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995).  Taylor has not alleged, nor is there any support for the proposition that she has a clear right to counsel at an unemployment hearing before the State and that the United States Department of Labor or the United States Department of the Treasury, has a clear, nondiscretionary duty to provide her with counsel.

### iii.   5 U.S.C. § 8501

Title 5 U.S.C. § 8501 *et seq.* provides for a federal employee unemployment program.  5 U.S.C. § 8502 provides that the United States may enter into an agreement with a state, or with an agency administering the unemployment compensation law of a state, under which the agency will pay compensation to federal employees who have lost their jobs in the same amount, and subject to the same conditions, as the compensation would be payable to them under the state unemployment compensation law.  The statute has an express provision for review of unemployment compensation matters.  Subsection (d) of the statute provides:

> A determination by a State agency with respect to entitlement to compensation . . . shall be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law . . . ."

Through this statute, the United States has waived sovereign immunity to be sued to the extent necessary to provide review in the same manner and to the same

extent as determinations under the State unemployment compensation law. *Weaver v. Wallace*, 565 S.W.2d 867 (Tenn. 1978).  Under Tennessee law, the appeal of a decision of the commissioner is governed by Tenn. Code Ann. § 50-7-304.  Subsection (i) controls court review, and expressly provides that within 30 days of the decision of the commissioner, an aggrieved party may secure judicial review of the decision by filing a petition for judicial review in the chancery court of the county of the party's residence against the commissioner for review of the decision.

As it affects the federal defendants, this lawsuit claims that Taylor was denied the right to have counsel paid for by the United States at her unemployment hearing before the State of Tennessee. There is nothing in 5 U.S.C. § 8501 *et seq.* that either confers jurisdiction or that waives sovereign immunity for this claim.

From the foregoing, Taylor is not entitled to any equitable or other relief.

C.  **The Amended Complaint Fails to State a Claim Upon Which Relief May be Granted Against Former Secretary Geithner and Former Secretary Solis.**

Taylor failed to state a claim upon which relief may be granted as to former Secretary Geithner and former Secretary Solis. In order to survive a motion to dismiss, Taylor must articulate a basis upon which the Court may grant her the relief she requests.  In the instant case, Taylor has not presented a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

To the extent Taylor seeks to sue the Secretaries in their individual capacities, this would have to be a "*Bivens*" case to which Secretary Geithner and Secretary Solis would exercise their right to claim qualified immunity.  In *Bivens v. Six Unknown Named Agents,* the Supreme Court recognized an implied private right of action directly under the Constitution to enforce constitutional violations. Accordingly, Plaintiffs may file suit for money damages directly against federal officers in their individual capacities.  403 U.S. 388 (1971).  However, in order to recover damages from a federal official in a *Bivens* case, a plaintiff must show that the named defendant personally engaged in conduct that violated clearly established constitutional rights.  *Siegert v. Gilley*, 500 U.S. 226, 227, 232 (1991). Thus, *Bivens* liability can only be predicated on a defendant's actual and knowing participation in the alleged unconstitutional conduct.  Persons without personal involvement or participation in the alleged unconstitutional acts must be dismissed. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976).   There is no vicarious liability in a *Bivens* case.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim for relief pursuant to *Bivens.  Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

There simply are no specific factual allegations of personal wrongdoing against either secretary.  This case has no facial plausibility because Taylor did not plead any factual content that would allow the court to draw the reasonable

inference that either Secretary is personally or otherwise liable for some alleged misconduct. *Ashcroft*, 556 U.S. 662. Other than general allegations of violations of constitutional rights, there is no specific allegation of misconduct against Secretary Geithner or Secretary Solis.

Accordingly, claims that either secretary violated Taylor's constitutional rights must be dismissed.

## II.   Taylor Was Not Entitled to Counsel Before the District Court.

Much of Taylor's brief is dedicated to the proposition that she was entitled to have counsel appointed by the district court in her prosecution of the instant lawsuit. The decision on the part of the district court to deny Taylor's repeated requests for appointment of counsel or, alternatively, her requests that the Attorney General intervene and that the defendants provide counsel for her is reviewed for abuse of discretion. The district court did not abuse its discretion in not appointing counsel for Taylor, not requiring the defendants to provide counsel and not requiring the intervention of the United States Attorney General. She has not pointed to any legitimate authority for the proposition that the Court can order a party to provide counsel for an opposing party. Accordingly, her claims that the Attorney General should intervene and that the defendants should provide counsel for her are frivolous. Likewise, she has not pointed to any legitimate authority for

her repeated contention that she is entitled to the appointment of counsel in this civil matter.

The courts of the United States have long recognized the right of self-representation.  That right is guaranteed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .  Concomitant with the right of a person to represent herself is the truth that civil litigants unable to afford counsel cannot ordinarily obtain appointment of counsel except in limited circumstances."  *See Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993).  Unlike criminal cases, there is no constitutional right to appointment of counsel in a civil case.  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  As the Sixth Circuit has noted, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances."  *Lavado*, 992 F.2d at 606.  "[I]n the absence of legislation providing otherwise, litigants must pay their own attorney's fees."  *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978).  The district court is vested with broad discretion in determining whether to appoint counsel for a civil litigant.  *McMath v. Alexander*, 486 F. Supp. 156, 157 (M.D. Tenn. 1980).  The decision of a district court not to appoint counsel for a civil litigant will only be overturned when the denial results in a "fundamental unfairness impinging on due process rights."  *Henry v. City of*

*Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985)(6th Cir.) cert. denied

474 U.S. 1036 (1985); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

Absent extraordinary circumstances, courts in the Sixth Circuit do not appoint

counsel for civil litigants. *Glover v. Johnson*, 75 F.3d 264 (6th Cir. 1996).  To

determine whether such exceptional circumstances exist, courts typically consider

the type of case and the ability of the plaintiff to represent herself.  *See*, *Lanier v.*

*Bryant*, 332 F.3d 999 (6th Cir. 2003).

There is nothing about the complexity of this case or Taylor's ability to

represent herself that constitutes an extraordinary circumstance that would require

the appointment of counsel.  In fact, Taylor has been an aggressive litigant acting

on her own behalf.  Further, this Court has consistently held that the appointment

of counsel is inappropriate where, as here, the plaintiff's claims are frivolous or

have only an extremely slim chance of success. *Lavado v. Keohane*, Id at 605.  *See*

*also, Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); *Phelps v. B.M.I.*

*Broadcast Music, Inc*., 234 F.3d 1269 (Table)(6th Cir. 2000).

Thus, the district court did not abuse its discretion in denying the

appointment of counsel.

## CONCLUSION

WHEREFORE, for the reasons shown, the district court's dismissal of the

case should be affirmed.

Respectfully submitted,
EDWARD L. STANTON, III
United States Attorney

By:  s/Harriett Miller Halmon (TN #05320)
Assistant United States Attorney
167 N. Main Street, 8th Floor
Memphis, Tennessee 38103
(901)544-4231
harriett.halmon@usdoj.gov

## CERTIFICATE OF SERVICE

I, Harriett Miller Halmon, Assistant U.S. Attorney, certify that the foregoing
has been electronically filed on this date.  I further certify that to the best of my
knowledge, a true and correct copy of the foregoing will be served via U.S.
Certified Mail, Return Receipt to Sheryl Taylor, P.O. Box 897, Memphis, TN
38101.

This the 26th day of September, 2013.

s/Harriett Miller Halmon
Assistant United States Attorney

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Appellee, pursuant to Sixth Circuit Rules 28(c) and 30(b), hereby designates the following filings in the District Court's record as entries that are relevant to this appeal:

| DESCRIPTION OF ENTRY | RE NO. | Page ID |
|---|---|---|
| Pro Se Complaint<br>　Ex. 1　Civil Cover Sheet<br>　Ex. 2　Judicial Cards | 1 | 1-12<br>13-14<br>15 |
| Amended Complaint | 5 | 31-50 |
| Amended Application (Motion) For Court Appointed Attorney or the Assistance of Attorney | 6 | 51-59 |
| (Second) Amended Complaint | 8 | 61-81 |
| Amended Complaint | 14 | 90-110 |
| Motion For a Court Appointed Attorney or the Assistance of an Attorney | 18 | 116-125 |
| Pro Se Plaintiff's Notice of a Constitutional Statute and Motion For and Appearance of the U.S. Attorney General | 19 | 126-127 |
| Motion for an Appointment of Counsel | 22 | 133-143 |
| (2nd) Motion for Appointment of Counsel | 23 | 144-154 |
| (2nd) Plaintiff's Notice of a Constitutional Statute & Motion for an appearance of the U.S. Attorney General | 24 | 155-157 |
| Motion to Dismiss for Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim | 37 | 199-206 |

| | | |
|---|---|---|
| Plaintiff's Opposition to Geithner's and Solis Motion to Dismiss | 47 | 279-300 |
|   Ex. 1  Exhibits 1-6 | | 301-332 |
|   Ex. 2  Exhibits 1-7 | | 333-356 |
|   Ex. 3  Plaintiff's Affidavit in Opposition | | 357-362 |
| Order Denying Motions To Appoint Counsel; Denying Motion for Appearance; Denying Motion To Appoint Counsel; Denying Motion to Appoint Counsel; Denying Motion for Appearance | 62 | 575-576 |
| Pro Se Motion for Reconsideration for Eric Holder, Attorney General for the United States To Intervene in this Civil Action based on Constitutional Statutes | 66 | 651-667 |
| Motion for Defendants Davis, Solis & Geithner to Appoint or Assign Counsel | 82 | 800-824 |
| Motion for Defendants Davis, Solis & Geithner to Release State and Federal Funds | 98 | 924-927 |
| Plaintiff's Notice to the United States District Court on the Response of Defendants Solis and Geithner on Motion to Release Federal Funds, Motion to Stay Order of Judge Vescovo & Motion to Recuse | 100 | 933-937 |
|   Ex. 1  Exhibits 2 and 6 | | 938-942 |
| Plaintiff's Notice to the United States District Court on the Response of Defendants Solis and Geithner for Defendants Geithner and Solis to Appoint or Assign Counsel to the Unemployed Plaintiff Seeking Relief Under the Unemployment Compensation for Federal Employees (UCFE) Unemployment Insurance (UI) Program | 101 | 943-948 |
|   Ex. 1  Exhibits 1, 2 and 6 | | 949-955 |
| Motion for Miscellaneous Relief | 109 | 991-993 |

| | | |
|---|---|---|
| Motion for Relief from an Order<br>  Ex. 1  Exhibit 28 | 110 | 994-997<br>998-1004 |
| Order Granting Motion to Dismiss for Lack of Jurisdiction and Granting Motion to Dismiss for Failure to State a Claim | 117 | 1033-1045 |
| Order Granting Motion to Dismiss for Lack of Jurisdiction; finding as moot Motion for Reconsideration; Denying all remaining Motions as Moot; Order of Dismissal; Order Certifying Appeal Not Taken in Good Faith; and Notice of Appellate Filing Fee | 118 | 1046-1055 |
| Judgment | 119 | 1057 |
| Motion for Miscellaneous Relief<br>  Ex. 1  Message Confirmation Report<br>  Ex. 2  Exhibit 1 Certified Mail Receipt | 120 | 1058-1060<br>1061<br>1062 |
| Motion to Amend to Alter the Judgment<br>  Ex. 1  Exhibit 14 Program Profiles<br>  Ex. 2  Exhibit 26 CLC Board of Directors<br>  Ex. 3  Exhibit X Case 95-2483<br>  Ex. 4  Exhibit 5 Case 96-2799<br>  Ex. 5  Exhibit 8 Case 09-2349<br>  Ex. 6  Exhibit 13 Case 92-2620<br>  Ex. 7  Exhibit 12 Case 12-2757<br>  Ex. 8  Exhibit 1 Unemployment Law Project<br>  Ex. 9  Exhibit 12 COA Sanders Petitioner<br>  Ex. 10 Exhibit Z-3 Case CH-12-0729-3<br>  Ex. 11 Exhibit M Memphis Area Legal<br>        Services, Inc. Correspondence<br>  Ex. 12 Exhibit N MALS Correspondence<br>      Cont.<br>  Ex. 13 Exhibit O Case 05-2468<br>  Ex. 14 Exhibit 3 LR 7.2<br>  Ex. 15 Exhibit 2 USSC 72-5704<br>  Ex. 16 Exhibit 1 Certified Mail Receipt<br>  Ex. 17 Exhibit 1 Message Confirmation Report | 121 | 1063-1082<br>1083-1084<br>1085<br>1086-1091<br>1092-1095<br>1096-1108<br>1109-1118<br>1119-1130<br>1131<br>1132<br>1133<br>1134<br><br>1135-1139<br><br>1140-1149<br>1150<br>1151<br>1152<br>1153 |

| Order Denying Motion to Alter Judgment | 122 | 1154-1155 |
| Order Denying Motion for Miscellaneous Relief | 123 | 1156-1157 |
| Notice of Appeal | 124 | 1158 |